IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANET HILL,<br><br>   Plaintiff,<br><br>v.<br><br>COMMUNITY LOAN SERVICING f/k/a<br>BAYVIEW LOAN SERVICING, and<br>SHELLPOINT MORTGAGE<br>SERVICING,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO.<br><br><br><br><br>Removed from Fulton Co.<br>Case No. 2021CV352644 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Community Loan Servicing f/k/a Bayview Loan Servicing ("Bayview"), by and through counsel, hereby removes this action from the Superior Court of Fulton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this Notice, Community Loan Servicing states as follows:

### I. Background

1. This case was originally filed by *pro se* Plaintiff in the Superior Court of Fulton County, Georgia on August 2, 2021. Pursuant to 28 U.S.C. § 1446(a),

copies of all process, pleadings, and orders filed are attached as Exhibit A.

2. Upon information and belief, Plaintiff served a copy of the Summons and Complaint on Bayview on August 12, 2021.

3. Upon information and belief, Plaintiff served a copy of the Summons and Complaint on Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") on August 12, 2021. (A true and correct copy of Shellpoint's Consent to Removal is attached hereto as Exhibit "B").

**II.   This Notice of Removal is Timely Filed in the Proper Venue.**

4. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5. The removal of this action to this Court is timely under U.S.C. § 1446(b) because it is filed within thirty days of service of the Complaint on Bayview. *See* 28 U.S.C. § 1446(b)(2)(B).

6. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III. This Court Has Diversity Jurisdiction

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and all properly served defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a) (2010).

8. Plaintiff is a citizen of Georgia. [Ex. A, ¶ 7]. The subject property referenced in this action is located at 543 Auburn Avenue, Atlanta, Georgia 30312 ("Property"). *Id*

9. Defendant Bayview is a Delaware limited liability company that is wholly owned by its sole member Bayview Asset Management, LLC ("BAM"), a Delaware limited liability company. For diversity jurisdiction purposes, "a limited liability company is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014). BAM's sole member is Bayview Asset Management Holdings, LLC ("BAMH"), a Delaware limited liability company. BAMH has two members: Mayim Capital, LLC and Mayim Investment Holdings, Inc. The sole member of Mayim Capital, LLC is an individual who is a citizen of Florida. Mayim Investment Holdings, Inc. is a Florida corporation with its principal place of business in Florida. Accordingly,

Bayview is a citizen of Delaware and Florida for the purposes of diversity jurisdiction.

10. Defendant Shellpoint is a limited liability company organized and existing under the laws of the State of Delaware. For diversity jurisdiction purposes, "a limited liability company is considered to be a citizen of every state and country of which its members are citizens." *Hedge Capital Invs. Ltd. v. Sustainable Growth Grp. Holdings LLC*, 593 F. App'x 937, 940 (11th Cir. 2014). Shellpoint's sole member is Shellpoint Partners LLC. Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition LLC II. The sole member of these LLCs is New Residential Mortgage LLC. New Residential Mortgage LLC's sole member is New Residential Investment Corporation. Because New Residential Investment Corporation is organized under the laws of the State of Delaware and has its principal place of business in New York, New York, it is a citizen of both Delaware and New York. *See* 28 U.S.C. § 1332(c)(1). Accordingly, Shellpoint is a citizen of Delaware and New York for the purposes of diversity jurisdiction.

11. Therefore, complete diversity of citizenship exists between Plaintiff and all properly served defendants.

12. Although Bayview denies that Plaintiff is entitled to recover any

amount and specifically denies that Plaintiff is entitled to the relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interests and costs.

13. The Complaint seeks an order rendering the $464,000.00 security instrument null and void. [Exhibit A, ¶¶ 3, 10, 13, 17]. This meets the amount in controversy requirement for this Court. *See Sanders v. Bank of Am.,* No. 1:13-CV-01904-WSD, 2013 WL 6587742, at *4 (N.D. Ga. 2013) (explaining that "courts have found that the amount in controversy is the loan amount where a plaintiff seeks to invalidate a loan agreement"); *McClain v. Bank of Am. Corp.,* No. CV 411-305, 2013 WL 1399309, at *4 (S.D. Ga. 2013) (where the plaintiff sought damages for wrongful foreclosure, a declaration that the foreclosure was void, and an order restraining the sheriff from proceeding with an eviction, the court could use the value of the underlying loan to determine the amount in controversy.)

14. The Complaint also seeks to quiet title to the Property in Plaintiff's name. [Exhibit A, ¶¶ 14, 15]. The Property at issue in this lawsuit has a valuation of $627,900.00 per the Board of Tax Assessors for Fulton County, Georgia. (A true and correct copy of the Fulton County Assessor's Office Printout is attached as

Exhibit C)[1]. This request for relief also meets the amount in controversy requirement for this Court. *See Irving v. Bank of Am.,* No. 1:11-CV-752-AT, 2012 WL 12965628, at *2 (N.D. Ga. Jan. 10, 2012) *Clark v. Ocwen Loan Servicing*, 2015 WL 11438602, at *3 (N.D. Ga. 2015)

15. In sum, this Court has diversity jurisdiction in this action because (i) there is complete diversity of citizenship between all properly served parties, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Fulton County, Georgia, Bayview is entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

### IV.   Conclusion

16. With this Notice of Removal, Bayview will file a copy of the Notice with the Superior Court of Fulton County, Georgia.

17. In filing this Notice of Removal, Bayview does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction,

---

[1] Judicial notice of public records and other adjudicative facts "may be taken at any stage of the proceeding." Fed. R. Evid. 201(f); *see also Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice).

defenses, exception, rights, and motions.

WHEREFORE, Bayview files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia.

This 10th day of September, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
JMendel@mcguirewoods.com
ARhadans@mcguirewoods.com
*Attorneys for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANET HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. |
| ) | |
| COMMUNITY LOAN SERVICING f/k/a ) | |
| BAYVIEW LOAN SERVICING, and ) | |
| SHELLPOINT MORTGAGE ) | |
| SERVICING, ) | |
| ) | Removed from Fulton Co. |
| ) | Case No. 2021CV352644 |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on the undersigned date, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on the following individuals via First-Class Mail, postage prepaid, addressed to:

Ricardo Mosby, Esq.
The Mosby Law Firm PC
260 Peachtree Street Suite 1403
Atlanta, GA 30303
*Counsel for Plaintiff*

Keith S. Anderson, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North

Birmingham, Alabama 35203
*Counsel for Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 10th day of September, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorneys for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*