IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:21-cv-03750-WMR |
| | ) | |
| COMMUNITY LOAN SERVICING f/k/a | ) | |
| BAYVIEW LOAN SERVICING, and | ) | |
| SHELLPOINT MORTGAGE | ) | |
| SERVICING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendants Community Loan Servicing f/k/a Bayview Loan

Servicing ("Bayview") and NewRez, LLC d/b/a Shellpoint Mortgage Servicing

("Shellpoint" and collectively "Defendants"), and submit this memorandum in

support of their Motion to Dismiss Plaintiff Janet Hill's ("Plaintiff") "VERIFIED

PETITION TO REMOVE CLOUD FROM TITLE" ("Complaint") pursuant to Fed.

R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

This is at least the ***thirteenth*** frivolous action filed by Plaintiff in an attempt

to avoid the consequences of her default on a home loan. While the Complaint may

appear different on its face, Plaintiff nonetheless alleges the same or substantially

1

similar claims against identical defendants or their privies as she has alleged in her previous twelve lawsuits. Plaintiff's spurious and vexatious claims against Defendants and others have previously been dismissed with prejudice and recognized as meritless by this Court, the Eleventh Circuit Court of Appeals, the United States District Court for the Southern District of Florida, the Fulton County Superior Court, the Georgia Court of Appeals, the United States District Court for the Southern District of Iowa, and the Eighth Circuit Court of Appeals. Plaintiff's instant Complaint should be dismissed in its entirety with prejudice on the basis of res judicata and/or collateral estoppel alone.

On October 6, 2005, Plaintiff pledged the real property at issue in this case, 543 Auburn Avenue, Atlanta, Georgia ("Property") as collateral pursuant to a Security Deed she executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for America Wholesale Lender ("AWL"), its successors and assigns ("Security Deed"). [Doc. 1-1, pp. 1-2]. The Security Deed secured a $464,000.00 loan ("Loan"). [Doc. 1-1, pp. 1-2]. The Security Deed was assigned to The Bank of New York Mellon FKA The Bank of New York, as trustee for the certificateholders of CWALT, Inc. Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BNYM") ("Assignment").

[Doc. 1-1, pp. 1-2]. Bayview service released this Loan to Shellpoint on or about February 1, 2020.

The following is a brief summary of the actions Plaintiff has pursued against Defendant and its predecessors in interest in various courts over the past decade:

1. On July 29, 2011, Plaintiff filed a Complaint against Defendants' predecessor in interest, Bank of America, Inc., in the Superior Court of Fulton County, Georgia (Civil Action No. 2011CV203839) ("Hill #1). Bank of America removed the Hill #1 matter to the United States District Court for the Northern District of Georgia, Atlanta Division (Civil Action No. 1:11-cv-02991-JOF). Plaintiff argued that despite her default on her Loan, she should not be subject to foreclosure proceedings. On February 28, 2012, Judge Forrester entered an Order dismissing the case with prejudice. Plaintiff appealed the final order to the Eleventh Circuit Court of Appeals, which affirmed on March 12, 2013. (True and correct copies of these pleadings are attached hereto as Exhibit 1.)[1]

---

[1] This Court can take judicial notice of public records without converting this motion to one for summary judgment. *See Bryant v. Avado Brands, Inc*. 187 F.3d 1271, 1278 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 355, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007); *Mcfarland v. BAC Home Loans Serv*., LP, No. 1:11–cv–4061–RWS, 2012 WL 2205566, at *1 n. 2 (N.D.Ga. June 14, 2012); *Lawson v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-1301-WSD, 2015 WL 881252, at *1 (N.D. Ga. Mar. 2, 2015).

2. On July 30, 2012, Plaintiff filed a second Complaint against BNYM, MERS, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BANA") and Countrywide Home Loans, Inc. ("Countrywide"). The action was filed in the Superior Court for Fulton County, (Civil Action No. 2021-CV-218864), after which defendants again removed the case to federal court. (Civil Action No. 1:12-cv-04344-WSD) ("Hill #2"). Again, Plaintiff asserted various allegations related to her mortgage Loan in an attempt to avoid foreclosure. This matter was voluntarily dismissed by Plaintiff on June 12, 2013. (True and correct copies of these pleadings are attached hereto as Exhibit 2.)

3. On March 1, 2013, Plaintiff filed a third Complaint for Declaratory and Injunctive Relief against AWL, MERS, and BNYM. The action was filed in the Superior Court for Fulton County, (Civil Action No. 2013CV228015), after which defendants again removed the case to federal court. (Civil Action No. 1:13-cv-03159-WSD) ("Hill #3"). Again, Plaintiff asserted various allegations related to her mortgage Loan in an attempt to avoid foreclosure. Plaintiff voluntarily dismissed this matter on February 13, 2014. (True and correct copies of these pleadings are attached hereto as Exhibit 3.)

4. On February 24, 2014, only eleven days after her last voluntary dismissal, Plaintiff filed a fourth Complaint for Damages against Bayview, AWL, BNYM, MERS, and Shuping Morse & Ross, LLP. The action was filed in the Superior Court for Fulton County, (Civil Action No. 2014CV242753) ("Hill #4"). On June 4, 2014, Judge Wright dismissed Plaintiff's action on the basis of res judicata and/or collateral estoppel, noting that Plaintiff had already filed three prior actions involving the same and/or related entities arising out of the same set of facts and circumstances. Plaintiff appealed that dismissal to the Georgia Court of Appeals (Civil Action No. A15A1118) which dismissed the appeal for failure to file a brief on March 30, 2015. (True and correct copies of these pleadings are attached hereto as Exhibit 4.)

5. On March 27, 2014, Plaintiff filed another complaint in the Northern District of Georgia (Civil Action No. 1:14-cv-00882-TWT) ("Hill #5"), against the identical defendants named in Hill #4. Again, Plaintiff asserted various allegations related to her mortgage Loan in an attempt to avoid foreclosure. Upon filing of Plaintiff's Complaint in the district court construed Plaintiff's Complaint as a motion for temporary restraining order. Judge Totenberg issued an order denying Plaintiff's request for injunctive relief on March 27,

2014, and then Plaintiff voluntarily dismissed the case on April 28, 2014. (True and correct copies of these pleadings are attached hereto as Exhibit 5.)

6. Plaintiff filed her sixth action ("Hill #6") against Bayview, BNYM, MERS, BANA, and a string of individually named defendants in this federal court on May 23, 2014 (Civil Action No. 1:14- cv-01577-TWT), less than 30 days after voluntarily dismissing Hill #5. Upon filing of her sixth action, the district judge recognized the spurious nature of Plaintiff's actions and granted Defendants' motion to dismiss on March 27, 2014, specifically ruling that it was barred by res judicata. Plaintiff appealed that order to the Eleventh Circuit Court of Appeals, which dismissed the appeal on October 29, 2014, based on Plaintiff's failure to file required documents. (True and correct copies of these pleadings are attached hereto as Exhibit 6.)

7. Plaintiff filed her seventh action against Bayview on April 24, 2015, in the Superior Court for Fulton County, (Civil Action No. 2015CV260050) ("Hill #7"), once again challenging the relevant Loan and attempted foreclosure sale. After Bayview filed its dispositive motion, Plaintiff yet again voluntarily dismissed the case on June 22, 2015. (True and correct copies of these pleadings are attached hereto as Exhibit 7.)

8. Perhaps seeing the Georgia courts as a dead-end, Plaintiff filed nearly identical claims against Bayview and BNYM in the United States District Court for the Southern District of Florida (Civil Action No. 1:15-cv-21621-RNS) (Hill #8). Referring to the action as "one of many in Hill's landslide of litigation" the district judge there found that the complaint "presented nothing new" and was barred by res judicata on August 31, 2015. Plaintiff appealed that order to the Eleventh Circuit Court of Appeals, which again was dismissed for failure to file a brief on January 5, 2017. (True and correct copies of these pleadings are attached hereto as Exhibit 8.)

9. Plaintiff filed her ninth action against Bayview, various law firms, MERS, Specialized Loan Servicing LLC and BNYM on April 27, 2016, in the Superior Court for Fulton County (Civil Action No. 2016CV274425) ("Hill #9"), once again challenging the relevant Loan and attempted foreclosure sale. After Bayview filed its dispositive motion, the Plaintiff yet again voluntarily dismissed the case on June 20, 2018. (True and correct copies of these pleadings are attached hereto as Exhibit 9.)

10. Plaintiff filed her tenth action against AWL and all others claiming an interest in the property, on March 23, 2018, in the Superior Court for Fulton County (Civil Action No. 2018CV302813) ("Hill #10"), once again challenging the

relevant Loan and attempted foreclosure sale. On July 2, 2019, the Court granted a BANA entity's Motion to Dismiss and dismissed the case with prejudice. Plaintiff then appealed that Order to the Georgia Court of Appeals, and the Georgia Court of Appeals affirmed on September 1, 2020. (True and correct copies of these pleadings are attached hereto as Exhibit 10.)

11. Plaintiff filed her eleventh action against Bayview and a law firm on August 29, 2018, in the Superior Court for Fulton County (Civil Action No. 2018CV309704) ("Hill #11"), once again challenging the relevant loan and attempted foreclosure sale. On July 2, 2019, the Court issued an order denying Plaintiff's request for injunctive relief and also granted Bayview's Motion to Dismiss and dismissed the case with prejudice as to Bayview. Plaintiff then appealed that Order to the Georgia Court of Appeals, but then voluntarily dismissed her appeal on June 25, 2021. (True and correct copies of these pleadings are attached hereto as Exhibit 11.)

12. On June 1, 2020, filed her twelfth action against Bayview, AWL, BANA, and BNYM in the United States District Court for the Southern District of Iowa (Civil Action No. 4:20-cv-00171-RGE-CFB) (Hill #12), asking the Court confirm and enforce a frivolous arbitration award she allegedly won against Defendants. The Court granted the various Defendants dispositive motions on

August 20, 2020, and held that "Hill fails to allege sufficient facts to plausibly establish the parties entered into an agreement to arbitrate or that any agreement encompassed the dispute at issue." Plaintiff appealed the final order to the Eighth Circuit Court of Appeals, which affirmed on June 9, 2021. (True and correct copies of these pleadings are attached hereto as Exhibit 12.) (collectively "Prior Lawsuits").

The present action was filed on August 2, 2021. Undaunted by her complete lack of success in the previous twelve lawsuits, Plaintiff yet again makes the same tired claims about her Loan. Each of the theories underlying her claims are rooted in the origination or transfer of her Loan that has been adjudicated against Plaintiff numerous times. Plaintiff's claims have no merit, as various courts have already recognized in the Prior Lawsuits. The Complaint is an attempt to stall foreclosure proceedings; however, Plaintiff's claims fail as a matter of law. Plaintiff should not be allowed to continue to abuse the judicial system merely for delay. This Complaint should be dismissed with prejudice and/or judgment be granted to Defendant.

## II.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in the Complaint must be accepted as true and

construed in the light most favorable to Plaintiff. *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014 (11th Cir. 2001). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleading are enough to raise a right to relief above the speculative level.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citations and quotations omitted*). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (*quoting Twombly*, 550 U.S. at 555).

## III.    ARGUMENT AND CITATION OF AUTHORITIES

## A. Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata.

Plaintiff has brought at least twelve lawsuits to stop the non-judicial foreclosure sale of the Property. Plaintiff's suits have all failed. In the Prior Lawsuits, Plaintiff filed claims against Defendants and their predecessors in interest attempting to set aside the Loan, the Security Deed, the Assignment, and any foreclosure sales of the Property. [Exs. 1-12]. Numerous of these Prior Lawsuits were dismissed with prejudice and found in the various banking entities favor. [Exs. 1-12].

"Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235 (11th Cir. 1999). The *res judicata* doctrine "protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (*alts. and cits. omitted*). "Res judicata bars the filing of claims which were raised *or could have been raised* in an earlier proceeding." *Id.* (*emph. added*).

As referenced above, there is no question that the various Court's dismissals of the Prior Lawsuits constitute prior final judgments on the merits. The Courts are also ones of competent jurisdiction, and the Prior Lawsuits involved both Plaintiff and Defendants and their predecessors in interest. The only issue is whether "the same cause of action is involved in both cases." Here, they are. In this Circuit, "the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239. "It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same claim or cause of action for purposes of res judicata." *Id*.

Here, Plaintiff's claims in the Complaint arise from Defendants' conduct in connection with servicing the Loan at issue in this case, and Plaintiff's failure to meet her Loan obligations. Though she makes some new allegations here, she could have made these in the numerous Prior Lawsuits as they relate to the same common nucleus of facts in the Prior Lawsuit. This Complaint contains no new allegations for any conduct by Defendants which could give rise to a new claim. Accordingly, this Court should dismiss the Complaint with prejudice.

**B. Plaintiff's Complaint is Barred By The Collateral Estoppel Doctrine.**

Plaintiff's Complaint is also barred by the collateral estoppel doctrine. Where "claim preclusion does not apply to bar an entire claim or set of claims, the doctrine of collateral estoppel, or issue preclusion, may still prevent the relitigation of particular issues which were actually litigated and decided in a prior suit." *Data Lease Fin. Corp.*, 904 F.2d at 1501; *accord Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998). "Collateral estoppel, or issue preclusion, 'recognizes that suits addressed to particular claims may present issues relevant to suits on other claims' ... and requires that the identical issue in question was actually litigated and necessary to the judgment of an earlier suit." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (*citation omitted*). The "party seeking to apply the doctrine of collateral estoppel must establish that: (1) the issue at stake is identical to one involved in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue must have been a critical and necessary part of the judgment in the prior litigation; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior litigation." *McCulley v. Bank of America, N.A.*, 2015 WL 1474532, at *3 (11th Cir. April 2, 2015) (*citation omitted*).

Here, Plaintiff cannot dispute that she did or could have litigated all of these

claims in the Prior Lawsuits. Plaintiff has actually raised all of these arguments in her Prior Lawsuits and numerous separate courts have found that the claims lack merit. As a result, Plaintiff may not re-litigate the same issues under any possible cause of action due to collateral estoppel. *Id*. In the pending case, (1) the issues are similar to Hill #1-12; (2) the actions in Hill #1, Hill # 4, Hill #6, Hill # 8, Hill # 10, Hill # 11, and Hill #12 were all dismissed with prejudice; (3) Ms. Hill is again the Plaintiff; and (4) whether or not there were issues with the Loan origination, transfer, or whether Defendants properly serviced the Loan, were actually litigated and decided in the Prior Lawsuits.

In a similar vein, Plaintiff's Complaint is due to be dismissed under the "two dismissal rule." Pursuant to Fed. R. Civ. P. 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a dismissal operates as an adjudication on the merits." Here, Plaintiff has voluntarily dismissed multiple actions before relating to the same Loan and same Property. *See Sealey v. Branch Banking and Trust Co.*, 693 Fed.Appx. 830, 834 (11th Cir. 2017) (affirming dismissal based on two-dismissal rule under Rule 41 and stating "[w]e have said that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action") (internal citations omitted); *Beckman v. Bank of America, N.A.*, No. 1:14-cv-2675-ODE-JFK,

2015 WL 11578509, at *4-5 (N.D. Ga. Jan. 27, 2015), adopted 2015 WL 11605516

(Mar. 4, 2015) (dismissing complaint based on two dismissal rule).

Accordingly, this Court should dismiss the Plaintiff's Complaint with

prejudice since it is barred by the collateral estoppel doctrine.

## C. <u>Plaintiff's Complaint Fails To Comply With Rule 8(a).</u>

As discussed above, Plaintiff fails to state any claim for relief under any

recognized cause of action, and pleads only bald legal conclusions without factual

support sufficient to raise any right to relief above a speculative level. As a result,

the Complaint should be dismissed with prejudice under Rule 12(b)(6) and Rule 8.

In order to avoid dismissal, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a). "Fed. R. Civ. P. 8 marks a notable and generous departure from the hyper-

technical, code-pleading regime of a prior era, but it does not unlock the doors of

discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft*, 129

S. Ct. at 1950; *see also Bell Atlantic Corp*., 550 U.S. at 555.

Here, Plaintiff has not satisfied the foregoing pleading requirements. The

Complaint relies on excessive legal conclusions without connecting any facts to the

conclusions and fails to set forth a comprehensible claim against Defendants. The

Complaint fails to identify specific factual matters that would support each claim

and, thus, Defendants are left to sift through the multitude of paragraphs of irrelevant allegations to determine those that might relate in some way to a claim for relief. This mass of allegations leaves Defendants unsure if those allegations relate to a cause of action and need to be addressed. Also, Plaintiff does not identify which counts the Complaint are alleged against each specific defendant. As a result, the Complaint should be dismissed with prejudice under Rule 12(b)(6) and Rule 8.

### D. **Plaintiff's Complaint Fails To State A Claim For Declaratory Relief.**

Notwithstanding, the undersigned will address the most cognizable of Plaintiff's claims contained in the Complaint, to the extent there are any such claims. In the Complaint, Plaintiff seeks a declaration that the Loan, the Security Deed, and the Assignment are void. [Doc. 1-1, ¶ 13]. The requested relief is meritless.

In Georgia, a claim for declaratory relief will only survive dismissal if the facts or circumstances are pled showing a necessity to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct which is properly incident to the plaintiff's alleged rights and which future action, without such directions, might reasonably jeopardize the plaintiff's interest" *Henderson v. Alverson*, 217 Ga. 541, 123 S.E.2d 721 (1962). Thus, to properly pursue a declaratory judgment under Georgia law "[a] party must establish that [a declaratory judgment] is necessary to relieve himself of the risk of taking some

future action that, without direction, would jeopardize his interests." *Porter v. Houghton*, 542 S.E.2d 491, 492 (Ga. 2001). Further, no declaratory judgment may be obtained which merely answers a moot or abstract question. *Shippen v. Folsom*, 200 Ga. 58, 35 S.E.2d 915 (1945). Declaratory relief is intended "[t]o settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." O.C.G.A. § 9-4-1. "[W]here the rights of the parties have already accrued and there are no circumstances showing any necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest, the plaintiff is not entitled to a declaratory judgment." *State Farm Mut. Auto. Ins. Co. v. Hillhouse*, 131 Ga. App. 524 (1974).

Here, no uncertainty exists about any future action by Plaintiff or Defendants. Plaintiff certainly has litigated these issues and multiple courts and judges, including an appellate panel have signed off on the lack of merit of her underlying claims. Therefore, on the facts of this case, a declaratory judgment in unavailable because all material rights have accrued based upon past events and what Plaintiff seeks is an advisory opinion on the validity of the future act of Defendants. *See Logan Paving Co. v. Peoples Bank & Trust*, 395 S.E.2d 287, 289 (Ga. Ct. App. 1990). As such,

Plaintiffs' claim for declaratory relief is subject to dismissal for failure to state a claim upon which relief can be granted.

### E.  **Plaintiff's Complaint Fails To State A Claim For Quiet Title.**

Plaintiff's Complaint also seeks to quiet title to the Property in her name. [Doc. 1-1, ¶¶ 14, 15]. The count of the Complaint is similarly meritless.

### a.  **Plaintiff Fails To Properly Plead A Quiet Title Claim**

Plaintiff has not satisfied the strict requirements to maintain an action under the Georgia Quiet Title Act (O.C.G.A. § 23–3–40 et seq.). The Georgia Quiet Title Act sets forth the circumstances in which title to real estate may be quieted. *Id*. The statues are definite as to what facts must be pled and what procedural requirements are mandated to proceed under such theories. Contrary to these statutes, Plaintiff pleads only summary statements that she is entitled to an Order from this Court quieting title to the Property in her name.

In order for Plaintiff to prevail under a conventional quia timet theory, pursuant to O.C.G.A. § 23-3-40 et seq. she must show:

> 1.) That he cannot immediately or effectually maintain or protect his rights by any other course of proceeding open to him;
> 2.) That the instrument sought to be canceled is such as would operate to throw a cloud or suspicion upon his title so that it might be vexatiously or injuriously used against him; and
> 3.) That he either suffers some present injury by reason of the hostile claim of right or, though the claim has not been asserted adversely or aggressively, he has reason to apprehend that the evidence upon which

he relies to impeach or invalidate the same as a claim upon his title may
be lost or impaired by lapse of time.

O.C.G.A. § 23-3-42.

Here, since Plaintiff makes no allegations of fact in the Complaint that comes

close to meeting this statutory standard, Plaintiff is not entitled to relief pursuant to

O.C.G.A. § 23-3-40 et seq. Plaintiff has not sufficiently alleged that she claims an

interest in the Property that would be superior to the various defendants, and she has

not sufficiently alleged that she suffered any injury as a result of the Security Deed

or Assignment being recorded in the deed records. (True and correct copies of the

Security Deed and Assignment are attached hereto as Exhibit "13," and are

incorporated herein by this reference.)[2] Plaintiff would suffer no prejudice as she

sought and received a Loan to fund the purchase of the Property. The only parties

suffering are Defendants as they are forced to defend this frivolous lawsuit, therefore

---

[2] This Court may take judicial notice of public records and may consider them on a
motion to dismiss, without converting this motion into one for summary judgment.
*See* Fed. R. Evid. 201; *Huff v. Macon Behavioral Health Treatment*, 2012 U.S. Dist.
LEXIS 54413, at *1 n.1 (M.D. Ga. Apr. 18, 2012); *Universal Express, Inc. v. United
States SEC,* 177 Fed. Appx. 52, 53 (11th Cir. 2006) (stating that "[p]ublic records
are among the permissible facts" of which a court may take judicial notice). The
Court may also look to documents attached to the Complaint and those incorporated
by reference without converting a Rule 12(b)(6) motion into a Rule 56 motion for
summary judgment. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005);
*Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997); *Harris
v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999).

this Court should hold that Plaintiff has failed to state a claim to quiet title to the Property in herself, and should dismiss Plaintiff's Complaint.

### b. Plaintiff Cannot Establish That She Has Current Title.

Additionally, a plaintiff pursuing a quiet title action in Georgia "must assert that he holds some current record title or current prescriptive title, in order to maintain his suit." *Milani v. One W. Bank FSB*, 491 F. App'x 977, 980 (11th Cir. 2012). In *Milani*, the Eleventh Circuit addressed a similar quiet title claim pled in a wrongful foreclosure lawsuit. The Court noted that the plaintiff "signed over legal title to the property when he signed the pertinent security deed" and his quiet title claim "is premised on [the defendant]'s title having a fatal defect." *Id*.; *see also United States v. Fleet Factors Corp.*, 821 F. Supp. 707, 725 n. 49 (S.D. Ga. 1993) ("Georgia is a 'title theory' state; when a creditor takes a security interest in land it receives actual title to that land through a deed to secure debt."). "The failure of Plaintiff's complaint to state sufficiently a claim for wrongful foreclosure impacts on Plaintiff's quiet title claim." *Id. See also Fenello v. Fam. First Mortg., Inc.,* No. 113CV01139JECJFK, 2013 WL 12382344, at *4 (N.D. Ga. Dec. 17, 2013) ("Plaintiffs do not hold current record title or current prescriptive title to their Dunwoody property because '[l]egal title passed to the lender [FFMI] from [the Fenellos] when the deed to secure debt was created, and the owner, [the Fenellos],

ha[ve] a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full.'"); *McCarter v. Bankers Trust Co.,* 247 Ga. App. 129, 132, 543 S.E.2d 755, 757 (2000) ("Legal title passed to the lender from [the plaintiff] when the deed to secure debt was created, and the owner, [the plaintiff], has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full.").

Here, as a matter of law, Plaintiff is not entitled to quiet title because she does not have current title under Georgia law due to her execution of the subject Security Deed.[3] Thus, the Court should deny Plaintiff's quiet title claim for this reason alone.

### c. Plaintiff's Failure to Tender is Fatal to Her Quiet Title Claim.

Finally, Plaintiff's failure to tender on her Loan is fatal to her quiet title claim. This Court has previously held that a borrower's failure to tender on her loan is fatal to her quiet title claim in *Walker v. JPMorgan Chase Bank, N.A*., 987 F. Supp. 2d 1348, 1354 (N.D. Ga. 2013). In *Walker*, the court held that:

> The Walkers seek equitable relief quieting title to the property. See O.C.G.A. § 23–3–40. One of the oldest and most favored maxims of

---

[3] This Court may take judicial notice of public records and may consider them on a motion to dismiss, without converting this motion into one for summary judgment. *See* Fed. R. Evid. 201; *Huff v. Macon Behavioral Health Treatment*, 2012 U.S. Dist. LEXIS 54413, at *1 n.1 (M.D. Ga. Apr. 18, 2012); *Universal Express, Inc. v. United States SEC,* 177 Fed. Appx. 52, 53 (11th Cir. 2006); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *Arango v. U.S. Dep't of the Treasury*, 115 F.3d 922, 923 n.1 (11th Cir. 1997); *Harris v. Ivax Corp.,* 182 F.3d 799, 802 n.2 (11th Cir. 1999).

equity is, "He who would have equity must do equity." *Id*. § 23–1–10. And the Walkers have not done equity. Specifically, they have not repaid their note in full. The Georgia Supreme Court has held that "a plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note." *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 583 S.E.2d 844, 846 (2003). Thus, JPMorgan is entitled to summary judgment on the Walkers' quiet-title claim.

*Walker v. JPMorgan Chase Bank, N.A.*, 987 F. Supp. 2d 1348, 1354 (N.D. Ga. 2013). *See also Fenello v. Fam. First Mortg., Inc.*, No. 113CV01139JECJFK, 2013 WL 12382344, at *5 (N.D. Ga. Dec. 17, 2013) ("Plaintiffs allege only that they do not have to tender payment; they have not paid or offered to pay the debt for which the Security Deed was given. Therefore, Plaintiffs do not have standing to bring and have not stated a claim for quiet title relief.")

Here, Plaintiff's failure to allege tender on her Loan is fatal to her quiet title claim. Thus, Plaintiff's quiet title claim should be dismissed with prejudice.

### F. Plaintiff's Complaint Fails To State A Claim For Redemption.

Plaintiff's Complaint also seeks to redeem the Property. [Doc. 1-1, ¶¶ 11, 12]. The count of the Complaint is meritless. In the Complaint, Plaintiff alleges that "[t]he equity of redemption expired and no person with right, title, or interest tendered or paid to Petitioner the monetary amount provided for redemption under O.C.G.A § 48-4-42." [Doc. 1-1, ¶ 11]. O.C.G.A § 48-4-42 specially relates to "redemption of property from any sale for taxes" and states as follows:

(a) The amount required to be paid for redemption of property from any sale for taxes as provided in this chapter shall with respect to any sale made after July 1, 2002, be the amount paid for the property at the tax sale, as shown by the recitals in the tax deed, plus:

(1) Any taxes paid on the property by the purchaser after the sale for taxes;

(2) Any special assessments on the property; and

(3) A premium of 20 percent of the amount for the first year or fraction of a year which has elapsed between the date of the sale and the date on which the redemption payment is made and 10 percent for each year or fraction of a year thereafter.

(b) If redemption is not made until more than 30 days after the notice provided for in Code Section 48-4-45 has been given, there shall be added to the sums set forth in subsection (a) of this Code section the sheriff's cost in connection with serving the notice and the cost of publication of the notice, if any.

(c) With respect to any sale made after July 1, 2016, there shall be added to the sums set forth in subsections (a) and (b) of this Code section any sums:

(1) Paid from the date of the tax sale to the date of redemption to a property owners' association, as defined in Code Section 44-3-221, in accordance with Code Section 44-3-232;

(2) Paid to a condominium association, that is an association, as defined in Code Section 44-3-71, in accordance with Code Section 44-3-109; or

(3) Paid to a homeowners' association established by covenants restricting land to certain uses related to planned residential subdivisions.

(d) All of the amounts required to be paid by this Code section shall be paid in lawful money of the United States to the purchaser at the tax sale or to the purchaser's successors.

O.C.G.A. § 48-4-42.

Plaintiff's claim to redeem the Property is meritless. Plaintiff does not allege that the Property was sold at a County tax sale or that she purchased the Property at

a County tax sale. This is because no County tax sale of the Property has occurred, and Plaintiff has not purchased the Property at a County tax sale. [Doc. 1, Ex. C]. Therefore, Plaintiff's claim to redeem the Property should be dismissed.

G. **Plaintiff's Complaint Fails To State A Claim For Damages and Attorney's Fees.**

Finally, Plaintiff is not entitled to recover any damages. [Doc. 1-1, p. 4]. Plaintiff is not entitled to compensatory damages since, as stated *supra*, all of Plaintiff's substantive claims fail as a matter of law. To the extent Plaintiff is alleging claims for attorney's fees, an award of attorney's fees is derivative of whether the Plaintiff prevails on its substantive claims. *See J. Andrew Lunsford Properties, LLC v. Davis,* 257 Ga. App. 720, 722 (2002). Because Plaintiff's substantive claims must be dismissed for failure to state a claim as a matter of law, Plaintiff's derivative claim for attorney's fees also must be dismissed.

## IV. <u>CONCLUSION</u>

Thus, the Court should grant Defendants' Motion to Dismiss and dismiss this lawsuit with prejudice since Plaintiff's claims all fail as a matter of law.

This 17th day of September, 2021.

*/s/ Allison Rhadans*         
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP

1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorney for Defendant Community Loan*
*Servicing f/k/a Bayview Loan Servicing*

*/s/ Keith Anderson*
Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
*Counsel for Defendant NewRez LLC d/b/a*
*Shellpoint Mortgage Servicing*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:21-cv-03750-WMR |
| | ) | |
| COMMUNITY LOAN SERVICING f/k/a | ) | |
| BAYVIEW LOAN SERVICING, and | ) | |
| SHELLPOINT MORTGAGE | ) | |
| SERVICING, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on the undersigned date, I electronically filed the foregoing ***MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT*** with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to counsel of record, and served a true and correct copy of same on the undersigned individual(s) via First-Class Mail, postage prepaid, addressed to:

Ricardo Mosby, Esq.
The Mosby Law Firm PC
260 Peachtree Street Suite 1403
Atlanta, GA 30303
*Counsel for Plaintiff*

Keith S. Anderson, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
*Counsel for Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing*

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

This 17th day of September, 2021.

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorneys for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*