# EXHIBIT 1

Superior

# Case Summary

### Case No. 2011CV203839

**JANET HILL vs. BANK OF AMERICA, INC.**

§   Location
§   **Superior**
§   Judicial Officer
§   **JUDGE, VISITING**
§   Filed on
§   **07/29/2011**

---

## Case Information

Case Type:   OTHER CIVIL CAUSE OF ACTION

Case Status:   **09/07/2011   Closed**

**Cause of Action**
Conversion
  **Description/Remedy**
  Action
  OTHER CIVIL CAUSE OF ACTION
**Statistical Closures**
09/07/2011   Consolidated
09/07/2011   Transferred

---

## Party Information

*Lead Attorneys*

**PLAINTIFF**    HILL, JANET      Bailey, Gregory T.
                                            *Retained*

**DEFENDANT**   BANK OF AMERICA INC

---

## Events and Orders of the Court

09/20/2011    MICROFILMED FILE

| | | |
|---|---|---|
| 09/07/2011 | 🗎 | |
| | NOTICE OF REMOVAL TO DISTRICT COURT | |
| 08/10/2011 | 🗎 | |
| | SHERIFF'S ENTRY OF SERVICE | |
| 07/29/2011 | 🗎 | |
| | CASE INITIATION FORM | |
| 07/29/2011 | 🗎 | |
| | PLAINTIFF'S ORIGINAL PETITION | |
| 07/29/2011 | Conversion | |
| 07/29/2011 | **Cause of Action** Conversion (OTHER CIVIL CAUSE OF ACTION) | |
| | Action Type   Action | |

## Financial Information

| | | |
|---|---|---|
| **PLAINTIFF**    HILL, JANET | | |
| Total Financial Assessment | | 263.50 |
| Total Payments and Credits | | 263.50 |
| **Balance Due as of 8/30/2021** | | **0.00** |

**Query   Reports   Utilities   Help   Log Out**

4months,CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CIVIL DOCKET FOR CASE #: 1:11-cv-02991-JOF

Hill v. Bank of America, Inc.
Assigned to: Judge J. Owen Forrester
Case in other court: USCA - 11th Circuit., 12-11740-CC
　　　　　Superior Court of Fulton County,
　　　　　2011CV203839
Cause: 28:1444 Petition for Removal- Foreclosure

Date Filed: 09/07/2011
Date Terminated: 02/28/2012
Jury Demand: None
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Janet Hill**

represented by **Gregory Timothy Bailey**
Greg T. Bailey & Associates
Suite 101
5682 Palazzo Way
Douglasville, GA 30134
404-397-1975 x. 1100
Fax: 1-877-518-2840
Email: attygregtbailey@msn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank of America, Inc.**

represented by **Andrew G. Phillips**
McGuire Woods LLP-GA
1230 Peachtree Street, N.E.
Promenade, Suite 2100
Atlanta, GA 30309-3534
404-443-5724
Fax: 404-443-5773
Email: aphillips@autoplusap.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2011 | 1 | NOTICE OF REMOVAL with COMPLAINT filed by Bank of America, Inc. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350 receipt number 113E-3499519). (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet) (rej) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 09/08/2011) |
| 09/14/2011 | 2 | MOTION to Dismiss with Brief In Support by Bank of America, Inc.. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Phillips, Andrew) (Entered: 09/14/2011) |
| 09/20/2011 | 3 | MOTION to Stay *Pretrial Deadlines and Discovery* with Brief In Support by Bank of |

| | | |
|---|---|---|
| | | America, Inc.. (Attachments: # 1 Brief, # 2 Text of Proposed Order)(Phillips, Andrew) (Entered: 09/20/2011) |
| 09/26/2011 | 4 | ORDER granting 3 Motion to Stay Pretrial Deadlines and Discovery. All discovery shall be stayed until this Court enters an Order resolving the 2 Motion to Dismiss. Signed by Judge J. Owen Forrester on 9/23/11. (beg) (Entered: 09/26/2011) |
| 10/04/2011 | 5 | Unopposed MOTION for Extension of Time File Response re: 2 MOTION to Dismiss by Janet Hill. (Attachments: # 1 Text of Proposed Order)(Bailey, Gregory) (Entered: 10/04/2011) |
| 10/05/2011 | | MINUTE ORDER by CRD granting 5 Unopposed Motion for Extension of Time. (pkl) (Entered: 10/05/2011) |
| 10/07/2011 | 6 | RESPONSE in Opposition re 2 MOTION to Dismiss filed by Janet Hill. (Bailey, Gregory) (Entered: 10/07/2011) |
| 10/10/2011 | 7 | MOTION for Leave to File Amended Complaintby Janet Hill. (Attachments: # 1 Text of Proposed Order)(Bailey, Gregory) (Entered: 10/10/2011) |
| 10/10/2011 | 8 | PLEADING FILED IN ERROR AS LEAVE HAS NOT BEEN GRANTED First AMENDED COMPLAINT against Janet Hill, filed by Janet Hill.(Bailey, Gregory) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. Modified on 10/11/2011 (beg). (Entered: 10/10/2011) |
| 10/13/2011 | 9 | REVISED CASE INSTRUCTIONS. (fap) (Entered: 10/13/2011) |
| 10/21/2011 | 10 | RESPONSE in Opposition re 7 MOTION for Leave to File Amended Complaint filed by Bank of America, Inc.. (Phillips, Andrew) (Entered: 10/21/2011) |
| 10/21/2011 | 11 | REPLY to Response to Motion re 2 MOTION to Dismiss filed by Bank of America, Inc.. (Phillips, Andrew) (Entered: 10/21/2011) |
| 10/25/2011 | | Submission of 2 MOTION to Dismiss, submitted to District Judge J. Owen Forrester. (beg) (Entered: 10/25/2011) |
| 11/03/2011 | 12 | MOTION to Amend 8 Amended Complaint, 7 MOTION for Leave to File Amended Complaint with Brief In Support by Janet Hill. (Attachments: # 1 Brief in support of motion for leave to file amended complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Bailey, Gregory) (Entered: 11/03/2011) |
| 11/07/2011 | | Submission of 7 MOTION for Leave to File Amended Complaint, submitted to District Judge J. Owen Forrester. (beg) (Entered: 11/07/2011) |
| 11/21/2011 | 13 | RESPONSE in Opposition re 12 MOTION to Amend 8 Amended Complaint, 7 MOTION for Leave to File Amended Complaint MOTION to Amend 8 Amended Complaint, 7 MOTION for Leave to File Amended Complaint filed by Bank of America, Inc.. (Phillips, Andrew) (Entered: 11/21/2011) |
| 12/05/2011 | 14 | Certificate of Interested Persons and Corporate Disclosure Statement by Bank of America, Inc. identifying Corporate Parent Bank of America Corporation, Corporate Parent NB Holdings Corporation, Corporate Parent BAC North America Holding Company, Corporate Parent BANA Holding Corporation for Bank of America, Inc.. (Phillips, Andrew) (Entered: 12/05/2011) |
| 12/07/2011 | | Submission of 12 MOTION to Amend 8 Amended Complaint, submitted to District Judge J. Owen Forrester. (beg) (Entered: 12/07/2011) |
| 12/12/2011 | | Clerks Notation re 14 Certificate of Interested Persons, reviewed and noted by Judge J. Owen Forrester. (pkl) (Entered: 12/12/2011) |

| 02/28/2012 | 15 | ORDER. The court GRANTS Bank of America's 2 motion to dismiss; DENIES Plaintiff's 7 motion for leave to file amended complaint; and GRANTS Plaintiff's 12 motion to amend complaint and for leave to file amended complaint. The Clerk is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint. Signed by Judge J. Owen Forrester on 2/28/12. (beg) (Entered: 02/28/2012) |
|---|---|---|
| 02/28/2012 | 16 | CLERK'S JUDGMENT entered dismissing action. (beg)--Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 02/28/2012) |
| 02/28/2012 | | Civil Case Terminated. (beg) (Entered: 02/28/2012) |
| 03/29/2012 | 17 | NOTICE OF APPEAL as to 15 Order on Motion for Leave to File, Order on Motion to Amend, Order on Motion to Dismiss,,, 16 Clerk's Judgment by Janet Hill. Transcript Order Form due on 4/12/2012 (Bailey, Gregory) (Entered: 03/29/2012) |
| 03/30/2012 | 18 | Transmission of Certified Copy of Notice of Appeal, Judgment, Order and Docket Sheet to US Court of Appeals re: 17 Notice of Appeal. (kac) (Entered: 03/30/2012) |
| 03/31/2012 | | Payment of Appeal Fees re 17 Notice of Appeal by Janet Hill. Filing fee $ 455, receipt number 113E-3855561. (Bailey, Gregory) (Entered: 03/31/2012) |
| 04/02/2012 | 19 | Forwarded certified copy of docket sheets reflecting payment of appeal filing and docketing fees to USCA re: 17 Notice of Appeal filed by Janet Hill. Case Appealed to USCA - 11th Circuit. USCA Case Number 00-00000-00. (kac) (Entered: 04/02/2012) |
| 04/09/2012 | 20 | USCA Acknowledgment of 17 Notice of Appeal filed by Janet Hill. Case Appealed to USCA - 11th Circuit. USCA Case Number 12-11740-C. (kac) (Entered: 04/09/2012) |
| 04/11/2012 | | Pursuant to F.R.A.P.11(c), the Clerk certifies that the record is complete for purposes of this appeal re: 17 Notice of Appeal. Case Appealed to USCA - 11th Circuit. USCA Case Number 12-11740-CC. The entire record on appeal is available electronically. (kac) (Entered: 04/11/2012) |
| 05/15/2012 | 21 | Certified copy of CLERK'S ENTRY OF DISMISSAL re: 17 Notice of Appeal filed by Janet Hill for want of prosecution because the Appellant has failed to file a brief, record excerpts and a civil appeal statement within the time fixed by the rules. Case Appealed to USCA - 11th Circuit. USCA Case Number 12-11740-CC. (kac) (Entered: 05/16/2012) |
| 08/24/2012 | 22 | ORDER of USCA - 11th Circuit GRANTING Appellant's Motion to Reinstate 17 Notice of Appeal. USCA Case Number 12-11740-CC. (kac) (Entered: 08/24/2012) |
| 03/12/2013 | 23 | USCA Opinion received re: 17 Notice of Appeal filed by Janet Hill. In accordance with FRAP 41(b), the USCA mandate will issue at a later date. Case Appealed to USCA - 11th Circuit. USCA Case Number 12-11740-CC. (kac) (Entered: 03/12/2013) |
| 04/11/2013 | 24 | Certified copy of JUDGMENT of USCA AFFIRMING the decision of the District Court re: 17 Notice of Appeal filed by Janet Hill. Case Appealed to USCA - 11th Circuit. USCA Case Number 12-11740-CC. (kac) (Entered: 04/11/2013) |



FILED IN OFFICE

JUL 29 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**JANET HILL,**

      **Plaintiff**

                                          **CIVIL ACTION**

**BANK OF AMERICA, INC.**

      **Defendant**                           2011CV203859

### COMPLAINT

    Comes Now JANET HILL Plaintiff in the above-styled action and files this her Complaint against BANK OF AMERICA. Inc. (USA), Defendant respectfully shows the Court as follows:

### COMPLAINT

### PARTIES AND JURISDICTION

1.

    Plaintiff is a resident of Fulton County, Georgia, and her property in this county is the subject of this matter.

1

Defendant Bank of America Inc., hereinafter " BOA", conducts business in Fulton County, Georgia and may be served through its registered agent CT Corporation System at 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

2.

Jurisdiction and venue are proper in this Court as to all Defendants.

## STATEMENT OF FACTS

3.

Plaintiff obtained a mortgage loan from Country Wide Home Loan on or about October 5, 2005 in the amount of $464,000.00. The loan was subsequently sold to Bank of America.

In early 2009, they were made aware of a federal mortgage relief program called Making Home Affordable Program. This federal program was offered through her loan servicer BOA and was to be operated with certain criteria. Borrowers must first be delinquent with their payments. Secondly, they must provide the servicers with an application and documents to support their income and ability to make the proposed new monthly payments. Once approved, the borrower is required to make three payments on time and in the full amount.

Plaintiff immediately contacted BOA and after a series of telephone calls between her

and BOA, and after the exchange of additional supporting documents, some of which were lost

or misplaced by BOA and had to be resubmitted, Plaintiff was again offered a modification

which would have reduced her monthly payments.


4.


Plaintiff applied for relief under the plan with her mortgage servicer BOA in June 2009

by completing the application provided to her by BOA. But, instead of offering to lower her

payments, they offered to increase her payments which certainly were contrary to the purpose

and intent of the program.


5.


On October 2010  QWR, Qualified Written Request submitted.  It has not been completely

resolved.  All documents requested were not received.  Therefore, the amount of the loan and

the terms of the loan may not be accurate.


3

6.

On October 18, 2010  Plaintiff  Received letter "thank you or participating in loan

modification process."  Plaintiff called for months and never received a response.   It lists

various BOA loan servicing agencies and the instructions to review fees on the account.

7.

On February 2011  Plaintiff Submitted second application for loan modification. (Faxed,

email and overnight mail)

8.

On March 3, 2011 Plaintiff Application was denied.  Reason, did not receive docs.

9 .

On March 2011  Plaintiff filed an appeal.  Re-sent docs via fax, email, overnight mail.  This

is now the seventh copy of the application submitted, to a specific individual via email and

fax as well as BAC prepaid envelope and a BAC dedicated fax number.

10.

On March 21, 2011 a email from Jamie Blake- Hill reporting loan in underwriting.

11.

On May 3, 2011 Plaintiff Requested to confirm default amount $511,000.  Notice foreclosure anticipated.

12.

On May 9, 2011 Plaintiff Call to Home Retention Department, learned contact information was incorrect.  Also, per Eric, Customer Service Manager, representative #5830, Home Retention Department confirmed, the underwriting process completed on March 22.   The loan modification application is now in its final stage for Trial Payment Notification.

13.

On May 12, 2011 Plaintiff Called to BAC, Plaintiff was  notified of the sale date, July, loan modification status confirmed again, waiting for Trial Payment.  See attached letter.

14

In January 2010, Plaintiff received correspondence from the foreclosure attorney for BOA that she was delinquent. In February, they notified her that her house would be foreclosed in March 2010. This news caused her great worry and stress. She called BOA every day and was consistently told that her application for a modification was fine, they were working on it, and that no foreclosure sale would occur while her request was being processed.

15.

The offer to Plaintiff to modify the loan was accepted when she submitted her application. BOA had an obligation to promptly attend to it and to guide Plaintiff through the process. When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties.

## COUNT TWO
## DECEPTIVE TRADE PRACTICE

**16.**

Plaintiff re-alledges and incorporates by reference the foregoing Paragraphs 1 through 15 of her Complaint as if fully restated herein.

17.

Defendant, Bank of America Corporation refused to honor the promises made by its official that dealt with the Plaintiff and they told that she was approved for the modification and her paperwork would be forwarded to the underwriting for final approval.

18.

Defendant has bargained in bad faith with the Plaintiff. While receiving the Plaintiff's paperwork and cooperation, Defendant has engaged in a two-tier policy unbeknownst to the Plaintiff.

19.

Defendant continually loses Plaintiff's paperwork and pursues processing the loan for foreclosure while telling the Plaintiff that the loan modification is pending.

7

20.

Plaintiff has written the Defendant and placed it on notice. However, the Defendant has

not even responded to the  Plaintiff in writing more than two months later.   Defendant is engaged in deliberate deceptive trade practices that violates the state of Georgia statutes.

---

21.

Plaintiff had complied with every request made by BOA. She supplied them with all the documentation asked for, and sometimes provided the same documentation two and three times. She accepted the assurances from BOA that no foreclosure sale would be held. These assurances meant that she was unable to consider other alternatives to save her house such as a sale or a bankruptcy filing.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue and be served as provided by law;

(b)  What this Court find in favor of Plaintiff under Count 1 and enter judgment against BOA in an amount to be determined at trial;

(c ) that this Court find in favor of Plaintiff under Count 2 and enter judgment against BOA in an amount to be determined at trial;

(d) That this Court grant Plaintiff such other and further relief as this Court deems just and appropriate under the circumstances.

GREG T. BAILEY & ASSOCIATES

Respectfully submitted,

Greg T. Bailey, Ga. Bar 032075

5682 Palazzo Way Suite 1
Douglasville, Ga. 30134

9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Janet Hill,

    Plaintiff,

    v.

Bank of America, Inc.,

    Defendant.

CIVIL ACTION NO.
1:11-cv-02991-JOF

## ORDER

This matter is before the court on Bank of America's motion to dismiss [2]; Plaintiff's motion for leave to file amended complaint [7]; and Plaintiff's motion to amend complaint and for leave to file amended complaint [12].

## I.    Background

Plaintiff, Janet Hill, represented by counsel, filed suit against Defendant Bank of America, Inc., on July 29, 2011, in the Superior Court of Fulton County. Defendant removed the suit to this court on September 7, 2011. Plaintiff asserts generally that she obtained a mortgage from Countrywide Home Loan on October 5, 2005, in the amount of $464,000. The loan was later sold to Bank of America. At some point in 2009, Plaintiff was made aware of the federal mortgage relief program called Making Home Affordable Program. Plaintiff applied for the program in June 2009, but instead of lowering her

AO 72A

mortgage payments, Bank of America's offer to her upon completion of the application would have raised her mortgage payments. *See* Cmplt., ¶ 4. Plaintiff received correspondence from Bank of America in January 2010 that she was delinquent on her payments and that her house would be foreclosed in March 2010. *Id.*, ¶ 14.

Plaintiff states that she submitted a Qualified Written Request in October 2010, but that has not been "completely resolved" so she does not know the amount of the loan. *Id.*, ¶ 5. On October 18, 2010, Plaintiff received a letter stating "thank you [f]or participating in [the] loan modification process" and thereafter Plaintiff called for months and did not receive a response. *Id.*, ¶ 6.

In February 2011, Plaintiff submitted a second application for loan modification and was denied on March 3, 2011, because certain documents were not received. *Id.*, ¶¶ 7-8. Plaintiff filed an appeal. *Id.*, ¶ 9. She received an email on March 21, 2011, that the loan was in underwriting. *Id.* ¶ 10.

"On May 3, 2011, Plaintiff requested to confirm default amount $511,000. Notice foreclosure anticipated." *Id.*, ¶ 11. (The court has quoted that paragraph as it appears in the complaint.) On May 9, 2011, Plaintiff learned from a customer service representative that the loan modification was in "its final stage for Trial Payment Notification." *Id.*, ¶ 12. On May 12, 2011, Bank of America confirmed to Plaintiff the sale date and that the status of the loan modification program was "waiting for Trial Payment." *Id.*, ¶ 13. (Although

AO 72A

Plaintiff alleges in her complaint that this letter is attached as an exhibit, no exhibits were attached to Plaintiff's complaint.)

Plaintiff contends that the "offer to Plaintiff to modify the loan was accepted when she submitted her application.  BOA had an obligation to promptly attend to it and to guide Plaintiff through the process.  When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties." *Id.*, ¶ 15.

Plaintiff's complaint does not contain a "Count One," but Count Two is listed as "deceptive trade practice."  *Id.*, ¶¶ 16-21.  Under Count Two, Plaintiff complains that Defendant refused to honor its promises because officials told Plaintiff she was approved for modification and that her paper work was being forwarded to underwriting for final approval.  *Id.*, ¶ 17.  She also avers that Defendant bargained with Plaintiff in bad faith because it received her paper work and cooperation but "engaged in a two-tier policy unbeknownst to the Plaintiff."  *Id.*, ¶ 18.  Plaintiff also complains that Defendant has lost paper work and has not responded to Plaintiff.  *Id.*, ¶¶ 19-20.  Plaintiff accepted assurances from Defendant that foreclosure would not take place and so she did not consider other options like bankruptcy.  *Id.*, ¶ 21.

Shortly after the case was removed, Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 8(a) stating that Plaintiff's complaint failed to provide

AO 72A

a short, plain statement of her claims.  Defendant also argues that even if she alleged a breach of contract claim, it would fail because she has alleged only oral contracts and any contract regarding land must be in writing under Georgia's Statute of Frauds.  Further, Defendant argues that Georgia's Fair Business Practices Act does not apply to residential mortgage transactions.

The court admits some sympathy with Defendant's position.  Plaintiff's complaint is not a model of clarity and is replete with incomplete sentences and ambiguous references. The prime example of this is the failure to denote a Count One of the complaint or identify by statute or otherwise which "deceptive trade practices" Plaintiff believes were engaged in by Defendant.  Additionally, Plaintiff's factual recitation does not appear to flow in chronological order.

Plaintiff filed a short response to Defendant's motion in which she contends that her complaint alleges Defendant had a "willful and intentional failure to perform as promised" and that Defendant's "pattern and practice of deceptive conduct" is actionable under Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371 *et seq*.  Citing Georgia law, Plaintiff also argues that the court should construe her complaint as to do "substantial justice."

Shortly thereafter, Plaintiff filed a motion to amend her complaint in which she states that she believes an amended complaint would "conform to the evidence and better assist

AO 72A

the Court in making a just and fair decision." She also states that she has attached a proposed Amended Complaint. However, Plaintiff's motion to amend does not contain any attachments. Defendant opposes the motion because of Plaintiff's failure to attach a proposed amended complaint and because any amendment would be dilatory and futile.

Plaintiff then filed yet another motion to amend her complaint. This time, she did attach a proposed amended complaint. Plaintiff's proposed amended complaint purports to add perhaps eight Defendants to the case which Plaintiff characterizes as a "pattern and practice of deceptive conduct" in violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-137 *et seq.*

## II.    Discussion

The court has reviewed Plaintiff's proposed amended complaint. The first five paragraphs of the complaint contain sweeping generalizations about the sufficiency of the mortgage servicing operations of the proposed defendants, purportedly based on "interviews" with "former employees" and a "review" of "relevant documents." In addition to complaints about the processing of loan modification applications, Plaintiff appears to raise violations of the Fair Credit Reporting Act and general allegations that the group of defendants did not have authority to foreclose on homes.

The next 25 paragraphs of Plaintiff's proposed amended complaint are a wide-ranging discussion of Countrywide's struggles and eventual acquisition into Bank of

AO 72A

America, including the pooling and securitization of Countrywide loans in the secondary market. Plaintiff refers to litigation in other courts and an investigative report by CNN. Plaintiff also refers to litigation by the New York Attorney General and a consent judgment entered on October 9, 2009, by Bank of America with some 40 states.

Plaintiff's proposed amended complaint makes not one specific allegation about Plaintiff, Janet Hill, and what happened to her loan or her application to the loan modification program. Rather, Plaintiff asks for a "declaratory judgment" that Defendant's "operation of their loan modification . . . program" violates Georgia' Deceptive Trade Practices Act and an injunction barring Defendant from continuing to violate the Act in the future. Plaintiff seeks civil penalties under the Act and asks the court to issue an order allowing the "State" (presumably Georgia) to terminate its Consent Judgment with Defendants because they have materially breached the terms of the Consent Judgment. Plaintiff further asks the court to declare that Countrywide's loan origination practices violate Georgia's Deceptive Trade Practices Act and that Defendants be ordered to cover costs incurred by municipalities and other homeowners due to vacant foreclosed properties. Plaintiff also asks the court to order Defendants to pay restitution under the Consent Judgment.

The court hardly knows where to start. Plaintiff's original complaint began as taking issue with the manner in which Defendant operated the loan modification program. The

AO 72A

court has seen some complaints which successfully allege causes of action with respect to various mortgage modification programs and other complaints that do not survive the motion to dismiss stage. It is clear, however, that Plaintiff's initial complaint was wholly insufficient in the manner in which it pled facts and alleged causes of action.

Plaintiff never attached an amended complaint to her first motion to amend complaint. The proper method of requesting leave to amend a complaint is to file a motion that either contains the substance of the proposed amendment or attaches that amendment to the motion. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiff has done neither. Such a failure to properly move for leave to amend a complaint, when Plaintiff had ample time to do so, is grounds for denial of that request. *Id.* at 1279-80. *See also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (plaintiff "must either attach a copy of the proposed amendment to the motion or set forth the substance there").

Finally, Plaintiff's latest motion to amend her complaint did attach a proposed amended complaint, but it is no more comprehensible than her first two complaints. In light of the fact that Plaintiff has been represented throughout the litigation, the court finds that the course of action that will best serve judicial economy is to grant Plaintiff's motion to amend her complaint and then consider Defendant's arguments on its motion to dismiss with respect to Plaintiff's Amended Complaint filed at Docket Entry [12]. Based on Plaintiff's

AO 72A

counsel's first three efforts at drafting a complaint, the court has no reason to believe that any additional opportunity to amend would be more fruitful.

The most significant omission from Plaintiff's Amended Complaint is her failure to allege any specific acts taken by Defendants with respect to Plaintiff's particular mortgage. As the court explained above, Plaintiff's Amended Complaint is primarily an opinion piece on the current status of the mortgage industry.  Obviously, there are no causes of action contained in that discussion and thus, no legal basis for the court to order any relief, including Plaintiff's requests that Defendants be ordered to cover the costs incurred by municipalities and other homeowners due to vacant or foreclosed properties.  For the same reason, Plaintiff does not provided any basis in her Amended Complaint to add the seven additional parties she purports to now list as Defendants.  Further, because Plaintiff does not specify which acts any individual Defendant may have taken, but rather simply lumps "Defendants" together as a group, Plaintiff's Amended Complaint also suffers as an example of shot-gun pleading.  This deficiency is made even more egregious by the fact that Plaintiff does not set forth any particular "counts" or causes of action in her Amended Complaint.

Plaintiff refers to a Consent Decree signed by unspecified parties in 2009 and alleges various ways in which Defendants have breached this Consent Decree.  The court, however, has no jurisdiction to enforce a Consent Decree signed in a different court.  Nor is there any

AO 72A

reason in this litigation to direct the State of Georgia to terminate the consent judgment purportedly reached with Defendants in a different proceeding.

Plaintiff does specifically mention Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.* in her Amended Complaint.  Plaintiff appears to aver that the violations of the Consent Decree constitute violations of Georgia's Deceptive Trade Practices Act.  The court does not agree that violations of a consent decree would be cognizable under the Deceptive Trade Practices Act.  In any event, injunctive relief is the only remedy available under Georgia's Uniform Deceptive Trade Practices Act.  *See, e.g., Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 644 (2002) (affirming summary judgment against plaintiff where no factual question raised about likelihood of future wrong).  Thus, any injunction is for the purpose of preventing future wrongs and "does not afford a remedy for what is past." *Id.*  Plaintiff's allegations as to her problems with the loan modification program related to what has happened in the "past" and would not be the appropriate topic of forward-looking injunctive relief.  Therefore, even if Plaintiff's Deceptive Trade Practices Act claims extended beyond her Consent Decree allegations, there would be no remedy available.

To the extent that any kernel of a cause of action remains in Plaintiff's Amended Complaint, it appears to deal with actions taken by unspecified Defendants with respect to modifications to her mortgage.  Plaintiff does not allege any specific written contract to

AO 72A

modify her mortgage, nor does she attach to her complaint any loan modification agreement. Thus, the court cannot construe that Plaintiff is asserting a breach of written contract claim.

Plaintiff could be attempting to raise a fraud or breach of verbal agreement claim, however, under Georgia law, "any commitment to lend money" must be in writing according to the Statute of Frauds. *See, e.g.*, *Stedry v. Summit Nat'l Bank*, 227 Ga. App. 511, 514 (1997); O.C.G.A. § 13-5-30(7). Further, oral and unwritten agreements regarding interests in land are unenforceable under Georgia's Statute of Frauds. *See, e.g.*, *Kabir v. Statebridge Co., LLC*, 2011 WL 4500050 (N.D. Ga. Sept. 27, 2011) (Duffey, J.) (specifically noting foreclosure forbearance agreements); *James v. Safari Enters., Inc.*, 244 Ga. App. 813 (2000); *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245 (1998). This includes a commitment to forbear from initiating foreclosure proceedings, as Plaintiff mentions in her Amended Complaint. Therefore, any allegations Plaintiff might have raised about promises not to foreclose or promises to modify mortgage payments – even if true – were not enforceable at the time they were made because Plaintiff has not alleged that any of those promises were in writing.

Plaintiff might also be attempting to raise issues with the validity of the assignment of her mortgage. Plaintiff, however, has no standing to challenge the assignment because she was not a party to the assignment. *See, e.g.*, *Livonia Property Holdings, LLC v. 12840-*

10

*12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010), *aff'd*, 399 Fed. Appx. 97 (6th Cir. 2010).

For all of the foregoing reasons, the court GRANTS Defendant's motion to dismiss Plaintiff's complaint [2].

### III.    Conclusion

The court GRANTS Bank of America's motion to dismiss [2]; DENIES Plaintiff's motion for leave to file amended complaint [7]; and GRANTS Plaintiff's motion to amend complaint and for leave to file amended complaint [12].

The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 28th day of February, 2012.


 S/   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11740
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-02991-JOF

JANET HILL,

Plaintiff - Appellant,

versus

BANK OF AMERICA, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 12, 2013)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Janet Hill appeals the district court's dismissal of her complaint against

Bank of America (BOA) for actions related to her mortgage with the bank.  The

district court reviewed Hill's original complaint as well as her amended complaint.
The district court also noted Hill's intervening attempt to amend her complaint,
when she failed to attach any proposed complaint. The district court found the
initial complaint failed to state a claim and the first attempt to amend was deficient
for failing to attach a proposed amended complaint. While the district court
granted Hill's motion for leave to amend, it found the proposed amended
complaint to be deficient as well. The court dismissed the action with prejudice
because "[b]ased on [Hill's] counsel's first three efforts at drafting a complaint, the
court ha[d] no reason to believe that any additional opportunity to amend would be
more fruitful." Hill's argument on appeal is that the district court was wrong to
dismiss her complaint with prejudice, i.e. without further leave to amend.

I.

Hill filed her first complaint in the Superior Court of Fulton County on July
29, 2011. BOA removed the action to federal court. The complaint asserted that
Hill got a mortgage from "Country Wide Home Loan" in October of 2005 for
$464,000. In early 2009, Hill learned about "a federal mortgage relief program
called [the] Making Home[s] Affordable Program." Apparently, Hill applied to
BOA to join the program, "[b]ut, instead of offering to lower her payments, they
offered to increase her payments which certainly [was] contrary to the purpose and
intent of the program." By January of 2010, Hill got notice from BOA that she

2

was delinquent on her payments and that her home would be foreclosed on in March.

Hill claims she wrote BOA in October of 2010 requesting a loan modification.  She says she received a letter thanking her for participation in the loan modification program, but nothing else happened.  In February of 2011, she submitted another loan modification application but it was denied and she later got an e-mail saying the loan was in underwriting.

The complaint goes on to explain "[o]n May 3, 2011[,] Plaintiff [r]equested to confirm default amount $511,000.  Notice foreclosure anticipated."  Hill later received notice that her loan was "in its final stage for Trial Payment Notification" and was told that the loan was "waiting for Trial Payment."

After setting out these facts, Hill alleges that:

> the offer to Plaintiff to modify the loan was accepted when she submitted her application.  BOA had an obligation to promptly attend to it and to guide Plaintiff through the process.  When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties.

"Count Two" of the complaint makes a claim for "deceptive trade practices."[1]  For this Count, Hill complains that BOA did not honor its verbal promises and lost her written materials.

---

[1] The complaint never specifies a "Count One."

Once in federal court, BOA moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). BOA argued that Hill violated Rule 8(a) because her complaint failed to provide a short, plain statement of the claims. BOA also argued that insofar as Hill alleged breach of contract claims, her claims would fail under Georgia's Statute of Frauds requiring that land contracts be in writing. And finally, BOA argued that the Georgia Fair Business Practices Act does not apply to residential mortgage transactions.

After filing a short response to BOA's motion asking the court to construe her complaint to do "substantial justice," Hill moved to amend her complaint but failed to provide an amended complaint, as is required. See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). Hill then filed another motion for leave to amend, this time attaching a new amended complaint in which she purported to add as many as eight more defendants who engaged in a "pattern and practice of deceptive conduct" in violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-137 et seq.

II.

We review de novo a district court's Rule 12(b)(6) dismissal of a case. Catron v. City of St. Petersburg, 658 F.3d 1260, 1264 (11th Cir. 2011). We review for abuse of discretion the denial of a motion for leave to amend the complaint.

4

<u>Covenant Christian Ministries, Inc. v. City of Marietta, Ga.</u>, 654 F.3d 1231, 1239 (11th Cir. 2011).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Supreme Court made clear in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009), a plaintiff's complaint must be "plausible" in that it must plead facts that support a reasonable inference that there has been some wrongdoing. <u>Twombly</u>, 550 U.S. at 570, 127 S. Ct. at 1974, <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a litigant fails to provide the court with the amendment it proposes, however, a court does not abuse its discretion by denying leave to amend. <u>Long</u>, 181 F.3d at 1279–80. A court may also deny leave to amend where the plaintiff fails to show that the amended complaint satisfies Rule 8(a). <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1362 (11th Cir. 2006). Thus, there are situations in which courts "[do] not abuse [their] discretion by dismissing . . . complaint[s] with prejudice, i.e., without leave to amend." <u>Id.</u>

III.

Hill argues that she should have been allowed leave to amend her complaint again, and further that the court should have given her "instructions to correct the deficiencies." Hill argues her complaint "should not have been dismissed for failure to state a claim unless it appeared beyond a doubt that she could not have proven through any set of facts to support her claim that would entitle her to relief."

Hill's arguments are without merit. First, she fails to provide legal authority to support the idea that a Court can <u>never</u> dismiss with prejudice a complaint after three unsuccessful attempts to meet Rule 8(a)'s very low threshold. Indeed, we have precedent to the contrary. <u>See, e.g.</u>, <u>Long</u>, 181 F.3d at 1279–80; <u>McInteer</u>, 470 F.3d at 1362.

Second, to the extent that Hill suggests that the district court did not review her amended complaint, she is clearly incorrect. Indeed, the district court reviewed Hill's "motion to amend complaint and for leave to file amended complaint" and said so: "[t]he court has reviewed Plaintiff's proposed amended complaint." It simply found the amended complaint to be as deficient as the first one.

Third, our <u>de novo</u> review of the initial complaint and the amended complaint brings us to the same conclusion as the district court: that the complaints should be dismissed for failure to state a claim. The district court got it right when it said "that [Hill's] initial complaint was wholly insufficient in the manner in

which it pled facts and alleged causes of action" and that the proposed amended complaint was similarly deficient, merely "contain[ing] sweeping generalizations about the sufficiency of mortgage servicing operations of the proposed defendants" and "mak[ing] not one specific allegation about Plaintiff, Janet Hill, and what happened to her loan or her application." As such, it was properly dismissed for failure to state a claim.

Based on our <u>de novo</u> review of Hill's filings, we affirm the district court's dismissal of this action.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 12, 2013

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-11740-CC
Case Style: Janet Hill v. Bank of America, Inc.
District Court Docket No: 1:11-cv-02991-JOF

On April 1, 2013, this Court will begin **MANDATORY electronic filing.** All counsel are required to file documents electronically in appeals pending on April 1, 2013, and in appeals docketed in this Court on or after that date, unless exempted for good cause.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs