# EXHIBIT 2

**EJ10**

# Case Summary

## Case No. 2012CV218864

**JANET HILL vs. THE BANK OF NEW MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BAC HOME LOANS SERVICINGS, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS SERVICING LP; COUNTRYWIDE HOME LOANS, INC., AND ALL PERSONS CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO**

§   Location
§   **EJ10**
§   Judicial Officer
§   **BAXTER, JERRY**
§   Filed on
§   **07/30/2012**

---

## Case Information

Case Type:   QUIET TITLE
Case Status:   **12/18/2012  Closed**

**Cause of Action**
Conversion
   **Description/Remedy**
   Action
   QUIET TITLE
**Statistical Closures**
12/18/2012  Consolidated
12/18/2012  Transferred

---

## Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **PLAINTIFF** | HILL, JANET | **Bailey, Gregory T.** *Retained* |

**DEFENDANT**   BAC HOME LOANS SERVICING LP

BANK OF NEW YORK MELLON

COUNTRYWIDE HOME LOANS INC

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

---

## Events and Orders of the Court

01/08/2013   MICROFILMED FILE

12/19/2012   **DEFAULT**   (9:30 AM)   (Judicial Officer: BAXTER, JERRY)

12/18/2012   NOTICE

12/17/2012   SHERIFF'S ENTRY OF SERVICE

12/13/2012   AFFIDAVIT

11/29/2012   NOTICE OF HEARING

09/26/2012   SHERIFF'S ENTRY OF SERVICE

09/26/2012   NON EST SERVICE

07/30/2012   CASE INITIATION FORM

07/30/2012   PLAINTIFF'S ORIGINAL PETITION

07/30/2012   Conversion

07/30/2012   **Cause of Action** Conversion (QUIET TITLE)
Action Type   Action

## Financial Information

**PLAINTIFF**    HILL, JANET

Total Financial Assessment                                          420.50
Total Payments and Credits                                         420.50
**Balance Due as of 8/30/2021**                                    **0.00**

**Query    Reports    Utilities    Help    Log Out**

4months,CLOSED

# U.S. District Court
## Northern District of Georgia (Atlanta)
### CIVIL DOCKET FOR CASE #: 1:12-cv-04344-WSD

Hill v. The Bank of New York Mellon et al
Assigned to: Judge William S. Duffey, Jr
Case in other court: Superior Court of Fulton County,
                2012cv218864
Cause: 28:1444 Petition for Removal- Foreclosure

Date Filed: 12/17/2012
Date Terminated: 01/18/2013
Jury Demand: None
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

**Plaintiff**

**Janet Hill**                                   represented by   **Gregory Timothy Bailey**
Greg T. Bailey & Associates
Suite 101
5682 Palazzo Way
Douglasville, GA 30134
404-397-1975 x. 1100
Fax: 1-877-518-2840
Email: attygregtbailey@msn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The Bank of New York Mellon**                  represented by   **Andrew G. Phillips**
*as Trustee for the certificate holders of*      McGuire Woods LLP-GA
*Cwalt, Inc., Alternative Loan Trust 2005-58,*   1230 Peachtree Street, N.E.
*Mortgage Pass-Through Certificates, Series*     Promenade, Suite 2100
*2005-58*                                        Atlanta, GA 30309-3534
*formerly known as*                              404-443-5724
The Bank of New York                             Fax: 404-443-5773
                                             Email: aphillips@autoplusap.com
                                             *ATTORNEY TO BE NOTICED*

                                             **Jarrod Sean Mendel**
                                             McGuire Woods LLP-GA
                                             1230 Peachtree Street, N.E.
                                             Suite 2100, Promenade II
                                             Atlanta, GA 30309
                                             404-443-5713
                                             Fax: 404-443-5687
                                             Email: jmendel@mcguirewoods.com
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Mortgage Electronic Registration**             represented by   **Andrew G. Phillips**

**Systems, Inc.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrod Sean Mendel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BAC Home Loans Servicing, LP**     represented by **Jarrod Sean Mendel**
*formerly known as*                                  (See above for address)
Countrywide Home Loans Servicing LP                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Countrywide Home Loans, Inc.**     represented by **Andrew G. Phillips**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jarrod Sean Mendel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**All Persons Claiming any Legal or
Equitable Right, Title, Estate, Lien, or
Interest in the Property Described in the
Complaint Adverse to Plaintiff's Title
Thereto**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/17/2012 | 1 | NOTICE OF REMOVAL with COMPLAINT. Consent form to proceed before U.S. Magistrate and pretrial instructions provided. (Filing fee $ 350 receipt number 113E-4315868), filed by The Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc., Countrywide Home Loans, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Civil Cover Sheet)(cem) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 12/19/2012) |
| 12/17/2012 | 2 | Certificate of Interested Persons and Corporate Disclosure Statement by Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon identifying Corporate Parent Bank of America, N.A., Corporate Parent The Bank of New York, Corporate Parent NB Holdings Corporation, Corporate Parent BAC North America Holding Company, Corporate Parent BANA Holding Corporation, Other Affiliate Mellon Funding Corporation, Other Affiliate Mellon Capital III, Other Affiliate Mellon Capital IV, Other Affiliate Bank of New York Institutional Capital Trust, Other Affiliate Bank of New York Investment Holdings (Del.), Other Affiliate Bank of New York Capital IV, Other Affiliate Bank of New York Capital V, Other Affiliate The Bank of New York Mellon Corporation for The Bank of New York Mellon; Corporate Parent Bank of America Corporation for Countrywide Home Loans, Inc.; Corporate Parent Merscorp Holdings, Inc. for Mortgage Electronic Registration Systems, Inc.. (cem) (Entered: 12/19/2012) |
| 12/24/2012 | 3 | MOTION for Leave to File Excess Pages with Brief In Support by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, |

8/30/2021
CM/ECF-GA Northern District Court

| | | Inc., The Bank of New York Mellon. (Attachments: # 1 Text of Proposed Order)(Mendel, Jarrod) (Entered: 12/24/2012) |
|---|---|---|
| 12/24/2012 | 4 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon. (Attachments: # 1 Brief) (Mendel, Jarrod) (Entered: 12/24/2012) |
| 01/02/2013 | 5 | ORDER DIRECTING Plaintiff to respond to the Motion to Dismiss on or before January 14, 2013, or SHOW CAUSE by that date why a response has not been filed. If no response is filed, the Court shall dismiss this action pursuant to Local Rule 41.3A(2), N.D.Ga. for failure to obey a lawful order of the Court. Signed by Judge William S. Duffey, Jr on 1/2/2013. (kt) (Entered: 01/02/2013) |
| 01/09/2013 | 6 | NOTICE by BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon re 1 Notice of Removal,, *Corrected Civil Cover Sheet* (Phillips, Andrew) (Entered: 01/09/2013) |
| 01/17/2013 | | Submission of 5 Order to Show Cause, to District Judge William S. Duffey. (kt) (Entered: 01/17/2013) |
| 01/17/2013 | 7 | MOTION to Dismiss *Without Prejudice* by Janet Hill. (Attachments: # 1 Text of Proposed Order)(Bailey, Gregory) (Entered: 01/17/2013) |
| 01/18/2013 | 8 | Order Directing the Clerk to Administratively Close the case with the right of any party to reopen the case if the settlement is not concluded. The parties are directed to file a stipulation of dismissal on or before February 22, 2013. Signed by Judge William S. Duffey, Jr. on 1/18/2013. (jtj) (Entered: 01/18/2013) |
| 01/18/2013 | | Civil Case Terminated. (jtj) (Entered: 01/18/2013) |
| 06/12/2013 | 9 | STIPULATION of Dismissal *signed by all parties* by Janet Hill. (Bailey, Gregory) (Entered: 06/12/2013) |
| 06/12/2013 | | Clerk's Entry of Dismissal APPROVING 9 Stipulation of Dismissal pursuant to Fed.R.Civ.P.41(a)(1)(ii) without prejudice. (bdb) (Entered: 06/12/2013) |

X

```
┌─────────────────────────────────────┐
│ FILED IN OFFICE                      │
│ Ec   JUL 3 0 2012    Ic              │
│ Elcllaut                             │
│ DEPUTY CLERK SUPERIOR COURT          │
│ FULTON COUNTY, GA                    │
└─────────────────────────────────────┘
```

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

JANET HILL,                                )
                                           )
       **Plaintiff,**                     )
                                           )    **CIVIL ACTION NO.:** 2012cv218864
    **V.**                                  )
                                           )
THE BANK OF NEW YORK MELLON                 )
fka THE BANK OF NEW YORK, as                )
trustee for the certificateholders of      )
CWALT, INC., ALTERNATIVE LOAN              )
TRUST 2005-58, MORTGAGE PASS-              )
THROUGH CERTIFICATES, SERIES               )
2005-58; MORTGAGE ELECTRONIC               )
REGISTRATION SYSTEMS, INC.;                )
BAC HOME LOANS SERVICING, LP               )
fka COUNTRYWIDE HOME LOANS                  )
SERVICING LP; COUNTRYWIDE                   )
HOME LOANS, INC., and ALL                   )
PERSONS CLAIMING ANY LEGAL                  )
OR EQUITABLE RIGHT, TITLE,                  )
ESTATE, LIEN, OR INTEREST IN                )
THE PROPERTY DESCRIBED IN                   )
THE COMPLAINT ADVERSE TO                    )
PLAINTIFF'S TITLE THERETO,                  )
                                           )
       **Defendants.**                   )
                                           )

## COMPLAINT FOR QUIET TITLE

    COMES NOW Plaintiff, and hereby files this Complaint against Defendants as follows:

### PARTIES

1.

    Defendant The Bank of New York Mellon ("Mellon") fkaThe Bank of New York, as

trustee for the certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage

Pass-Through Certificates, Series 2005-58 is, and at all times herein mentioned was, a Delaware

corporation, doing business in Fulton County, Georgia.

1

2.

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principle place of business in the State of Virginia, and doing business in Fulton County, Georgia.

3.

Defendant BAC Home Loans Servicing, LP ("BAC"), is a corporation doing business in Fulton County, Georgia.

4.

Defendant Countrywide Home Loans, Inc. ("Countrywide") is a New York corporation doing business in Fulton County, Georgia.

5.

All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on Plaintiff's Title Thereto" are sued herein pursuant to the Georgia Civil Practice Act Section 23-3-40.

6.

Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

**JURISDICTION**

7.

2

The Court has subject matter jurisdiction, pursuant to Art. VI, § IV, Para.I of the Constitution of the State of Georgia.

## VENUE

### 8.

Venue is proper, pursuant to Art. VI, § II, Para.VI of the Constitution of the State of Georgia.

## GENERAL ALLEGATIONS

### 9.

On October 6, 2005, Plaintiff refinanced her residential home loan whichCountrywide agreed to provide the deed to secure debt on certain real property commonly known as the "Subject Property."

### 10.

Plaintiff made each payment due on the loan.

### 11.

On June 1, 2011, Defendant MERStransferred its rights to the Subject PropertytoMellon, through an Assignment which is attached hereto as Exhibit A.

### 12.

On May 3, 2011, Defendant BAC sent a letter to Plaintiff stating that it was the servicer of her loan on behalf of the owner Mellon. A copy of this letter is attached hereto as Exhibit B.

### 13.

In August 2009, Plaintiff was approved for the BAC workout assistance program. Plaintiff did not receive the confirmation letter and loan modification documents until August 2010. BAC representatives promised her a response within 30 days of receiving her documents.

Although Plaintiff returned the documents as instructed by BAC, she did not receive a response from BAC within the promised 30 days.

14.

In October 2010, Plaintiff received from BAC another confirmation letter, QWR and an incomplete response to her inquiry regarding the owner of her Note. BAC also sends a confirmation letter informing Plaintiff of her participation in the loan modification program.

15.

In January 2011, Plaintiff receives another loan modification application from BAC even after previously confirming to Plaintiff her participation in the loan modification program.

16.

On or about March 21, 2011, Plaintiff sent an email to Jamie Blake-Hill of BAC confirming BAC's receipt of the additional documents requested by it and was told that the application had been sent to underwriting.

17.

After receiving no further responses, Plaintiff begins regular communications, both via telephone calls and written letters, with BAC concerning the status of her loan modification, to wit:

(a) May 9, 2011 spoke with customer service manager Eric (rep. #5830) who confirmed Plaintiff's application is approved, at the underwriting stage, and notice of trial payment forthcoming;

(b) May 12, 2011 spoke with customer service agent Jonathan (rep. #2816) who confirmed Plaintiff's application is approved, still in underwriting, and notice of trial payment will be forthcoming; and

4

(c) May 23, 2011 spoke with customer service agent Najee (rep. #5986) who provided

Plaintiff with the same information as Eric and Jonathan.

18.

In June 2011, Plaintiff received from BAC another letter confirming receipt of Plaintiff's

letter requesting additional information regarding her loan, and her loan modification

application. Because Plaintiff had still not received the additional information she requested, she

began making follow-up calls to BAC, to wit:

(a) June 21, 2011 call to Sonya Hines (Bank of America, Getzville, NY) at 9:09 a.m.,

9:20 a.m., and 11:33 a.m. getting no response either time;

(b) June 28, 2011 call to Sonya Hines (Bank of America, Getzville, NY) at 12:01 p.m.

and 12:08 p.m. getting no response either time;

(c) June 29, 2011 call to Mr. Donaldson, manager of Sonya Hines, at 9:36 a.m. getting no

response;

(d) July 2011 call to Sonya Hines and spoke with Christina Botsko who was unable to

transfer the call to Ms. Hines but sent an instant message to Ms. Hines with

instructions to call Plaintiff. Ms. Hines never returned Plaintiff's call;

(e) July 20, 2011 call to Sonya Hines between 3:00 p.m. and 4:00 p.m. – no response.

(f) July 21, 2011 call to Sonya Hines at 9:40 a.m. – no response.

19.

Subsequently, on or about June 24, 2011, Plaintiff received a foreclosure notice stating

that aNotice of Default and Election to Sell Deed of Trust ("Notice") had been recorded on the

Subject Property. The Notice was executed on or about June 1, 2011. However, Plaintiff was not

familiar with the entities set forth therein. Specifically, the Notice stated that the Deed of Trust

executed by Plaintiff "was to secure obligations in favor of Mortgage Electronic Registration Systems, Inc. ["MERS"], as Beneficiary," not Countrywide. MERS was never a beneficiary of Plaintiff's loan. Additionally, MERS was never entitled to receive payments from Plaintiff pursuant to the note and MERS was not qualified to conduct business in the State of Georgia until March 10, 2011. Thus, MERS did not have legal standing or any legal right to substitute the trustee under the Deed of Trust. Moreover, the Notice listed March 1, 2011. The Notice was not issued pursuant to O.C.G.A. § 44-14-161 et al.

20.

The Notice was wrongfully sent out because the Defendant had granted to the Plaintiff a forbearance as Plaintiff was not in default with her payment obligations as she made all payments on the second mortgage and had received a loan modification.

21.

Prior to her receipt of the Notice, and afterwards, Plaintiff was still actively contacting BAC regarding her loan modification. Plaintiff did not receive any telephone calls or written correspondence from BAC, in response to the many inquiries she made. However, in August 2011 Plaintiff revoked the special power of attorney granted to the Defendant. Then in March 2012, Plaintiff called BAC again and spoke with Cassidy Williams who confirmed that Plaintiff was qualified for the modification program and also added Plaintiff's name to the list for the federal global settlement program.

22.

The Assignment by MERS was improper because MERS never had a beneficial interest in the Subject Property and was merely a "nominee" under the Deed of Trust. Therefore, the

Assignment was invalid and void. Moreover, the recording of the Notice of Default was invalid and void because it occurred outside of the State of Georgia in the State of California.

23.

Based upon information and belief, there was no assignment of the Note with the Deed of Trust, none of the foreclosing Defendants are the holder of the Note in due course, and none of the Defendants were properly assigned the Note by Countrywide. Accordingly, none of the foreclosing Defendants were ever entitled to enforce the Note

24.

Based upon information and belief, on or about August 5, 2011, notwithstanding the fact that it did not the trustee under the Deed of Trust and it does not have any authority from the beneficiary under the Deed of Trust.

25.

Based upon information and belief, the Trustee's attempted Sale was also invalid because it took place without anyone ever presenting the original note, or original and valid assignments of the note, to Plaintiff.

26.

Based upon information and belief, at no time did Plaintiff know, in fact, who the actual beneficiary of the Deed of Trust was. Further, Plaintiff is informed and believes that the actual beneficiary of the Deed of Trust NEVER provided a declaration to Bank of Mellon stating that Plaintiff was in default under the terms of the Deed of Trust and, accordingly, the recording of the Notice of Default and any subsequent documents relating to a non-judicial foreclosure were recorded in violation of O.C.G.A. § 44-2-43.

## COUNT I
## NEGLIGENCE

27.

Plaintiff realleges and incorporates paragraphs 1 through 26 above as if fully set herein.

28.

At all times relevant herein, the Defendants, acting as Plaintiff's lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper andaccurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiff.

29.

In taking the actions alleged above, and in failing to take the actions as allegedabove, the Defendants breached their duty of care and skill to Plaintiff in the servicing of her loan by, among other things, failing to properly and accurately creditpayments made by Plaintiff toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so.

30.

Accordingly, and at all times relevant herein, Defendants were negligent by not properly recording Plaintiff's mortgage when it originated or was acquired which negligence has caused the mortgage and/or foreclosure process to be severely and unduly complicated.

31.

Defendants, at all times relevant herein, failed to maintain proper internal controls related to the processing of Plaintiff's mortgage and/or foreclosure resulting in unlawful robo signing of Plaintiff's mortgage and/or foreclosure documents.

32.

As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## COUNT II
## FRAUD

33.

Plaintiff realleges and incorporates paragraphs 1 through 32 above as if fully set herein.

34.

The Defendants engaged in a pattern and practice of defrauding Plaintiff in that, during the life of the mortgage loan, the Defendants failed to properly credit payments made and foreclosed on the Subject Property based on Plaintiff's alleged non-payment which they knew to be false.

35.

The Defendants had actual knowledge that Plaintiff's account was not accurate but that the Defendants could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest. Plaintiff made such payments and provided proof of the payments based on the improper, inaccurate, and fraudulent representations as to their account. The Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

36.

Additionally, the Defendants concealed material facts known to them but not to Plaintiff regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Plaintiff.

37.

The Defendants made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiff's reliance, which the unsuspecting Plaintiff justifiably relied upon, resulting in damage to her credit standing, costs and loss of her property. Plaintiff was unaware of the true facts. Had Plaintiff known the true facts, Plaintiff, among other things, would not have maintained the Foreclosing Defendants as her lender, servicer and trustee (and their alleged agents) and/or would have taken legal action immediately to save her house.

38.

Defendants engaged in predatory lending practices which placed Plaintiff in a high-interest loan which was clearly designed to cause her to default on her loan, and placing Defendants in an advantageous position to repurchase the home at a lower rate cashing in on Plaintiff's equity.

39.

As a result of the Defendants' fraudulent conduct, Plaintiff has suffered compensatory, general and special damages in an amount to be proven at trial. Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiff is entitled to an award of punitive damages.

## COUNT III
## BREACH OF CONTRACT

40.

Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set herein.

41.

MERS operates as a record-keeping database company in which MERS contracts with lenders to track security instruments in return for an annual fee.

42.

Plaintiff's original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed.Alternatively, if the original note and deed of trust were properly assigned to Defendants, Defendants breached the note and deed of trust that Plaintiff signed  on April 16, 2006. The terms of the note required payments made by Plaintiff to be applied properly to the note.

43.

The Defendants breached the note and deed of trust by failing to apply the payments made by Plaintiff to Plaintiff's loan, the result of which led to the Defendants eventually foreclosing on the Subject Property.

44.

Moreover, MERS is not in the business of creating evidences, and it is not aforeign lending institution. It does not originate loans, never had any true interest in the subject loan or Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for foreign corporations.

45.

MERS conducted business in Georgiabefore it was not registered with theSecretary of State.At all relevant times herein, MERS was not registered in Georgia until March 10, 2011 and could notprepare or execute the Assignment of Deed of Trust. MERS had no legal authority to take such action.  Thus, MERS did not have the legal capacity to enter into a contract

withPlaintiff. Therefore, any action that MERS took with regard to assigning the within deed of trust and substituting the trustee would be ultra vires and void.

46.

Plaintiff hereby expressly requestsadjudication to the effect that theassignment of the deed of trust and substitution of trustee by MERS are void.

47.

As a proximate result of Defendants' breaches, Plaintiffs have suffered compensatory damages in an amount to be proven at trial.

### COUNT IV
### TO VOID, CANCEL AND/OR SET ASIDE
### TRUSTEE'S SALE/DEED UPON SALE

48.

Plaintiff realleges and incorporates paragraphs 1 through 47 above as if fully set herein.

49.

Although the trustee's deed upon sale appears valid on its face, it is invalid, andof no force and effect, for the reasons set forth above including, inter alia, the fact the Deed of Trust which purportedly secured the Note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the wrongful and improper assignment to the Defendants.

50.

Plaintiff is therefore entitled to an order that the Trustee's Deed Upon Sale isvoid ab initio and cancelling such Trustee's Deed.

51.

12

The assignment of the deed of trust is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the MERS did not have standing or the legal authority to assign the deed of trust which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure. Thus, the assignment of the deed of trust was at all times void.

52.

Plaintiff is therefore entitled to an order that the Assignment of the Deed of Trust is void ab initio and cancelling such Assignment.

### COUNT V
### WRONGFUL FORECLOSURE

53.

Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set herein.

54.

Plaintiff is informed and believes and thereon alleges that after the origination and funding of her loan, it was sold to investors as a "mortgage backed security" and that none of the Defendants in this action owned this loan, or the corresponding note. Moreover, none of the Defendants in this action were lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiff's interest in the Subject Property. The Defendants were not the note holder or a beneficiary at any time with regard to Plaintiff's loan.

55.

In order for the mortgage loan and Note to have been properly conveyed in the pool, the Note would have had to have been properly endorsed by all intervening parties from the

13

originator and seller.  At some point, the loan was sold and the depositor listed on the pooling

servicing agreement.  Thereafter, that depositor then sold the loan to the issuing entity which

subsequently sold the loan to Defendant Trustee for the benefit of the certificateholders.

56.

A complete chain of endorsements must exist, each being sufficient to transfer all rights,

title, and interest of the party endorsing the Note.

57.

Plaintiff further alleges on information and belief that none of the Defendants in this

action are beneficiaries or representatives of the beneficiary and, if the Defendants allege

otherwise, they do not have the original note to prove that they are in fact the party authorized to

conduct the foreclosure.

58.

Plaintiff further alleges on information and belief that the loan was sold ortransferred

without notifying the Plaintiff in writing. Therefore, the loan is void of legal rights to enforce it.

59.

Additionally, Defendants violated O.C.G.A. § 44-14-162, which requires a mortgagee,

beneficiary or authorized agent to contact theborrower.

60.

The Defendantsdid not fulfill their legal obligation to Plaintiff.

61.

Thus, the Defendants engaged in a fraudulent foreclosure of theSubject Property in that

the Defendants did not have the legal authority to foreclose on the Subject Property and,

alternatively, if they had the legal authority, they failed to comply with O.C.G.A. §44-2-43.

62.

As a result of the above alleged wrongs, Plaintiff has suffered general and special damages in an amount to be determined at trial.

### COUNT VI
### BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING

63.

Plaintiff realleges and incorporates paragraphs 1 through 62 above as if fully set herein.

64.

Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

65.

Alternatively, if the note and deed of trust was validly and properly assigned to the Defendants, the Defendants did not act in good faith and did not deal fairly with Plaintiff in connection with the note and deed of trust when they refused to properly apply Plaintiff's payments to the loan and thereafter foreclosed on the Subject Property.

66.

Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith.

67.

Defendants engaged in such conduct to drive Plaintiff intoforeclosure so that they could acquire the Subject Property with its large equity at a bargain basement price. These actions were a bad faith breach of the contract between Plaintiff and Defendants which show that they had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

68.

MERS willfully breached their implied covenant of good faith and fair dealingwith Plaintiff when MERS allowed their alleged agent to execute the Assignment of the Deed of Trust in order to appoint a new Trustee to begin foreclosure on the Subject Property.

69.

As a result of the Defendants' breaches of this covenant, Plaintiffhas suffered general and special damages in an amount to be determined at trial.

## COUNT VII
## UNJUST ENRICHMENT

70.

Plaintiff realleges and incorporates paragraphs 1 through 69 above as if fully set herein.

71.

By their wrongful acts and omissions, Defendants have beenunjustly enriched at the expense of Plaintiff, and thus Plaintiff has been unjustly deprived.

72.

By reason of the foregoing, Plaintiff seeks restitution from the Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the Defendants from their wrongful conduct.

**COUNT VIII**
**VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT**

73.

Plaintiff realleges and incorporates paragraphs 1 through 72 above as if fully set herein.

74.

Georgia's Fair Business Practices Act of 1975, O.C.G.A. §10-1-39, et seq., prohibits unfair and deceptive acts or practices in the marketplace. This law applies to consumer transactions involving the sale, lease or rental of goods, services or property mainly for personal, family or household purposes.

75.

As more fully described above, the Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice. This conduct is ongoing and continues to this date.

76.

Specifically, the Defendants engage in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties and related matters by (a) assessing improper or excessive late fees; (b) improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees; (c) instituting improper or premature foreclosure proceedings to generate unwarranted fees; (d) misapplying or failing to apply customer payments; (e) failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed; (f) seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract, or that are in excess of amounts legally due; (g) mishandling borrowers' mortgage payments and

failing to timely or properly credit payments received, resulting in late charges, delinquencies or default; (h) treating borrowers as in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements; (i) failing to disclose the fees, costs and charges allowable under the mortgage contract; (j) ignoring grace periods; (k) executing and recording false and misleading documents; and (l) acting as beneficiaries and trustees without the legal authority to do so.

77.

Defendants fail to act in good faith as they take fees for services but do not render them competently and in compliance with applicable law.

78.

Moreover, Defendants engage in a uniform pattern and practice of unfair and overly-aggressive servicing that result in the assessment of unwarranted and unfair fees against Georgia consumers, and premature default often resulting in unfair and illegal foreclosure proceedings. The scheme implemented by the Defendants is designed to defraud consumers and enrich the Defendants.

79.

The foregoing acts and practices have caused substantial harm to Georgia consumers.

80.

As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of the Defendants, Plaintiff has suffered and will continue to suffer damages in the form of unfair and unwarranted late fees and other improper fees and charges.

81.

By reason of the foregoing, Defendants have been unjustlyenriched and should be required to disgorge their illicit profits and/or make restitution to Plaintiff, and/or be enjoined from continuing in such practices. Additionally, Plaintiff is therefore entitled to injunctive relief and attorney's fees as available under O.C.G.A. § 10-1-390 et. al.

## COUNT IX
## QUIET TITLE

82.

Plaintiff realleges and incorporates paragraphs 1 through 81 above as if fully set herein.

83.

Plaintiff is the equitable owner of the Subject Property which has thefollowing legal description:

> ALL THAT TRACT or parcel of land lying and being in Land Lot 46 of the 14th District of Fulton County, City of Atlanta, Georgia, and being more particularly described as follows:
>
> BEGINNING at a point located at the intersection of the southerly side of the right of way of Auburn Avenue (55-foot right of way) and the easterly side of the right of way of Howell Street (30-foot right of way); thence running along the southerly side of said Auburn Avenue North 66 degrees 34 minutes 07 seconds East a distance of 46.00 feet to $^{1}/2$ inch rebar found; thence leaving the southerly side of the right of way of Auburn Avenue and running South 00 degrees 00 minutes 00 seconds East a distance of 111.50 feet to a point; thence running South 88 degrees 54 minutes 06 seconds West a distance of40.50 feet to an $^{1}/2$ inch OT found on the easterly side of the right of way of said Howell Street; thence running along the easterly side of the right of way of said Howell Street North 01 degrees 02 minutes 42 seconds West a distance of 94.00 feet to the pointofbeginning.
>
> Said property containing 0.097 acres, as per survey prepared for Janet Hill, prepared by Richard E. McDaniel, Jr, a Georgia Registered Land Surveyor No. 2734, dated September 15, 1999.

84.

Plaintiff seeks quiet title against the claims of Defendants; and ALLPERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; as the Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through their assignment of the property. In fact, the Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer. Plaintiff is willing to tender the amount received subject to equitable adjustment for the damage caused to Plaintiff by the Defendants' activities.

## COUNT X
## SLANDER OF TITLE

85.

Plaintiff realleges and incorporates paragraphs 1 through 84 above as if fully set herein.

86.

Pursuant to O.C.G.A. § 44-2-162, only the beneficiary of a Deed of Trust or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

87.

MERS, purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Defendant Bank of Mellon, wrongfully and without privilege, caused a Notice of Default to be recorded against the Subject Property.

88.

20

Later, MERS, again purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Countrywide, wrongfully and without privilege, caused a Notice of Trustee's Sale to be recorded against the Subject Property.

89.

Finally, MERS, again purportedly but falsely acting as either the trustee or the agent of the beneficiary of the Deed of Trust or the agent of Countrywide, wrongfully and without privilege, caused a Trustee's Deed Upon Sale to be recorded against the Subject Property.

90.

None of the Defendants, whether jointly or severally, were ever a trustee, beneficiary or assignee of any beneficiary of any Deed of Trust recorded against the Subject Property. Accordingly, they wrongfully caused the recording of the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale against the Subject Property.

91.

Mellon, wrongfully and without privilege, has published matters or caused matters to be published that they are the current owners of the Subject Property which is untrue and disparaging to Plaintiff's interest in the Subject Property.

92.

By doing the acts described above, the Defendants have slandered Plaintiff's title to the Subject Property.

93.

In that the conduct and acts of the Defendants violated, O.C.G.A. § 44-2-43, such conduct and acts were not privileged.

94.

21

The conduct of the Defendants caused Plaintiff to suffer general andspecial damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1.  For a declaration of the rights and duties of the parties, specifically that the Foreclosure of Plaintiff's residence was wrongful.

2.  For issuance of an Order canceling all Trustee's Deed Upon Sale.

3.  To vacate the Trustee's Deed.

4.  To vacate and set aside and/or cancel the foreclosure sale.

5.  To quiet title in favor of Plaintiff and against Defendants.

6.  For compensatory, special, general and punitive damages according to proofagainst all Defendants.

7.  That all Defendants, theirsuccessors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of Georgia's Fair Business Practices Act of 1975, including, but not limited to, the violations alleged herein.

8.  For civil penalties pursuant to statute, restitution, injunctive relief and reasonableattorney's fees according to proof.

9.  For reasonable costs of suit and such other and further relief as the Court deemsproper.

This the ___27___ day of ___July_____, 2012.

Respectfully submitted,

22

Gregory T. Bailey
Georgia Bar No.  032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia  30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-752-5890
attygregtbailey@msn.com

IN THE SUPERIOR COURT OF FULTON COUNTY
**STATE OF GEORGIA**

JANET HILL,                                )
                                           )
      Plaintiff,                      )
                                           )
      V.                              )   CIVIL ACTION NO.: _____
                                           )
THE BANK OF NEW YORK MELLON                )
fka THE BANK OF NEW YORK, as               )
trustee for the certificateholders of      )
CWALT, INC., ALTERNATIVE LOAN              )
TRUST 2005-58, MORTGAGE PASS-              )
THROUGH CERTIFICATES, SERIES               )
2005-58; MORTGAGE ELECTRONIC               )
REGISTRATION SYSTEMS, INC.;                )
BAC HOME LOANS SERVICING, LP               )
fka COUNTRYWIDE HOME LOANS                 )
SERVICING LP; COUNTRYWIDE                   )
HOME LOANS, INC., and ALL                  )
PERSONS CLAIMING ANY LEGAL                 )
OR EQUITABLE RIGHT, TITLE,                 )
ESTATE, LIEN, OR INTEREST IN               )
THE PROPERTY DESCRIBED IN                  )
THE COMPLAINT ADVERSE TO                   )
PLAINTIFF'S TITLE THERETO,                 )
                                           )
      Defendants.                     )
                                           )
_____)

## <u>VERIFICATION</u>

      Personally appeared JANET HILL, who, after being duly sworn, states: I am the Plaintiff in

this action. I have read the foregoing Complaint for Quiet Title.  The matters stated, and the facts

alleged in the foregoing Complaint are true and correct to the best of my knowledge, information

and belief.

                               _____
                               JANET HILL

Sworn to and subscribed before me this

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,                              )
                                         )
            Plaintiff,                   )
                                         )   CIVIL ACTION FILE NO.:
      V.                                 )   12-CV-4344-WSD
                                         )
THE BANK OF NEW YORK MELLON              )
fka THE BANK OF NEW YORK, as             )
trustee for the                         )
certificateholders of CWALT,            )
INC., ALTERNATIVE LOAN TRUST             )
2005-58, MORTGAGE PASS-                  )
THROUGH CERTIFICATES, SERIES             )
2005-58; MORTGAGE ELECTRONIC             )
REGISTRATION SYSTEMS, INC.;              )
BAC HOME LOANS SERVICING, LP             )
fka COUNTRYWIDE HOME LOANS               )
SERVICING LP; COUNTRYWIDE                )
HOME LOANS, INC., and ALL                )
PERSONS CLAIMING ANY LEGAL OR            )
EQUITABLE RIGHT, TITLE,                  )
ESTATE, LIEN, OR INTEREST IN             )
THE PROPERTY DESCRIBED IN THE            )
COMPLAINT ADVERSE TO                     )
PLAINTIFF'S TITLE THERETO,               )
                                         )
            Defendants.                  )
                                         )

## STIPULATION OF DISMISSAL

Pursuant   to   Federal   Rule   of   Civil   Procedure
41(a)(1)(A)(ii), Plaintiff files this stipulation of dismissal,
signed by all parties that have appeared, dismissing this action
without prejudice.

This the 10th day of June, 2013.

Respectfully submitted,

1

_____/s/ Greg Bailey_____
Gregory T. Bailey
Georgia Bar No.  032075
Attorney for Plaintiff
Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia  30134
Phone: (404)397-1975
Fax: (877)512-2840
attygregtbailey@msn.com


_____/s/ Jarrod S. Mendel_____
Andrew G. Phillips
Georgia Bar No. 575627
Jarrod S. Mendel
Georgia Bar No. 435188
McGuire Woods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
Phone:  (404) 443-5724
Fax: (404) 443-5773
aphillips@mcguirewoods.com
jmendel@mcguirewoods.com
Attorneys for Defendants The
Bank of New York Mellon f/k/a
The Bank of New York, as
Trustee for the
Certificateholders CWALT,
Inc., Alternative Loan Trust
2005-58, Bank of America,
N.A., Mortgage Electronic
Registration Systems, Inc.,
and Countrywide Home Loans,
Inc.
