# EXHIBIT 3

EJ20

# Case Summary

## Case No. 2013CV228015

**JANET HILL vs. AMERICA'S
WHOLESALE LENDER, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS,INC. AND THE BANK OF NEW
YORK MELLON F/K/A THE BANK OF
NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-
58, MORTGAGE PASS- THROUGH
CERTIFICATES, SERIES 2005-58**

§   Location
§   **EJ20**
§   Judicial Officer
§   **MCBURNEY, ROBERT**
§   Filed on
§   **03/01/2013**

---

## Case Information

Case Type:   DECLARATORY JUDGMENT
CIVIL

Case Status:   **09/24/2013   Closed**

**Cause of Action**
Conversion
   **Description/Remedy**
   Action
   DECLARATORY JUDGMENT CIVIL
**Statistical Closures**
09/24/2013   Consolidated
09/24/2013   Transferred

---

## Party Information

|  |  | *Lead Attorneys* |
| --- | --- | --- |
| **PLAINTIFF** | **HILL, JANET** | **ROBERTS, GRADY ALEXANDER III.** *Retained* |
| **DEFENDANT** | **AMERICAS WHOLESALE LENDER** |  |

## BANK OF NEW YORK MELLOW, THE

## MORTGAGE ELECTRONIC
## REGISTRATION SYSTEMS INC

---

## Events and Orders of the Court

---

09/24/2013    NOTICE

09/11/2013    AFFIDAVIT

09/06/2013    NOTICE OF FILING

08/19/2013    MOTION

08/19/2013    **DEFAULT**    (2:00 PM)    (Judicial Officer: MCBURNEY, ROBERT)

06/21/2013    **DEFAULT**    (3:00 PM)    (Judicial Officer: MCBURNEY, ROBERT)

06/05/2013    MOTION

06/05/2013    MOTION

06/05/2013    MOTION

04/05/2013    AFFIDAVIT

04/05/2013    AFFIDAVIT

04/05/2013    AFFIDAVIT

03/01/2013    CASE INITIATION FORM

03/01/2013    PLAINTIFF'S ORIGINAL PETITION

03/01/2013    Conversion

03/01/2013    **Cause of Action** Conversion (DECLARATORY JUDGMENT CIVIL)
Action Type    Action

## Financial Information

**PLAINTIFF**     HILL, JANET

| | |
|---|---|
| Total Financial Assessment | 231.50 |
| Total Payments and Credits | 231.50 |
| **Balance Due as of 8/30/2021** | **0.00** |

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

4months,CLOSED,TRO

# U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:13-cv-03159-TWT

Hill v. America's Wholesale Lender et al
Assigned to: Judge Thomas W. Thrash, Jr
Case in other court: Superior Court of Fulton County,
                     2013CV28015
Cause: 28:1444 Petition for Removal- Foreclosure

Date Filed: 09/23/2013
Date Terminated: 02/14/2014
Jury Demand: None
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

**Plaintiff**

**Janet Hill**                                   represented by   **Deirdre M. Stephens-Johnson**
                                                                  Crowther Law Firm
                                                                  Suite 3750
                                                                  1230 Peachtree Street
                                                                  Atlanta, GA 30309
                                                                  404-946-1900
                                                                  Fax: .
                                                                  Email: Dsjohnsonlaw@gmail.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Grady Roberts**
                                                                  Robert Law, LLC
                                                                  94 Howell Street, NE
                                                                  Atlanta, GA 30312
                                                                  404-794-7000
                                                                  Fax: 404-794-7001
                                                                  Email: groberts@robertslawllc.com
                                                                  *TERMINATED: 09/26/2013*

V.

**Defendant**

**America's Wholesale Lender**                   represented by   **Jarrod Sean Mendel**
                                                                  McGuire Woods LLP-GA
                                                                  1230 Peachtree Street, N.E.
                                                                  Suite 2100, Promenade II
                                                                  Atlanta, GA 30309
                                                                  404-443-5713
                                                                  Fax: 404-443-5687
                                                                  Email: jmendel@mcguirewoods.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Mortgage Electronic Registration Systems, Inc.**

represented by **Jarrod Sean Mendel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Bank of New York Mellon**
*as Trustee for the Certificateholders of Cwalt, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58*
*formerly known as*
The Bank of New York

represented by **Jarrod Sean Mendel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2013 | 1 | NOTICE OF REMOVAL with COMPLAINT filed by America's Wholesale Lender, The Bank of New York Mellon, Mortgage Electronic Registration Systems, Inc. (Filing fee $400 receipt number 113E-4800921) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(dr) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 09/23/2013) |
| 09/23/2013 | 2 | Corporate Disclosure Statement by America's Wholesale Lender identifying Corporate Parent Bank of America Corporation, Other Affiliate Countrywide Home Loans, Inc., Other Affiliate Countrywide Financial Corporation for America's Wholesale Lender by America's Wholesale Lender.(dr) (Entered: 09/23/2013) |
| 09/23/2013 | 3 | Corporate Disclosure Statement by The Bank of New York Mellon identifying Corporate Parent The Bank of New York Mellon Corporation, Other Affiliate Mellon Funding Corporation, Other Affiliate Mellon Capital III, Other Affiliate Mellon Capital IV, Other Affiliate Bank of New York Institutional Capital Trust, Other Affiliate Bank of New York Investment Holdings (Del.), Other Affiliate Bank of New York Capital IV, Other Affiliate Bank of New York Capital V for The Bank of New York Mellon by The Bank of New York Mellon.(dr) (Entered: 09/23/2013) |
| 09/23/2013 | 4 | Corporate Disclosure Statement by Mortgage Electronic Registration Systems, Inc. identifying Corporate Parent MERSCORP Holdings, Inc. for Mortgage Electronic Registration Systems, Inc. by Mortgage Electronic Registration Systems, Inc..(dr) (Entered: 09/23/2013) |
| 09/25/2013 | 5 | NOTICE of Appearance by Deirdre M. Stephens-Johnson on behalf of Janet Hill (Stephens-Johnson, Deirdre) (Entered: 09/25/2013) |
| 09/25/2013 | 6 | MOTION to Substitute Attorney Deirdre M. Stephens-Johnson with Brief In Support by Janet Hill. (Stephens-Johnson, Deirdre) (Entered: 09/25/2013) |
| 09/26/2013 | 7 | ORDER granting 6 Motion to Substitute Attorney Deirdre Stephens-Johnson in place of Grady Roberts. Signed by Judge Thomas W. Thrash, Jr on 9/26/13. (dr) (Entered: 09/26/2013) |
| 09/27/2013 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon. (Attachments: # 1 Brief Brief in Support, # 2 Exhibit Complaint No. 1, # 3 Exhibit Court of Appeals Decision)(Mendel, Jarrod) (Entered: 09/27/2013) |

| 09/27/2013 | 9 | MOTION to Stay *Pretrial Deadlines and Discovery* with Brief In Support by America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon. (Attachments: # 1 Brief in Support, # 2 Text of Proposed Order Proposed Order)(Mendel, Jarrod) Modified text on 9/30/2013 (dr). (Entered: 09/27/2013) |
| 10/18/2013 | | Submission of 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 9 MOTION to Stay *Pretrial Deadlines and Discovery*, submitted to District Judge Thomas W. Thrash. (dr) (Entered: 10/18/2013) |
| 10/18/2013 | 10 | RESPONSE in Opposition re 8 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Janet Hill. (Stephens-Johnson, Deirdre) (Entered: 10/18/2013) |
| 10/24/2013 | 11 | ORDER granting 9 Motion to Stay all pretrial and discovery deadlines until the Court rules on the pending Motion to Dismiss.. Signed by Judge Thomas W. Thrash, Jr on 10/23/2014. (ss) (Entered: 10/24/2013) |
| 02/13/2014 | 12 | NOTICE of Voluntary Dismissal filed by Janet Hill (Stephens-Johnson, Deirdre) (Entered: 02/13/2014) |
| 02/14/2014 | | Clerk's Entry of Dismissal APPROVING 12 Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P.41(a)(1)(i) (dr) (Entered: 02/14/2014) |
| 02/14/2014 | | Civil Case Terminated. (dr) (Entered: 02/14/2014) |

40379660

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JANET HILL,

        Plaintiff,

vs.

AMERICA'S WHOLESALE LENDER,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND THE BANK OF NEW
YORK MELLON F/K/A THE BANK OF NEW
YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2005-58,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-58,

        Defendants.

BEST COPY AVAILABLE

**FILED IN OFFICE**

MAR - 1 2013

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Civil Action No. 2013CV128015

## COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE RELIEF

COMES NOW, Plaintiff, *JANET HILL* ("Plaintiff") seeking declaratory judgment by virtue of the

provisions of the Declaratory Judgment Act, Ga. Code Ann. §§ 9-4-1 et seq. and injunctive relief

pursuant to § 9-11-65 against Defendants, *AMERICA'S WHOLESALE LENDER, MORTGAGE*

*ELECTRONIC REGISTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON*

*F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF*

*CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH*

*CERTIFICATES, SERIES 2005-58* ("Defendants") and shows to the court the following facts:

## INTRODUCTION

Plaintiff brings this Complaint for Declaratory Judgment & Injunctive Relief pursuant to Ga. Code

Ann. §§ 9-4-1 et seq., Uniform Superior Court Rule 6.7 and Ga. Code Ann. §§ 9-11-65(a) and (b)

against the listed Defendants.  Specifically, Plaintiff seeks a temporary restraining order pursuant to

1

Ga. Code Ann. § 9-11-65(b) to enjoin the enforcement of the power of sale between Plaintiff and America's wholesale lender.

## JURISDICTION, VENUE, AND PARTIES

### 1.

Subject matter jurisdiction is proper as the Superior Court has jurisdiction pursuant to Ga. Code Ann. § 9-4-2.

### 2.

Defendant, *AMERICA'S WHOLESALE LENDER, (AWL)* is foreign corporation, organized and existing under the laws of New York not authorized to do business in Georgia, whose principal place of business is located at P.O. Box 660694, Dallas, TX 75266-0694. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann. § 9-10-91 (West) as it transacts business within this state and owns, uses, or possesses real property within this state. Defendant, as a foreign corporation not qualified to do business in this state may be served by publication pursuant to Ga. Code Ann. § 9-11-4(f)(1)(b) (West).[1]

### 3.

Defendant, *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS)* is a foreign corporation, organized and existing under the laws of another state not authorized to do business in Georgia, whose principal place of business is located at P.O. Box 2026, Flint, MI 48501-2026. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann. § 9-10-91 (West) as it transacts business within this state and owns, uses, or possesses real property within this state. Defendant, as a foreign corporation not qualified to do business in this state may be served by publication pursuant to Ga. Code Ann. § 9-11-4(f)(1)(b) (West).

---

[1] Am. Photocopy Equip. Co. v. Lew Deadmore & Associates, Inc., 127 Ga. App. 207, 211, 193 S.E.2d 275, 278 (1972)

4.

Defendant, *THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58 (BONY)* is a nonresident trustee, without a designated agent in this State. The trustee has a principal place of business located at 101 Barclay St., New York, NY 10286. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann. § 9-10-91 (West) as it transacts business within this state and owns, uses, or possesses real property within this state. Defendant, as a nonresident trustee without a resident agent in this State, may be served with summons, notice, or process by service of summons, notice, or process upon the Secretary of State. Ga. Code Ann. § 53-12-320 (West)

## DECLARATORY JUDGMENT ACTION PROPER

5.

A declaratory judgment is not an equitable action but, an action at law. *See*, Felton v. Chandler, 201 Ga. 347(2, 3, 4), 39 S.E.2d 654; Glover v. Glover, 172 Ga. App. 278, 279, 322 S.E.2d 755, 757 (1984) A declaratory judgment action is the proper procedural vehicle to resolve the parties' dispute as "[d]isputes concerning ownership of ... land are classic candidates for resolution via declaratory judgment. [Cits.]" J.M. Huber Corp. v. Ga. Marble Co., 239 Ga.App. 271, 273(1), 520 S.E.2d 296 (1999). See, Smith v. Jones, 278 Ga. 661, 604 S.E.2d 187, 188 (2004); Loftis v. Johnson, 249 Ga. 794, 294 S.E.2d 511, 512 (1982)(Suit was filed seeking declaratory judgment that warranty deed was null and void by reason of the incompetency of the parties' mother.)

The facts alleged in this case present the most nearly perfect basis for the application of declaratory judgment jurisdiction. They show an actual controversy between adversary parties, consisting of a claim of legal title on one side and denial on the other. They show a justiciable controversy and a protectable legal interest. The danger or dilemma of the petitioner is present and does not depend on a contingency or the happening of a hypothetical future event, and the fact that the defendant has not currently instituted an action on its claim does not make petitioner's rights to a declaratory judgment depend on a contingency. The petitioner's right to relief from uncertainty and insecurity with respect to her title and her legal relations with the defendant are present, real and urgent. She is entitled to know whether she owns the land and can use it or sell it or whether

3

she is and has been and will continue to in effect be the property owner, or whether defendants are trespassing. And, so far as the facts show this action is the exclusive remedy. This petition is not based solely on a question of fact primarily, the question of existence of AWL. Legal title, interests and relationships are at stake and the mere circumstance that a fact determines what they are is incidental. In Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 242 57 S.Ct. 461, 465, 81 L.Ed. 617, the court stated: 'That the dispute turns upon questions of fact does not withdraw it… from judicial cognizance. The legal consequences flow from the facts and it is the province of the courts to ascertain and find the facts in order to determine the legal consequences. That is everyday practice.' The suitability of application for relief by prayer for a negative declaration is clear from the Act of 1945, pp. 137, 139, Ga.Code Ann. § 110-1111. To call such a prayer negative has been called a colloquialism, and has been said to describe a positive declaration that no right exists on the part of the defendant. Borchard, p.229. For citations of other cases involving findings of fact as incidental to legal conclusions see Borchard, pp. 396, 629. A debtor, faced with the unfounded claim of a creditor, has a sufficient legal interest to justify a declaratory adjudication that such indebtedness has no basis. Borchard, Declaratory Judgments 2d Ed., p. 55. Suppose H alleges that S owes him $1,000 which S denies. Without waiting for H to commence suit, S may assert his right to relief from the insecurity of an unfounded claim by obtaining a declaratory judgment.'
'That, of course, is a situation different from what we have here. There, the purpose of the action would be to get a determination of whether the status of debtor and creditor existed between the parties, not determination of how much S owes H growing out of that status.' See 16 Am.Jur. §§ 31 & 32 and 1950 Pocket Parts for authority for declaring rights and status where the validity of deeds and contracts are in question. Bond v. Ray, 83 Ga. App. 817, 819-21, 65 S.E.2d 30, 31-32 (1951)

## STATEMENT OF FACTS

Plaintiff shows that there is an actual controversy between the Plaintiff and Defendant, growing out of the following statement of facts, to-wit:

### 6.

The subject real property is located at 543 Auburn Ave., Atlanta, GA 30312 (hereinafter the "Subject

4

Property") having a legal description described in Exhibit A attached hereto. *See* **Exhibit A.**

**7.**

The plaintiff acquired the subject property through a Warranty Deed on October 6th, 1999. This Deed is filed and recorded in the Superior Court of Fulton County Real Estate Records at Deed Book 27887 Page 150. *See* **Exhibit B.**

**8.**

On October 06, 2005 plaintiff executed a promissory note, in favor of America's Wholesale Lender a Corporation, allegedly, organized and existing under the laws of New York (defined per section (D) as "Lender") and a security deed, in favor of Mortgage Electronic Registration Systems (defined per section (C) as "Nominee for Lender") as nominee for America's Wholesale Lender, which was filed and recorded in the Superior Court of Fulton County Real Estate Records at Deed Book 41205 Page 241. *See* **Exhibit C.**

**9.**

The aforementioned Security Deed, was subsequently assigned by MERS as nominee for America's Wholesale Lender, on June 1st, 2011 to defendant The Bank of New York Mellon f/k/a The Bank of New York as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, as filed and recorded in the Superior Court of *Fulton County Real Estate Records at Deed Book 50135 Page 399. See* **Exhibit D.** When BONY received this assignment the plaintiff's loan was in default, and it was assigned for the purpose of facilitating the collection of a debt for another.

**10.**

America's Wholesale Lender was never organized and has never existed as Corporation under the laws of New York. New York Secretary State shows an America's Wholesale Lender, Inc. that was formed in December of 2008 and has not affiliation with the aforementioned AWL. *See* **Exhibit E.**

**11.**

MERS acting as nominee conveyed the subject property on behalf of America's Wholesale Lender.

**12.**

MERS conveyance as nominee for America's Wholesale Lender transferred all the interest of America's Wholesale Lender to BONY.

**13.**

America's Wholesale Lender, as a nonexistent entity, acquired no interest in the subject property.

### 14.

MERS transfer to BONY failed to transfer any interest in the subject property as "one cannot transfer or convey an interest in real property greater than [he/she] has." Lionheart Legend, Inc. v. Norwest Bank Minnesota Nat. Ass'n, 253 Ga. App. 663, 667, 560 S.E.2d 120, 125 (2002).

### 15.

On August 2nd, 2011 defendant, BONY, attempted to foreclose on plaintiff. *See* **Exhibit F.**

### 16.

Plaintiff has received communications from multiple entities attempting to collect on the aforementioned promissory note.

### 17.

BONY never obtained any interest in the subject property as MERS was without any interest to transfer.

## PLAINTIFF ALLEGES RIGHTS WITH REFERENCE TO SAID CONTROVERSY

### 18.

1. MERS as agent for a fictitious entity could not acquire title; therefore could not have conveyed title to BONY. Thus the property remains solely vested in the plaintiff.

Defendant, BONY, issued a Notice of Foreclosure Sale to the plaintiff stating that it had received an assignment of the security deed from MERS as nominee for America's Wholesale Lender. MERS, in its nominee capacity, possesses no beneficial ownership[2] rights by its own admission[3] and seeks to assert its interest in the security instrument and note solely in a "nominee" capacity[4].

---

[2] *beneficial ownership.* (18c) 1. A beneficiary's interest in trust property. — Also termed *equitable ownership.* OWNERSHIP, Black's Law Dictionary (9th ed. 2009), ownership.

[3] Rules of Membership, **MERS** available at: http://www.mersinc.org/mersproducts/publications.aspx?mpid=1 (last visited May 7, 2012) (referring throughout to other interests holders as "beneficial owners"); see also Associated Credit Union v. Pinto, 297 Ga. App. 605, 677 S.E.2d 789 (2009) (previous owner lacked standing to claim statutory damages and attorney's fees when he suffered no harm at the time the complaint was filed as he did not own the property and did not claim present marketability of title issues). Ga. Real Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.)

[4] See Rules of Membership, MERS, available at: http://www.mersinc.org/Foreclosures/index.aspx (last visited May 7, 2012). Ga. Real Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.)

MERS counsel recently described relationship of a lender and MERS as

> "MERS simply holds the security deed as nominee for the actual owner of the promissory note and security deed. It is common these days for mortgage loans (as well as other loans) to be bought and sold several times during the life of a loan. MERS simply acts as the record title holder of the security deed so that transfers and assignments do not have to be filed in the appropriate superior court clerk's office each time the loan is sold or transferred from one note holder to the next. MERS is never the lender. Rather, it acts as the nominee of the lender to hold the security deed. TAYLOR BEAN & WHITAKER MORTGAGE CORPORATION, and Mortgage Electronic Registration Systems, Inc., Appellants, v. Linda BROWN, Appellee., 2002 WL 32333560 (Ga.), 3-4.

Courts have held that MERS' status as "nominee" of a lender conveys few, if any legal rights and certainly not enough to assign the mortgage,[5] while other courts, examining identical language in MERS security deeds, have held just the opposite.[6] Ga. Real Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.). Additionally, Black's Law Dictionary defines nominee as "[a] party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others."

---

[5] In re Agard, 444 B.R. 231, 252 (Bankr. E.D. N.Y. 2011) ("The Court ... finds that the Mortgage, by naming MERS a 'nominee,' and/or 'mortgagee of record' did not bestow authority upon MERS to assign the Mortgage."); Landmark Nat. Bank v. Kesler, 289 Kan. 528, 538, 216 P.3d 158, 165-66 (2009) ("What meaning is this court to attach to MERS's designation as nominee for Millennia? The parties appear to have defined the word in much the same way that the blind men of Indian legend described an elephant—their description depended on which part they were touching at any given time."). "The fact that the borrower acknowledged and consented to MERS acting as nominee of the lender has no bearing on what specific powers and authority the lender granted MERS. The problem is not whether the borrower can object to the assignees' standing, but whether the original lender, who is not before the Court, actually transferred its rights to the Plaintiff. To allow a purported assignee to foreclose in the absence of some proof that the original lender authorized the assignment would throw into doubt the validity of title of subsequent purchasers, should the original lender challenge the assignment at some future date." Bank of New York v. Alderazi, 28 Misc. 3d 376, 379, 900 N.Y.S.2d 821, 824 (Sup 2010). Ga. Real Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.)
[6] Bertrand v. SunTrust Mortg., Inc., 2011 WL 1113421 (D. Or. 2011) (language in standard MERS deed of trust "grants MERS the power to initiate foreclosure and to assign its beneficial interest under the Deed of Trust"); In re Martinez, 2011 WL 996705 (Bankr. D. Wyo. 2011) (The court finds that MERS had authority to assign the mortgage on behalf of Taylor, and as provided in the Mortgage, to "take any action required of Lender"); Burnett v. Mortgage Electronic Registration Systems, Inc., 2009 WL 3582294 (D. Utah 2009) (language in standard MERS deed of trust "clearly grants MERS the authority to exercise the full ambit of authority possessed by the Lender").
Ga. Real Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.)

NOMINEE, Black's Law Dictionary (9th ed. 2009), Random House Dictionary defines the term

nominee as "a person in whose name title to real estate or ownership of stock is held but who is not

the actual proprietor or holder." NOMINEE, *Dictionary.com Unabridged.* Random House, Inc. 20

Jan. 2013. <Dictionary.com http://dictionary.reference.com/browse/nominee>, and MERS defines its

nominee status in its own literature as synonymous with mortgagee, beneficiary or grantee[7]. Ga. Real

Estate Finance and Foreclosure Law § 5:4 (2012-2013 ed.).

Regardless of the exact rights that are conferred when a one holds the status of "nominee", the status

creates an agency. The term agency means a fiduciary relation "which results from the manifestation

of consent by one person to another that the other shall act on his behalf and subject to his control, and

consent by the other to act." (Citations omitted.) Smith v. Merck, 206 Ga. 361, 368(1)(a), 57 S.E.2d

326 (1950)." Webb v. Day, 273 Ga. App. 491, 492, 615 S.E.2d 570, 572 (2005). In an agency

relationship, the principal is the one for whom action is to be taken and who assumes the right to

control the time and manner of his agent's work. See, McMullan v. Georgia Girl Fashions, Inc., 180

Ga. App. 228, 348 S.E.2d 748 (1986). The agent is a person authorized to act for another, this

authorization arising when, "expressly or impliedly, there has been a delegation with more or less

discretionary power to act, to manage an affair, and to render an account." Headrick v. Fordham, 154

Ga. App. 415, 417, 268 S.E.2d 753, 755 (1980). In other words, the agent is the one who is to act.

See, Restatement Second, Agency § 1. "The distinguishing characteristic of an agent is that he is

vested with authority, real or ostensible, to create obligations on behalf of his principal, bringing third

parties into contractual relations with him." (Citations and punctuation omitted.) Physician Specialists

&c. v. Wildmon, 238 Ga.App. 730, 732(1)(a), 521 S.E.2d 358 (1999)." Stallings v. Sylvania Ford-

---

[7] In Georgia the term ""grantee" includes any person or group of persons constituting a legal entity within the meaning of the law. It may include incompetents, minors, aliens, churches, associations, partnerships, corporations, state, city and county governments, the United States of America, and trustees, executors, and other fiduciaries. 2 Ga. Real Estate Law & Procedure § 19-137 (6th ed.).

8

Mercury, Inc., 242 Ga. App. 731, 732, 533 S.E.2d 731, 733 (2000). "An agent is also under a duty to obey his principal's instruction. *Fort Valley Coca-Cola etc. v. Lumbermen's Mut. Cas. Co.*, 69 Ga.App. 120, 24 S.E.2d 846 (1943)." Stanford v. Otto Niederer & Sons, Inc., 178 Ga. App. 56, 57, 341 S.E.2d 892, 894 (1986). "The 'authority of the agent' has been defined as the power of the agent to affect the legal relations of the principal by acts done in accordance with the principal's manifestations of consent to him. The authority of the agent is the very essence of the principal and agent relationship; unless otherwise agreed, it includes only authority to act for the benefit of the principal, and the source of the authority is always the principal, and never the agent." 3 AmJur2d 574, Agency § 71. See generally O.C.G.A § 10-6-1. Canal Ins. Co. v. Harrison, 189 Ga. App. 681, 682, 376 S.E.2d 923, 924 (1988).

Establishing that the status of "Nominee" creates an agency relationship between the lender and MERS, with the lender being the principal and MERS the agent. MERS, as a matter of law, is required to act under the authority of the principal, and to its benefit.

It is well settled in Georgia that a principal may be either a natural person or an artificial one but if it is not a legal entity it has no legal existence, and cannot sue or be sued and has no capacity to appoint an agent. See, 3 Am. Jur. 2d Agency § 9; Ga. Code Ann. § 10-6-89 (West)( "[t]he contract of any person or corporation who purports as agent of a nonexisting principal to bind such nonexisting principal only shall be void."). MERS as agent could only perform on behalf of its principal, but its purported principal has no existence, thus MERS could not perform any act in its position as agent/nominee. An assignment from a fictitious assignor is a nullity. *See, Thompson v. Etowah Iron Co.*, 91 Ga. 538, 544, 17 S.E. 663 (1893) ("[W]here the grantor of a deed include[s] ... lands to which [he] ha[s] no title, and over which [he] ha[s] never exercised any acts of ownership, such instrument would constitute no cloud upon the title of the true owners"), overruled on other grounds, Seymour v.

9

Seymour, 210 Ga. 49, 77 S.E.2d 433 (1953). See also *Pindar's Georgia Real Estate Law and Procedure*, 6th ed., § 25–7 ("A deed executed by a grantor without title ... does not constitute even an appearance of title"). Day v. Nu-Day P'ship, LLLP, 289 Ga. 357, 359, 711 S.E.2d 689, 691 (2011)

19.

2.  America's Wholesale Lender as a fictitious entity could not have owned property in this State and any purported conveyance is void; therefore the subject property remained vested in the plaintiff.

Even if one were to ignore the fact that MERS principal is nonexistent, one cannot ignore the fact that MERS could only acquire the interest that the beneficial owner, America's Wholesale Lender, possessed, and in Georgia a deed from a named person purporting to convey property to [a fictitious entity] renders such deed prima facie void. In this State every owner of property must be a natural person, a corporation, or a quasi-person or entity, such as a partnership, and 'The law recognizes no other owners of property', Miller v. Brooks, 120 Ga. 232, 234, 47 S.E. 646, 647. Since the plaintiff conveyed the subject property to a beneficial owner that was not a natural person, partnership or corporation the conveyance is absolutely void. *See*, Cox v. Pearson, 212 Ga. 294, 92 S.E.2d 25 (1956). In reiteration, "[i]t is a well-established principle of law that a deed made to a person not in esse *is absolutely void*." Davis v. Hollingsworth, 113 Ga. 210, 211. 38 S. E. 827 (84 Am. St. Rep. 233) and authorities cited; 1 Devlin on Real Estate (3d Ed.) 273, § 187. This principle has uniformly been recognized by this court. Plant v. Plant, 122 Ga. 763, 50 S. E. 961; Butt v. Jackson, 148 Ga. 672, 97 S. E. 854." Handy v. Handy, 154 Ga. 686, 115 S.E. 114 (1922)

The aforementioned principals of law are of the upmost importance as the highest Court in this State held not so long ago, "the maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in

10

order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine same and pay only the holder or his authorized agent. See Wilcox, Gibbs & Company v. Aultman, 64 Ga. 544; Walton Guano Company v. McCall, 111 Ga. 114, 36 S.E. 469; Bank of The University v. Tuck, 96 Ga. 456, 465, 23 S.E. 467. The long and short of the matter is that the borrower must be as careful in repaying the debt as the lender presumptively was in making the loan." Groover v. Peters, 231 Ga. 531, 202 S.E.2d 413 (1973).

## DEFENDANT'S CONTENTION WITH REFERENCE TO SAID CONTROVERSY

### 20.

1. Defendant contends that a fictitious entity can own property in the State of Georgia

### 21.

2. Defendant contends that a fictitious entity can contract through an agent.

### 22.

3. Defendant contends that a fictitious entity as principal can direct an agent.

### 23.

4. Defendants contend that an agent of a non-existent principal can receive direction to convey property that such principal did not and could not have owned.

## INJUNCTION

### 24.

In consideration of the facts herein alleged, Defendant should be restrained and enjoined by this Court from terminating Its existing agreement with Plaintiff pending the adjudication of the questions raised in this complaint, and in order to maintain the status quo pending the adjudication

11

of such questions, in order to preserve the rights of the Plaintiff as hereinabove set out, this Court should grant a restraining order pending said adjudication.

25.

Although questions of fact are raised by this complaint, the determination of the same by a jury is expressly waived by Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that:

a. Process issue by publication law requiring the Defendants to answer this complaint as provided by law;

b. That the Defendants be restrained and enjoined from exercising the power of sale until further order of this Court; and that the Defendant be required to show cause on a day certain why said restraining order and injunction should not be made permanent;

c. That this Court enter a judgment in said matter declaring the rights of Plaintiff as sole owner of subject property;

d. That this Court order Defendants to pay all cost of litigation, to include attorney's fees; and

e. That Plaintiff have such other and further relief as this Court finds just and proper.

This 21st day of February, 2013.                    Respectfully submitted,

                                                     GRADY ROBERTS
                                                     Georgia Bar No. 609540
                                                     Attorney for Plaintiff
                                                     94 Howell Street, NE
                                                     Atlanta, GA 30312
                                                     (404) 794-7000 phone
                                                     (404) 794-7001 fax

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANET HILL. <br><br>        Plaintiff, <br><br> V. <br><br> AMERICA'S WHOLESALE LENDER, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58, <br><br>        Defendants. | Civil Action No. 1:13-CV-03159-TWT |

## VOLUNTARY DISMISSAL

Please take notice that plaintiff *Janet Hill* discontinues the above-entitled action and dismisses the complaint without prejudice pursuant to Fed. R. Civ. P. 41.

This 13th day of February, 2014.      Respectfully submitted,

/s/Deirdre M. Stephens-Johnson
Deirdre M. Stephens-Johnson
Georgia Bar No. 678789
Attorney for Plaintiff
4567 Rockbridge Road #1537

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing *Voluntary Dismissal* has been prepared with

Times New Roman, 14 point font, one of the font and point selections approved by

the Court in LR 5.1

This 13th day of February, 2014.

Respectfully submitted,

/s/Deirdre M. Stephens-Johnson
Deirdre M. Stephens-Johnson
Georgia Bar No. 678789
Attorney for Plaintiff

The Law Office of Deirdre M Stephens-Johnson
4567 Rockbridge Road #1537
Pine Lake, GA 30072
Telephone Number: 404-537-3002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JANET HILL.

        Plaintiff,

V.

AMERICA'S WHOLESALE LENDER,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND THE BANK OF NEW
YORK MELLON F/K/A THE BANK OF NEW
YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2005-58,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-58,

        Defendants.

Civil Action No. 1:13-CV-03159-TWT

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this day, a copy of the within *Voluntary Dismissal*

was served by electronic filing through the CMF/ECF to Defendant's counsels of

record.

This 13th day of February, 2014.    Respectfully submitted,

                       /s/Deirdre M. Stephens-Johnson
                       Deirdre M. Stephens-Johnson
                       Georgia Bar No. 678789
                       Attorney for Plaintiff
                       4567 Rockbridge Road #1537
                       Pine Lake, GA 30072
                       Telephone Number: 404-537-3002