# EXHIBIT 4

EJ7

# Case Summary

### Case No. 2014CV242753

**JANET HILL VS. AMERICAS** § Location
**WHOLESALE LENDER, THE BANK OF** § EJ7
**NEW YORK MELLON F/K/A THE BANK** § Judicial Officer
**OF NEW YORK, AS TRUSTEE FOR THE** § WRIGHT, CYNTHIA
**CERTIFICATEHOLDERS OF CWALT,** § Filed on
**INC., ALTERNATIVE LOAN TRUST 2005-** § 02/24/2014
**58, MORTGAGE PASS-THROUGH**
**CERTIFICATES, SERIES 2005-58,**
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS INC,**
**BAYVIEW LOAN SERVICING LLC AND**
**SHUPING MORSE & ROSS LLP**

---

## Case Information

Case Type: TORT/NEGLIGENCE
Case Status: **06/04/2014   Closed**

### Related Cases
2014CV244301 (SYSTEM AUTO RELATED)

### Statistical Closures
06/04/2014   Judgment on Pleading
06/04/2014   Do Not Report

---

## Party Information

*Lead Attorneys*

**PLAINTIFF**   **HILL, JANET**   **ROBERTS, GRADY**
**ALEXANDER III.**
*Retained*

**DEFENDANT**   **AMERICAS WHOLESALE LENDER**

**BAYVIEW LOAN SERVICING LLC**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC**

**SHUPING MORSE & ROSS LLP**                    **KOTAKE, KYLE S.**
*Retained*

**THE BANK OF NEW YORK MELLON**

---

## Events and Orders of the Court

04/23/2015    JUDGMENT ORDER ON REMITTITUR

04/20/2015    COURT OF APPEALS REMITTITUR

04/02/2015    COURT OF APPEALS ORDER

02/24/2015    NOTICE OF DOCKETING

01/27/2015    RECORD TRANSMITTED TO COURT OF APPEALS

01/16/2015    APPELLATE INDEX

01/14/2015    COST BILL PAID

07/02/2014    RETURN RECEIPT OF CERT MAIL

06/09/2014    COST BILL

06/05/2014    NOTICE OF APPEAL
              Party:   PLAINTIFF HILL, JANET

06/04/2014    FINAL ORDER

06/04/2014    **FINAL ORDER**  (Judicial Officer: WRIGHT, CYNTHIA)

04/29/2014    CERTIFICATE OF SERVICE

04/28/2014     

      RESPONSE

04/21/2014     

      ORDER

03/27/2014     

      ANSWER

03/25/2014     

      MOTION TO DISMISS

03/25/2014



MEMORANDUM

    Party:   DEFENDANT AMERICAS WHOLESALE LENDER;
               DEFENDANT BAYVIEW LOAN SERVICING LLC;
               DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC;
               DEFENDANT THE BANK OF NEW YORK MELLON

03/25/2014

ANSWER OF DEFENDANT

    Party:   DEFENDANT AMERICAS WHOLESALE LENDER;
               DEFENDANT BAYVIEW LOAN SERVICING LLC;
               DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC;
               DEFENDANT SHUPING MORSE & ROSS LLP;
               DEFENDANT THE BANK OF NEW YORK MELLON

03/11/2014     

      MOTION

03/05/2014     

      AFFIDAVIT OF SERVICE

03/05/2014     

      AFFIDAVIT OF SERVICE

02/26/2014     

      AFFIDAVIT OF SERVICE

02/26/2014     

      AFFIDAVIT OF SERVICE

02/24/2014     

      CASE INITIATION FORM
         Party:   PLAINTIFF HILL, JANET

02/24/2014     

      PLAINTIFF'S ORIGINAL PETITION
         Party:   PLAINTIFF HILL, JANET

## Financial Information

**PLAINTIFF**    HILL, JANET

| | |
|---|---:|
| Total Financial Assessment | 379.00 |
| Total Payments and Credits | 379.00 |
| **Balance Due as of 9/1/2021** | **0.00** |

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JANET HILL,<br><br>      Plaintiff,<br><br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAYVIEW LOAN SERVICING, LLC AND ~~SHUPING, MORSE & ROSS, LLP~~,<br><br>      Defendants. | CASE NO.<br><br>*2014 CV242753*<br><br>DEMAND FOR JURY TRIAL<br><br>INJUNCTIVE RELIEF SOUGHT<br><br>ACTION FOR GENERAL, SPECIFIC, STATUTORY, ATTORNEY COSTS AND FEES AND PUNITIVE DAMAGES FOR WRONGFUL FORECLOSURE, BREACH OF CONTRACT, BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING, INVASION OF PRIVACY, TRESPASS, VIOLATIONS OF THE GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF FIDUCIARY DUTY, BREACH OF LEGAL DUTY, INTERFERENCE WITH BUSINESS OR CONTRACTUAL RELATIONS, AND LIBEL. |

## COMPLAINT FOR DAMAGES

    **NOW COMES PLAINTIFF** *JANET HILL* (hereinafter "Plaintiff") by and through undersigned counsel and makes and files this Complaint against Defendants *AMERICA'S WHOLESALE LENDER, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND SHUPING, MORSE & ROSS, LLP* (hereinafter "Defendants") and hereby petitions this Honorable Court for damages and other relief, as follows:

## INTRODUCTION

Plaintiff brings this action to challenge the illegal, unfair and deceptive collection practices of defendants and seeks to enjoin and recover compensatory damages, statutory damages, punitive

damages, costs and attorney's fees from defendants. Specifically, Plaintiff seeks aforementioned damages for Common Law Wrongful Foreclosure, Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, Invasion of Privacy, Trespass, violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (O.C.G.A. § 16-14-1 et. seq.), Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Breach of Fiduciary Duty (Principal/Agent), Breach of Legal Duty (O.C.G.A. § 44-14-162.1 et. seq.), Interference with Business or Contractual Relations and Libel based upon: (1) the Defendants failure to abide by the requirements of the Georgia Foreclosure Statutes concerning notice of foreclosure and standing; (2) the Defendants lack of interest in the Plaintiff's property at the time the foreclosure was initiated; and (3) Defendants' actions following the aforementioned invalid foreclosure. For these reasons set forth below the Defendants' illegal actions are compensable under Georgia law.

## JURISDICTION

### 1.

Subject matter jurisdiction is proper as the Superior Court has jurisdiction over all causes, both civil and criminal, granted by the Constitution and laws of this State. Ga. Const. art. VI, § 4, ¶ I; O.C.G.A. § 15-6-8 and O.C.G.A. § 9-4-2.

## VENUE

### 2.

Venue is proper in this Court pursuant to Ga. Const. art. VI, § 2, ¶ IV which allows suits involving joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties to be tried in either county.

## PARTIES

### 3.

Plaintiff *JANET HILL (hereinafter "Plaintiff")* is a natural person residing in Fulton County, Georgia.

### 4.

Defendant, *THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58 (herein after "BONY")* is a nonresident trustee, without a designated agent in this State. The trustee has a

principal place of business located at 101 Barclay St., New York, NY 10286. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann. § 9-10-91 (West) as it transacts business within this state and owns, uses, or possesses real property within this state. Defendant, as a nonresident trustee without a resident agent in this State, may be served with summons, notice, or process by service of summons, notice, or process upon the Secretary of State. Ga. Code Ann. § 53-12-323 (West)

**5.**

Defendant, *SHUPING, MORSE & ROSS, LLP, (hereinafter "Shuping")* is domestic limited liability partnership, organized and existing under the laws of Georgia, whose principal place of business is located at 6259 Riverdale Road, Suite 100, Riverdale, GA 30274-1614. Defendant is subject to the Jurisdiction of this Court. Defendant, as a domestic limited liability partnership and may be served by delivering a copy of the Summons and Complaint upon the registered agent at 6259 Riverdale Road, Suite 100, Riverdale, GA 30274-1614.

**6.**

Defendant, *AMERICA'S WHOLESALE LENDER*, (hereinafter "AWL") is a fictitious foreign corporation, allegedly organized and existing under the laws of New York, whose principal place of business is located at PO Box 66094, Dallas, TX 75266-0694. Defendant is subject to the Jurisdiction of this Court. Defendant, as a fictitious corporation and may be served by delivering a copy of the Summons and Complaint by service of summons, notice, or process upon the Secretary of State.

**7.**

Defendant, *MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.*, (hereinafter "MERS") is a foreign corporation, organized and existing under the laws of another state not authorized to do business in Georgia, whose principal place of business is located at P.O. Box 2026, Flint, MI 48501-2026. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann. § 9-10-91 (West) as it transacts business within this state and owns, uses, or possesses real property within this state. Defendant, as a foreign corporation not qualified to do business in this state may be served by publication pursuant to Ga. Code Ann. § 9-11-4(f)(1)(b) (West).

8.

Defendant, BAYVIEW LOAN SERVICING, LLC, (hereinafter "Bayview") is foreign limited liability company, organized and existing under the laws of Georgia, whose principal place of business is located at 4425 Ponce De Leon Blvd, 4th Floor, Coral Gables, FL 33146. Defendant is subject to the Jurisdiction of this Court pursuant to Ga. Code Ann § 9-10-91 (West), as it transacts business within this state and owns, use or possesses real property within this state. Defendant may be served a copy of the Summons and Complaint by serving C T Corporation, 1201 Peachtree Street, N.E. Atlanta, GA 30361.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.

Plaintiff shows, for purposes of declaratory relief, that there is an actual controversy between the Plaintiff and Defendants, growing out of the following statement of facts, to-wit:

10

The subject real property is located at 543 Auburn Ave, Atlanta, GA 30312 (hereinafter the "Subject Property").

11.

The plaintiff acquired the subject property through a Warranty Deed on October 06, 1999. This Deed is filed and recorded in the Superior Court of Fulton County Real Estate Records at Deed Book 27887 Page 150.

12.

On October 06, 2005 plaintiff executed a promissory note, in favor of America's Wholesale Lender a Corporation, allegedly, organized and existing under the laws of New York (defined per section (D) as "Lender") and a security deed, in favor of Mortgage Electronic Registration Systems (defined per section (C) as "Nominee for Lender") as nominee for America's Wholesale Lender, which was filed and recorded in the Superior Court of Fulton County Real Estate Records at Deed Book 41205 Page 241.

13.

On or about June 01, 2011, the aforementioned Security Deed, was subsequently assigned by MERS acting as nomine for America's Wholesale Lender to The Bank of New York Mellon FKA

The Bank of New York, as trustee for the certificateholders of CWALT, Inc, Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, as filed and recorded in the Superior Court of Fulton County Real Estate Records at Book 50135, Page 399.

14.

America's Wholesale Lender was never organized and has never existed as Corporation under the laws of New York. New York Secretary State shows an America's Wholesale Lender, Inc. that was formed in December of 2008 and has not affiliation with the aforementioned AWL.

15.

America's Wholesale Lender, as a nonexistent entity, acquired no interest in the subject property. Thus, MERS transfer to BONY failed to transfer any interest in the subject property as one cannot transfer or convey an interest in real property greater than [he/she] has.[1]

16.

BONY never obtained any interest in the subject property as MERS was without any interest to transfer.

17.

MERS as agent for a fictitious entity could not acquire title; therefore could not have conveyed title to BONY. Thus the property remains solely vested in the plaintiff.

18.

America's Wholesale Lender as a fictitious entity could not have owned property in this State and any purported conveyance is void; therefore the subject property remained vested in the plaintiff.

19.

On or about July 5, 2011, Defendant, SHUPING mailed a Notice of Foreclosure Sale to the Plaintiff.

20.

On or about July 5, 2011, Defendant, BONY through its agent Defendant SHUPING advertised the subject property for foreclosure sale in the Legal Organ of Fulton County with a sale date set for the first Tuesday in August, 2011.

21.

---

[1] Lionheart Legend, Inc. v. Norwest Bank Minnesota Nat. Ass'n, 253 Ga. App. 663, 667, 560 S.E.2d 120, 125 (2002).

Defendant, SHUPING advertising the subject property failed to satisfy the mandatory statutory requirements set forth pursuant to O.C.G.A. § 44- 14-162.2 as it did not include the individual or entity who had the full authority to negotiate, amend, and modify all terms of the mortgage with the plaintiff. Failure to comply with the mandatory statutory requirements rendered the non-judicial foreclose premature and invalid.

22.

Defendants advertised the subject property for foreclosure sale at a time when BONY lacked any interest in the subject property making the statements in the foreclosure advertisement false, misleading, and deceptive.

23.

Defendant, BONY failed to provide Plaintiff with the required notice(s) listed in the Security Deed. Prior to exercising the power of sale. Failure to comply with the mandatory contractual requirements rendered the non-judicial foreclose proceedings premature and invalid.

24.

Defendants initiated a non-judicial foreclosure of plaintiff's property without acceleration of the indebtedness

25.

This action is brought as a matter of right pursuant to the aforementioned security deed which states, "The borrower has the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale."

**FIRST CLAIM FOR RELIEF**

(WRONGFUL FORECLOSURE)[2]

26

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

27.

Defendants, BONY and SHUPING, had a duty to conduct their foreclosure of the Plaintiff's property fairly and in good faith.

---

[2] Approved as sufficiently pled in Racette v. Bank of Am., N.A., 318 Ga. App. 171, 177, 733 S.E.2d 457, 463 (2012)

28.

Defendants, BONY and SHUPING, in the context of foreclosing the Security Deed, knowingly and intentionally published untrue and inaccurate information concerning title to the Plaintiff's Property.

29.

Defendants', BONY and SHUPING, actions in knowingly and intentionally publishing untrue and inaccurate information concerning title to the Plaintiff's Property were violative of Plaintiff's statutory and legal rights.

30.

As a result of the Defendants', BONY and SHUPING, actions and conduct, the Defendants breached their duty to conduct the foreclosure of the Property fairly because Defendants ignored inaccuracies in the assignments and failed to provide mandatory statutory notice of foreclosure, therefore the Defendants' non-judicial foreclosure upon Plaintiff's Property was premature and invalid.

31.

The Defendants', BONY and SHUPING, breach has caused Plaintiff injury and damage including severe emotional distress.

32.

Defendants, BONY and SHUPING, have acted in bad faith, have been stubbornly litigious and have put plaintiff's through unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

33.

The Wrongful acts of the Defendants were willful, malicious, fraudulent, wanton, oppressive, or showed the entire want of care that would raise the presumption of conscious indifference to the consequences of their conduct.

34.

Defendants, BONY and SHUPING, have acted, or failed to act, with the specific intent to cause harm to the Plaintiffs and Plaintiffs are entitled to recover punitive and other enhanced damages, plus attorney's fees and expenses, as a result of the wrongful acts of Defendants.

## **SECOND CLAIM FOR RELIEF**

(BREACH OF CONTRACT)[3]

35

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

36

The Plaintiff's and Defendant MERS have a contractual relationship as evidenced by the Security Deed.

37

Defendant MERS breached its contractual relationship with Plaintiff's by failing to conduct the foreclosure of the Property fairly.

38

Defendant, MERS's repeated breaches of contract have cause Plaintiff to be damaged.

39

Defendant failed to satisfy the contractual requirements to provide notice before exercising the power of sale. These provisions regarding the power of sale contained the security deed are matters of contract and must be enforced as written.[4]

40.

Specifically, MERS, pursuant to the security deed, was required to give notice as well as meet several other conditions prior to exercising the power of sale. MERS failed to comply with these contractual conditions.

41.

Defendant MERS has acted in bad faith, has been stubbornly litigious and has put Plaintiffs to unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-16-11 in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)[5]

42.

---

[3] Approved as sufficiently pled in Racette v. Bank of Am., N.A., 318 Ga. App. 171, 177, 733 S.E.2d 457, 463 (2012)
[4] Plainville Brick Co. v. Williams, 170 Ga. 75, 152 S.E. 85 (1930); Howard v. Citizens Bank of Cochran, 351 B.R. 251 (Bankr.M.D.Ga.2006) (J. Hershner)." In re Pullen, 451 B.R. 206, 210 (Bankr. N.D. Ga. 2011).
[5] Approved as sufficiently pled in Racette v. Bank of Am., N.A., 318 Ga. App. 171, 177, 733 S.E.2d 457, 463 (2012)

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

43.

Defendants, BONY and SHUPING, had a duty to abide by the terms of the underlying Note and Security Deed in connection with any effort to foreclose on the Plaintiff's subject property.

44.

Before and during the maintenance of foreclosure proceeding against the Plaintiff's property, the Defendants, BONY and SHUPING, ignored the Plaintiff's concerning errors in the 2013 advertisement and repeated statements from the inaccuracies in the real estate records and thereafter foreclosed on the property.

45

The Defendants, BONY and SHUPING, failed to conduct the foreclosure of the Plaintiffs Property in good faith.

46.

The Plaintiff, has been damaged by the Defendants' wrongful conduct in an amount to be proven at trial.

47.

Defendants have acted in bad faith, have been stubbornly litigious and have put Plaintiff through unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

(INVASION OF PRIVACY)

48.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

49.

Defendants', BONY and SHUPING, actions violated Plaintiff's right of privacy by placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

50.

By such unauthorized publication and circulation of Plaintiff's name and the inaccurate information, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

51.

The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

## FIFTH CLAIM FOR RELIEF

(TRESPASS)

52.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

53.

Defendants had the duty not to interfere with the Plaintiff's health, reputation, or property.

54.

Defendants, BONY and SHUPING unlawfully interfered with the property rights of the Plaintiff.[6]

55.

Defendants' unlawful interference was intentionally and conscious and deprived the plaintiff of the right to the exclusive use and benefit of the subject property, there by breaching the aforementioned duty. This breached occured when the defendants extinguised the plaintiff's actual right of possession by wrongfully and unlawfully foreclosing.

56.

Defendants' intentional and conscious interference with the plaintiff's right to the exclusive use and benefit of the subject property is the direct and proximate cause of plaintiff's *mental damages* and *pecuniary loss.*

57.

---

[6] The Official Code of Georgia defines "trespass" as "any misfeasance, transgression, or offense which damages another's health, reputation, or property. O.C.G.A. § 1–3–3(20). Accord, Cox v. Strickland, 120 Ga. 104, 47 S.E. 912 (1904); Evans v. Cannon, 34 Ga. App. 467, 470–71, 130 S.E. 76 (1925)" King v. Citizens Bank of De Kalb, 88 Ga. App. 40, 76 S.E.2d 86 (1953).

Plaintiff is entitled to damages as one may recover damages arising from any wrongful, continuing interference with a right to the exclusive use and benefit of a property right. [7]

58.

Additionally, Plaintiff is entitled to punitive damages as the Defendants' conduct was willful, wilful misconduct in the commission of the trespass is established by the evidence that the trespass was committed on property which Defendants knew belonged to someone else. [8]

59.

In trespassing upon plaintiff's property, the defendants are guilty of wanton, conscious and intentional disregard of the rights of plaintiff. Such disregard is equivalent to legal malice justifying punitive damages. [9]

60.

Plaintiff is also entitled to an award of attorney fees pursuant to O.C.G.A § 13-6-11 which allows recovery of attorney fees where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees. [10]

## SIXTH CLAIM FOR RELIEF

(GEORGIA RICO (O.C.G.A. § 16-14-1 ET. SEQ.)) [11]

---

[7] Lanier v. Burnette, 245 Ga.App. 566, 570(3), 538 S.E.2d 476 (2000). See also O.C.G.A. § 51-9-1 ("The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."); Wright v. Wilcox, 262 Ga.App. 659, 662(1), 586 S.E.2d 364 (2003)" Navajo Const., Inc. v. Brigham, 271 Ga. App. 128, 129, 608 S.E.2d 732, 734 (2004).
[8] Dalon Contracting Co. v. Artman, 101 Ga. App. 828, 836, 115 S.E.2d 377 (1960). See, Swift Loan & Fin. Co., Inc. v. Duncan, 195 Ga. App. 556, 557, 394 S.E.2d 356, 358 (1990).
[9] McGill v. Varin, 213 Ala. 649 (9 & 10), 106 So. 44; Garden v. Houston Bros., 163 Ala. 300, 50 So. 1030; Friedenthal v. Goodloe, 202 Ala. 611, 81 So. 553; Foust v. Kinney, 202 Ala. 392, 80 So. 474; Southern Ry. Co. v. Jordan, 129 Ga. 665, 59 S.E. 802. Inv. Sec. Corp. v. Cole, 57 Ga. App. 97, 194 S.E. 411, 414 (1937) aff'd, 186 Ga. 809, 199 S.E. 126 (1938)
[10] See also Ross v. Hagler, 209 Ga.App. 201, 204(3), 433 S.E.2d 124 (1993). 'Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees.' [Cit.] St. Paul Fire etc. Ins. Co. v. Clark, 255 Ga.App. 14, 24, 566 S.E.2d 2 (2002). See also Greenway, 280 Ga. at 655(3), 631 S.E.2d 689." Bunch v. Byington, 292 Ga. App. 497, 504-05, 664 S.E.2d 842, 848 (2008).
[11] The Georgia RICO Act prohibits "any person" from engaging in certain specified activities. It also permits any person injured by reason of a party engaging in a prohibited activity to bring a civil damages action. A pattern requires at least two interrelated predicate offenses. O.C.G.A § 16-14-3(8). Under the Georgia RICO Act, it is unlawful for any person, through a pattern of racketeering activity to acquire or maintain, directly or indirectly, any interest in or control of real property, or personal property of any nature, including money. Simply stated, a RICO violation, O.C.G.A §16-14-4, and any consequent recovery through O.C.G.A §16-14-6(c), requires that the plaintiff

61.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

62.

Defendants committed the predicate offense, violative of the Georgia RICO Act; Theft[12] in violation of O.C.G.A§ 16-8-2 through 16-8-4 by unlawfully appropriating plaintiff's property with the intention of depriving plaintiff of said property. Specifically, Defendants, MERS, BONY, BAYVIEW and SHUPING committed theft by deception by obtaining plaintiff's real property by deceitful means with the intention of depriving the plaintiff of said property. The defendants engaged in deceit when they intentionally created and failed to correct the false impression that BONY was the owner of the indebtedness with the legal right to foreclose (O.C.G.A § 16-8-3(b)(1)&(2)), when they intentionally created and failed to correct the false impression that BONY was the owner of subject property with the legal right to possession (O.C.G.A § 16-8-3(b)(1)&(2)), when they intentionally prevented plaintiff from acquiring information pertinent to the disposition of subject property by concealing the true identity of the creditor and secreting unrecorded property transfers (O.C.G.A § 16-8-3(b)(3))[13], when they sold and transferred property intentionally failing to disclose plaintiff's substantial and valid adverse claim, and the legal impediment to the enjoyment of the property (O.C.G.A § 16-8-3(b)(4)).[14]

63.

Defendants being a fiduciary in breach of their fiduciary obligation, unlawfully appropriated the

---

show an injury by a pattern of racketeering activity, State of Ga. v. Shearson Lehman Bros., 188 Ga.App. 120, 121(2), 372 S.E.2d 276 (1988).

[12] Theft by deception § 16-8-3
(a) A person commits the offense of theft by deception when he obtains property by any deceitful means or artful practice with the intention of depriving the owner of the property.
(b) A person deceives if he intentionally:
(1) Creates or confirms another's impression of an existing fact or past event which is false and which the accused knows or believes to be false;
(2) Fails to correct a false impression of an existing fact or past event which he has previously created or confirmed;
(3) Prevents another from acquiring information pertinent to the disposition of the property involved;
(4) Sells or otherwise transfers or encumbers property intentionally failing to disclose a substantial and valid known lien, adverse claim, or other legal impediment to the enjoyment of the property, whether such impediment is or is not a matter of official record.
[13] See, Adams v. State, 249 Ga. App. 730, 732, 549 S.E.2d 539, 541 (2001) (preventing victim from acquiring information pertinent to the disposition of [her] property" violates O.C.G.A § 16-8-3(b)(3))
[14] See, King v. State, 177 Ga. App. 281, 283, 339 S.E.2d 353, 355 (1985)

plaintiff's real property and the proceeds of its sale. Breach of a fiduciary obligation is clearly theft by taking.[15]

64.

Defendants committed the predicate offense, in violation of the Georgia RICO Act; O.C.G.A§ 16-8-102[16] by filing with the official registrar of deeds of Fulton county a document that defendants knew contained a deliberate misstatement, misrepresentation, and omission. Specifically, defendants violated O.C.G.A § 16-8-102 when they filed the deeds with the official registrar of deeds of Fulton county containing the deliberate misstatements.

65.

Defendants committed the predicate offense, violative of the Georgia RICO Act; Theft in violation of O.C.G.A§ 16-8-2 through 16-8-4 by unlawfully appropriating plaintiff's property with the intention of depriving plaintiffs of said property.

66.

Defendants committed the predicate offense, violative of the Georgia RICO Act; violation of 18 U.S.C. §1341 (mail fraud) and 18 U.S.C. §1343 (wire fraud)[17] by committing acts which are indictable under same.

67.

Defendants committed the predicate offense, violative of the Georgia RICO Act; by filing false deeds in the jurisdiction of the government of Fulton County.[18] Specifically, defendants violated O.C.G.A § 16-10-20[19] when they made and filed the false deed.

---

[15] See, Eads v. State, 193 Ga. App. 262, 263, 387 S.E.2d 591, 592 (1989); Clark v. State, 138 Ga. App. 266, 269, 226 S.E.2d 89, 92 (1976) (the gravamen of the offense is the taking of the property of another against the will of such other, regardless of whether the property is taken or appropriated and the manner of the taking or the appropriation.)
[16] Residential mortgage fraud pursuant to Code Section 16-8-102 (GA ST § 16-14-3)
A person commits the offense of residential mortgage fraud when, with the intent to defraud, such person:
(5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

[17] Mail or wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in furtherance of that scheme." Pelletier, 921 F.2d at 1498." Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 906 (11th Cir. 1996). Defendants, on several occasions, utilized both mails and wires in furtherance of their scheme to defraud plaintiff of both money and property.
[18] The predicate acts described are not part of one transaction; improper foreclosure is separate from conversion of personal property after the sale. "The sale under power does not unite them into a single transaction, but rather only serves as the link required for them to be considered a pattern of racketeering activity. O.C.G.A § 16-14-3(8)." Brown v. Freedman, 222 Ga. App. 213, 217, 474 S.E.2d 73, 78 (1996)
[19] 5. False statements and writings; concealment of facts pursuant to Code Section § 16-10-20

68.

Plaintiff was injured in business and property by the defendants' predicate acts, establishing a direct nexus between plaintiff's injury and defendants' criminal acts, plaintiff has suffered substantial damages to be determined at trial.[20]

69.

By reason of the Defendants' violation of Ga. Code Ann., § 16-14-4, plaintiff is entitled, pursuant to Ga. Code Ann., § 16-14-6, to threefold the damages sustained, punitive damages, and reasonable attorney's fees in connection herewith.[21] Since the punitive damage award herein is based upon an intentional conduct, any award is not subject to the $250,000 cap of O.C.G.A § 51-12-5.1(g).[22]

---

O.C.G.A § 16-10-20 sets forth three ways to commit the crime of false statement: (1) when a person knowingly and willfully falsifies a material fact; (2) when a person makes a false, fictitious, or fraudulent statement or representation; or (3) when a person "makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry." State v. Johnson, 269 Ga. 370, 499 S.E.2d 56, 58 (1998); See, Adams v. State, 231 Ga. App. 279, 499 S.E.2d 105 (1998) (For purposes of Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), filing of false deeds in land records of various superior courts were part of theft by taking transactions that formed basis of separately-alleged predicate acts). "Knowingly," as used in O.C.G.A § 16–10–20, includes knowledge of the falsity of the statement Tidwell v. State, 216 Ga.App. 8, 453 S.E.2d 64 (1994). Byrd v. State, 216 Ga. App. 316, 318, 454 S.E.2d 594, 596 (1995) and all individuals who use the false writing or document, knowing it to contain any false, fictitious or fraudulent statement or entry, in any matter within the jurisdiction of the State or its political subdivisions, may be charged with violating the statute. State v. Johnson, 269 Ga. 370, 372, 499 S.E.2d 56, 59 (1998). The Offense of making or using a false writing does not require that the false writing be material. See, Bullard v. State, 242 Ga. App. 843, 530 S.E.2d 265 (2000). Additionally, nothing in the language which proscribes false writings made only within the jurisdiction of "the executive branch" of the state; excepts from its terms false statements made in a court clerk's office; nothing in the codal language refers only to "political" subdivisions, whatever this may mean, so as to exclude the judicial branch. And, "department or agency of state [county, or city] government" encompasses the office of the "judicial branch". Grant v. State, 227 Ga. App. 88, 91, 488 S.E.2d 79, 83 (1997)

[20] Plaintiff must show a direct nexus between at least one of the predicate acts listed under the RICO Act and the injury it purportedly sustained. "To establish this nexus, the plaintiff must show that one of the predicate acts directly harmed it, not a third party." (Punctuation and footnote omitted.) Schoenbaum Ltd. Co. v. Lenox Pines, 262 Ga.App. at 470(8)(c), 585 S.E.2d 643." Smith v. Morris, Manning & Martin, LLP, 293 Ga. App. 153, 165-66, 666 S.E.2d 683, 695-96 (2008)., See Also, Pollman v. Swan, 314 Ga. App. 5, 723 S.E.2d 290 (2011) (When a court evaluates a Racketeer Influenced and Corrupt Organizations Act (RICO) claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. West's Ga.Code Ann. § 16–14–3(8) et seq.)

[21] "Evidence sufficient to show a RICO violation necessarily also demonstrates the "intent to cause harm" that removes the cap to a punitive damage award. The conduct proscribed under RICO shows "an interrelated pattern of criminal activity motivated by or effect of which is [to derive] pecuniary gain." O.C.G.A § 16-14-2(b). Herein, the facts demonstrated a pattern of racketeering activity...which amounted to intentional theft by deception and fraud. Accordingly, it is applicable to triple the amount of punitive damages awarded to the plaintiff. Additionally, the finding of specific "intent to cause harm" pursuant to O.C.G.A § 51-12-5.1(f) is inherent in the essential elements of such an intentional fraud. McDaniel v. Elliott, 269 Ga. 262, 497 S.E.2d 786 (1998).

[22] McDaniel v. Elliott, supra. Speir v. Krieger, 235 Ga.App. 392, 402, 509 S.E.2d 684, 692

## SEVENTH CLAIM FOR RELIEF

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)[23]

70.

Plaintiff hereby incorporates by reference paragraphs 1 through 64 as if same were fully set forth at length herein.

71.

The proximate result of defendants' intentional and reckless conduct which was of an extreme and outrageous nature, as hereinabove alleged, plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  The defendants' conduct was so extreme in degree, as to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.[24]

72.

Breach of defendants' statutory[25] duties and pattern of deceit is a tort compensable at law.[26]

---

[23] ELEMENTS: Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. Racette v. Bank of Am., N.A., A12A1499, 2012 WL 5205684 (Ga. Ct. App. Oct. 23, 2012). There exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. O.C.G.A § 23-2-114. Although arising from a contractual right, breach of this duty is a tort compensable at law. See, e.g., Curl v. First Federal Savings & Loan Assn., 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirmed the award of damages for mental pain and aggravation and punitive damages in an action for wrongful foreclosure); Decatur Investments Co. v. McWilliams, 162 Ga.App. 181, 182(2), 290 S.E.2d 526 (1982) (affirmed an award of punitive damages in a wrongful foreclosure action); see also 20 E.G.L., Mortgages and Bonds for Title, § 69, p. 584. "As a general precept, damages for mental distress are not recoverable in the absence of physical injury where the claim is premised upon ordinary negligence. [Cit.] However, when the claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury. [Cit.]" Hamilton v. Powell, Goldstein, Frazer & Murphy, 252 Ga. 149, 150, 311 S.E.2d 818 (1984). Clark v. West, 196 Ga. App. 456, 457-58, 395 S.E.2d 884, 886 (1990).
Additionally, as a part of actual damages under the FDCPA, plaintiff is entitled to seek damages for intentional infliction of emotional distress caused by defendants' FDCPA violations, without proving the elements of the state law tort of intentional infliction of emotional distress. See, Tracy v. Credit Bureau, etc., 174 Ga.App. 668, 669, 330 S.E.2d 921 (1985) (holding that, because remedies under the Federal Fair Credit Reporting Act are of a federal statutory nature, relief in the form of damages is not determined by state court decisions); Vidrine v. Am. Prof'l Credit, Inc., 223 Ga. App. 357, 477 S.E.2d 602 (1996).

[24] Georgia has long recognized a cause of action for intentional infliction of emotional distress. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. Racette v. Bank of Am., N.A., A12A1499, 2012 WL 5205684 (Ga. Ct. App. Oct. 23, 2012).
[25] 'A tort is a legal wrong committed upon the person or property of another independently of contract. Such a wrong may, however, arise from a violation of some private obligation, by which damages accrue to the individual;

## EIGHTH CLAIM FOR RELIEF

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)[27]

### 72.

Plaintiff hereby incorporates by reference paragraphs 1 through 64 as if same were fully set forth at length herein.

### 73.

Defendants', BONY and SHUPING, negligence caused plaintiff a pecuniary loss resulting in an injury to the plaintiff's mental pain and suffering and reputation,

### 74.

The direct and proximate result of defendants' negligent and reckless conduct which was of an extreme and outrageous nature, as hereinabove alleged, plaintiff suffered severe humiliation, mental

---

and if the breach complained of is not mere neglect of a duty expressly provided for by the terms of the contract itself, the complaining party may elect as to his remedy, and rely either upon his right under the contract or proceed for damages as for a tort.' " *Rawls Bros. Co. v. Paul*, 115 Ga.App. 731, 733, 155 S.E.2d 819 (1967). "The rule which affords an election to sue ex delicto or ex contractu in cases involving a breach of a duty implied by reason of a contractual relation has been applied to contractual relations between principal and agent, attorney and client...and possibly other well recognized relations. [Cits.]" *Mauldin v. Sheffer*, 113 Ga.App. 874, 878-9, 150 S.E.2d 150 (1966)."[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. [Cits.] This is consistent with the definition of a tort set forth in [O.C.G.A § 51-1-1 (formerly Code Ann. § 105-101) ]. 'Duty imposed by law' as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State or jurisdiction involved.... *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 413-14, 306 S.E.2d 340, 342 (1983) aff'd, 252 Ga. 149, 311 S.E.2d 818 (1984)

[26] See, e.g., *Curl v. First Federal Savings & Loan Assn.*, 243 Ga. 842, 843-844(2), 257 S.E.2d 264 (1979) (affirmed the award of damages for mental pain and aggravation and punitive damages in an action for wrongful foreclosure); *Decatur Investments Co. v. McWilliams*, 162 Ga.App. 181, 182(2), 290 S.E.2d 526 (1982) (affirmed an award of punitive damages in a wrongful foreclosure action); Where there is a physical injury or *pecuniary loss*, compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent. See *Montega Corp. v. Hazelrigs*, 229 Ga. 126, 189 S.E.2d 421 (1972). Compare *Chapman v. Western Union Telegraph Co.*, 88 Ga. 763, 15 S.E. 901 (1882). *Westview Cemetery, Inc. v. Blanchard*, 234 Ga. 540, 543, 216 S.E.2d 776, 779 (1975). See, *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149, 150, 311 S.E.2d 818 (1984) (when claim is for intentional misconduct, damages for mental distress may be recovered without proof of physical injury).

[27] 'In cases where mere negligence is relied on, before damages for mental pain and suffering are allowable, there must also be an actual physical injury to the person, or a pecuniary loss resulting from an injury to the person which is not physical; such an injury to a person's reputation, or the mental pain and suffering must cause a physical injury to the person . . . In cases where mere negligence is not relied on, but the conduct complained of is malicious, wilful, or wanton, mental pain and suffering may be recovered without the attendant circumstances mentioned above.' *Kuhr Brothers, Inc. v. Spahos*, 89 Ga.App. 885, 890, 81 S.E.2d 491, 495. *Montega Corp. v. Hazelrigs*, 229 Ga. 126, 127, 189 S.E.2d 421, 422 (1972)

anguish, and emotional and physical distress, and has been injured in mind and body. The defendants' conduct was so extreme in degree, as to go beyond all possible bounds of decency, and utterly intolerable in a civilized community.

## NINTH CLAIM FOR RELIEF

(BREACH OF FIDUCIARY DUTY (PRINCIPAL/AGENT))[28]

75

Plaintiff hereby incorporate by reference the paragraph 1 through 25 as if same were fully set forth at length herein.

76.

The power of sale contained in the security deed created a fiduciary relationship as all agents are fiduciaries with respect to the matters within the scope of their agency. The very relation implies that the principal has reposed some trust or confidence in the agent, and the agent or employee is bound to the exercise of the utmost good faith, loyalty, and honesty toward his principal or employer.

77.

Defendants, BONY and SHUPING, acting as Plaintiff's agent exercised the power of sale allowed under Georgia law to foreclose on the aforementioned subject property.

78.

Defendants, BONY and SHUPING, acting as agents for plaintiff had a fiduciary duty to act with the upmost good faith and loyalty toward its principal.

79.

Defendants breached this fiduciary duty owed to plaintiff when they acted in a dishonest manner in exercising the power of sale.

80.

Defendants' failure to conduct such sale in good faith as required by law has caused actual damage

---

[28] "'An agent is a fiduciary with respect to the matters within the scope of his agency. The very relation implies that the principal has reposed some trust or confidence in the agent, and the agent or employee is bound to the exercise of the utmost good faith, loyalty, and honesty toward his principal or employer. The fiduciary relationship existing between an agent and his principal has been compared to that which arises upon the creation of a trust, and the rule requiring an agent to act with the utmost good faith and loyalty toward his principal or employer applies regardless of whether the agency is one coupled with an interest, or the compensation given the agent is small or nominal, or that it is a gratuitous agency.' 3 AmJur2d 580, Agency, § 199." Giordano v. Stubbs, 228 Ga. 75, 81-2, 184 S.E.2d 165 (1971) (Felton, J., dissenting) cert. denied, 405 U.S. 908, 92 S. Ct. 960, 30 L. Ed. 2d 779 (1971).

to plaintiff.

## TENTH CLAIM FOR RELIEF

(BEACH OF LEGAL DUTY GA. CODE ANN. § 51-1-6)[29]

80.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

81.

Defendants, BONY and its agent SHUPING, had a duty to abide by the Georgia non-judicial foreclosure statues in connection with any effort to foreclose on the Plaintiff's subject property.

82.

In Georgia when the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby. Ga. Code Ann. § 51-1-6 (West).

83.

Before and during the maintenance of foreclosure proceedings against Plaintiff's subject property, the Defendants, BONY and its agent SHUPING, ignored Plaintiff's counsel concerning errors, inaccuracies, and inconsistencies with Georgia's non-judicial foreclosure statutes and continued their efforts to foreclosure on the subject property.

84.

The Defendants failed to conduct the foreclosure of the plaintiff's property in accordance with Georgia's non-judicial foreclosure statues.

85.

The Plaintiff has been damaged by the Defendants' wrongful conduct in an amount to be proven at trial.

---

[29] To support a claim for negligence in Georgia, a plaintiff must allege:
(1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and *1354 the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1353-54 (N.D. Ga. 2013) reconsideration denied, 1:11-CV-4139-WSD, 2013 WL 5965635 (N.D. Ga. Nov. 8, 2013)

86

Defendants have acted in bad faith, have been stubbornly litigious and have put Plaintiff through unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
### (INTERFERENCE WITH BUSINESS OR CONTRACTUAL RELATIONS)[30]

87.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

88.

Defendant, SHUPING, had a duty not to interfere with the contract between plaintiff and defendant, BONY.

89.

Defendant, SHUPING's institution of a non-judicial foreclosure without defendants, MERS and/or BONY, providing the contractual pre-acceleration notices contained in the security deed and failure to provide notice of sale pursuant to Georgia law was not authorized

---

[30] "[T]he tort of the interference with contractual relations is not limited to the procurement of a breach of contract ... [O]ne under a duty to render a performance has a property interest in the contract in that he has the right to render the required performance free from unjustified and unprivileged intentional invasions that retard performance or make the performance more difficult or expensive. Interference of that type constitutes an actionable tort which embraces within its scope all intentional invasions of contractual relations, including any act ... interfering with the performance itself, regardless of whether breach of contract is induced. [Cits.] Interference with contractual relations is an intentional tort, and if intentional interference is to be required, it presupposes knowledge of the plaintiff's interests or, at least, of facts that would lead a reasonable man to believe in their existence. [Cit.] ... It is a question of fact, and thus for the jury, whether the defendant has played a material and substantial part in causing the plaintiff's loss of any benefits of the contract." Piedmont Cotton Mills v. H.W. Ivey Constr. Co., 109 Ga.App. 876, 879-80(1), 137 S.E.2d 528 (1964)  (Indentions omitted.) We conclude that the intentional interference with business relationships alleged here would fall within the scope of tortious interference of contractual relations as defined above. Cf. Rouse v. Crum, 169 Ga.App. 439, 313 S.E.2d 140 (1984).The federal courts have held that under Georgia law, "[i]n establishing a cause of action for malicious interference with business relations, a plaintiff must demonstrate that the defendant (1) acted improperly and without privilege, (2) purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) for which the plaintiff suffered some financial injury. [Cit.] ... A cause of action for tortious interference also encompasses interference with a prospective business relationship as well as existing ones, [cits.]; the liability results not only from disruption of the relationship but also from elimination of the injured party's ability to perform. In order to establish a cause of action for interference with prospective business relations, the plaintiff must demonstrate that absent the interference, those relations were reasonably likely to develop in fact. [Cit.] ...Perry & Co. v. New S. Ins. Brokers of Georgia, Inc., 182 Ga. App. 84, 89, 354 S.E.2d 852, 857 (1987)

90.

Defendant, SHUPING's conduct renders it liable for interference with contractual relations.[31]

91.

Before and during the maintenance of foreclosure proceedings against the Plaintiff's subject property, the Defendant, SHUPING, ignored plaintiff's counsel concerning failure of its principal's compliance with the terms of the security deed

92.

SHUPING intentionally interfered with the plaintiff's contractual rights to have the foreclosure conducted in accordance with terms of the security deed.

93.

The Plaintiff has been damaged by the Defendant, SHUPING's intentional interference with the contractual relations of BONY, MERS, and plaintiff.

94.

SHUPING has acted in bad faith, have been stubbornly litigious and has put Plaintiff through unnecessary trouble and expense entitling them to an award of attorney's fees and costs pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

## TWELFTH CLAIM FOR RELIEF

(LIBEL)[32]

95.

Plaintiff hereby incorporates by reference paragraphs 1 through 25 as if same were fully set forth at length herein.

96.

Defendants', BONY and SHUPING, above actions placed plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

97.

---

[31] See, Threadmill, Ltd. v. First Union National Bank of Georgia, 207 Ga. App. 688, 689, 428 S.E.2d 684 (1993)
[32] The publication of untrue and derogatory statements concerning the borrower's financial condition thereby exposing the borrower to public hatred, contempt or ridicule.  See O.C.G.A. § 51-5-1 et seq.; Aetna Fin. Co. v. Culpepper, 171 Ga. App. 315, 319, 320 S.E.2d 228 (1984); Sale City Peanut & Milling Company, Inc. v. Planters & Citizens Bank, 107 Ga. App. 463, 465, 130 S.E.2d 518 (1963); Hodson v. Whitworth, 153 Ga. App. 783, 266 S.E.2d 561 (1980).

By such publishing and circulating untrue and derogatory statements concerning the plaintiff/borrower's financial condition defendants exposed the plaintiff/borrower to public hatred, contempt or ridicule.

98.

The conduct of Defendants was the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on any and all issues triable by a jury. The law in Georgia regarding the right to trial by jury is clear. In civil actions, the right to trial by jury exists only where the right existed prior to the adoption of the first Georgia Constitution.[33] The 1983 Georgia Constitution and O.C.G.A § 9-11-38 assure that this right shall remain inviolate.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them as follows:

A. As to *first claim of relief*, compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

B. As to *second claim of relief*, actual damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

C. As to *third claim of relief*, compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

D. As to *fourth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

E. As to *fifth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

---

[33] Dept. of Transp. v. Del-Cook Timber Co., 248 Ga. 734(8), 285 S.E.2d 913 (1982); Bell v. Cronic, 248 Ga. 457(1), 283 S.E.2d 476 (1981); Strange v. Strange, 222 Ga. 44(2), 148 S.E.2d 494 (1966); Metropolitan Cas. Ins. Co., etc. v. Huhn, 165 Ga. 667(2), 142 S.E. 121 (1927).

F. As to *sixth claim of relief*, three times compensatory damages, three times punitive damages, expenses of litigation and attorney's fees in an amount sustained by plaintiff to be determined at time of trial;

G. As to *seventh claim of relief*, compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

H. As to *eighth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

I. As to *ninth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

J. As to *tenth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

K. As to *eleventh claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

L. As to *twelfth claim of relief* compensatory damages, punitive damages, costs and attorney's fees in an amount to be determined at time of trial;

M. As to all counts, attorney's fees as allowed by law, prejudgment interest at the statutory rate and all other costs of this proceeding allowed by law;

N. For other and further relief as plaintiff may be entitled as provided under Georgia law

O. A trial by jury and such other and further relief as the court may deem just and equitable.

P. That plaintiff have such other and further relief as is just and proper.

This 24th day of February, 2014                         Respectfully submitted,


GRADY A. ROBERTS III
Georgia Bar No. 609540
Attorney
94 Howell Street, NE
Atlanta, GA 30312
(404) 794-7000 phone
(404) 794-7001 fax

**WRI** 

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

JANET HILL,

    Plaintiff,

v.

AMERICA'S WHOLESALE LENDER, THE
BANK OF NEW YORK MELLON f/k/a THE
BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2005-58, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-58,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
BAYVIEW LOAN SERVICING, LLC, and
SHUPING MORSE & ROSS, LLP,

    Defendants.

CIVIL ACTION
FILE NO. 2014CV242753



### FINAL ORDER

The above-captioned action is before the Court on the Motion to Dismiss of Defendants

America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., The Bank of New

York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of Cwalt, Inc.,

Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, and

Bayview Loan Servicing, LLC (hereinafter collectively "Defendants"), which was filed on

March 25, 2014.  Plaintiff Janet Hill ("Plaintiff") filed a Response in Opposition to Defendants'

Motion to Dismiss on April 28, 2014.  Now, having considered Defendants' Motion to Dismiss,

Plaintiff's Response in opposition thereto, the entire record in this case, the public records of this

Court and other applicable courts,[1] and governing Georgia law, and

    IT APPEARING to the Court that on July 29, 2011, July 30, 2012, and March 1, 2013,

---

[1] *See* O.C.G.A. § 24-2-201(f).

*Hill v. America's Wholesale Lender, et al.*
Civil Action No. 2014CV242753
Final Order

Page 1

Plaintiff initiated three (3) prior actions in this Court against Bank of America, Inc., the current Defendants, and/or other related entities – Civil Action File Nos. 2011CV203839, 2012CV218864, and 2013CV228015, respectively (the "prior actions");

IT APPEARING to the Court that the prior actions were assigned to the Honorable Constance C. Russell, the Honorable Jerry W. Baxter, and the Honorable Robert C.I. McBurney, respectively, and were each removed to the United States District Court for the Northern District of Georgia, Atlanta Division (the "District Court"), following which the prior actions were either dismissed by the District Court or by the Plaintiff voluntarily;

IT APPEARING to the Court that Plaintiff initiated this lawsuit with the filing of her Complaint for Damages on or about February 24, 2014, less than two (2) weeks after Plaintiff filed a voluntary dismissal of the last of the prior actions pending in the District Court;

IT APPEARING to the Court that the prior actions involve the same and/or related parties and arise out of the same set of facts and circumstances giving rise to Plaintiff's claims in the present action – namely, (1) Plaintiff's alleged default on a mortgage loan on certain residential property owned by Plaintiff located at 543 Auburn Avenue, Atlanta, Georgia (the "property"), for which Plaintiff executed a promissory note in favor of Defendant America's Wholesale Lender/Non-party Countrywide Home Loans, Inc.[2] (collectively "AWL") on October 6, 2005, as well as a security deed in favor of Defendant Mortgage Electronic Registration Systems, Inc., as grantee and nominee for AWL and AWL's successors and assigns, to finance the purchase of the property (collectively the "Loan"); (2) Plaintiff's alleged attempts to seek modification of the terms of the Loan; and (3) the scheduled foreclosure of the property following Plaintiff's alleged default on the Loan;

IT APPEARING to the Court that Plaintiff's claims in this action were either previously

---

[2] America's Wholesale Lender is a trade name for Countrywide Homes Loans, Inc.

adjudicated and/or put in issue in the prior actions, or could have been, and as such, Plaintiff's claims are barred by *res judicata* and/or collateral estoppel in this action; *See* O.C.G.A. § 9-12-40; <u>Chrison v. H & H Interiors, Inc.</u>, 232 Ga. App. 45, 47 (1998); <u>Wickliffe v. Wickliffe Company, Inc.</u>, 227 Ga. App. 432 (1997);

Therefore, based upon the above, IT IS HEREBY ORDERED AND ADJUDGED that Defendants' Motion to Dismiss is GRANTED, and Plaintiff Janet Hill's Complaint for Damages is HEREBY DISMISSED in its entirety.

**THIS IS HEREBY MADE THE FINAL ORDER OF THIS COURT.**

**SO ORDERED** this ___4___ of June, 2014.

CYNTHIA D. WRIGHT, Judge
Fulton County Superior Court
Atlanta Judicial Circuit

<u>Copies to:</u>
Grady A. Roberts, III, Esq.
Jarrod S. Mendel, Esq.
Kyle S. Kotake, Esq.

*Hill v. America's Wholesale Lender, et al.*
Civil Action No. 2014CV242753
Final Order                                                                 Page 3

8/30/2021                          Court of Appeals of Georgia: DOCKET/CASE INQUIRY SYSTEM: RESULTS

# Docket/Case Inquiry System: Results

## Monday 30th of August 2021

### COURT OF APPEALS INFORMATION

| | |
|---|---|
| Case Number: | A15A1118 |
| Style: | JANET HILL v. AMERICA'S WHOLESALE LENDER ET AL. |
| Status: | Remittitur Mailed |
| Docket/Notice Date: | February 18, 2015 |
| Remittitur Date: | April 14, 2015 |
| Term: | April |
| Supreme Court Transfer: | None |
| Calendar Date: | June 2015 |
| COA Judgment/Ruling | DISMISSED *(March 30, 2015)* |
| Opinion/Order | <u>View</u> |

### TRIAL COURT INFORMATION

| | |
|---|---|
| Case Number: | 2014CV242753 |
| Clerk: | Superior Court Clerk of Fulton County |
| Judge: | Hon. CYNTHIA D. WRIGHT |
| County: | Fulton |
| Court: | Superior Court |
| Appealed Order: | June 4, 2014 |
| Notice of Appeal: | May 5, 2014 |

### FILINGS, MOTIONS AND COURT ACTIONS

| | |
|---|---|
| None | None |

### COURT INITIATED ACTIONS

| | |
|---|---|
| Court Action Date | March 30, 2015 |
| Court Action | DISMISSED |

### ATTORNEY INFORMATION

| | |
|---|---|
| Appellant | Mr. Grady Alexander Roberts III |
| Appellee | Mr. Jarrod Sean Mendel |

### SUPREME COURT INFORMATION

| | |
|---|---|
| None | None |

# Court of Appeals
# of the State of Georgia

ATLANTA,    March 30, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1118.  HILL v. AMERICA'S WHOLESALE LENDER et al.**

This Court docketed the present case on February 18, 2015.  As a result, Appellant Janet Hill was required to file an appellant's brief and enumerations of error in this Court not later than March 10, 2015.  See OCGA § 5-6-40; Court of Appeals Rules 22 (a), 23 (a).  No such filings have been made as of the date of this order, nor has any extension of time been requested or granted.  Accordingly, it is hereby ORDERED that this appeal is hereby DISMISSED.  See Rules 13, 23 (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*    03/30/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_    *, Clerk.*