# EXHIBIT 5

Query   Reports   Utilities   Help   Log Out

4months,CLOSED,TRO

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:14-cv-00882-TWT

Hill v. America's Wholesale Lender et al
Assigned to: Judge Thomas W. Thrash, Jr
Cause: 28:1332 Diversity - Foreclosure

Date Filed: 03/27/2014
Date Terminated: 04/29/2014
Jury Demand: Plaintiff
Nature of Suit: 290 Real Property: Other
Jurisdiction: Federal Question

**Plaintiff**

**Janet Hill**                          represented by **Janet Hill**
                                                        543 Auburn Ave
                                                        Atlanta, GA 30312
                                                        PRO SE

V.

**Defendant**

**America's Wholesale Lender**

**Defendant**

**The Bank of New York Mellon**
*as Trustee for the Certificate Holders of
CWALT, Inc., alternative Loan Trust 2005-
58, Mortgage Pass-Through Certificates,
Series 2005-58
formerly known as*
The Bank of New York

**Defendant**

**Mortgage Electronic Registration Systems, Inc.**

**Defendant**

**Bayview Loan Servicing, LLC**

**Defendant**

**Shuping, Morse & Ross, LLP**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/27/2014 | 1 | VERIFIED COMPLAINT, Improper Foreclosure, Injunctive Relief, Punitive Damages with Jury Demand filed by Janet Hill. (Filing fee $400 receipt number 63637) (Attachments: # 1 Civil Cover Sheet)(dr) Please visit our website at http://www.gand.uscourts.gov/forms to |

| | | |
|---|---|---|
| | | obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 03/28/2014) |
| 03/27/2014 | 2 | Summons Issued as to Bayview Loan Servicing, LLC, Shuping, Morse & Ross, LLP. (dr) (Entered: 03/28/2014) |
| 03/27/2014 | 3 | ORDER denying 1 Complaint, construed as a Motion for Temporary Restraining Order. Signed by Judge Amy Totenberg on 3/27/14. (dr) (Entered: 03/28/2014) |
| 03/28/2014 | | Clerks Certificate of Mailing as to Janet Hill re 3 Order. (dr) (Entered: 03/28/2014) |
| 03/28/2014 | 4 | Summons Issued as to America's Wholesale Lender, Mortgage Electronic Registration Systems, Inc., The Bank of New York Mellon. (dr) (Entered: 03/28/2014) |
| 04/28/2014 | 5 | Voluntary Dismissal pursuant to FRCP 41.a.1.i by Janet Hill without prejudice. (Docketed per CRD) (bdb) (Entered: 04/29/2014) |
| 04/29/2014 | 6 | Clerk's Entry of Dismissal APPROVING 5 Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P.41(a)(1)(i) without prejudice. (bdb) (Entered: 04/29/2014) |
| 04/29/2014 | | Civil Case Terminated. (bdb) (Entered: 04/29/2014) |
| 04/29/2014 | | Clerk's Certificate of Mailing as to Janet Hill re 6 Clerks Entry of Dismissal. (bdb) (Entered: 04/30/2014) |

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 27 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

**JANET HILL**

Plaintiff,

CASE NO.

**1:14-CV-0882**

**VERIFIED COMPLAINT,
IMPROPER FORECLOSURE,
INJUNCTIVE RELIEF,
PUNITIVE DAMAGES,
JURY TRIAL DEMAND**

vs.

**AMERICA'S WHOLESALE LENDER,
THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATE-
HOLDERS OF CWALT, INC.,
ALTERNATIVE LOAN TRUST 2005-58,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-58, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., BAYVIEW
LOAN SERVICING, LLC AND SHUPING, MORSE
& ROSS, LLP**

Defendants,

**VERIFIED COMPLAINT, IMPROPER FORECLOSURE,
INJUNCTIVE RELIEF, PUNITIVE DAMAGES,
JURY TRIAL DEMAND**

## APPLICABLE LAW

The following Applicable Statues are set forth in this petition for Injunctive Relief as Mandatory Authority; Article 3 section 603 of the UCC, O.C.GA. 44-14-161, O.C.G.A. 44-14-162. 1, O.C.G.A. 44-14-162.2, O.C.G.A. 44-14-162 and O.C.G.A.44-14-162.

Comes now Janet Hill the "Plaintiff" in this matter petitions this court and hereby files "VERIFIED COMPLAINT, IMPROPER FORECLOSURE, INJUNCTIVE RELIEF, PUNITIVE DAMAGES, JURY TRIAL DEMAND" against America's Wholesale Lender, The Bank Of New York Mellon FKA The Bank Of New York, As Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, Mortgage Electronic Registration Systems, Inc., Bayview Loan Servicing, LLC and Shuping, Morse & Ross, LLP Defendants. Plaintiff seek Injunctive Relief to stop an improper foreclosure sale scheduled to take place on April 1, 2014. Defendants' actions will bring irrevocable harm to Plaintiff' property commonly known as 543 Auburn Avenue, Atlanta, Ga. 30312 by Non-Judicial Foreclosure and Notice Of Sale Under Power. Injunctive Relief with urgency is necessary to protect Plaintiff' equity interest stake and prevent an unenforceable foreclosure sale. Plaintiff property is in danger of being foreclosed upon.

*Mahan v. Watkins, 256 App. 260, 568 SE2d 130 (2002).*
*"In general, only superior court may order the party to perform or abstain from conduct outside of court as that would be ordering an injunction or specific performance."*

## JURISDICTION

Plaintiff bring this complaint under the Jurisdiction of this court because this matter involves improper foreclosure violations further involving unenforceable equity security interest against the foreclosure laws governed by the state of Georgia seeking Injunctive Relief protection which is the proper Jurisdiction suited in this court. Plaintiff has subject matter jurisdiction is proper as the Northern District Court Of Georgia Atlanta Division has jurisdiction over all causes, both civil and criminal, granted by the Constitution and laws of this State of Georgia Const. art VI, § 4, ¶ I; O.C.G.A. § 15-6-8 and O.C.G.A. § 9-4-2.
**Pursuant to O.C.G.A 44-14-162 et. seq., O.C.G.A 9-11-65, O.C.G.A. 23-2-114.**

## PARTIES

Janet Hill is a victim of an improper foreclosure scheduled to take place on April 1, 2014. Janet Hill who is identified as the "Plaintiff" in this matter. Janet Hill resides in the state of Georgia with the address verified as 543 Auburn Ave. Atlanta, GA. 30312.

Bayview Loan Servicing, LLC, has been identified and named as a "Defendant" in this matter specifically related to this matter because they seek to enforce a foreclosure sale without being a Holder In Due Course. Currently not registered to do business in the state of Georgia. Bayview Loan Servicing, LLC whose principal place of business is located at 4425 Ponce De Leon Blvd, 4th Floor, Coral Gables, Florida 33146.

The Bank Of New York Mellon FKA The Bank Of New York, As Trustee For The Certificateholders Of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58, AKA "BONY"whose principal place of business located at 101 Barclay St., New York, NY 10286.

Mortgage Electronic Registration Systems, Inc Collectively known as MERS, A/K/A MERS, Inc who has been identified as a defendant in this matter because they never held beneficiary interest in the promissory note to transfer regarding the transfer and assignment of Deed to secure Debt. Their corporate address is verified as P.O.Box 2026, Flint, MI. 48501-2026.

America's Wholesale Lender, is a fictitious foreign corporation, allegedly organized and existing under the laws of New York, whose principal place of business is located at P.O. Box 66094, Dallas, TX. 75266-0694.

Shuping, Morse & Ross, LLP is a domestic limited liability partnership, organized and existing under the laws of Georgia, whose principal place of business is located at 6259 Riverdale Road, Suite 100, Riverdale, GA.30274-1614.

## IMPROPER FORECLOSURE, INJUNCTIVE RELIEF,

1. Defendant Bayview Loan Servicing, LLC seeks to foreclose on the property commonly known as 543 Auburn Avenue, Atlanta, GA. 30312.
Defendant Bayview Loan Servicing, LLC is not a Holder In Due Course.
**U.C.C. 3-302. HOLDER IN DUE COURSE. (a) Subject to subsection (c) and Section 3-106(d), "holder in due course".**

2. Defendant Mortgage Electronic Registration Systems, Inc acted as nominee for the original lender "America's Wholesale Lender" who had no authority in the actions of Transfer And Assignment Of Deed To Secure Debt, Deed Book 41205 Page 241, dated on October 6, 2005 and filed for record October 25, 2005 with deed book 41205 page 241 filed and recorded in Fulton County. Defendant Mortgage Electronic Registration Systems, Inc did not hold beneficiary interest in the promissory note and therefore did not have any authority to transfer it to Defendant "BONY"

**Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 624 (Mo. Ct. App. 2009).**

3. When Defendant Mortgage Electronic Registration Systems, Inc transferred the Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399 executed on June 1, 2011, filed and recorded in Fulton County Records, acting as nominee on behalf of America's Wholesale Lender and MERS, Inc., it was improper because America's Wholesale Lender was not in existence on the executed date of June 1, 2011 which was filed and recorded in Fulton County Records. Further, the Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399 executed on June 1, 2011 filed and recorded in Fulton County Records which reflects the transfer of the Deed to Secure Debt (or Security Deed) **only**. There is no mention of the Note being transferred as well. Superficially, Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399.

**See Bankr. N.D. Ga. 1994 (foreclosure was null and void where the entity foreclosing did not have an actual assignment of the note and security deed).**

4. More relevant, when Defendant Mortgage Electronic Registration Systems, Inc transferred the Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399 filed and recorded in Fulton County Records, acting as nominee on behalf of "BONY" to Defendant Bayview Loan Servicing, LLC .
SEC File Number: 333-135846-04 Accession Number: 950136-06-8300. Servicer Name For Payments: Bayview Loan Servicing, LLC. (Master Servicer).
Instructions For How Servicer Is Paid: The master servicer will be paid a monthly fee (referred to as the master servicing fee) with respect to each mortgage loan equal to one-twelfth of the stated principal balance of that mortgage loan multiplied by 0.50% per annum (referred to as the servicing fee rate). The master servicer is also entitled to receive additional servicing

compensation from amounts in respect of interest paid on certain principal prepayments, late payment fees, assumption fees and other similar charges (excluding prepayment charges) and investment income earned on amounts on deposit in certain of the issuing entity's accounts. These amounts will be paid to the master servicer from collections on the mortgage loans prior to any distributions on the certificates.

How Much Is Servicer Paid: The master servicer will be paid a monthly fee (referred to as the master servicing fee) with respect to each mortgage loan equal to one-twelfth of the stated principal balance of that mortgage loan multiplied by 0.50% per annum (referred to as the servicing fee rate). The master servicer is also entitled to receive additional servicing compensation from amounts in respect of interest paid on certain principal prepayments, late payment fees, assumption fees and other similar charges (excluding prepayment charges) and investment income earned on amounts on deposit in certain of the issuing entity's accounts. These amounts will be paid to the master servicer from collections on the mortgage loans prior to any distributions on the certificates.

**Refer to *Weston v. Towson*, No. 5:04-CV-416, 2006 WL 2246206, at \*6 (M.D. Ga. Aug. 4, 2006).**

**VIOLATIONS OF REAL ESTATE MORTGAGE INVESTMENT CONDUIT "REMIC" PURSUANT TO I.R.C §860A-G .**

5. Defendant Bayview Loan Servicing, LLC and Defendant "BONY who is acting as the servicer is an improper secured creditor and does not hold enforceable equity security interest to enforce foreclosure on April 1, 2014.

**Pursuant to Georgia Code O.C.G.A 44-14-162 et. seq. and O.C.G.A 9-11-65.**

Georgia Foreclosure Laws require that foreclosures must be conducted by the Current Owner or Holder of the Mortgage and Reflected in Public Records that must show their identity as a Secured Creditor included in Advertisement along with being in Court Records.

The Security Instrument or Assignment for the Secured Creditor holding Title must be filed prior to the time of the Foreclosure Sale in the County where the property is located which is Fulton County of Atlanta, GA.

**PUNITIVE DAMAGES**
**COUNT 1.**
Defendant Bayview Loan Servicing, LLC and Defendant "BONY" who is acting as the servicer, is not the secured creditor to foreclose.
**Pursuant to O.C.G.A 44-14-162 et. seq., O.C.G.A 9-11-65, O.C.G.A. 23-2-114.**

**U.C.C. 3-302. HOLDER IN DUE COURSE. (a) Subject to subsection (c) and Section 3-106(d), "holder in due course".**
**COUNT 2.**
Defendant Mortgage Electronic Registration Systems, Inc did not hold beneficiary interest in the promissory note and therefore did not have any authority to transfer it to Defendant "BONY".

*Refer to Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619, 624 (Mo. Ct. App. 2009) "MERS never held the promissory note, thus its assignment of the deed of trust to Ocwen separate from the note had no force."*

**COUNT 3.**
Defendant Mortgage Electronic Registration Systems, Inc transferred the Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399 executed and, filed and recorded in Fulton County.
**Bankr. N.D. Ga. 1994 (foreclosure was null and void where the entity foreclosing did not have an actual assignment of the note and security deed).**

**COUNT 4.**
When Defendant Mortgage Electronic Registration Systems, Inc transferred the Transfer And Assignment Of Deed To Secure Debt, Deed Book 50135 Page 399 filed and recorded in Fulton County Records, acting as nominee on behalf of America's Wholesale Lender to Defendant "BONY" the transfer was improper because the cut off date to transfer into this Trust was closed.

**Refer to *Weston v. Towson*, No. 5:04-CV-416, 2006 WL 2246206, at *6 (M.D. Ga. Aug. 4, 2006).**
**VIOLATIONS OF REAL ESTATE MORTGAGE INVESTMENT CONDUIT "REMIC" PURSUANT TO I.R.C §860A-G .**
**COUNT 5.**
Defendant Shuping, Morse and Ross, LLP improperly ran legal advertisement as the secured creditor and lender.
**Refer to Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963).**
**Pursuant to O.C.G.A 44-14-162 et. seq., O.C.G.A 9-11-65, O.C.G.A. 23-2-114.**

## MANDATORY AUTHORITY

28 U.S.C.A 1367, 28 U.S.C.A 1367(a), 28 U.S.C.A. 1367(e) (d), 11U.S.C.A. 362 (c), 12 U.S.C. 3752 (1), 12 U.S.C. 3755, 12 U.S.C. 3758(2) (A) (1), 12 U.S.C. 3758 (3) (A), Title 15 Fair Debt Collection Act, 28 U.S.C.A. 1201 (RESPA) Article 3 section 603 of the UCC.

1.

The Defendant's, should not be a bona fide purchaser at the foreclosure sale that is scheduled for the first Tuesday in April 2014 with notice of any adverse claim pursuant to 12 U.S.C. 3752(1).

2.

The Defendant's, did unlawfully violate Fair Debt Collections Act with Foreclosure Proceedings.

3.

The Defendant's did violate Article 3 section 306 of the Uniform Commercial Code Foreclosure Proceedings.

4.

The Defendant's did unlawfully violate O.C.G.A. 44-14-161.2 Foreclosure Proceedings conducted below true market value of the property owned by the Plaintiff.

5.

The Defendant's did unlawfully violate O.C.G.A. 44-14-162.2 foreclosure proceeding

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

1. Enjoin and issue **INSTANTER,** an emergency temporary restraining order preliminary and injunction against Defendant Bayview Loan Servicing, LLC , "BONY" and Shuping , Morse and Ross, LLP.

2. Enjoin and issue **INSTANTER** an Emergency Temporary Restraining Order, Preliminary and Interlocutory Injunction against Bayview Loan Servicing, LLC , "BONY" and Shuping , Morse and Ross, LLP with an illegal foreclosure;

3. Enjoin Bayview Loan Servicing , LLC , "BONY" and Shuping , Morse and Ross, LLP from collecting, foreclosing or attempting to collect any mortgage payments, interest , late fees, restricting , modifying mortgage contract in this instant case;

4. Enjoin and issue **INSTANTER ORDER** vacating and setting aside the foreclosure sale conducted by the Defendant Bayview Loan Servcing, LLC, "BONY" and Shuping , Morse and Ross, LLP;

**Signed,**

_____
**Janet Hill**
Plaintiff, (Pro Se)
543 Auburn Avenue
Atlanta, GA. 30312

## VERIFICATION

Personally appeared before me, the undersigned officer, duly sworn authorized and qualified to administer oaths, I Janet Hill who after being duly sworn deposes and states on oath that the information within the foregoing MOTION is true and correct to the best of my knowledge, information and belief.

_____
Janet Hill
(Pro Se)
543 Auburn Ave
Atlanta, GA. 30312


## CERTIFICATE OF SERVICE

This is to certify that I Janet Hill, have this day served on the following party of record with a copy of the foregoing: VERIFIED COMPLAINT , IMPROPER FORECLOSURE, INJUNCTIVE RELIEF, PUNITIVE DAMAGES, JURY TRIAL DEMAND, by depositing in the United States Mail a copy of the same in a properly addressed envelope with sufficient postage thereon to insure delivery as follows:

"Bank Of New York"
101 Barclay St.
New York, NY 10286

SHUPING , MORSE & ROSS, LLP
6259 RIVERDALE ROAD, SUITE 100
RIVERDALE, GA. 30274

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC
AKA MERS, INC
PO BOX 2026
FLINT , MI. 48501-2026

AMERICA'S WHOLESALE LENDER
PO BOX 66094
DALLAS , TX, 75266

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC
AKA MERS, INC
PO BOX 2026
FLINT, MI. 48501-2026

AMERICA'S WHOLESALE LENDER
PO BOX 66094
DALLAS, TX, 75266

BAYVIEW LOAN SERVICING, LLC
4425 PONCE DE LEON BLVD. 4th FLOOR
CORAL GABLES, FLORIDA 33146


I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS
TRUE AND CORRECT.
**Executed on this 27th day of March 2014**


**Signed**


_____
**Janet Hill**
**(Pro Se)**
**543 Auburn Ave.**
**Atlanta, GA. 30312**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,

    Plaintiff,

v.

AMERICA'S WHOLESALE LENDER, et al.,

    Defendants.

CIVIL ACTION NO.
1:14-CV-0882-TWT

## ORDER

Plaintiff filed her Complaint in this action on March 27, 2014, seeking immediate injunctive relief to prevent a foreclosure sale of her residential property scheduled for April 1, 2014. The Court construes Plaintiff's Complaint also as a Motion for Temporary Restraining Order ("TRO"). So construed, the Court **DENIES** Plaintiff's Motion.

### I. ALLEGATIONS IN THE COMPLAINT

Plaintiff's sole basis for supporting her request for injunctive relief is that Defendant Bayview Loan Servicing, LLC ("Bayview") "is not a Holder in Due Course" and has no authority to proceed with a scheduled foreclosure sale of her property. (Compl. ¶ 1, Doc. 1.) According to Plaintiff, her original lender was Defendant America's Wholesale Lender ("America's Wholesale").[1] (*Id.* ¶ 2.) To

---

[1] "America's Wholesale Lender" is apparently a "doing business as" (i.e. "trade" or "assumed") name for Countrywide Home Loans, Inc.

secure her home loan, she executed a security deed ("Security Deed") in favor of America's Wholesale. (*See id.*)[2] She then alleges that Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") acted as "nominee for the original lender" in transferring the Security Deed to The Bank of New York Mellon (BONY").[3] (*See id.* at 4-6.) She also alleges that MERS then assigned the Security Deed to Defendant Bayview. (*See id.* ¶ 4.) Plaintiff finally asserts that MERS "had no authority" to act on behalf of America's Wholesale or BONY because it did not have a "beneficiary interest in the promissory note." (*Id.* ¶ 2.) Accordingly, Plaintiff alleges that the assignments were invalid and Bayview is not the holder of the Security Deed. On this basis, she seeks to halt an impending foreclosure sale.

## II. DISCUSSION

Plaintiff Complaint fails to assert any allegations warranting the extraordinary relief of a temporary restraining order. Before a court will grant a motion for a TRO, the moving party must establish that: (1) "it has a substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the

---

[2] In September 2013, America's Wholesale along with other defendants removed an action Plaintiff filed in the Superior Court of Fulton County. *Hill v. America's Wholesale Lender, et al.*, No. 1:13-cv-3159-TWT (the "3159 Action"). Attached to her complaint in that case is a copy of the Security Deed she references here. *Id.* (Compl. Ex. C, Doc. 1-1 at 19-32).
[3] The assignment Plaintiff references in her Complaint is also attached to her complaint filed in the 3159 Action. 3159 Action (Compl. Ex. D, Doc. 1-1 at 33-35).

2

public interest." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006). "The likelihood of success on the merits is generally considered the most important of the four factors." *Jangsoo Indus. Co. v. Jangsoo Furniture Land, Inc.*, No. 1:10-cv-1225, 2011 U.S. Dist. LEXIS 14219, at *6 (N.D. Ga. Feb. 11, 2011) (Batten, J.) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

Plaintiff's claim, as currently pled, is meritless. Under Georgia law, because Plaintiff was not a party to the assignments, she lacks standing to affirmatively challenge them. *Montgomery v. Bank of America*, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013), *cert denied*, No. S13C1177 (Ga. Sept. 9, 2013); *accord Edward v. BAC Home Loans Servicing, L.P.*, -- F. App'x --, No. 12-15487, 2013 WL 4400102, at *2 (11th Cir. Aug. 16, 2013). And to the extent her arguments rests on the allegation that Bayview, although the holder of the Security Deed, is not the holder of her promissory note and thus has no authority to foreclose, this argument has been firmly rejected by the Georgia Supreme Court. *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

As Plaintiff has no chance of success on her claims as currently pled, Plaintiff's Complaint, construed as a Motion for Temporary Restraining Order, is **DENIED**.

**IT IS SO ORDERED** this 27th day of March, 2014.

*/s/ Amy Totenberg*
**Amy Totenberg**
**United States District Judge**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 28 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA (ATLANTA)

JANET HILL,

    Plaintiff,

vs.

AMERICA'S WHOLESALE LENDER

AND

THE BANK OF NEW YORK MELLON

AND

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

AND

BAYVIEW LOAN SERVICING LLC,

AND

SHUPING, MORSE & ROSS, LLP

    Defendant

Case No.: 14-cv-00882-TWT

PLAINTIFF'S MOTION TO DISMISS

WITHOUT PREJUDICE

Pursuant to this Court Rules, Plaintiff hereby moves the Court to dismiss Plaintiff's Complaint without prejudice. Plaintiff has a Chapter 13 pending in the Northern District of Georgia and believes she can get the justice she is seeking via the Bankruptcy Court.

_____
JANET HILL

[PLEADING TITLE] - 1