EXHIBIT 6

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

4months,CLOSED,TRO

## U.S. District Court
## Northern District of Georgia (Atlanta)
## CIVIL DOCKET FOR CASE #: 1:14-cv-01577-TWT

Hill v. The Bank of New York Mellon et al
Assigned to: Judge Thomas W. Thrash, Jr
Case in other court:  USCA- 11th Circuit, 14-14055-FF
Cause: 28:1332 Diversity-Petition to Quiet Title

Date Filed: 05/23/2014
Date Terminated: 04/08/2015
Jury Demand: Plaintiff
Nature of Suit: 290 Real Property: Other
Jurisdiction: Federal Question

**Plaintiff**

**Janet Hill**                                        represented by   **Janet Hill**
                                                                       543 Auburn Ave
                                                                       Atlanta, GA 30312
                                                                       404-861-6036
                                                                       PRO SE

V.

**Defendant**

**The Bank of New York Mellon**                      represented by   **Jarrod Sean Mendel**
*as Trustee for the Certificateholders of*                            McGuire Woods LLP-GA
*Cwalt, Inc. alternative Loan Trust 2005-58*                          1230 Peachtree Street, N.E.
*Mortgage Pass-Through Certificate Series*                            Promenade, Suite 2100
*2005-58*                                                             Atlanta, GA 30309-3534
*TERMINATED: 08/06/2014*                                              404-443-5713
*formerly known as*                                                   Fax: 404-443-5687
The Bank of New York                                                  Email: jmendel@mcguirewoods.com
*TERMINATED: 08/06/2014*                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Peetz**
*President of Bank of New York Mellon*

**Defendant**

**Curtis Y. Arledge**
*Vice Chairman and CEO Bank of New York*
*Mellon*

**Defendant**

**Thomas P. Gibbons**
*Vice Chairman and Financial Officer Bank*
*of New York Mellon*

**Defendant**

**America's Wholesale Lender**                       represented by   **Jarrod Sean Mendel**

*TERMINATED: 08/06/2014*                          (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Mortgage Electronic Registration System**          represented by **Jarrod Sean Mendel**
**Inc.**                                             (See above for address)
*(MERS)*                                             *ATTORNEY TO BE NOTICED*
*TERMINATED: 08/06/2014*

**Defendant**

**Debbie Nieblas**
*Assistan Secretary Mortgage Electronic
Registration System Inc.*

**Defendant**

**Shuping, Morse & Ross, LLP**
*6259 Riverdale Road, Suite 100 Riverdale,
GA 30274*

**Defendant**

**Carlton H. Morse, Jr.**
*6259 Riverdale Road, Riverdale, GA 30274*

**Defendant**

**S. Andrew Shuping, Jr**

**Defendant**

**Bayview Loan Servicing**                          represented by **Jarrod Sean Mendel**
*TERMINATED: 08/06/2014*                             (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**CWMBS, Inc.**

**Defendant**

**BAC Home Loans Servicing LP**                     represented by **Jarrod Sean Mendel**
*TERMINATED: 08/06/2014*                             (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Countrywide Home Loans Servicing, LP**            represented by **Jarrod Sean Mendel**
*TERMINATED: 08/06/2014*                             (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Bankers Specialty Insurance Company**
*Individually and on behalf of alternative
Loan Trust 2005-73C, 2005-J13, 2006-CB,
2006-8T1, 2007-21CB, CWABS Asset
Backed Certificates of Trust 2005-11, 2005-
12, 2005-13, 2005-16, 2006,11 and CWMBS*

*Mortgage Pass Through Trust 2005-21 and 2005-58*

**Defendant**

**Bankers Life Insurance Company**

**Defendant**

**Dennis L. Bell**
*President of America's Wholesale Lender*

**Defendant**

**Cathelene Tina Robinson**                         represented by  **Diana L. Freeman**
*Fulton County Clerk of Court, 136 Pryor*                           City of Atlanta Law Department
*Street, Atlanta, GA 30303*                                        Suite 5000
*TERMINATED: 08/06/2014*                                           55 Trinity Avenue, S.W.
                                                                   Atlanta, GA 30303-3520
                                                                   404-546-4160
                                                                   Email: dlfreeman@atlantaga.gov
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Brian P. Kemp**                                    represented by  **Daniel John Strowe**
*Georgia, Secretary of State, 2 MLK Jr*                             State of Georgia Law Department
*Drive, Suite 313, Floyd West Tower, Atlanta,*                      40 Capitol Square, S.W.
*GA 30334*                                                          Atlanta, GA 30334
*TERMINATED: 08/06/2014*                                            404-656-3338
                                                                   Email: dstrowe@jekyllisland.com
                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**Governor Nathan Deal**                             represented by  **Daniel John Strowe**
*TERMINATED: 08/06/2014*                                            (See above for address)
                                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2014 | 1 | COMPLAINT for Quiet Title and Declaratory and Injunctive Relief with Jury Demand filed by Janet Hill. (Filing fee $400 receipt number 65104) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Civil Cover Sheet)(dr) Please visit our website at http://www.gand.uscourts.gov/forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 05/23/2014) |
| 05/23/2014 | 2 | Summons Issued as to America's Wholesale Lender, Curtis Y. Arledge, Bayview Loan Servicing, Thomas P. Gibbons, Brian P. Kemp, Carlton H. Morse, Jr, Mortgage Electronic Registration System Inc., Debbie Nieblas, Karen Peetz, Cathelene Tina Robinson, S. Andrew Shuping, Jr, Shuping, Morse & Ross, LLP, The Bank of New York Mellon. (dr) (Entered: 05/23/2014) |
| 05/27/2014 | 3 | ORDER denying 1 Motion for a Temporary Restraining Order filed by Janet Hill. Signed by Judge Thomas W. Thrash, Jr on 5/27/14. (dr) (Entered: 05/27/2014) |
| 05/27/2014 | | Clerks Certificate of Mailing as to Janet Hill re 3 Order. (dr) (Entered: 05/27/2014) |

8/30/2021                          CM/ECF-GA Northern District Court

| 05/30/2014 | 4 | Return of Service Executed by Janet Hill. Shuping, Morse & Ross, LLP served on 5/27/2014, answer due 6/17/2014. (dr) (Entered: 06/03/2014) |
| 06/03/2014 | 5 | Summons Issued as to BAC Home Loans Servicing LP, Bankers Specialty Insurance Company, Dennis L. Bell, CWMBS, Inc., Countrywide Home Loans Servicing, LP. (dr) (Entered: 06/04/2014) |
| 06/05/2014 | 6 | Summons Issued as to Nathan Deal. (dr) (Entered: 06/06/2014) |
| 06/13/2014 | 7 | Return of Service Executed by Janet Hill. America's Wholesale Lender served on 6/6/2014, answer due 6/27/2014; Bayview Loan Servicing served on 6/13/2014, answer due 7/7/2014; Countrywide Home Loans Servicing, LP served on 6/13/2014, answer due 7/7/2014; Brian P. Kemp served on 5/30/2014, answer due 6/20/2014; Carlton H. Morse, Jr served on 6/13/2014, answer due 7/7/2014; Mortgage Electronic Registration System Inc. served on 6/13/2014, answer due 7/7/2014; Debbie Nieblas served on 5/30/2014, answer due 6/20/2014; Cathelene Tina Robinson served on 6/13/2014, answer due 7/7/2014; S. Andrew Shuping, Jr served on 6/13/2014, answer due 7/7/2014; The Bank of New York Mellon served on 6/13/2014, answer due 7/7/2014. (dr) (Entered: 06/16/2014) |
| 06/17/2014 | 8 | Return of Service Executed by Janet Hill. Curtis Y. Arledge served on 6/13/2014, answer due 7/7/2014; BAC Home Loans Servicing LP served on 6/16/2014, answer due 7/7/2014; Bankers Specialty Insurance Company served on 6/16/2014, answer due 7/7/2014; Dennis L. Bell served on 6/13/2014, answer due 7/7/2014; CWMBS, Inc. served on 6/13/2014, answer due 7/7/2014; Nathan Deal served on 6/13/2014, answer due 7/7/2014; Thomas P. Gibbons served on 6/13/2014, answer due 7/7/2014; Karen Peetz served on 6/13/2014, answer due 7/7/2014. (dr) (Entered: 06/18/2014) |
| 06/20/2014 | 9 | Limited Appearance and MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , with Brief In Support by Nathan Deal, Brian P. Kemp. (Strowe, Daniel) Modified duplicative text on 6/23/2014 (dr). (Entered: 06/20/2014) |
| 06/23/2014 | 10 | MOTION to Dismiss , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by America's Wholesale Lender, BAC Home Loans Servicing LP, Bayview Loan Servicing, Countrywide Home Loans Servicing, LP, Mortgage Electronic Registration System Inc., The Bank of New York Mellon. (Attachments: # 1 Brief Memorandum in Support of Motion to Dismiss)(Mendel, Jarrod) (Entered: 06/23/2014) |
| 06/24/2014 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM with Brief In Support by Cathelene Tina Robinson. (Attachments: # 1 Brief)(Freeman, Diana) (Entered: 06/24/2014) |
| 07/17/2014 |  | Submission of 9 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, 10 MOTION to Dismiss, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , submitted to District Judge Thomas W. Thrash. (dr) (Entered: 07/17/2014) |
| 08/06/2014 | 12 | ORDER granting 9 Motion to Dismiss for Failure to State a Claim, granting 10 Motion to Dismiss for Failure to State a Claim, granting 11 Motion to Dismiss for Failure to State a Claim; terminating Bayview Loan Servicing, Countrywide Home Loans Servicing, LP, Nathan Deal, Brian P. Kemp, Mortgage Electronic Registration System Inc., Cathelene Tina Robinson, The Bank of New York Mellon, America's Wholesale Lender and BAC Home Loans Servicing LP. Signed by Judge Thomas W. Thrash, Jr on 8/6/14. (dr) (Entered: 08/07/2014) |
| 08/07/2014 |  | Clerks Certificate of Mailing as to Janet Hill re 12 Order. (dr) (Entered: 08/07/2014) |
| 09/03/2014 | 13 | NOTICE OF APPEAL as to 12 Order on Motion to Dismiss for Failure to State a Claim by Janet Hill. Filing fee $ 505.00, receipt number GAN100067570. Transcript Order Form |

| | | due on 9/17/2014. (Attachments: # 1 USCA Appeal Fees, # 2 NOA Transmittal Letter) (pjm) (Entered: 09/03/2014) |
|---|---|---|
| 09/03/2014 | 14 | TRANSCRIPT ORDER FORM (No Hrgs) re: 13 Notice of Appeal. FRAP 11 Certification due on 9/17/2014. (pjm) (Entered: 09/03/2014) |
| 09/09/2014 | 15 | Transmission of Certified Copy of Notice of Appeal, USCA Appeal Fees, Order and Docket Sheet to US Court of Appeals re: 13 Notice of Appeal. (pjm) (Entered: 09/09/2014) |
| 09/11/2014 | 16 | USCA Acknowledgment of 13 Notice of Appeal, filed by Janet Hill. Case Appealed to USCA- 11th Circuit. Case Number 14-14055-FF. (pjm) (Entered: 09/11/2014) |
| 09/11/2014 | | Pursuant to F.R.A.P.11(c), the Clerk certifies that the record is complete for purposes of this appeal, 13 Notice of Appeal. Case Appealed to USCA- 11th Circuit. Case Number 14-14055-FF. The entire record on appeal is available electronically. (pjm) (Entered: 09/11/2014) |
| 10/29/2014 | 17 | ENTRY OF DISMISSAL of USCA DISMISSING 13 Notice of Appeal, filed by Janet Hill for want of prosecution because the Appellant failed to file and appendix within the time fixed by the rules. Case Appealed to USCA- 11th Circuit. Case Number 14-14055-FF. (pjm) (Entered: 10/29/2014) |
| 04/08/2015 | 18 | ORDER that the complaint is DISMISSED pursuant to Local Rule 41.3A(3). Signed by Judge Thomas W. Thrash, Jr on 4/7/15. (dr) (Entered: 04/08/2015) |
| 04/08/2015 | 19 | CLERK'S JUDGMENT dismissing case. (dr)--Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist-- (Entered: 04/08/2015) |
| 04/08/2015 | | Clerks Certificate of Mailing as to Janet Hill re 18 Order to Dismiss, 19 Clerk's Judgment. (dr) (Entered: 04/08/2015) |
| 04/08/2015 | | Civil Case Terminated. (dr) (Entered: 04/08/2015) |

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ATLANTA

JANET HILL,

      Plaintiff,

vs.

THE BANK OF NEW YORK MELLON FKA THE

BANK OF NEW YORK AS TRUSTEE FOR THE,

CERTIFICATEHOLDERS OF CWALT, INC

ALTERNATIVE LOAN TRUST 2005-58

MORTGAGE PASS-THROUGH CERTIFICATE

SERIES 2005-58

AND

KAREN PEETZ, PRESIDENT OF BANK OF

NEW YORK MELLON

AND

CURTIS Y. ARLEDGE, VICE CHAIRMAN AND

CEO BANK OF NEW YORK MELLON

AND

THOMAS P. GIBBONS, VICE CHAIRMAN AND

FINANCIAL OFFICER BANK OF NEW YORK

MELLON

AND

AMERICA'S WHOLESALE LENDER

Case No.:

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 3 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk



1: 14-CV-1577

## COMPLAINT FOR QUIET TITLE AND
## DECLARATORY AND INJUNCTIVE RELIEF

1 | AND

2 | MORTGAGE ELECTRONIC REGISTRATION

3 | SYSTEM INC (MERS)

4 | AND

5 | DEBBIE NIEBLAS, ASSISTANT SECRETARY

6 | MORTGAGE ELECTRONIC REGISTRATION

7 | SYSTEMS INC

8 | AND

9 | SHUPING, MORSE & ROSS, LLP

10 | 6259  RIVERDALE ROAD, SUITE 100

11 | RIVERDALE, GA 30274

12 | AND

13 | CARLTON H. MORSE JR.

14 | 6259 RIVERDALE ROAD

15 | RIVERDALE, GA 30274

16 | AND

17 | S. ANDREW SHUPING JR.

18 | AND

19 | BAYVIEW LOAN SERVICING

20 | AND

21 | CWMBS, INC.

22 | AND

23 | BAC HOME LOANS SERVICING LP

24 | AND

25 |

26 | 
COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

1
2
COUNTRYWIDE HOME LOANS
SERVICING, LP

3
AND

4
5
6
7
8
9
10
BANKERS SPECIALTY INSURANCE
COMPANY INDIVIDUALLY AND ON
BEHALF OF ALTERNATIVE LOAN
TRUST 2005-73CB, 2005-J13, 2006-CB,
2006-8T1, 2007-21CB, CWABS ASSET-
BACKED CERTIFICATES OF TRUST
2005-11, 2005-12, 2005-13, 2006,
11, AND CWMBS MORTGAGE PASS
THROUGH TRUST 2005-21 AND 2005-
58

11
AND

12
BANKERS LIFE INSURANCE

13
COMPANY

14
AND

15
DENNIS L. BELL, PRESIDENT OF

16
AMERICA'S WHOLESALE LENDER

17
AND

18
19
FULTON COUNTY CLERK OF COURT

20
CATHELENE TINA ROBINSON'S 136

21
PRYOR STREET ATLANTA, GA 30303

22
AND

23
BRIAN P. KEMP

24
GEORGIA, SECRETARY OF STATE

25

26

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

1   2 MLK JR DRIVE SUITE 313 FLOYD

2   WEST TOWER

3   ATLANTA, GA 30334

4   AND

5   GOVERNOR NATHAN DEAL

6

7                    Defendants

### COMPLAINT FOR QUIET TITLE AND
### DECLARATORY AND INJUNCTIVE RELIEF

8

9   _"What idiots, what kind of idiots are running SHUPING, MORSE & ROSS, LLP
10  and who are they?  They violated the Fair Debt Collection Practices Act by stating
    that they are SHUPING, MORSE & ROSS, LLP, but listed as BROCK & SCOTT.
11  They are not listed with The Georgia Sectary of State Office, but are Debt Collectors
    in the state of Georgia.
12

13  Plaintiff, Janet Hill, pro se and for her Complaint make the following allegations

14  upon information and belief based upon all of the facts set forth herein which were

15  obtained through an investigation made by an through Plaintiff, The Securities and
16
17  Exchange Commission.  This action arises from Defendants' misrepresentation and

18  deliberate concealment of material facts concerning America's Wholesale Lender

19  and Countrywide's mortgage underwriting practices, quality of its loan to Plaintiff.

20  Plaintiff relied upon Defendants' materially misleading statements in purchasing
21
22  her loan from America's Wholesale Lender.  Plaintiff's investigation has included,

23  among other things a review of filings by Defendants with the United States

24  Securities and Exchange Commission ("SEC"), press releases and other Federal

25  Court Cases issued by Defendants and other sources set forth below.  Plaintiff
26
### COMPLAINT FOR QUIET TITLE AND
### DECLARATORY AND INJUNCTIVE RELIEF

believe that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**DEFENDANTS PURSUED A RECKLESS STRATEGY TO INCREASE THE**

**THE COMPANY'S MARKET SHARE AND TO EARN ELEVATED FEES**

## I.    NATURE OF THE ACTION

1. Plaintiff bring this Quite Title Action, pursuant to the Federal Civil False Claims Act, 31 U.S.C. § 3729 (the "FCA"), Plaintiff seeks to recover, damages and civil penalties arising for the sale by Defendants of MBS, and other forms of asset-backed securities using funds provided by the United States ("U.S.") government.  Plaintiff conducted her own investigations in furtherance of a False Claims Act qui tam action and found that the Defendants pursued and continue to pursue foreclosure actions against her using false and fabricated documents, particularly mortgage assignments.

2. Defendant's hands are dirty and they have no standing and are not the real party interest to the loan they are trying to foreclosure upon on June 02, 2014.

3. They have made false statement of fact in recorded loan documents (notes and deeds of trust) and this can be easily verified by looking at the documents subject to Plaintiffs Complaint.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

4. Each of the documents that have attachments including notes and deeds of trust falsely recite that "AMERICAS WHOLESALE LENDER" is a "CORPORATION" that is "ORAGANIZED AND EXISTING UNDER NEW YORK LAW." This is completely false and was designed to strip away any legal recourse on the Plaintiff's loan.

5. A fictitious business name has no authority to contract where its purpose is to defraud. As such, they have no interest in the loan at bar. In fact, it must be noted that they do not allege they are the legal owners of the loan that they are illegally trying to foreclosure on.

## II.   PARTIES, JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 31 U.S.C. § 3732 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

7. In connection with the acts, transactions, and conduct alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to the United States mails, and interstate telephone communications.

8. This Court has personal jurisdiction over the Defendants pursuant to subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) because

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Defendants transact the business that is the subject matter of this lawsuit in the District of Atlanta Georgia and numerous acts proscribed by 31 U.S.C. § 3729 occurred in the District of Georgia.

9. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants transact the business that is the subject matter of this lawsuit in the District of Georgia and numerous acts proscribed by 31 U.S.C. § 3729 occurred in the District of Georgia. Certain non-fraud related claims asserted herein arise under Sections 11, 12(s)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77k. 77(a)(2) and 77o.

10. Janet Hill, ("Plaintiff") is a Georgia resident residing at 543 Auburn Avenue Atlanta, GA 30312 ("subject property").

11. Defendant Secretary of State Brian Kemp is the Secretary of State for the State of Georgia.  He failed to check the status of America Wholesale Lenders and allowed them to continue to file false documents into the Georgia Courts.

12. Defendant Cathelene Tina Robinson, is the Clerk of Superior Court for the County of Fulton, were Plaintiff's property is located.  Defendant Robinson failed to check the status of America Wholesale Lenders, failed to protect the Plaintiff, and allowed America Wholesale Lenders, to file fraudulent document into the Superior Court without proper documentation, causing harm to Plaintiff.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

13. Defendant The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificate Holders of CWALT is a limited purpose national banking association, also known as a national trust company. Defendant in this matter, is a passive Real Estate Mortgage Investment Conduit ("REMIC") trust created for purpose of issuing mortgage-backed pass-through securities, known as certificates, REMIC TRUSTS ARE REQUIRED TO REMAIN PASSIVE IN ORDER TO COMPLY WITH TAX RULES GIVING THEM TAX-FREE STATUS. REMIC Trusts are a type of specially created, single-purpose vehicle ("SPV"). While the REMIC must be passive, bills must be sent and payments collected, and so a third party "master servicer" is brought in to manage the loans. The servicer collects payments on the loans and "passes through the proceeds to the certificate holders without the trust ever touching the funds. BONY's corporate headquarters is located at One Wall Street, New York, New York.

14. Defendant America's Wholesale Lender (hereinafter referred to as "Lender") is an inactive New York Corporation registered on or about December 16, 2008, with its principal place of business located at 875 Avenue of the Americas, Suite 105, New York, NY 10001.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

15. Defendant Dennis L. Bell ("Bell") is a resident of Kentucky and purports to be the president of AWLI.  Bell does business and conducts fraudulent activities in Georgia.

16. Defendant Cheri B. English is a resident of Kentucky and purports to be an Executive Vice President of America's Wholesale Lender.  English does business and conducts fraudulent activities in Georgia.

17. Jan Van Eck is a resident of Connecticut and purports to be a Vice President of AWLI.

18. Defendant BAC Home Loans Servicing, LP, is an Agent and subsidiary of the Defendant Bank of America and is a debt collector as defined by 15 U.S.C.§ 1692 and is a mortgage loan servicer with its principal place of business at 4500 Park Granada, in Calabasas, California 91302.

19. Defendant Bank of America ("BOA") is a banking corporation and Parent of BAC Home Loans Servicing, LP, with a principal office at 100 North Tryon Street, Charlotte, North Carolina.

20. Defendant Bank of New York-Mellon is a banking corporation, and purports to be the holder-in-due-course and Trustee for Certificate holders CWABS, Inc, Asset-Backed Securities #2005-58 and is a "debt collector" as defined by 15 U.S.C. § 1692 with a principal place of business at 101 Barclay St., New York New York 10286.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

21. Defendant Mortgage Electronic Registration Systems, Inc., MERSCORP (hereinafter referred to as "MERS") is a Delaware corporation with a principal place of business at 1818 Library Street, Reston, VA 20190 and does business in the State of Georgia.

22. Defendant Andrew Shuping, Jr., ("Attorney") is a "debt collector" as defined by 15 U.S.C. § 1692 whose principal address is 6259 Riverdale Road, Riverdale Georgia 30274

23. Defendant SHUPING, MORSE & ROSS is a "debt collector" Law firm as defined by the Fair Debt Collection Practices Act (FDCPA) and that their letter/Presentments of April and June 2014, mailed to Plaintiff's home violated the FDCPA whose principal address is 6259 Riverdale Road, Riverdale Georgia 30274.

24. Defendant Karen Peetz, serves as President of Bank of New York Mellon,

25. Curtis Y. Arledge, serves as Vice Chairman and CEO of Bank of New York Mellon.

26. Defendant Thomas P. Gibbons, Vice Chairman and Financial Officer of Bank of New York Mellon.

27. The amount in controversy exceeds $75,000.

28. This action is brought under the Federal False Claims Act, Quiet Title under Georgia laws.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

III.    GENERAL ALLEGATIONS

29. Plaintiff incorporate by reference all other paragraphs of this Complaint.

30. On or about October 06, 2005, Plaintiff took title to the subject property by warranty deed.

31. There is no evidence that America's Wholesale Lender endorsed the Note to anyone or that the Mortgage was properly assigned to the now purported holder-in-due-course the Bank of New York-Mellon.

32. If such assignment did occur, Plaintiff was never notified of it pursuant to Federal RESPA Law.

33. The alleged loan was nevertheless registered on the SEC as a Real Estate Mortgage Investment Conduit (REMIC) Trust and became a Special Purpose Vehicle (SPV) for the purpose of tax exemption.

34. REMICs are investment vehicles that hold commercial and residential mortgages in trust and issues securities representing an undivided interest in these mortgages.

35. Once the REMIC containing Plaintiff's Loan was formed, the loan was converted into a security owned by thousands of shareholders throughout the world and was traded on Wall Street.

36. At that point, the state of Plaintiff's loan changed and was converted forevermore into a stock.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

37. Once Plaintiff's loan was securitized and converted, it forever lost its security.

38. Since the loan was sold and securitized into stock, the lender can no longer claim that it is a real party in interest, or even that the loan stills exists as a loan, since double dipping is a form of securities fraud.

39. A negotiable instrument can only be in one of two states after undergoing securitization, not both at the same time.  It can either be a loan or a stock.

40. Once the instrument is traded as a stock, it is forever a stock and therefore regulated, as this loan was, by the SEC as a stock.

41. The subject Mortgage states that the Mortgage secures the Promissory Note.

42. The Promissory Note, by conversion into stock, was extinguished as a collateralized asset and therefore the Trust secures absolutely nothing and the Bank of New York-Mellon, not being the real party in interest, has not STANDING to foreclose on Plaintiff.

43. Since the Lender sole the loan to a REMIC, it forever lost the ability to enforce, control or otherwise foreclose on Plaintiff's property, including the right to assign the Mortgage or endorse the Note.  It was no longer the real party of interest.

44. If the Bank of New York-Mellon owned the Note, it would have to be taxed on the interest earned from the Note.  If the REMIC owned the Note it would have a tax liability.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

45. To avoid double taxation, under Internal Revenue Code 860, the loan was put into a SPV so that only the shareholders are taxed and therefore are the real parties in interest.

46. Because of IRS code 860, the Bank of New York-Mellon/Trustee is not the real and beneficial party in interest because the REMIC does not own the Note, the shareholders do.

47. By distributing the tax liabilities to the shareholders, the REMIC has also distributed the parties in interest.

48. Since a Promissory Note is only enforceable in its whole entirety and thousands of shareholders own the subject Note, no one of them can foreclose on Plaintiff's home.

49. The asset of the REMIC was registered and traded as a part of a security and as such cannot be traded out and is permanently attached and converted into stock preventing the Note from being assigned and securitized again and again which would create securities fraud.

50. Since Plaintiff's loan went into default, it was written off by the REMIC and received tax credits from the IRS, was therefore discharged, and settled destroying the Note forever.

51. After securitization, the Note cannot be re-attached to the Plaintiff Mortgage through adhesion.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

52. Under the UCC, the Promissory Note is a one-of-a-kind instrument and any assignment must be as a permanent fixture onto the original Note much like a check.

53. There is no endorsement on the original Note.

54. The Original Promissory Note has the only legally binding chain of title, otherwise the instrument is faulty.

55. The original Note had to be destroyed upon securitization because the Note and the Stock cannot exist at the same time.

56. All Defendants lack standing to enforce the Note.

57. Under the terms of the Pooling and Servicing Agreement of BAC Home Loans Servicing, LP the servicer can buy back the Note as a non-performing non-secured debt like collection agencies that buy non-performing credit card debts.

58. This purchase if of a discharged asset and cannot be re-adhered to the original Mortgage, since the original Note was a one-of-a-kind instrument, not part of the discharge asset.

59. Therefore the purchaser of the discharged asset can never be the holder-in-due-course of the original Note.

60. The numerous attempts by Defendants MERS, Bank of New York-Mellon and BAC to claim ownership of the original Note by the purchaser of the

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

discharged asset is FRAUDULENT and is characterized as "reverse engineering."

61. There is no perfection of title.

62. Plaintiff never executed a note naming MERS as a party, nor was Plaintiff ever notified or informed of a transfer of the note to MERS.

63. No evidence exist to support the claim that MERS is or was ever was the holder in due course of the Note at issue in this action.

64. MERS, listed on the Mortgage as the "nominee" or agent, and as the one-time purported holder of the Note, by and through its membership rules, was not empowered to act as an agent or nominee for its members, and was without specific written approval from both principals and lacked the mandate to effectuate mortgage-related assignments, transfers or appointments of any kind.

65. There is no evidence to suggest that during the relevant time periods contemplated in this Action, MERS was empowered by both principals to effectuate any mortgage-related assignment, transfer or appointment.

66. Plaintiff were never informed or notified of any transfer of the Note to Defendant Bank of New York-Mellon.

67. The Mortgage states that only the Lender can make an assignment.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

68. No evidence exists to support the claim that the Bank of New York-Mellon is the holder in due course of the Note at issue in this action.

69. Plaintiff's mortgage was flawed from the date of origination of the loan because America's Wholesale Lender did not really exist, was unregistered and unlicensed to conduct mortgage lending or any other type of business in the State of Georgia and has been and continues to knowingly, intentionally, illegally and fraudulently record mortgages and conduct business in Georgia on a large scale and systematic fashion. . MERS was named as the beneficiary and nominee of the lender of the Mortgage, which was done for the purposes of deception, fraud, confusing – and therefore harming – the Plaintiff, and theft of revenue from the local county government through the illegal avoidance of mortgage fees.  MERS is unregistered and unlicensed to conduct mortgage lending or any other type of business in the State of Georgia and has been and continues to knowingly, intentionally, illegally and fraudulently record mortgages and conduct business in Georgia on a large scale.

70. Neither MERS nor Bank of New York-Mellon is the original lender for the Plaintiff's subject Mortgage or Note herein.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

71. In 2014, MERS attempted to be a party in standing during a foreclosure action against Plaintiff and purported to make an assignment to the Defendant Trustee Bank of New York Mellon.  Exhibit "B".

72. Neither MERS nor Bank of New York-Mellon are legally documented assignees of either the Plaintiff's Mortgage or Note and do not hold the original Mortgage nor have they ever held the Plaintiff's Note.

73. No Note or other evidence exists which could ever make the Plaintiff indebted to MERS or Bank of New York-Mellon in any way.

74. Neither MERS nor Bank of New York-Mellon ever had nor will they ever have the authority to assign the Mortgage to any entity.

75. Neither MERS nor Bank of New York-Mellon ever had any right to collect on the Note or enforce the Mortgage, nor have they ever had a right to hold, enforce or collect upon Plaintiff's Note.

76. At the time Plaintiff signed the Note and Mortgage, he was unknowingly converting her property into an asset of a MBS and was deliberately induced into signing a Negotiable Instrument, which was never intended as such, but was intended as collateral for a MBS.

77. The alleged Note in question started its life as a negotiable instrument, similar to a check. The negotiation and enforceability of the Note is governed by Article Three (3) of the Uniform Commercial Code.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

78. Plaintiff's Note was unduly confusing and written in such a manner as to confuse Plaintiff and for the purpose of drawing Plaintiff into a default.

79. To help in the purchase and subsequent re-financing of the subject property, Plaintiff executed a promissory note ("Mortgage Note" or "Note") in favor of America's Wholesale Lender. (Exhibit "A"). In fact, the trademark/service mark "AMERICS WHOLESALE LENDER" only has meaning or significance as used in conjunction with Countrywide and its wholesale lending division. As such, the two (Countrywide and its trademark/service mark "Americas Wholesale Lender") are virtually intertwined and have no meaning apart from each other.

80. As security for the Note, Plaintiffs executed a mortgage agreement in favor of America's Wholesale Lenders as Lender and Mortgage Electronic Registration Systems, Inc (MERS) as mortgagee/nominee for Lender. See Exhibit (A).

81. On or about June 03, 2011, MERS executed an Assignment of Mortgage form assignor MERS acting as nominee to America's Wholesale Lender to assignee, Defendant The Bank of New York Mellon FKA The Bank of New York, as trustee for the Certificate holders of CWALT, Inc. (Exhibit 2). The assignment was executed in Los Angeles County California by Debbie Nieblas, Assistant Secretary for Mortgage Electronic Registration Systems, Inc.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

82. On or about April, 2014, The Bank of New York Mellon, began foreclosure by advertisement using the foreclosure firm SHUPING, MORSE & ROSS (Notices attached as (Exhibit 3). The home is due to be sold on June 02, 2014 by SHUPING, MORSE & ROSS.

83. Plaintiff's loan falsely state that: "Americas Wholesale Lender" is a CORPORATION" that is Organized and Existing Under The Laws of New York" when in fact that is simply not true, and has never been true.

84. Plaintiffs false statement is a violation of the false claims Act.

73. Defendants have recorded an interest in Plaintiffs' Property or claim some interest in Plaintiffs' Property.

74. Paragraph 1 of the Plaintiffs' Adjustable Rate Note states in pertinent part: 'I understand that the Lender may transfer this Note. Lender or anyone who takes this Note by transfer and *who is entitled to receive payments under this Note is called the "Note Holder."*

75. U.C.C. § 3-110 (c) stipulates *how* a negotiable instrument may identify the person to who it is made payable. In pertinent part, this statute states: (c) A person to whom an instrument is payable may be identified *in any way*, including by name, identifying number, office or account number

76. In the vernacular of the Uniform Commercial Code, Petitioners' note has been made payable to the *person entitled to receive* Plaintiffs' payments.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

77. Paragraph 7 (c) of Petitioners' Note states in pertinent part: (C) Notice of Default "If I am in default, the *Note Holder may send me a written notice* telling me that if I do not pay the overdue amount by a certain date, *the Note Holder may require me to pay immediately the full amount of Principal* which has not been paid and all the interest that I owe on that amount....."

78. The substantive law governing enforcement of a negotiable instrument is set forth in U.C.S. 3-301 and states in pertinent part: "Person entitled to enforce an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder...."

79. Paragraph 1 of Petitioners' Note declares "who takes this Note by transfer and who is entitled to receive payments under this Note is called the *Note Holder.* By stipulating that the Note Holder is the person entitled to Plaintiff's payment, this paragraph rejects part (i) of U.C.C. 3-301 and adopts instead part (ii), *a nonholder who has the rights of a holder.*

80. Paragraph 7 (C) stipulates that only the Note Holder can send out a Notice of Default. Paragraphs 1 and 7 (C) of Petitioners Note reserve enforcement exclusively to the person [or persons] entitled to receive Petitioners' payment. This person is the *Note Holder.* These terms are embedded as indelibly into the foundation document of this transaction as are the names of the parties and the amount being loaned.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

81. Previous Quiet Title: The unambiguous meaning of Paragraphs 1 and 7 (C) of Plaintiffs' Note state that only the party entitled to Plaintiffs' payments can been the *Note Holder* and successor in interest to the Lender. From this factually incontrovertible premise, this legal corollary is self-evident. Since the *Note Holder* is the only party that can initiate a foreclosure proceeding, this act of enforcement can only be performed by the person [or persons] that are entitled to receive Plaintiffs' payments.

82. The first paragraph of Petitioners Note names the person entitled to payments as the *beneficiary*. This same person is authorized to exercise the *power to sell clause* in a Security Deed in Georgia. The only person who can exercise the power to sell clause in Georgia's non-judicial foreclosure statute is the party entitled to the borrower's payments.

83. For reason which will become apparent after examining documents from the Securities and Exchange Commission search engine, the *person entitled to enforce* Petitioners' Note within the meaning of U.C.C. 3-301 (ii) is in fact a group of people. The parties entitled to Plaintiffs' payments are current holders of mortgage-backed certificates owning a pro rata share of Plaintiffs' Note. Self- authenticating documents filed with the Securities and Exchange Commission declare this group to be the owners of these Notes *for all purposes whatsoever*.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

84. Mortgage Electronic Registration Systems (MERS) is described as a *nominee* for America's Wholesale Lender, and its successors in interest. Although the Security Deed establishes MERS as the beneficiary, by its own self-imposed admission, MERS *is not* making any contribution worthy of this designation. Paragraph 2 of MERS's *Terms and Conditions* states in pertinent part: "2. The Member, at its own expense, shall promptly, or as soon as practicable, cause MERS to appear in the appropriate public records as the mortgagee of record with respect to each mortgage loan that the Member registers on the MERS System. MERS *shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans.* MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law.

85. MERS is not a vehicle for creating and transferring beneficial interests.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Paragraph 6. MERS and the Member agree that: (i) *the MERS System is not a vehicle for creating or transferring beneficial interests in mortgage loans, (ii)* transfers of servicing interests reflected on the MERS System are subject to the consent of the beneficial owner of the mortgage loans, and (iii) membership in MERS or use of the MERS System shall not modify or supersede any agreement between or among the Members having interests in mortgage loans registered on the MERS System.

86. MERS has ruled out any entitlement to Petitioners payments. This also means that MERS cannot qualify as the *Note Holder* under paragraph 1 of Petitioners' Note.

87. The inability of MERS to hold any interest greater than just legal title, which is no ownership interest whatsoever, is also affirmed in its *Terms and Conditions.* See paragraph 6 of MERS Terms and Conditions.

88. Under this Security Deed, the powers of the Lender are pervasive. This is declared in the Transfer of Rights in Property clause.

89. In pertinent part, the Transfer of Rights paragraph secures to Lender: The repayment of the Loan and (ii) performance of Borrower's covenants under this security instrument. Under Acceleration, Remedies, only the Lender at its option can invoke the power of sale and pursue foreclosure. No other party but the Lender or their successor in interest is allowed to exercise this authority.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

90. Under well settled property law concepts, only a party with an ownership interest in the note can enforce the security deed. The Restatement (Third) of Property, Mortgages § 5-4(c) states, "a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures." A mortgage servicer and MERS have no ownership interest in the note.

91. After Petitioners loan was made, this Note and Security Deed was subjected to a series of transfers and a succession of new beneficial owners. The purpose served by these transfers was to convert these debt instruments into a debt commodity suitable for serving as collateral for newly issued mortgage-backed securities. Petitioners' Note and Security Deed became part of a pool of mortgage for a secured transaction listed on the Securities and Exchange Commission's EDGAR search engine.

92. After these sales, Petitioners' Security Deed was bundled and sold to a trust [hereinafter referred to as the Trust]. The transfer of security deeds and mortgages to this Trust is documented in the Trust Agreement. A special purpose vehicle used by the Trust for bundling and transferring mortgages is the Depositor of loans.

93. After assigning all of its right, title and interest to Petitioners' Note and Security Deed to this Trust, could no longer claim any entitlement to Petitioners' payments. When the Trust lost its entitlement to these payments, it relinquished as

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

well its right to be called the *Note Holder* on Petitioners Note and to be called the *Lender* on Petitioners' Security Deed.

94. This Trust acts as an apparatus for converting mortgages into a debt commodity. Each mortgage has now been transferred to The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-58 Mortgage Pass-Through Certificates are issued to this Trust and bonded to a pool of mortgages. When this is complete, mortgage-backed securities and their assigned pool of instruments become inseparable. This transformation if documented in the Trust Agreement.

95. This Trust is authorized to issue *pass-through securities* pursuant to 26 U.S.C. §§ 671 to 670 for the Internal Revenue Service grantor trust rules. In a *Persons Deemed Owners* clause, the Certificate holders or investors, own the beneficial interest in these instruments. The *Persons Deemed Owners* clause appears in every *pass-through securities* offering. This pass-through feature enables the trust to be tax exempt, since it owns nothing.

96. Statements made in a filing for the Securities and Exchange Commission are subject to the heightened standard imposed by the Sarbanes-Oxley Act of 2002. This Act makes signatories accountable for the accuracy of all information disclosed and subject to penalties ranging from being delisting to multimillion dollar fines and imprisonment. This statement in the *Persons Deemed Owners* clause also runs against the interest of the maker. Statements running

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

against the interest of the maker are extremely difficult to overcome. The guilty plea aspect of this statement, coupled with its presence in a filing before the Securities and Exchange Commission, makes this statement worth of belief.

97. This *Persons Deemed Owners* clause closes the loop opened in the first paragraph of Petitioners' Note by identifying the persons entitled to receive Plaintiff's payments. Holders of mortgage-backed certificates owning a fractional share of Petitioners' note are entitled to these payments. Under grantor trust rules of the IRS for pass-through securities, money generated by assets held in this Trust estate can only be paid to these owners; and this arrangement cannot be altered.

98. Because of their fractional ownership interests in Petitioners' Note and Security Deed, privity of contract is established been these note holders i.e. investors and Petitioner. This new alignment is permanent. It cannot be disturbed.

99. Certificate holders, i.e. investors, hold the only financial stake in Petitioners' Note. They are the only parties benefitted or injured by the outcome.

100. Since holders of mortgage-backed securities are permanently entitled to Plaintiff's payments, these parties are also identified under the Uniform Commercial Code as the *Note Holder.* Pursuant to U.C.C. 3-110 (c), Plaintiffs' Note is payable to these investors and no one else. In accord with U.C.C. 3-301 (ii), only investors can initiate an enforcement action.

101. Previous Quiet Title: Paragraph 22 of Petitioners' Security Deed states that the *Lender, at its option* may accelerate payment. Current holders of

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

mortgage-backed securities owning a pro rata share of Plaintiffs' Note and Security Deed are exclusively entitled to enforce this instrument. These investors are the Lender's successor in interest.

102. Under the terms of the Note and Security Deed, the only parties entitled to issue a Notice of Default and require accelerated payments are holders of mortgage-backed certificates owning fractional shares of Plaintiffs' Note, collectively exceeding a majority of the ownership interests outstanding.

103. Holders of mortgage-backed certificates owning pro rata shares of Plaintiffs' loan are not disclosed at the Fulton County Recorder's Office. There is no document on file at the Recorder's Office attesting to the fact that these beneficial owners authorized anyone to act on their behalf. The Lender's true successor in interest and the *real party in interest* at this time, has been excluded from the one place where all ownership interests must necessarily be reflected.

104. Mortgage backed certificates will not be issued in the name of each investor. Instead, Certificates are sent to a *Depository Trust.* Depository Trust provides centralized administrative services for funding sources and their recipients. Its mission is to route and connect a source of funds to each recipient. Depository Trust also has a pseudonym called Cede & Co.

105. Every mortgage-backed certificate will reflect the pseudonym as owner of record instead of these investors. Depository Trust is no just the passive recipient of mortgage-backed securities. Depository Trust is inserted between the

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Trustee Bank and the investors. It acts as the investors' authorized representative, empowered to speak on behalf of all Certificate holders. Depository Trust can act as the authorized representative for investors.

106. The rights of investors which can be exercised are restricted to just the rules and agreements of Depository Trust.

107. Investor names are not on ownership records. Investors are subordinated to a company that can be counted upon to behave in a submissive and accommodating manner. They have no right to communicate with anyone but Depository Trust, and then they may discuss rules relating to Depository Trust. Investors are systematically and methodically ostracized from playing any role whatsoever in mortgage backed transactions. Investors are not even allowed to discover what is taking place. There is no functioning lender.

108. The Trust Agreement provides that the Trustee is to protect present and future Certificate-holders welfare. A framework has been established blocking all access and communication lines between investors and the Indenture Trustee. The legal principal is that specific contract terms always trump general contract terms. The following specific terms overrule these ambiguous and general terms of protection.

109. The Trustee has blanket immunity from all risk and no accountability for protecting the interest of Certificateholders.

110. The Trustee will incur no liability or obligation toward any investor.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

111. Granting the Trustee Bank immunity from risk of loss and rendering them harmless from incurring any liability, obligation or duty toward an investor undermines any pretense of an agency or fiduciary relationship. The agent must take responsibility for the principal's welfare, particularly when this principal has been rendered defenseless by barriers erected around them. Equally as important, no such relationship is established at the local recorder's office with investors.

112. MERS assigned its interest to The Bank of New York as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-58 Mortgage Pass Through Certificates Series 2005-58, as Assignee. However, it has been established that MERS holds no interest in any Note, Mortgage or Security Deed, and cannot assign that which it does not hold. Therefore, said transaction was and is illusory and of no legal force or effect.

113. The signers of the MERS assignment were and are MERS Certifying Officers. The standard Resolution Appointing a MERS Certifying Officer gives them authority to "assign the lien of any mortgage loan naming MERS as the mortgagee, if the mortgage loan if the mortgage loan is registered on the MERS system. The signers have exercised this authority in favor of The Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-58 Mortgage Pass-Through Certificates Series 20065-58, not in its individual capacity but solely as certificate trustee in trust for registered holders of the Trust Series 2006-8T1.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

114. Assigning the full beneficial interest of a security instrument is not a servicing obligation. This can only be done by a party holding the full beneficial interest, which can only be the certificate holders. Neither the mortgage servicers nor MERS holds any ownership interest in Plaintiffs' loan. Mortgage Servicers cannot perform acts reserved to owners.

115. The true successors in interest to the Lender are investors whose authority has been so circumscribed and marginalized they do not even have the right to discover what actions are taken concerning loans which they own.

116. If a mortgage servicer were to first consult with the Lender's true successors in interest, consisting of enough investors to collectively own more than 50% of the debt, they would have to make hundreds of telephone calls and then they would be talking to people with little knowledge of this business. The task of making hundreds of telephone calls is not just bizarre, it would be unthinkable.        117. Calling Depository Trust, which is the owner of record for all issued securities, would not satisfy this approval requirement. Depository Trust is not listed in the local recorder's office. It holds no recorded ownership interest in any of these mortgages. Secondly, Depository Trust has nothing to gain or lose from the outcome and nothing invested.

118. MERS Certifying Officers and person signing on behalf of mortgage servicers get their instructions from the mortgage servicers that write their paycheck, and the ladder of authority stops there. All of the decisions are made without

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

consulting the Lender's successor, the certificate holders, for one very good reason. There is no functioning lender. Decisions made by Certifying Officers are all null and void for lack of authority.

119. Pursuant to U.C.C. 3-308 (a), Petitioners challenge the authenticity and legitimacy of the signatories of the Assignments of Mortgage and the authenticity and legitimacy of them to effect any change or transfer of the beneficial ownership of Petitioners' security deed.

120. The Statute of Frauds invalidate these Assignment of Mortgage (Security Deed). The Statute of Frauds requires (1) a writing relinquishing the last recorded owner's interest in the security instrument ; and (2) this writing must be signed by an authorized officer of the owner. When formalities for the statute of frauds are followed, the new owner acquires the original lender's contractual relationship with the borrower. This is a borrower approved interest in land. Foreclosure statutes require the acquisition of the borrower approved interest in land as a pre-requisite for asserting the statutory power of sale. If this borrower approved interest in land is not acquired, foreclosure cannot be pursued.

121. Defendants never acquired the borrower's approved interest in land, because the formalities of the statute of frauds were never followed. There is not even a signature on the Security Deed confirming a relationship between the original lender and Defendant. As a result, Defendants have not acquired the original lender's

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

contractual relationship with the borrower and the borrower approved interest in land. Respondents cannot convey an interest that they never acquired.

122. U.C.C. 3-203 addresses the transfer of a bearer instrument by a person other than its issuer for the purpose of giving another person the right to enforce its terms. This statute is relevant because Plaintiffs' Note and Security Deed are bearer instruments. Every assignment is a prelude to enforcement.

123. U.C.C. 3-203 (b) dictates what must take place when a bearer instrument is transferred for the purpose of enforcement and states in relevant part: (b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course.

124. Pursuant to paragraph (b) of U.C.C.3-203, ownership rights in land are also subject to principals of property law independent of Article 3 of the Uniform Commercial Code. Because of special safeguards in the form of recording statutes, the owner of an interest in land must prove rightful possession. This means that an assignor must prove that their prior holder was endowed with the full beneficial interest. Official comment 2 for U.C.S.3-203 (b) explains how this works. "Because the transferee's rights are derivative of the transferor's right's *those rights must be proved...*The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unendorsed instrument *by proving the transaction through which the transferee acquired it.*"In an action with respect to an

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

instrument, the authenticity of, and authority to make, *each signature on the instrument is admitted unless specifically denied in the pleadings.* If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under subdivision (a) of Section 3402. If the validity of signatures is admitted or proved and there is compliance with subdivision (a), a plaintiff producing the instrument is entitled to payment if the plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 3301, unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim.        125.   Restatement (Third) of Property, Mortgages § 5-4 (c) "a mortgage may be enforced *only by,* or *on behalf of,* a person who is entitled to enforce the obligation the mortgage secures. The

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Restatement is considered authoritative because it is compiled by experts. Cases frequently cite restatement provisions as authority to support their rulings.

126. By stipulating for an *unendorsed instrument,* a seller must *prove the transaction through which it was acquired,* this Comment is specifically referring to the *contractual relationship with the borrower* and the *borrower approved interest in land* is bundled and inextricably intertwined with that contractual relationship. This comment is also referencing proof that the original holder of this contractual relationship has *relinquished this contractual interest* in the seller's favor. These terms are all direct references to the statute of frauds.

127. U.C.C. 3-203 (d) sets forth the rule of law that if anything less than the entire beneficial interest is conveyed; the transferee can receive no greater interest than that which was held by the transferor. This rule of law applies to the assignments referenced in this Complaint. The true holder of this ownership interest in land cannot be ascertained from terms in this assignment. If the holder of a beneficial interest cannot be established, the interest being conveyed is also illusory and inadequate for enforcement.

128. In addition Defendants are barred by their membership rules in MERS from acquiring any beneficial interest in its own name for a property posted on the MERS Registry.

129. Defendants cannot prove that they hold rightful possession of the full beneficial interest in Defendants' instruments. Defendants cannot even prove

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

that they hold any beneficial interest whatsoever in Plaintiffs' Note and Security Deed. Three problems are presented, and each can be independently fatal. (1) The full beneficial interest test imposed by U.C.C. 3-203 (b) and (d). (2) Its failure to follow formalities imposed by the statute of frauds subjects it to the deterrent in this law and renders the transfer invalid. (3) It has not specified the source of authority directing them to take this action.

### FIRST QUIET TITLE CLAIM

130. Plaintiff challenges the interest held by Defendants and Plaintiff maintains that the interest of these parties lacks authenticity in essence.

131. The true beneficial owners of Petitioners' Property are investors, each holding a proportional and typically miniscule interest in Petitioners' Note and Security Deed. The only parties with something to gain or lose from the outcome of Plaintiffs' loan are those investors. Investors are exclusively entitled to Plaintiffs' payments. Under the terms in the Note, these investors are the *Note Holder,* and they alone are entitled to accelerate payments and initiate foreclosure.

132. Investors, John Does 1-500, are the *real parties in interest.*

133. Defendants are wrongfully attempting to assert authority reserved exclusively to the beneficial owner. Defendantss own no interest whatsoever in Petitioners' lien or note. Defendants do not represent the Investors. Defendants are not entitled to Plaintiffs' payments. Defendants have nothing to benefit or lose.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

134. The fact that Plaintiff cannot keep pace with the escalating rate of interest on the Note does not make Petitioner an outlaw subject to having her home seized by Respondents or by any bank or entity acting in the name of Defendants. To pursue foreclosure, respondents must follow the law dictated by their foundational documents. No party can stand above the law, not even these Defendants.

135. Accordingly, named Defendants acquired nothing from MERS or any other assignor because MERS and these Defendants did not hold the full beneficial interest or any beneficial interest in Plaintiffs' Property. The parties that do hold this full beneficial interest are investors of CWALT Alternative Loan Trust 2005-58. These parties are not disclosed. In this quiet title action, Plaintiff seeks Declaratory Relief in the form of a ruling stipulating that these Investors are the true beneficial owners of Plaintiff's title and, before any foreclosure action can be brought, these Investors must be joined as indispensable parties and their interests must be recorded at the Fulton County Recorder's Office, like every other ownership interest in real property.

<u>SECOND QUIET TITLE CLAIM</u>

136. Plaintiff challenges the interest held by the named Defendants and the validity of the assignments to the Defendant's assignees because the formalities of the statute of frauds and U.C.C. 3-203 were not satisfied.

137. The terms of the security instrument state that MERS can only act on behalf of and as the nominee for the Lender or their successor or assigns.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

138. The exercise of these powers cannot elude the net cast by the Statute of Frauds. No interest in land can pass without satisfying its formalities.

139. It is an irrefutable fact that this lender never signed a writing disposing of its interest in Plaintiffs' Property. The ownership interest in land is still parked with the last recorded beneficial owner and unless and until the statute of frauds is satisfied, foreclosure cannot be pursued.

140. The subject Assignments are invalid for two reasons. For failing to accommodate formalities in the statute of frauds, these transfers are ruled invalid because the deterrent attached to the statute of frauds declares all such transfers to be unenforceable. It also fails to transfer the full beneficial interest for a bearer instrument, thereby violating U.C.C. 3-203 (b) and (d).

## THIRD QUIET TITLE CLAIM

141. A cloud on a title has been described as an outstanding claim which appears to be valid on its face, but can be shown by extrinsic proof to be invalid.

142. On the dates of the Assignments Defendants filed said Assignments maintaining that assignee held a lien as beneficiary of Plaintiff's security instrument.

143. Extrinsic evidence retrieved from the U.S. Securities and Exchange Commission's search engine reveals transfers of beneficial ownership affecting Plaintiff's Property, all occurring prior to the dates of the

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

subject Assignments of Mortgage (Security Deed). This extrinsic evidence can all be found under the corporate filing of CWALT, Inc. Alternative Loan Trust 2005-58. None of these transfers of beneficial ownership were recorded. All of them qualified as recordable transactions.

144. All of this extrinsic evidence qualifies as a fact *plausible on its face* for invalidating these Assignments. Each and every one of these facts also supports a cognizable legal theory for invalidating each assignment. These prior beneficial transfers are published by the federal government as official documents and their integrity and legitimacy cannot be reasonable disputed.

145. The sole support for these assignments is a formulaic term in the Security Deed. Petitioners' extrinsic evidence is worth of belief and it supports a cognizable legal theory for repudiating this formulaic term.

## FOURTH QUIET TITLE CLAIM

146. MERS holds only a ministerial interest in this transaction at most. Through legal trickery, as described throughout this Complaint, Defendants have attempted to maneuver a ministerial interest into the appearance of a full beneficial interest. To reach this end, it has engaged the fallacy that it is acting on behalf of the Lender's successor in interest. Defendants are actually acting upon instructions from the mortgage servicer. There is no functioning lender. Through legal trickery, Defendants are placing themselves in a position to exercise legal leverage that they have no authority whatsoever to exercise.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

147. O.C.G.A. § 23-3-60 *et. seq.* provides that clouds against Petitioners' title can be removed through Quieting Title to the Petitioners' Property.

148. Plaintiff holds an equitable interest in Plaintiffs' Property by virtue of a Note and a Security Deed.

149. The documents filed and recorded in the public records of Fulton County Georgia by the named Defendants constitute a cloud upon Plaintiffs' Property.

150. For purposes of the statute, the date of filing of this Complaint shall also serve as the date in which a determination is sought.

151. Plaintiffs bring this Quiet Title action against these Defendants and requires that Defendants demonstrate how any transfer of the contractual relationship with the borrower, which includes the borrower approved interest in land, can take place without fulfilling statute of frauds formalities prior to the dates of the Assignments.

152. Plaintiff brings this action against these Defendants and asks these Defendants to demonstrate how each of them could be in a position to hold and convey the full beneficial interest in Plaintiffs' security instrument and Note when it had no ownership interest in the note, the statute of frauds had been ignored, and each Defendant could not prove the full beneficial transfer of ownership for this bearer instrument from its seller, as U.C.C. 2-203 requires.

153. Plaintiff asks each named Defendant to prove that it is entitled to payments made by Plaintiff for its own use. Under terms in the Note, the only party

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

with the right to enforce this obligation is the party entitled to payments for their own use.

154. Plaintiff concedes that a mortgage loan was signed and Plaintiff is indebted to the rightful owner of this lien. Plaintiff contends that the true owner is known but not identified and their names are not discoverable. Plaintiff asks this Court to use its Declaratory Judgment authority to expose those imposters by removing these clouds and false claims of ownership to Plaintiff's Security Deed and Note appearing in this chain of title at the Fulton County Recorder's Office by ordering the following relief.

FIFTH QUITE TITLE CLAIM

155. To "defeat" its competition, Countrywide expanded its already-loose Underwriting guidelines, and provided loans to virtually all prospective borrowers, regardless of risk. Indeed, the Company's Chief Risk Officer, John P. McMurray ("McMurray") authored an August 6, 2007 e-mail acknowledging that Countrywide "has long followed a guiding principles [sic] of 'matching' (products, guidelines, etc.) and no brokering." By matching the most aggressive (and least prudent) underwriting standards in the market, Countrywide assumed ultimately crippling credit risks. Despite this, Defendants falsely claimed in the Company's 2006 Form 10-K, filed with the SEC on March 1, 2007 and explicitly incorporated into the Offering Memorandum, that Countrywide's pay-option ARMs were "prudently underwritten."

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

## SIXTH QUITE TITLE CLAIM

### (False Designation of Origin – 15 U.S.C § 1125(a)(1)(A)

156. Plaintiff incorporate by reference and realleges each and every allegation in paragraphs 1 through 156.

157. The above acts of Defendant constitute false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. Section 1125(a)(1).

The above acts of Defendants, including use of the term "America's Wholesale Lender" have in fact caused and are likely to continue to cause, confusion, or to cause mistake, or to deceive the Plaintiff to the true identity of Defendants, or at the very least as to the affiliation, connection, or association of Defendants or Defendants' services or commercial activities.

158. Defendants unlawful conduct has been knowing, deliberate and willful.

159. Defendants have been and are likely to continue to be unjustly enriched by their unlawful conduct.

## SEVENTH QUITE TITLE CLAIM

### (Unlawful, Unfair and Fraudulent Bus. Practices – Ga. Bus. & Prof. Code § 1720)

160. Plaintiff incorporate by reference and realleges each and every allegation in paragraphs 1 through 159 as if fully set forth herein.

161. Defendants engaged in unlawful, unfair and fraudulent business acts and practices because they:

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

a. Violation Georgia Penal Code Section 529 by impersonating a Corporation in the process of accepting service of legal papers, entering into settlement agreements and or consent judgments in state court purporting to be a Legal Corporation.

b. Defendants unlawful, unfair and fraudulent business acts and practices have caused Plaintiffs to lose money and property, and if not enjoined, will continue to cause Plaintiff to lose money and property.

c. Plaintiff cannot SELL HER HOME WITH THE WORDING OF AMERICA'S WHOLESALE LENDER IN HER SECURITY DEED.

## EIGHTH QUITE TITLE CLAIM

### (Declaratory Relief)

162. Plaintiff incorporate by reference and reallege each and every allegation in paragraphs 1 through 161 as if fully set forth herein.

163. An actual controversy has arisen and now exists between Plaintiffs and Defendants concerning Defendants' use of the name "America's Wholesale Lender Inc. on Plaintiff's Security Deed, because Plaintiff cannot sell her home

## NINTH QUITE TITLE CAIM

(Cancellation of Instruments – Security Deed # 0001144326461005 Book 50135 Page 399 and Assignment Dated June 01, 2011 from MERS to Bank of New York Mellon fka The Bank of New York)

164. Plaintiff incorporate by reference and reallege each and every allegation in paragraphs 1 through 163 as if fully set forth herein.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Defendants without any authority from the State of Georgia, Mortgage License, have recorded a fraudulent deed and assignments and reconveyances of liens against Plaintiff's property.

165. By this action, Plaintiffs seek to cancel the instruments referenced in her Ninth claim.

## Prayer for Relief

Pursuant to O.C.G.A. § 23-3-60 *et. seq.,* Petitioners respectfully ask this Court to issue a declaratory judgment finding that the interest of these Defendants in Plaintiff's Note and Security Deed was void and of no legal force.

Pursuant to O.C.G.A § 23-3-60 *et. seq.* Plaintiff asks this Court to declare that each and every one of these Defendant should be disqualified from enforcing Plaintiff's Note and Security Deed and to order Defendants to summon the true owners consisting of holders of mortgage backed securities owning at least a majority interest in Plaintiff's Note and Security Deed.

That this Courts' declaratory judgment should further address each and every one of the clouds upon Plaintiff's Property and order such legal and equitable relief as is necessary for removing these clouds.

Plaintiff further requests reimbursement of all expenses paid in connection with this legal proceeding, including court costs and reasonable attorney's fees.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff further request any other relief in the form of specific performance and compensation warranted by evidence in the record and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

## VERIFIED EMERGENCY EX PARTE MOTION FOR TEMPORARY INJUNCTIVE RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff Janet Hill, Pro Se, pursuant to Federal Rule of Civil Procedure 65, move this Honorable Court for the entry of a Temporary Restraining Order to enjoin and restrain all named Defendants from selling Plaintiff's property at a non-judicial foreclosure sale of the subject property, Plaintiff's home, and as grounds therefore would state as follows:

85.155. Plaintiff has filed an action to Quiet Title to the property at 543 Auburn Avenue, Atlanta, GA 30312 ("subject property")

156. Hereinafter, this address and legal description as well as all improvements thereon shall be known and referred to as Plaintiff's Property. Said action to Quiet Title to Petitioners property is presently pending before this Court.

157. In her Quiet Title action Plaintiff alleges that named Defendants have no legal interest in and to their property and have no standing to foreclose or

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

sell the subject property at a non-judicial public auction sale of the property presently scheduled for the first Tuesday in June, 2014.

158. It is within this Court's wide discretion to grant a request for a temporary restraining order and/or a preliminary injunction. *See Grand River Ent. Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007). Generally, in order to warrant a court's intervention in the form of injunctive relief, "[t]he party seeking the injunction must demonstrate (1) irreparable harm should the injunction not be granted, and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Resolution Trust Corp. v. Elman*, 949 F.2d 624,626 (2d Cir. 1991); *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979); *Citibank v. Citytrust,* 756 F.2d 273 (2d Cir. 1985); *Virgin Enterprises, Ltd. v. Nawab*, 335 F.3d 141 (2d Cir. 2003).

159. Plaintiff will suffer irreparable injury, the loss of her home to an illegal non-judicial sale of their property unless the Court grants their Emergency Ex Parte Motion for Temporary Restraining Order. Respondents seek to illegally foreclose and sell Petitioners property through a non-judicial auction sale without any legal justification and without any judicial oversight.

COMPLAINT FOR QUIET TITLE AND<br/>DECLARATORY AND INJUNCTIVE RELIEF

160. Plaintiff has a likelihood of success on the merits of her Quiet Title Complaint in that named Defendants have no legal interest in and to the subject property, which fact shall be established through her Quiet Title action.

161. Plaintiff presents sufficiently serious questions going to the merits of their claim which outweigh and tip the balance of hardship in favor of Plaintiff.

162. The granting of Plaintiff's Temporary Restraining Order is in the public interest to prevent Defendants and others from foreclosing on the homes of owners by non-judicial process without having the right to foreclose and sell the property in violation of the laws of the State of Georgia and of the United States.

163. Plaintiff is entitled to emergency ex parte temporary injunctive relief by both Georgia state law and the law of the United States.

164. A motion for emergency temporary declaratory and injunctive relief is sought pursuant to O.G.C.A. sec. 9-5-1 and sec. 9-5-3, and on an emergency basis without notice pursuant to O.G.C.A. sec. 9-11-65(b).

165. O.C.G.A. sec. 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

166. O.C.G.A. sec. 9-5-3 (b) provides that writs of injunction may be issued by courts to enjoin sales by sheriffs, at any time before a sale takes place, in any proper case made by application for injunction.

167. Plaintiff owns and occupies certain real property in the city of Atlanta, Fulton County, Georgia known as 543 Auburn Avenue, Atlanta, Georgia 30312.

168. Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiff's property, under the circumstances set forth herein, is contrary to equity and good conscience.

169. O.G.C.A. sec. 9-11-65(b)(1) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant or their attorney certifies in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

170. The specific facts set forth in this Verified Motion demonstrate that unless a temporary injunction against the foreclosure sale set for Tuesday, in June, 2014 is granted, that Plaintiff will suffer the irreparable injury, loss and damage of the loss of her home and eviction therefrom, and loss of all of her equity therein.

171. Under the circumstances where the foreclosure sale is set for less than fifteen (15) calendar days from the date of the filing of this Verified Motion, the irreparable loss to the Plaintiff will result before the Defendants may be heard in opposition to the relief requested herein if the emergency relief requested herein is not granted immediately.

172. The requisite certification pursuant to O.G.C.A. sec. 9-11-65(b)(2) is set forth following the Verification of this Motion by Plaintiff.

173. Under the circumstances of this case, where there is no harm to Defendants with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant with the granting of the requested relief.

174. Plaintiff requests that any requirement of a bond be waived in that Plaintiff is unable to obtain or afford a bond of any kind or type.

COMPLAINT FOR QUIET TITLE AND<br>DECLARATORY AND INJUNCTIVE RELIEF

175. Courts have long recognized that "[t]o satisfy the irreparable harm requirement, [p]laintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent . . . ." *See Grand River*, 481 F.3d at 66 (internal citations omitted). Petitioners easily meet this standard.

176. The threatened loss of Plaintiff's home constitutes irreparable injury.

WHEREFORE, Petitioners respectfully request that this honorable Court immediately take jurisdiction of this matter and enter an Order granting temporary injunctive relief expressly precluding and cancelling the foreclosure sale presently scheduled for June 3, 2014 for the reasons set forth herein, and that the Court grant such other and further relief as the Court deems equitable, appropriate and just.

Respectfully submitted this 22nd day of May, 2014.

Janet Hill, Petitioner Pro Se
543 Auburn Avenue
Atlanta, GA 30312
Phone: 404-861-6036

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

STATE OF GEORGIA    )
                                          :ss

FULTON COUNTY        )

BEFORE ME the undersigned authority duly authorized to administer

oaths personally appeared Janet Hill affiant, who, after being duly sworn, deposes

and says that the facts and allegations contained in the foregoing Motion for Ex

Parte Emergency Temporary Injunction are true and correct under penalty of

perjury.

SWORN TO AND SUBSCRIBED this 22ⁿᵈ day of May, 2014

_____
Janet Hill, Affiant

_____
Notary Public, State of Georgia

My commission expires:

> GWEN HUMPHREY
> Notary Public
> Clayton County
> State of Georgia
> My Commission Expires Jun 6, 2015

CERTIFICATION

THE UNDERSIGNED HEREBY CERTIFIES that the undersigned,

prior to the filing of this Verified Complaint, gave written notice by fax to

Shuping Morse Attorney for Defendants, by Facsimile at 770-991-2704

and further requested, by phone at 770-997-0240 that Defendant's attorney

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

stipulate and agree to a postponement of the foreclosure sale pending for June 3,

2014 and that no response to said written notice by facsimile or spoken request for

a postponement of the foreclosure sale has been received through the date of this

Certification.

        SO CERTIFIED BY PLAINTIFF JANET HILL this ___day of May,

2014.

                                _____

                                Janet Hill, Plaintiff Pro Se

COMPLAINT FOR QUIET TITLE AND
DECLARATORY AND INJUNCTIVE RELIEF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,

    Plaintiff,

    v.

THE BANK OF NEW YORK
MELLON as Trustee for the
Certificateholders of Cwalt, Inc.
alternative Loan Trust 2005-58
Mortgage Pass-Through Certificate
Series 2005-58
formerly known as
The Bank of New York, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1577-TWT

**ORDER**

This is the third lawsuit filed by the Plaintiff seeking to enjoin foreclosure

proceedings. It is before the Court on the Plaintiff's ex parte Motion for a Temporary

Restraining Order [Doc. 1]. For the reasons given by Judge Totenberg in Hill v.

America's Wholesale Lender, Civil Action File No. 14-CV-882 (March 27, 2014), the

Plaintiff is not entitled to the extraordinary relief of a temporary restraining order. The

Plaintiff's ex parte Motion for a Temporary Restraining Order [Doc. 1] is DENIED.

T:\ORDERS\14\Hill\14cv1577\tro.wpd

SO ORDERED, this 27 day of May, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JANET HILL,

    Plaintiff,

    v.

THE BANK OF NEW YORK
MELLON as Trustee for the
Certificateholders of Cwalt, Inc.
alternative Loan Trust 2005-58
Mortgage Pass-Through Certificate
Series 2005-58
formerly known as
The Bank of New York, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1577-TWT

**ORDER**

This is the third lawsuit filed by the Plaintiff seeking to enjoin foreclosure proceedings. It is before the Court on the Defendants' Motions to Dismiss [Doc. 9, 10, & 11]. A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is

extremely "remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

(2007) (citations and quotations omitted).  In ruling on a motion to dismiss, the court

must accept factual allegations as true and construe them in the light most favorable

to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American

Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also

Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th

Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of

imagination"). Generally, notice pleading is all that is required for a valid complaint.

See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert.

denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the

defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See

Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555). This

action is barred by res judicata. In addition, Plaintiff has not standing to challenge the

assignment of her mortgage and her complaints about lending practices generally fail

to state a plausible claim for relief. The  Defendants' Motions to Dismiss [Doc. 9, 10,

& 11] are GRANTED.

SO ORDERED, this 6th day of August, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 14-14055 | **Docketed:** 09/09/2014 |
| **Nature of Suit:** 3290 Other Real Property Actions | **Termed:** 10/29/2014 |
| Janet Hill v. The Bank of New York Mellon, et al | |
| **Appeal From:** Northern District of Georgia | |
| **Fee Status:** Fee Paid | |

**Case Type Information:**
 **1)** Private Civil
 **2)** Federal Question
 **3)** -

**Originating Court Information:**
 **District:** 113E-1 : 1:14-cv-01577-TWT
 **Civil Proceeding:** Thomas W. Thrash, Junior, Senior U.S. District Court Judge
 **Date Filed:** 05/23/2014
 **Date NOA Filed:**
 09/03/2014

**Prior Cases:**
 None

**Current Cases:**
 None

| | | |
|---|---|---|
| JANET HILL | | Janet Hill |
| | Plaintiff - Appellant | [NTC Pro Se] |
| | | Firm: 404-861-6036 |
| | | 543 AUBURN AVE |
| | | ATLANTA, GA 30312 |
| versus | | |
| THE BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of CWalt, Inc. alternative Loan Trust 2005-58 Mortgage Pass-Through Certificate Series 2005-58, f.k.a. The Bank of New York | | Jarrod Sean Mendel |
| | | Direct: 404-443-5713 |
| | | [COR LD NTC Retained] |
| | | McGuireWoods, LLP |
| | Defendant - Appellee | 1230 PEACHTREE ST NE STE 2100 |
| | | ATLANTA, GA 30309 |
| KAREN PEETZ, President of Bank of New York Mellon | | |
| | Defendant - Appellee | |
| CURTIS Y. ARLEDGE, Vice Chairman and CEO Bank of New York Mellon | | |
| | Defendant - Appellee | |
| THOMAS P. GIBBONS, Vice Chairman and Financial Officer Bank of New York Mellon | | |
| | Defendant - Appellee | |
| CATHELENE TINE ROBINSON, Fulton County Clerk of Court, | | Diana L. Freeman |
| | Defendant - Appellee | [COR NTC Government] |
| | | Fulton County Attorney's Office |
| | | Firm: 404-730-7750 |
| | | 141 PRYOR ST SW STE 4038 |
| | | ATLANTA, GA 30303 |
| AMERICA'S WHOLESALE LENDER | | Jarrod Sean Mendel |
| | Defendant - Appellee | Direct: 404-443-5713 |
| | | [COR LD NTC Retained] |
| | | (see above) |
| SECRETARY, STATE OF GEORGIA | | Samuel Scott Olens |
| | Defendant - Appellee | [COR NTC Government] |
| | | Attorney General's Office |

Firm: 404-656-3300
40 CAPITOL SQUARE SW
ATLANTA, GA 30334

Daniel John Strowe
[COR NTC Government]
Attorney General's Office
Firm: 404-656-3300
40 CAPITOL SQUARE SW
ATLANTA, GA 30334

JANET HILL,

                              Plaintiff - Appellant,

versus

THE BANK OF NEW YORK MELLON,
as Trustee for the Certificateholders of CWalt, Inc.
alternative Loan Trust 2005-58 Mortgage Pass-Through
Certificate Series 2005-58, f.k.a. The Bank of New York,
KAREN PEETZ,
President of Bank of New York Mellon,
CURTIS Y. ARLEDGE,
Vice Chairman and CEO Bank of New York Mellon,
THOMAS P. GIBBONS,
Vice Chairman and Financial Officer Bank of New York Mellon,
AMERICA'S WHOLESALE LENDER, et al.,

                              Defendants - Appellees.

| 09/09/2014 | 9 pg, 318.66 KB | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellant Janet Hill on 09/03/2014. Fee Status: Fee Paid. No hearings to be transcribed. The appellants brief is due on or before 10/20/2014. The appendix is due no later than 7 days from the filing of the appellant's brief. Awaiting Appellant's CIP Due on 09/29/2014 as to Appellant Janet Hill [Entered: 09/11/2014 02:32 PM] |
|---|---|---|
| 09/09/2014 | 1 pg, 72.25 KB | TRANSCRIPT INFORMATION form filed by Party Janet Hill. No transcript is required for appeal purposes. [Entered: 09/11/2014 02:35 PM] |
| 09/24/2014 | 2 pg, 129.7 KB | APPEARANCE of Counsel Form filed by Jarrod Sean Mendel for The Bank of New York Mellon and America's Wholesale Lender. (ECF: Jarrod Mendel) [Entered: 09/24/2014 03:46 PM] |
| 09/24/2014 | 7 pg, 127.99 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Jarrod Sean Mendel for Appellees The Bank of New York Mellon and America's Wholesale Lender. On the same day the CIP is served, the party filing it must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-2(b). (ECF: Jarrod Mendel) [Entered: 09/24/2014 03:47 PM] |
| 09/26/2014 | | E-filed Appearance of Counsel processed for Attorney Jarrod Sean Mendel for Appellee The Bank of New York Mellon in 14-14055, Attorney Jarrod Sean Mendel for Appellee America's Wholesale Lender in 14-14055. [Entered: 09/26/2014 01:02 PM] |
| 10/16/2014 | 3 pg, 41.57 KB | JURISDICTIONAL QUESTION issued as to Janet Hill and America's Wholesale Lender, Curtis Y. Arledge, Thomas P. Gibbons, Karen Peetz, Cathelene Tine Robinson, Secretary, State of Georgia and The Bank of New York Mellon. [Entered: 10/16/2014 05:05 PM] |
| 10/20/2014 | 13 pg, 552.62 KB | Appellant's brief filed by Janet Hill. Deficiencies: No Proof of Service, Missing 3 copies Pages need to be numbered consecutively, Arguments. Service date: 10/20/2014 [14-14055] Attorney for Appellee: Freeman – US mail; Attorney for Appellee: Mendel – email; Attorney for Appellee: Olens – US mail; Attorney for Appellee: Strowe – US mail. [Entered: 10/22/2014 03:12 PM] |
| 10/22/2014 | 1 pg, 14.8 KB | Notice of deficient Appellant brief filed by Party Janet Hill.Deficiencies: No Proof of Service, Missing 4 copies, Pages need to be numbered consecutively, Arguments. [Entered: 10/22/2014 03:13 PM] |
| 10/28/2014 | 7 pg, 216.96 KB | Response to Jurisdictional Question filed by Appellant Janet Hill. [Entered: 11/05/2014 09:04 AM] |
| 10/29/2014 | 2 pg, 16.96 KB | ENTRY OF DISMISSAL: Pursuant to the 11th Cir.R. 42-2(c), this appeal is DISMISSED for want of prosecution because the appellant Janet Hill failed to file an appendix within the time fixed by the rules [Entered: 10/29/2014 02:00 PM] |

Clear All

● **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 29, 2014

James N. Hatten
Richard B. Russell Bldg & US Courthouse
75 SPRING ST SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number:  14-14055-FF
Case Style:  Janet Hill v. The Bank of New York Mellon, et al
District Court Docket No:  1:14-cv-01577-TWT

The enclosed copy of the Clerk's Entry of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4. Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), when an appellant fails to timely file or correct a brief or appendix, the appeal shall be treated as dismissed on the first business day following the due date. This appeal was treated as dismissed on 10/27/2014.

Counsel and pro se parties are advised that pursuant to Fed.R.App.P. 25(a)(2)(A), a motion to set aside the dismissal and remedy the default "is not timely unless the clerk receives the papers within the time fixed for filing."

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Mohler, FF
Phone #: (404) 335-6178

Enclosure(s)

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

No. 14-14055-FF

JANET HILL,

Plaintiff - Appellant,

versus

THE BANK OF NEW YORK MELLON,
as Trustee for the Certificateholders of CWalt, Inc.
alternative Loan Trust 2005-58 Mortgage Pass-Through
Certificate Series 2005-58, f.k.a. The Bank of New York,
KAREN PEETZ,
President of Bank of New York Mellon,
CURTIS Y. ARLEDGE,
Vice Chairman and CEO Bank of New York Mellon,
THOMAS P. GIBBONS,
Vice Chairman and Financial Officer Bank of New York Mellon,
AMERICA'S WHOLESALE LENDER, et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

ENTRY OF DISMISSAL: Pursuant to the 11th Cir.R. 42-2(c), this appeal is DISMISSED for
want of prosecution because the appellant Janet Hill failed to file an appendix within the time
fixed by the rules, effective October 29, 2014.

JOHN LEY
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

by:  Janet K. Mohler, FF, Deputy Clerk

FOR THE COURT - BY DIRECTION