# EXHIBIT 8

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

AOR,CLOSED,REF_DISCOV

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:15-cv-21621-RNS

Hill v. Bank of New York Mellon et al
Assigned to: Judge Robert N. Scola, Jr
Referred to: Magistrate Judge Alicia M. Otazo-Reyes
Case in other court: USCA, 15-14396-E
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 04/29/2015
Date Terminated: 08/31/2015
Jury Demand: Plaintiff
Nature of Suit: 150 Contract:
Recovery/Enforcement
Jurisdiction: Diversity

**Plaintiff**

**Janet Hill**                          represented by   **Janet Hill**
543 Auburn Avenue, NE
Atlanta, GA 30312
(404) 861-6036
PRO SE

V.

**Defendant**

**Bank of New York Mellon**             represented by   **Emily Yandle Rottmann**
*formerly known as*                                      McGuireWoods LLP
Bank of New York, as Trustee et al                       50 N. Laura Street
                                                         Suite 3300
                                                         Jacksonville, FL 32202
                                                         904-798-3224
                                                         Fax: 904-798-3263
                                                         Email: erottmann@mcguirewoods.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Gabriel Matthew Hartsell**
                                                         McGuireWoods LLP
                                                         50 N Laura St.
                                                         Ste 3300
                                                         Jacksonville, FL 32202
                                                         904-798-3200
                                                         Fax: 904-798-3207
                                                         Email: ghartsell@mcguirewoods.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Sara F. Holladay**
                                                         McGuire Woods
                                                         50 N Laura Street
                                                         Suite 3300 PO Box 4099

8/30/2021                                    CM/ECF - Live Database - flsd

Jacksonville, FL 32201-4099
904-798-3200
Fax: 904-798-3207
Email: sfhollad@mcguirewoods.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayview Loan Services, LLC**                 represented by **Emily Yandle Rottmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sara F. Holladay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/29/2015 | 1 | COMPLAINT against Bank of New York Mellon, Bayview Loan Services, LLC. Filing fees $ 400.00, filed by Janet Hill. (Attachments: # 1 Civil Cover Sheet, # 2 Table of Contents)(jas) (Entered: 04/29/2015) |
| 04/29/2015 | 2 | Judge Assignment to Judge Robert N. Scola, Jr (jas) (Entered: 04/29/2015) |
| 04/29/2015 | 3 | Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge Alicia M. Otazo-Reyes is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. (jas) (Entered: 04/29/2015) |
| 04/29/2015 | 4 | Summons Issued as to Bank of New York Mellon, Bayview Loan Services, LLC. (jas) (Entered: 04/29/2015) |
| 04/29/2015 | 5 | Clerks Notice of Receipt of Filing Fee received on 4/29/2015 in the amount of $ 400.00, receipt number FLS100099287 (jas) (Entered: 04/29/2015) |
| 05/01/2015 | 6 | ORDER Requiring Discovery and Scheduling Conference and ORDER REFERRING CASE to Magistrate Judge Alicia M. Otazo-Reyes for Discovery Matters. Signed by Judge Robert N. Scola, Jr on 4/30/2015. (jua) (Entered: 05/01/2015) |
| 05/01/2015 | 7 | ORDER OF INSTRUCTIONS TO PRO SE LITIGANT. Signed by Judge Robert N. Scola, Jr on 4/30/2015. (jua) (Entered: 05/01/2015) |
| 05/04/2015 | 8 | SUMMONS (Affidavit) Returned Executed on 1 Complaint with a 21 day response/answer filing deadline Bayview Loan Services, LLC served on 5/1/2015, answer due 5/22/2015. (jua) (Entered: 05/04/2015) |
| 05/21/2015 | 9 | NOTICE of Attorney Appearance by Emily Yandle Rottmann on behalf of Bank of New York Mellon. Attorney Emily Yandle Rottmann added to party Bank of New York Mellon(pty:dft). (Rottmann, Emily) (Entered: 05/21/2015) |
| 05/21/2015 | 10 | Unopposed MOTION for Extension of Time to Respond to Plaintiff's Complaint *and Incorporated Memorandum of Law* re 1 Complaint by Bank of New York Mellon. Responses due by 6/8/2015 (Rottmann, Emily) (Entered: 05/21/2015) |
| 05/21/2015 | 11 | NOTICE of Attorney Appearance by Sara F. Holladay-Tobias on behalf of Bank of New |

| | | |
|---|---|---|
| | | York Mellon. Attorney Sara F. Holladay-Tobias added to party Bank of New York Mellon(pty:dft). (Holladay-Tobias, Sara) (Entered: 05/21/2015) |
| 05/22/2015 | 12 | NOTICE of Attorney Appearance by Gabriel Matthew Hartsell on behalf of Bank of New York Mellon. Attorney Gabriel Matthew Hartsell added to party Bank of New York Mellon(pty:dft). (Hartsell, Gabriel) (Entered: 05/22/2015) |
| 05/22/2015 | 13 | PAPERLESS ORDER: The Court grants Defendant's 10 Unopposed Motion for Extension of Time to Respond to the Complaint. Defendant's Response is due June 5, 2015. Signed by Judge Robert N. Scola, Jr. on 5/22/2015. (jkr) (Entered: 05/22/2015) |
| 06/05/2015 | 14 | MOTION to Dismiss 1 Complaint *with Incorporated Memorandum of Law* by Bank of New York Mellon, Bayview Loan Services, LLC. Attorney Sara F. Holladay-Tobias added to party Bayview Loan Services, LLC(pty:dft). Responses due by 6/22/2015 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S)(Holladay-Tobias, Sara) (Entered: 06/05/2015) |
| 06/05/2015 | 15 | Corporate Disclosure Statement by Bank of New York Mellon, Bayview Loan Services, LLC identifying Corporate Parent Bayview Asset Management, LLC for Bayview Loan Services, LLC; Corporate Parent The Bank of New York Mellon Corporation for Bank of New York Mellon (Holladay-Tobias, Sara) (Entered: 06/05/2015) |
| 06/26/2015 | 16 | Joint MOTION for Extension of Time to Submit Joint Discovery Plan and Conference Report re 6 Order, Order Referring Case to Judge by Bank of New York Mellon, Bayview Loan Services, LLC. Attorney Emily Yandle Rottmann added to party Bayview Loan Services, LLC(pty:dft). Responses due by 7/13/2015 (Rottmann, Emily) (Entered: 06/26/2015) |
| 06/26/2015 | 17 | PAPERLESS ORDER: The Court grants 16 Defendant's Unopposed Motion for Extension of Time to Submit Joint Discovery Plan and Conference Report. The parties' Plan is due July 17, 2015. Signed by Judge Robert N. Scola, Jr. on 6/26/2015. (jkr) (Entered: 06/26/2015) |
| 07/17/2015 | 18 | Joint Discovery Plan and Conference Report by Bank of New York Mellon, Bayview Loan Services, LLC (Rottmann, Emily) Modified text on 7/20/2015 (jua). (Entered: 07/17/2015) |
| 07/23/2015 | 19 | RESPONSE in Opposition re 14 MOTION to Dismiss 1 Complaint *with Incorporated Memorandum of Law* filed by Janet Hill. Replies due by 8/3/2015. (srd) (Entered: 07/24/2015) |
| 07/27/2015 | 20 | REPLY in Support re 14 MOTION to Dismiss 1 Complaint *with Incorporated Memorandum of Law* filed by Bank of New York Mellon, Bayview Loan Services, LLC. (Attachments: # 1 Plaintiff Opposition to Defendants Motion to Dismiss)(Rottmann, Emily) Modified text on 7/28/2015 (jua). (Entered: 07/27/2015) |
| 07/28/2015 | 21 | RESPONSE in Opposition re 14 MOTION to Dismiss 1 Complaint *with Incorporated Memorandum of Law* filed by Janet Hill. Replies due by 8/7/2015. (srd) (Entered: 07/28/2015) |
| 08/31/2015 | 22 | ORDER granting 14 Motion to Dismiss and Closing Case. Signed by Judge Robert N. Scola, Jr on 8/31/2015. (jua)<br><br>**NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014-69.** (Entered: 08/31/2015) |

8/30/2021                                   CM/ECF - Live Database - flsd

| 09/02/2015 | 23 | JUDGMENT in favor of Bank of New York Mellon, Bayview Loan Services, LLC against Janet Hill. Signed by Judge Robert N. Scola, Jr on 9/2/2015. (jua) (Entered: 09/03/2015) |
|---|---|---|
| 09/29/2015 | 24 | Notice of Appeal as to 22 Order on Motion to Dismiss, by Janet Hill. Filing Fee: (FEE NOT PAID). Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (amb) (Entered: 09/30/2015) |
| 09/30/2015 | | Transmission of Notice of Appeal, Order Under Appeal and Docket Sheet to US Court of Appeals re 24 Notice of Appeal, Notice has been electronically mailed. (amb) (Entered: 09/30/2015) |
| 10/01/2015 | 25 | Acknowledgment of Receipt of NOA from USCA re 24 Notice of Appeal, filed by Janet Hill. Date received by USCA: 9/30/2015. USCA Case Number: 15-14396-E. (amb) (Entered: 10/01/2015) |
| 10/22/2015 | 26 | TRANSCRIPT INFORMATION FORM by Janet Hill re 24 Notice of Appeal,. No Transcript Requested. (amb) (Entered: 10/23/2015) |
| 10/29/2015 | 27 | MOTION for Leave to Appeal in forma pauperis by Janet Hill. (amb) (Entered: 10/29/2015) |
| 11/04/2015 | 28 | ORDER denying 27 Motion for Leave to Appeal in forma pauperis. Signed by Judge Robert N. Scola, Jr on 10/30/2015. (amb) (Entered: 11/04/2015) |
| 01/05/2017 | 29 | ORDER of DISMISSAL from USCA for want of prosecution because the appellant Janet Hill has failed to file an appellant's brief and appendix within the time fixed by the rules re 24 Notice of Appeal, filed by Janet Hill. USCA #15-14396-EE (amb) (Entered: 01/05/2017) |

FILED BY ___SAS___

*Apr 29, 2015*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI-DADE COUNTY DIVISION

| | | |
|---|---|---|
| Janet Hill | ) | |
|     **Plaintiff** | ) | Case No:_____ |
| v. | ) | |
| **Bank of New York Mellon, f/k/a** | ) | **15-CV-21621-Scola/Otazo-Reyes** |
| **Bank of New York, As Trustee, et al** | ) | |
| **and Bayview Loan Services** | ) | |
|     **Defendants** | ) | |
| | ) | |

**Complaint for: Declaratory Judgment, Petition to Restrain Wrongful
Foreclosure Attempts; Breach of Contract and Civil Land Tort Violations**

### INTRODUCTION
### 1.

Comes now, Janet Hill, Plaintiff in the above action, seeking equitable relief
and judgment as a matter of law by this honorable Court due to manifest errors
made by named Defendants in breach of contract, attempted wrongful foreclosure,
and land torts conspiracy. Whereas, on or about September 15, 2014, the
underlying mortgage contract is believed to have been **declared void** by a Florida
state judicial ruling affecting similar loans originated by the purported lender
America's Wholesale Lender (hereinafter referred to as "AWL").

The Plaintiff seeks the above stated relief and protections under applicable
laws which includes, but not limited to, the Fair Debt Collection Practices Act
(FDCPA), Breach of Contract, Deceptive Trade Practices Under Georgia Fair
Business Act (GFBA), enforcement of Georgia's foreclosure statutes under OCGA
§23-2-114, Breach of Legal Duties, unjust enrichment, conversion and trover and
civil trespassing under Georgia's Civil tort laws OCGA §51-9-1. Any one of the

3

above mentioned statutes should have prohibited the actions by Bank Of New York Mellon[1] (BONY) as Trustee for the certificateholders of CWALT, Inc. Alternative Loan Trust 2005-58, Mortgage Pass through Certificates, Series 2005-58 (herein after referred to as, "The Loan Trust 2005-58", Bayview Loan Services,

---

[1] The crux of the matters before this Honorable Court are that The Bank of New York Mellon fka The Bank of New York , as Trustee for the certificateholders of CWALT, Inc. Alternative Loan Trust 2005-58, Mortgage Pass through Certificates , Series 2005-58 ( herein after referred to as " The Loan Trust 2005-58" has no standing to meddle with Ms. Hill's real property . It is Ms. Hill's belief that the Loan Trust 2005-58 entity is not licensed nor organization in any state to conduct business under Georgia's trust laws pursuant to OCGA §53-12-2 (15) . Bank of New York Mellon, as Trustee, hereinafter, is referred to as BONY, and it is not licensed in Georgia to carry on any trust activities. **Comments**: Upon belief the Loan Trust 2005-58 is unlicensed in Georgia which is in contravention for the trust or its trustee's to have any legal actions in accordance with the controlling Georgia law under OCGA §53-12-2 (15). Georgia's trust statute provides the following; (15) *"Trust property" means property the legal title to which is held by the trustee. The term also includes choses in action, claims, and contract rights, including a contractual right to receive death benefits as the designated beneficiary under a policy of insurance, contract, employees' trust, or other arrangement*." **Comments**: Wherefore, under such terms, if the mortgage of the trust was conveyed to it by AWL, then any conveyance should be subject to adverse legal title claims if the mortgage contract is found to have originated without lending preconditions or if found that the instrument was void, ab initio. Whereas, at that time BONY purportedly received the mortgage from AWL, it was an unlicensed and unregistered entity in 2005. Ms. Hill discovered these facts after she was engaged in questionable loan servicing torts and failures to modify her loan. In the whole part of 2005, AWL was not licensed to lend to the public consumers or to engage under federal or state laws without the proper lending preconditions. In the recent court rulings found by a Florida Judge, the order points to where the purported Lender AWL was not a registered lender and licensed New York corporation with a certificate of authority by NY's the Secretary of State at any time after 2005 and years beyond. If true, then Ms. Hill has the right to raise where her loan was invalid *ab initio*. Ms. Hill had been induced to bargain for a mortgage loan by not knowing that the purported Lender was unlicensed in the same years which were investigated by the Florida court. **See Exhibit 300.** Wherefore, the preceding questions of veracity of AWL's loan transacted with Ms. Hill is quintessential importance. The transaction was illegal with respect to lending requirements that the Lender is duly licensed and registered. Ms. Hill's contract was therefore breached *ab initio,* by the fact the AWL was unlicensed. Thereafter, AWL had to legal right to pass title to the Loan Trust 2005-58. Thereafter, Bayview's and BONY's engaged in gross negligence and wanton conduct in which the Defendants, jointly and severally, had no rights and standing to attempt to enforce the questionable instruments after knowledge was presented of Florida Judicial ruling declaration of voidness. The Defendants wantonly meddled and attempted to foreclose under the dubious mortgage instruments. See *Holmes v. Clear Channel Outdoor,* 284 Ga.App. 474, 477(2), 644 S.E.2d 311 (2007)(exculpatory clauses are valid and binding and not void as against public policy, although they will not relieve a party from liability for acts of gross negligence or willful or wanton conduct

(hereinafter referred to as "Bayview") and their agent Georgia's Licensed law firm Brock & Scott from meddling with Ms. Hill's property.  Plaintiff sets forth to show where the three entities engaged to deny the Plaintiff her full property rights after she presented, in good faith, her knowledge that her mortgage was impaired and that the veracity of the matter should be settled non-judicially. Among other things, the U.S. Constitution and Georgia's Constitution under the Bill of Rights, makes it a paramount duty for the government officials to protect her property rights. Accordingly, Ms. Hill seeks relief, herein.

## JURISDICTION
### 2.

This cause of action is brought under 28 U.S.C. §1332 for Diversity Citizenship and under Section 1331 for Federal questions under United States laws raised herein under the original jurisdiction for  FDCPA 15 USC  §§§§1692 (a),(f) (6), (g), (h), respectively, and under RESPA 12 USC  §2601 et seq.,  accordingly.

This court has supplemental jurisdiction over pendant state claims under 28 U.S.C. §1367 involving federal trade statutes under Title 15 and Real Estate Settlement Procedures Act.  Insomuch, the tort actions arises out of the same set of transactions in which Defendants used agents to act in contravention to the contract and consumer laws.

This Court has jurisdiction to decide on State laws by the Rule of Decision Act pursuant to 28 USC §1652.[2]

---

[2] Under 28 USC §1652 entitled "**State Laws As Rules Of Decision**"  or is often referred to as Rules of Decision Act which  provides, "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. In *Cappuccitti v. Direct TV, Inc,, 623 F.3d 1118, 11th Cir. 2010*,  the Court of Appeals had to determine under the applicable state law if binding arbitration clauses found in a consumer contract were enforceable. The *Cappuccitti Court* reversed a previous ruling and remanded because Georgia Law permits enforcement of Binding Arbitration Clauses.

   This Court has jurisdiction to decide on an Interstate Consumer Contract by Federal Controlling laws[3] and the right to enforce the contract covenant terms under OCGA §13-8-54 et seq.[4], interstate trade practices and applicable state laws on foreclosure procedures.

   Original jurisdiction exists under applicable 28 USC §2201 for Declaratory Relief exits because there are genuine controversies on torts of wrongdoings involving a wrongful foreclosure, and civil rights violations committed by "officers of the Courts". Whereas, at all times, Bayview (a Florida company) and BONY knew or should have known that they had exceeded their authorities due to the issues of voidness and

---

Also see the Supreme Court's rulings held in *Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938)*. **Comments:** Herein, Plaintiff urges the court to review the several states legal conclusion as binding upon the federal court for determining the Security Deed's contract rights raised herein. Whereas, Georgia finds applicable and aligns its common law on the mortgage with several other state laws by determinations made, accordingly.

[3] The applicable right to review said contracts are found by the Supreme Court and cited in *Keene Corp. v. Ins. Co. of North America, 667 F. 2d 1034* - Court of Appeals, Dist. of Columbia Circuit 1981, citing **"**In interpreting a **contract**, a term's ordinary definition should be given weight,…." Also see, *Gilmer v. Interstate/Johnson Lane Corp.,* 500 US 20 - Supreme Court 1991, citing, *"Scherk v. Alberto-Culver Co., 417 U. S. 506, 510, n. 4 (1974)*. Its primary substantive provision states that "[a] written provision in any maritime transaction or a **contract** evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such **contract** or transaction. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of 25*25 any **contract**." 9 U. S. C. § 2."

[4] Judicial construction of covenants

(a) A court shall construe a restrictive covenant to comport with the reasonable intent and expectations of the parties to the covenant and in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement.

(b) In any action concerning enforcement of a restrictive covenant, a court shall not enforce a restrictive covenant unless it is in compliance with the provisions of Code Section §13-8-53; provided, however, that if a court finds that a contractually specified restraint does not comply with the provisions of Code Section §13-8-53, then the court may modify the restraint provision and grant only the relief reasonably necessary to protect such interest or interests and to achieve the original intent of the contracting parties to the extent possible.

where the Defendants are charged with liabilities for their conspiracy and dealings through their agent Brock & Scott for purposes of disablement of the property.[5]

Venue is proper because significant events took place in the Southern District of Florida where Bayview "hatched the plans" then used interstate mail and other interstate communications to direct Brock & Scott to proceed against Ms. Hill's property.

---

[5] Under O.C.G.A. §10-6-85 provides; Individual liability of agent by undertaking, when exceeding authority, and for tort; negligence of underservant . **Comments: Ms. Hill holds Bayview liable under the prevailing Georgia Law on Agencies for its role in the conspiracy of disablement of her property.**
Also see, the Grand Trunk Factors applicable for the Courts inherent powers for Declaratory Judgments. "The factors, often called the Grand Trunk factors after the case, exists in the following: (1) Whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;" (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking] a). whether the underlying factual issues are important to an informed resolution of the case; b). whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and (5) whether there is an alternative remedy which is better or more effective. Id. at 554 (primary factors) (quoting Grand Trunk, 746 F.2d at 326); id. at 560 (sub-factors) (quoting Bituminous Cas. Corp. v. J&L Lumber Co., Inc., 373 F.3d 807, 814-15 (6th Cir. 2004)). As the Fifth Circuit has correctly noted, the Grand Trunk factors and their cousins in other circuits direct the district court to consider three things: efficiency, fairness, and federalism. Sherwin-Williams Co. v. Holmes Cty., 343 F.3d 383, 390–91 (5th Cir. 2003). We have never assigned weights to the Grand Trunk factors when considered in the abstract, Flowers, 513 F.3d at 563, and rightly so—the factors are not, of course, always equal. For example, a relatively efficient declaratory judgment (factors 1, 2, and 5) could very well be inappropriate if hearing the case would be unfair (factor 3) or would offend the bundle of principles we generally label "federalism" (factor 4). The relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." **Comments;** Plaintiff finds that Grand Trunk Factors (1), (2) and (5) are present herein for this court to provide a declaratory judgments on matters presented by the Plaintiff herein.

## PARTIES SUBJECT TO THIS CAUSE OF ACTION
### 3.

Pursuant to Georgia's Contract law under OCGA §9-2-20[6] and under Fed. Civ. R. Proc. Rule 17(a), the parties to the Contract or alleged beneficiaries with interests to the action are known as follows:

Plaintiff is Janet Hill, the homeowner, titleholder and mortgagor to the mortgage executed in favor of America's Wholesale Lender (AWL) on 10/25/2005 two mortgages. **See Exhibits A, 100 and 200, respectively.**

Defendant, Bank of New York Mellon (BONY), is a bank that acts as a bank under the National Association to the Department of Treasury. BONY is regulated by Office of Comptroller of Currency, under Title 12 of the National Banking Act. BONY has represented itself to be the Trustee for Loan Trust Series 2005-58.[7]

Upon information and belief BONY maintains an office and principal place of doing business located at 1 Wall Street, New York, NY, 10005. Their Corporate

---

[6] OCGA §9-2-20. Parties to actions on contracts; action by beneficiary provides,
(a) As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent.
(b) The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract.

[7] Georgia's Trust pursuant to OCGA § 53-12-200 - Capacity of trustee
A trustee shall have legal capacity under Georgia law to acquire, hold, and transfer title to property. An individual shall be eligible to serve as a trustee regardless of citizenship or residency. *If the trustee is a corporation, partnership, or other entity, it shall be required to have the power to act as a trustee in Georgia.* **Comments:** Here, Plaintiff Charges that BONY had no Certificate of Authority to Act in the State of Georgia as trustee for itself or for an unregistered Trust CWALT Loan TRUST 2005-58. BONY should be held liable as the Principal involved in the foreclosure action pursuant to Georgia's Agency Law and in contravention of trusts laws of entering could lead into judicial actions.

8

Officer is Gerald Hassell, Chairman and CEO. Plaintiff has served BONY's executive at their principal place of business.

Bayview Loan Services, LLC (" Bayview") is a for-profit Florida mortgage loan servicer, who at all times, acts on behalf of its principals asset recovery purposes and debt collection business in the State of Georgia and throughout the Southeast Region of the United States. Bayview's principal place of doing business is in Coral Gables, Florida.

## STATEMENT OF FACTS
### 4.

Plaintiff fully incorporates all the above sections 1 through 3 of this complaint and further asserts his claims as follows:

Whereas, one of the prima facie evidence presented herein relates to the Florida Court ruling held in *Bank of America, N.A. et al v. Linda Nash et al,* 18th Circuit Court, Seminole County, FL, Case No. 59-201 1-CA-004389 (Sept. 15, 2014) to be applicable herein. **See Exhibit 300.**

Prior to any litigation, in good faith, Ms. Hill provided the above judicial ruling to each Defendant and to their agent-law firm. Additionally, Debt Validation Notices under 15 USC §1692 g, Qualified Written Request Notices under 12 USC §2605e and other applicable notices were made under her rights found in the Security Deed Contract Section 15. **See Exhibits A, 500, 600, 700, and 1000, respectively**.

Wherefore, both Defendants and their agent-law firm had prior knowledge about the Florida's Circuit Court's ruling and findings made against AWL's right to lend and where the loans were subject to claims of being void, *ab initio*. The Final Judgment cited that AWL's mortgages were void primarily due to the following facts:

9

1. That in 2005 and thereafter, AWL was unlicensed and not registered in State of New York, as purported on the face of their Security Instrument (or Security Deed or Mortgage). Wherefore, AWL was found by the Florida Court was not in compliance with state laws to lend to consumers.

2. AWL's failure was thought to be unamendable in Florida and Ms. Hill contends that AWL's lending practices are applicable for Georgia, too, under banking regulations and federal interstate lending requirements.

3. Whereas, the Florida Court held specifically that the loans transacted in 2005 were void. [**Emphasis added**]. Additionally, AWL did not correct their unlicensed or registration status. Whereas, not even Countrywide nor Bank of America sought to register and license AWL in accordance to state license and registration preconditions.

Wherefore, the facts about the Florida Court ruling found in **Exhibit 300** were made known to each Defendant by Ms. Hill.

Thereafter, the Defendants actions can only be described as "burying their heads in the sand". Whereas, the Defendants never addressed Ms. Hill's concerns regarding AWL's breach of contract, RESPA service violations, and FDCPA debt validation requirements. Rather, both Defendants continued to direct their legal agent-law firm, Brock & Scott, to proceed with disablement actions although the instruments and authorities to enforce the contracts were questioned. Ms. Hill factually cites by her exhibits herein, that Defendants had full knowledge of AWL's lending breaches. Thereafter, the Defendants had legal duties to address her concerns of voidness of her contract which was similarly situated to the Florida Final Judgment . Ms. Hill's believes that she is entitled her claim for a contractual breach, *ab initio*, because AWL's breached nationwide mortgage lending practices, accordingly.

However, with full knowledge, Bayview and BONY hired, directed and conspired with Brock & Scott to perform their tortuous schemes to foreclose upon the Plaintiff's home.

Whereas, it is factually shown that on or about December 30 2014, Brock & Scott served and published the first legal notice to foreclose in Fulton County's legal organ, *The Daily Report*, against Ms. Hill's property secured by the underlying mortgage. **See Exhibit 400.**

On or about, January 22, 2015, Ms. Hill sought help from the Consumer Financial Protection Bureau (CFPB) to investigate the matter. **See Exhibit 700.** Thereafter, Bayview replied to Ms. Hill's CFPB complaint by stating that *"this is not a Bayview Loan Servicing, LLC customer".* **See Exhibit 750.**

Thereafter, Brock & Scott provided written assurances that Plaintiff's home would not be foreclosed upon and rescinded the sale. **See Exhibit 800.**

In the meantime, legal notices under RESPA and FDCPA were never investigated and replied to in accordance to the prevailing laws. **See Exhibits 500, 600 and 650, respectively.** The failure to address these legal notices were the basis that Ms. Hill sought a CFPB investigation.

Whereas, on or about April 1, 2015, a second notice with the intent to foreclose was given by Brock & Scott to Ms. Hill. This was done inspite of the following facts:

1. A prior action had been voluntarily stopped for the same false claim.
2. That the Defendants had been served with consumer notices that were never complied with and copies of the Florida Circuit rulings affecting AWL's Lending practices were fully known to be unlawful and fatally erroneous as a purported lender.

3. That the Defendants had full knowledge of the legal and binding ruling affecting AWL's voided mortgage contracts and questionable lending practices.

4. That the Defendants never advised Ms. Hill that she had a right to contest their action to accelerate under Section 22 (d) of the security instrument pursuit to Georgia's ruling held in *Bank of America v. Wedereit*. Whereas, every attempt to foreclose by Brock & Scott were in contravention to Ms. Hills Security Deed and in contravention to Georgia's non-judicial foreclosure statutes.

5. That the Defendants should have but never sought a declaratory judgment or a petition to reform the contract as a due process procedure for equitable relief affecting defective contracts.

6. That the Defendants engaged in unfair and deceptive business practices by ignoring Ms. Hill's notices and unfairly sought a non-judicial foreclosure against a questionable instrument. Upon information and beliefs, Defendants are in contravention of OCGA §23-2-114 requirements that all deed under power of sale clauses are to be strictly construed and fairly administered.

Whereas, Bayview, BONY and Brock and Scott ignored the Florida's Court's Order of similar cases involving ALW's mortgage breaches due its non-registration and licensing status. In the Florida case, the beneficiaries attempted to enrich themselves and sought to enforce the contracts although the instruments were dubious at best. This action is equivalently situated.

Upon information and belief, the actions by the agent to meddle with Ms. Hill's property and peaceful enjoyment falls upon Bayview and BONY for liabilities of the principals for the actions of their agent's wrongdoings. Such

liabilities are believed to be compensable under Georgia's Agency's law pursuant to OCGA §10-6-60, but not limited to other civil land tort laws in Georgia.

Wherefore, the Plaintiff seeks equitable relief from this Court for purposes of determining if the cause of actions warrants a favorable equitable relief to restrain the Defendants from encroaching on Ms. Hill property permanently.

Whereas, among other things, Ms. Hill shows that the Defendants engaged in willful and wanton conduct to unlawfully seize her home, used fraudulent publications to gain by "unjust enrichment" from a foreclosure sale, and misrepresented their rights to enforce a breached mortgage contract void *ab initio*. Whereas, the Defendants knew or should have known that they were engaging in a scheme to wrongfully levy upon Ms Hill's property.[8]

Whereas, this petition is brought to a court of competent jurisdiction to provide a declaratory judgment about the relationships of the parties with respect to AWL's lending practices.

Whereas, upon information and beliefs, Defendants could not benefit from AWL's unlicensed practice to lend throughout 2005. AWL's action is thought to be unamendable.  Whereas, the purported successors of AWL, Countrywide or

---

[8] *See Tacon v. Equity One, Inc.,* 280 Ga. App. 183, 188, 633 S.E.2d 599, 603 (2006) (explaining that the "common law rule [of trespass] is codified in O.C.G.A. § 51-9-1, which provides that every act that unlawfully interferes with a citizen's right of enjoyment of his private property "is a tort for which an action shall lie"). Here, Georgia Courts have followed without preconditions:

> "Liability for a trespass upon real property produced by a voluntary act is absolute and does not have to be grounded in negligence, so long as the act causing the trespass was intended. *Brooks v. Ready Mix Concrete Co.,* 94 Ga.App. 791, 793(1), 96 S.E.2d 213 (1956). This common law rule is codified in OCGA § 51-9-1, which provides that every act that unlawfully interferes with a citizen's right of enjoyment of his private property "is a tort for which an action shall lie." **[Emphasis Added.]  Comments:** Plaintiff sets forth that Brock Scott letters, particularly the December 30, 2014 and April 1, 2015 notices, shows actual intent to have trespassed and plans to continue to trespass. Their intent should qualify the Plaintiff to assert claims for relief under the above tort code.

Bank of America, never corrected the AWL's licensing and registration deficiencies.

Plaintiff gives judicial notice for this Court to accept all pleadings, foot notes and case laws presented herein as true and for purposes of deciding matters herein.

## ADDITIONAL FACTORS FOR CAUSE OF ACTIONS
### 5.

Plaintiff fully incorporates all the above sections 1 through 4 of this complaint and further asserts her claims as follows:

Whereas, neither Bayview or BONY were the Creditors that provided Ms. Hill with purchase money, extension of credit or the loan servicing under the original  security instrument **[Emphasis added].**

Whereas, the First and Second Liens were executed by Ms. Hill in favor of America's Wholesale Lender (AWL) as duly noted on the face of the Security Deed recorded on Fulton County land records. **See Exhibits A, 100, and 200, respectively.** Countrywide Home Loan Servicing, LP provided the original loan servicing for about four and one half years.

Whereas, neither were BONY nor Bayview were the creditors who extended credit terms or consideration for Ms. Hill constituting any rights under the First or Second Liens  by the respective Security Deeds.

Whereas, AWL was not duly authorized, as a foreign corporation, to lend in Georgia. Georgia Secretary of State and Georgia Department of Banking would have been reliant upon  AWL to have been duly licensed and  formulated in New York, as a Corporation.  The recent judicial ruling, by findings of fact, states that AWL was not properly incorporated in New York and therefore its rights in Georgia are equally questionable.

Wherefore, AWL had NO license to lend money in Georgia. Whereas,  Ms. Hill was reliant upon AWL's presentment that the purported lender

had fully complied with all licenses and registrations in New York. Plaintiff knows with certainty that AWL licensing in New York was not a valid undertaking as purported on her contract. **See Exhibits A and 300, Judicial Final Judgment.**

Wherefore, Ms. Hill shows where her contract was breached from the beginning. She discovered this prima facie evidence from the Florida Ruling in *Bank of America et al v. Linda Nash et al* . Ms. Hill is reliant of the Final Judgment in the proceedings herein as a legal basis for her claims. Additionally, Ms. Hill loan should qualify as a consumer transaction that is subject to fraud and misrepresentations under the purview of Consumer statutes under the Fair Debt Collection Practices Act (FDCPA), RESPA and the GFABA, accordingly. Ms. Hill is not seeking relief under the higher federal statute under Fed. R. Civ. P. Rule 9. She urges the court to consider that her claims should come under the strict liabilities found under the consumer statutes, accordingly. Ms. Hill affirms that she engaged with AWL as a consumer loan transaction to finance her home.

### FDCPA AND GFBA CLAIMS
#### 6.

Plaintiff fully incorporates all the above Sections 1- 5 of this complaint and further asserts her above claims as follows:

Plaintiff charges that BONY should be held liable for its agents under OCGA §10-6-60[9] and that Bayview is liable for its own torts under OCGA §10-6-85.

---

[9] See In *SOUTH ATLANTIC &c. CREDIT ASSN. v. Gibbs*, 361 SE 2d 167, 257 Ga. 521 - Ga: Supreme Court, 1987, ... Held: "Generally a principal is bound for the care, diligence and fidelity of his agent in his business, and shall be bound for the negligence and fraud of his agent in the transaction of such business". See [OCGA § 10-6-60]; Also see, *Finch v. Hill*, 146 Ga. 687, 688 (92 SE 63); *Loyless v. Hesse Envelope & Lithographing Co.*, 10 Ga. App. 660, 663 (74 SE 90); *City Bank v. Kent*, 57 Ga. 283, 303.

Plaintiff charges that Bank of America (as the alleged successor servicer to Countrywide) had declared that her Note was in default since about October 1, 2010.

Thereafter, an alleged servicing and the transfer of the deed to secure occurred in 2011.

Whereas, Plaintiff sets forth where Brock & Scott sent her a notice for a foreclosure sale on or about December 30, 2014.

Whereas, upon belief, Brock & Scott fully reinstated her mortgage by its January 26, 2015 foreclosure withdrawal notice.

Thereafter, on or about April 1, 2015, an additional "Notice of Intent to Foreclose" was sent to Ms. Hill **See  Exhibit-900.**

Wherefore, among other things, MERS's belated Assignment establishes a factual time referenced for determining when BONY might have acquired the Security Deed as a delinquent obligation. Whereas, the Loan Trust's acquisition is thought to be applicable for Ms. Hill's claims in accordance with the FDCPA's 15 USC §1692 et seq. for debt collectors violations and under the GFBA for deceptive practices.

Wherefore, upon information and belief, BONY fits the definition of an assignee of an instrument made by defunct Creditor.  BONY's status as Debt Collector is determinable under the FDCPA. Upon belief, Defendants joint actions were done in contravention to the FDCPA statutes under 15 USC §§§1692 a, e and f (6), accordingly.

Upon information and belief, neither Bayview nor BONY had a present right of enforcing the debt for purposes of disablement under subsection f (6).

16

Upon information and belief, both Bayview and BONY used false statements and misrepresentations of the nature of the debt, the amount of the date and the validity of the debt under subsections a and e, accordingly.

Upon information and belief, both Bayview and BONY should be found as debt collectors due to when the debt was allegedly acquired under subsections a, accordingly.

### Breach of Contract and Wrongful Foreclosure Claims
### 6.

Plaintiff fully incorporates all the above Sections 4 through 5 of this complaint and further asserts his claims as follows:

Plaintiff charges that BONY is liable for its agents under OCGA §10-6-60 and that Bayview is liable for its own torts under OCGA §10-6-85.

Whereas, the agent law-firm, Brock & Scott's, first and second acceleration notices were in contravention to the contract terms under Section 22 of the Security Deed.

Furthermore, Plaintiff sets forth where the foreclosure action breached the plain language terms of his Security Deed Contract pursuant to Section 22 (d). **See Exhibit A page 10.**

It is important to note that one of the crux of Ms. Hill's wrongful foreclosure claims centers around the contractual breaches under the Security Deed. The Uniform Security Instrument, in pertinent parts of Section 22 (d), provides the following:

> "22. **Acceleration; Remedies**. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument .... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in this notice may result in

acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law." [10]

Plaintiff shows six reasonable causes for which she supports contract breach claims and where the legal duties were abridged, accordingly:

1. Whereas, after the Assignments were entered in Georgia's land records in or after 2011, then thereafter BONY should have been liable under its terms. See **Exhibits A, 100 and 200.**

2. Whereas, No Creditor nor Agent sent to Ms. Hill all of the required notices as cited in <u>Section 6</u> above. The preconditions for an Acceleration Notice are contractually binding and it speaks for itself.

---

[10] The plaintiff charges attempted wrongful foreclosure by the veracity for the legal requirements which are held to be in a strict compliance under Section 22 (d) of the Security Deed (mortgage instrument). Ms. Hill's legal theory as has been supported by the recent decision by Georgia's Court of Appeals. The Appellate Court precedent ruling held in *BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing, L.P. v. Wedereit*, No. A14A0131, Court of Appeals Georgia, decided on July 8, 2014, Reconsideration Denied July 29, 2014 is believed to set the future legal standard in deciding breach of contract under the Security Deed in wrongful foreclosure cases. Whereas a plethora of High Courts agree on the "plain language" interpretation found under Section 22 (d). See Supreme Court of Alabama in *Jackson v. Wells Fargo Bank, N.A.*, 90 So. 3d 168, 173 (Ala. S. Ct. 2012) holding: "The acceleration letter is just that a notice, that the debt had been accelerated, not a notice of intent to accelerate. The only option given and published in the county legal organ was a notice contemplating a payment of the entire debt was due, which is an approach in direct contravention of paragraph 22." Also, see JPMorgan Chase Bank, N.A. v. Blank, 2014-Ohio-4135, Court of Appeals, 11th Appellate District Ashtabula County, OHIO, Also see, *CitiMortgage, Inc. v. Elia*, 2011-Ohio-2499, Ninth Judicial District County of Summit (May 25, 2011), and also see, Ogden v. Gibraltar Savings Ass'n, 640 S.W.2d 232 (Tex.1982).

3. Whereas, Brock & Scott's acceleration notices content were noticeably deficient of the preconditions that should have been given under Section 22 (d) of the Security Deeds.

4. Whereas, Brock & Scott's notice did not set forth where the Plaintiff could file a court action to raise a defense against the acceleration and the pending foreclosure sale.

5. Whereas, Ms. Hill had defenses to raise because, BONY never sent her the proper 30-day right to cure, or that she may have the right for reinstatement after acceleration, or where the acceleration notice was premature due to their failures to perform under their legal duties to the contract terms. Additionally, Ms. Hill could have challenged the standing of BONY to foreclose as a mere Debt Collector because AWL's lending practices in 2005 should have been determined first and foremost.

6. Additionally, because Georgia permits a non-judicial foreclosure, the action must be done strictly in fairness in compliance with OCGA §23-2-114.[11]

7. Wherefore, Ms. Hill charges that the purported non-judicial sale was not fair and the procedures employed fails to meet the legal standards under Georgia's equitable law, accordingly.

---

[11] See Frank S. Alexander, GEORGIA REAL ESTATE FINANCE AND FORECLOSURE LAW, § 1:5 (2011–12 ed.). In authorizing this manner of foreclosure, the state provides creditors with the flexibility and efficiency of a non-judicial procedure upon a debtor's default. However, given the significant power that such a procedure vests in the foreclosing party, the law requires that powers of sale "shall be strictly construed and shall be fairly exercised." O.C.G.A. § 23–2–114.1 Moreover, for loans secured by residential property, O.C.G.A. § 44–14–162.2 specifies the required elements of the notice letter that a creditor must send prior to the non-judicial foreclosure sale. This statutory section requires that the creditor advise the homeowner of the "individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." O.C.G.A. § 44–14–162.2. The creditor must send the statutory notice by "registered or certified mail or statutory overnight delivery, return receipt requested." Id. The statute expressly requires a higher level of notice for residential loans than nonresidential loans.

## BONY AND BAYVIEW VIOLATIONS OF AGENCY LAWS UNDER OCGA §10-6-60
### 7.

Plaintiff fully incorporates all the above sections 4 through 6 of this complaint and further asserts his claims as follows:

Plaintiff charges that BONY is liable for its agents under OCGA §10-6-60 and that Bayview is liable for its own torts under OCGA §10-6-85.

Ms. Hill brings her claim for where Defendants were malicious and reckless in their pursuit of two attempts at foreclosure and disablement of her property. Fundamentally, the homeowner was not given her a notice and contractual right to contest under the acceleration as required by the Security Deed Section 22 (d).

Whereas, Brock & Scott, a duly licensed law firm, twice wrongfully published an advertisement for an acceleration procedure against Ms. Hill's estate. Brock & Scott alleged a default by failure to pay the Creditor under the terms of the underlying Security Deed without complying with the preconditions for acceleration notices found in contracts.  (See Georgia's controlling law in *Bank of America v. Wederiet (2014) supra).*

Whereas, thereafter, Brock & Scott was acting at all times on behalf of Bayview and BONY which should place the preponderance of liabilities upon the principals.

Upon belief and information, this Court is asked to observe the following efforts by the Plaintiff to avoid litigation by the following events:

a.  Whereas, on or about January 22, 2015, Ms. Hill established a consumer complaint with the CFPB over the contract dispute. **See Exhibit 700.**

b.  Whereas, upon receiving knowledge of Florida's Final Judgment affecting AWL's mortgages, and by Bayview's admission that Ms Hill is "NOT" a customer", Brock & Scott withdrew the initial foreclosure sale.

c.   Wherefore and thereafter, Defendants engaged in actions to sieze Ms. Hill's home in April of 2015.  Upon belief, Ms. Hill gave fair notice to provide Defendants with the opportunity to act in good faith.  Bayview and BONY, however, after 60 days had passed on CFPB Agency's review of a consumer complaint, the Defendants re-engaged in unconscionable, malicious and reckless conduct  in their second attempt to proceed in a foreclosure sale. **See Exhibits 700 and 800, respectively**. Ms. Hill believes that Bayview deceived the CFPB by their false statements and only rescinded the first foreclosure only as a ploy.  Ms. Hill seeks to prosecute under the GAFBA and applicable civil land torts.

d.   Defendants knew or should have known that a genuine controversy existed over the consumer rights due to AWL's lending breaches.   Ms. Hill believes that her contract breach is unamendable and seeks a declaration for it to be declared void or in the alternative, voidable as determined in the ruling in September 15, 2014, where the underlying mortgage contract is **declared void** by a Florida state judicial ruling. Thereafter, upon belief, fraud was perpetrated upon the consumer by Bayview and BONY's malicious intent to deny any fair hearing on Ms. Hill's land title rights. Upon belief,  Bayview conspired with BONY to use Brock & Scott to falsely publish the foreclosure legal notice and thereafter intended to seize her property. As a result, BONY and Bayview attempted to deny  Ms. Hill of her constitutional guarantees under  Georgia's Bill of Rights and under the U.S. Sixth Amendments, respectively.

Wherefore,  in consideration of the above, Ms. Hill maintains her right to charge constitutional violations by a  State licensed law group, Brock & Scott, for acting under the "color of law", violating their oath of office at the same time, while engaging in wrongdoings on behalf of the Defendants.

## CLAIMS FOR DAMAGES & DETERMINATION
### 8.

Plaintiff fully incorporates all the above sections 1 through 7 of this complaint and further asserts he claims by counts in the following:

**Count 1: Plaintiff seeks actual damages suffered for an impaired mortgage contracts in the total full of $494, 500.00 or in the alternative, for this court to deem the contract for voidness.** Defendants sought disablement by wrongful foreclosure unfairly.  Her property is impaired by the two liens originated by AWL and needs to be removed. **See Exhibit-100 -1st Lien Security Deed Assignment.**[12]

**Count 2: Plaintiff seeks declaratory judgment damages where** Bank of New York Mellon unlawfully engaged in actions as fiduciary Trustee for trust duties as required in Georgia without the trust first meeting the registration requirements. Trusts are required to be registered with the Secretary of State in accordance  to Georgia's trust laws. Wherefore, Ms. Hill charges that BONY was without the legal right to attempt to foreclose in Georgia or to litigate such actions, therein, as Trustee.

**Count 3: Plaintiff seeks declaratory judgment damages where**  BONY has misrepresented the facts about Loan Trust, CWALT 2005-58 in which the Trust is quite possibly not in existence and  it has no Registered Agent in New York, Delaware or in Georgia. Furthermore, if the loan trust exists, however, Ms. Hill contests this to be factual, then BONY had a legal duty for either pursue a declaratory judgment on their rights or sought a reformation of the mortgage. BONY failed to do either pre-foreclosure actions in good faith.

**Count 4:** Ms. Hill charges that BONY and Bayview with FDCPA violation under 15 USC 1692 f (6). Whereas, neither entity had the present right to foreclose on the

---

[12] The Second Lien was originated by AWL in the amount of $30K.  See Exhibit 200 evidencing the 2nd Lien  Assignment to BONY on behalf of another LoanTrust. All instruments are sought for declaratory judgment for voidness.

consumer's property. Whereas, the loan trust either acquired the debt after it was already delinquent or factually, the loan trust was not a statutory or legal entity with the standings to publish legal notices to foreclose against Ms. Hill's estate. Subsequently, the loan trust would have been required to participate in Georgia Courts to prosecute for possession. Whereas, unregistered trusts are prohibited to prosecute in any Georgia Court in accordance with Georgia's trust laws.

**Count 5:  Plaintiff seeks declaratory judgment for damages where** BONY and BAYVEIW misrepresented the fact that the Loan Trust. 2005 -58 had no standing to prosecute Ms. Hill for foreclosure because, the veracity of the mortgage contract was known to be inherently defective and more than likely void.  Whereas, the Loan Trust 2005-58 is not believed to be a  beneficiary of  the defunct entity, AWL, which was at all times unregistered or licensed in New York or Georgia.

 **Count 6:** Ms. Hill seeks relief of this Court to determine the affects of the Final Judgment made against AWL's instruments originated in 2005 per the Florida ruling held in *Bank of America, et al v. Linda Nash et al.*  The Plaintiff seeks a judgment affecting both of her security 1st and 2nd liens, accordingly. As a result, declaratory relief is sought for this Court to determine if AWL could pass legal title to MERS when it was not a legal entity to do so. **See Exhibit 300.**

**Count 7:  Plaintiff seeks damages under the RESPA, FDCPA and the GFBA** where BONY and Bayview deceived the consumer in their debt collection practices and their after engaged in disablement actions. Bayview is liable for not complying under RESPA's complaint resolution under 12 USC 2605 (e) and (k). Whereas, Bayview failed to timely, respond, investigate or provide information requested of the servicer under the Qualified Written Request Notice and RESPA laws. Whereas, both Defendants and their agent-law firm, Brock & Scott, refused to comply with the FDCPA Debt Validation Notices. The content of the notices presented in **Exhibits 400, 500, 600, and 650**, respectfully, speaks for themselves.

23

Whereas, at no time have Bayview nor BONY responded to the consumer in compliance of applicable consumer statutes.

**Count 8: Plaintiff seeks** judgment for damages under the applicable sections in FDCPA 1692 et seq. where BONY and Bayview are believed to have met the definition of debt collectors, jointly or severally.   At no times were either entity Ms. Hill's secured creditor.  Whereas, even BONY's assignments were received after her debt was known to be delinquent.

**Count 9:   Plaintiff seeks damages from** BONY, as Trustee for the Loan Trust Series 2005-58 and BAYVIEW for their combined tortuous actions through their agent Brock & Scott.  Bayview, the alleged loan servicer hired Brock & Scott on behalf of BONY, as Trustee. Damages should include all actions by the law firm including breach of contract under Section 22(d) of the Security Deed, deceptive trade practices under GAFBA, Georgia's Agency Laws, contract breaches where judicial and collateral estoppels were known but, Defendants failed to abate their own actions.

**Count 10:**   Plaintiff seeks compensable damages permitted by Georgia's equity laws on rescission of her mortgage contract. Whereas, a court determination may permit a compensable recovery.  Whereas, Ms. Hill seeks this kind of equitable relief because, she shows evidence that in 2005, AWL was unlicensed to lend in Florida and Georgia.  AWL deceived and induced Ms. Hill and other consumers into obtaining illegal mortgage contract without having performed its prerequisite duties of being a licensed corporation in compliance with national and state lending laws . Ms. Hill is reliant on the 18th Circuit of Seminole County Florida's findings of fact to be applicable herein. **See Exhibit 300.**

**Count 11: Plaintiff seeks strict liability damages against** BONY and Bayview's engagement in FDCPA violations of deceptions under 1692 9e  and by attempting to seize a property without a present right under 1692  f (6) through their debt

collections activities.  Whereas, neither party lent money or extended credit to her as required under 1692 a et seq.

**Count 12: Plaintiff seeks damages from** BONY and Bayview engagement in land rights violations by deceiving the public with falsified foreclosure advertisements in an overt attempt to convert the Ms. Hill's property without a bona fide contractual right to do so. Plaintiff seeks claims under conversion, unjust enrichment and trover under OCGA §51-9-1.

**Count 13: Plaintiff seeks damages from** BONY and Bayview actual damages  in the amount of $260,000.00, jointly and severally.  Whereas, Defendant's inflicted the damages as a result of their conspiracy conducted to disable Ms. Hill from her home.  Defendants used false publications, unfair billing and credit damage. Whereas, Bayview falsely reported delinquencies to the Credit Bureaus and foreclosure proceedings.  Whereas, Ms. Hill has attempted seek employment and have the Credit Bureaus remove the erroneous entries due to the Florida Court's Final Judgment held against AWL. However, Bayview continues to re-apply the false data in contravention of the FCRA. **See Exhibits 500 and 1100**, respectively.

**Count 14: Plaintiff seeks damages from** BONY and Bayview for engagement in breach of her Security Deed Contracts under Section 22(d) are compensable under the GAFBA OCGA §10-1-390 et seq. and under OCGA §23-2-114. The laws permit setting aside the wrongful foreclosure, compensating for attempted foreclosure, and restraining from future foreclosure actions.

**Count 15: Plaintiff seeks damages from** BONY and Bayview for court costs and legal fees, so that, she can pay for an attorney to represent the issues at trial.

**Count 16: Plaintiff seeks actual damages from** BONY and Bayview for any other damages, punitive or compensatory or statutory deemed appropriate by this court or by a jury panel.

25

**RELIEF SOUGHT**

**9.**

Plaintiff fully incorporates all the above sections 1 through 8 of this complaint and asserts her claims as follows:

1. Plaintiff seeks award for all counts of damages 1-16 above and from her Table of Damages, attached, hereto. **See Exhibit 1200.**

2. Plaintiff seeks fraud, deception and misrepresentation claims under the Consumer Protection Statutes of the GAFBA and FDCPA but, not by the heighten pleadings standard by F.R.C.P. Rule 9 or the local rules of this court.

3. Plaintiff seeks an award of compensatory damages sustained by Ms. Hill as a result that Defendants' violated of Georgia foreclosure laws under OCGA §44-14-162.2 and under OCGA §23-2-114, Whereas, the attempted foreclosure sales were not advertised in good faith and they were not fairly exercised.

4. Plaintiffs seeks equitable relief for Counts 1,2,3,5 6, and 8 in the above found in Section 8.

5. An award of additional or special or punitive damages under Georgia's tort codes OCGA §51-12-5.1 and under OCGA §51-9-1, respectively, for civil trespassing, conversion and unjust enrichment in favor of Ms. Hill against her adversaries BONY and Bayview conduct, jointly and severally. Whereas, Ms. Hill shows that Defendants conspired by gross negligence, engaged in abusive litigation, and intentionally meddled with Plaintiff's real property. Whereas, their conduct is compensable as land torts violations under Georgia's laws.

6. Plaintiff seeks a determination that the Defendants are jointly or severally liable for the actions of Brock & Scott's conduct and breached notices cited in the above Section 6, herein.

7. Plaintiff seeks finding of facts and declaratory judgment that any foreclosure attempt or deeds made during a non-judicial proceeding were improper, unfair and are null and void. Plaintiff seeks to have her title to remove the "cloud of AWL's instruments." In the alternative, Plaintiff is awarded equitable rescission of her contract and awards for said damages in accordance with the applicable statues, cited herein or by the Court's findings of fact.

8. Plaintiff seeks court costs and attorney fees cast upon the Defendants.

9. To Grant such other equitable relief as the Court deems proper.

10. **DEMAND FOR TRIAL ON ANY ISSUE OF FACT BY JURY IS INVIOLATE.**

Plaintiff sayeth naught more.

Janet Hill, Affiant.

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Janet Hill, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-21621-Civ-Scola |
| Bank of New York Mellon, *and* | ) |
| *others*, Defendants | ) |

### Order Granting Motion to Dismiss Plaintiff's Complaint

After an arduous reading of her pro se Complaint, it appears Janet Hill is suing the Bank of New York Mellon (BONY) and Bayview Loan Services for breach of contract, wrongful foreclosure, violations of the Fair Debt Collection Practices Act, and violations of various Georgia statutes. (*See* Compl., ECF No. 1.) Each of these claims seemingly stems from Hill's objection to the assignment and securitization of her Note and Mortgage and attempts to foreclose on her property located in Georgia.

## 1.   Background.

This case is one of many in Hill's landslide of litigation. But when the dust settles, it is clear that this case presents nothing new; Hill is raising similar causes of action against defendants she has already sued. In each of her seven (that the Court knows of) prior lawsuits, Hill raised similar claims and sought similar relief to what she seeks here—namely, to challenge the assignment of her mortgage and thwart foreclosure of her property. But because the issues presented here have been—or could have been—adjudicated elsewhere, this Court is barred from hearing this matter by the doctrine of res judicata. To illustrate the parties' history, the Court outlines Hill's litigious past:

### A.   Lawsuit #1: *Janet Hill v. Bank of America, Inc.*

On July 29, 2011, Hill sued Bank of America in the Superior Court of Fulton County, Georgia, seeking monetary damages and asserting claims for breach of contract and deceptive trade practices related to her loan. (*See* Mot. to Dismiss, ECF No. 14, Ex. A.) Her case was removed to the United States District Court for the Northern District of Georgia, which granted Bank of America's motion to dismiss and dismissed Hill's complaint with prejudice. (*See* Mot. to Dismiss, ECF No. 14, Ex. B.) Hill appealed the dismissal, but it was

affirmed by the Eleventh Circuit Court of Appeals. (*See* Mot. to Dismiss, ECF No. 14, Ex. C.)

> **B.   Lawsuit #2: *Janet Hill v. The Bank of New York Mellon, and others.***

On July 30, 2012, Hill filed her second lawsuit in the Superior Court of Fulton County, Georgia against BONY; Alternative Loan Trust 2005-58; Mortgage Electronic Registration Systems, Inc. ("MERS"); Mortgage Pass-Through Certificates, Series 2005-58; BAC Home Loans Servicing; Countrywide Home Loans Servicing LP; Countrywide Home Loans, Inc.; and all persons claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to Plaintiff's title thereto.  (*See* Mot. to Dismiss, ECF No. 14, Ex. D.)

Hill's claims seemingly stemmed from her objection to the assignment of her mortgage.  "The Assignment by MERS was improper because MERS never had a beneficial interest in the Subject Property and was merely a 'nominee' under the Deed of Trust.  Therefore the Assignment was invalid and void[,]" Hill alleged.  (*Id.* at ¶ 22.)   Arising from the allegedly invalid Assignment, she brought claims for fraud; breach of contract; to void, cancel or set aside trustee's sale/deeds upon sale; wrongful foreclosure; breach of the implied covenant of good faith and fair dealing; unjust enrichment; violations of Georgia Fair Business Practices Act ("GFBPA"); quiet title; and slander of title— all related to the same loan at issue in her present Complaint. (*See id.*)   Hill sought a declaration that the foreclosure on her property was wrongful and asked the court to vacate or cancel the foreclosure sale.  *Id.*  She also sought compensatory, special, general, and punitive damages as well as an order enjoining all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them from committing any acts of unfair competition in violation of Georgia's Fair Business Practices Act.

Like her first case, this action was removed to the United States District Court for the Northern District of Georgia.  After removal, Hill voluntarily dismissed the case on June 12, 2013. (*See* Mot. to Dismiss, ECF No. 14, Ex. E.)

> **C.   Lawsuit #3: *Janet Hill v. American Wholesale Lender, BONY, and others.***

Hill filed her third lawsuit on March 1, 2013, in the Superior Court of Fulton County, Georgia, against American Wholesale Lender (AWL), MERS, and BONY, asserting claims for declaratory and injunctive relief. (*See* Mot. to Dismiss, ECF No. 14, Ex. F.)  Again, she took issue with MERS's assignment of her mortgage.  (*See id.* at ¶ 14) ("MERS transfer to BONY failed to transfer any

interest in the subject property as 'one cannot transfer or convey an interest in real property greater than [he/she] has.'")  And again, she sought to enjoin the defendants from completing a foreclosure sale and sought a judgment declaring her the sole owner of her property.  (*See* Mot. to Dismiss, ECF No. 14, Ex. F.) Like each case before, this matter was removed to the United States District Court for the Northern District of Georgia. On February 13, 2014, Hill again voluntarily dismissed her case. (*See* Mot. to Dismiss, ECF No. 14, Ex. G.)

### D.     Lawsuit #4: *Janet Hill v. AWL, BONY, MERS, Bayview and Shuping, Morse & Ross, LLP.*

On February 24, 2014, Hill filed a fourth lawsuit.  This case was filed in the Superior Court of Fulton County, Georgia, against AWL; BONY; MERS; Shuping, Morse and Ross, LLP ("Shuping"); and, for the first time, Bayview Loan Services.  In her fourth action, Hill again challenged the transfer of her mortgage, (*see* Mot. to Dismiss, ECF No. 14, Ex. H, at ¶ 15) ("MERS transfer to BONY failed to transfer any interest in the subject property[.]"), and asserted claims for wrongful foreclosure; breach of contract; breach of duty of good faith and fair dealing; invasion of privacy; trespass; violations of Georgia's RICO statute; intentional infliction of emotional distress; negligent infliction of emotional distress; breach of fiduciary duty-principal/agent; breach of legal duty under GA Code Ann. Statute § 51-1-6; interference with business or contractual relations; and libel. (*See* Mot. to Dismiss, ECF No. 14, Ex. H.)

On June 4, 2014, the court granted the defendants' motion to dismiss on the basis of res judicata and/or collateral estoppel, finding that Hill's claims were "previously adjudicated and/or put in issue in the prior actions, or could have been." (Mot. to Dismiss, ECF No. 14, Ex. I.)  Hill appealed the dismissal to the Georgia Court of Appeals, but that court dismissed her appeal because she never filed an initial brief. (*See* Mot. to Dismiss, ECF No. 14, Ex. J.)

### E.     Lawsuit #5: *Janet Hill v. BONY, Bayview, and others.*

Shortly after filing her fourth lawsuit and while that action was still pending, Hill filed a fifth action in the United States District Court for the Northern District of Georgia against AWL; BONY; MERS; Shuping; and Bayview. Again she alleged that "Defendant [MERS] did not hold beneficiary interest in the promissory note and therefore did not have any authority to transfer it to Defendant 'BONY'[,]" (Mot. to Dismiss, ECF No. 14, Ex, K, at ¶ 2), and raised claims for improper foreclosure, injunctive relief, and punitive damages. (*See* Mot. to Dismiss, ECF No. 14, Ex. K.)  There, Hill sought an emergency temporary restraining order and an injunction against the defendants preventing them from collecting, foreclosing, or attempting to

collect any mortgage payments, interest, late fees, restricting, or modifying the mortgage contract. *Id.* And, once again, Hill sought an order vacating and setting aside the defendants' foreclosure sale. *Id.* Approximately one month after filing her fifth action, Hill again voluntarily dismissed her case. (*See* Mot. to Dismiss, ECF No.14, Ex. L.)

### F.   Lawsuit #6: *Janet Hill v. BONY, Bayview, and others.*

While her fourth action was pending, and a month after dismissing her fifth action, Hill filed her sixth lawsuit in the United States District Court for the Northern District of Georgia. (*See* Mot. to Dismiss, ECF No. 14, Ex. M.) There, she sued BONY; several individual officers of BONY; AWL; the president of AWL; MERS; an assistant secretary of MERS; Shuping; several individual attorneys from Shuping; Bayview; Bank of America; Bankers Specialty Insurance Company; Bankers Life Insurance Company; the Fulton County Clerk of Court; and the Georgia Secretary of State. (*See id.*) Like so many times before, Hill objected to the transfer of her loan documents. (*See id.* at ¶ 31) ("There is no evidence that America's Wholesale Lender endorsed the Note to anyone or that the Mortgage was properly assigned to the now purported holder-in-due-course the Bank of New York Mellon.").

Based on the same theory she raised many times before—that transfer of her loan was invalid—she raised claims for quiet title, declaratory, and injunctive relief. (*See* Mot. to Dismiss, ECF No. 14, Ex. M.) Hill asked the Court to "declare that each and every one of the Defendants should be disqualified from enforcing her note and security deed and to order Defendants to summon the true owners consisting of holders of mortgage backed securities owning at least a majority interest in her Note and Security Deed." *Id.*

On August 6, 2014, the district court granted the defendants' motion to dismiss. (*See* Mot. to Dismiss, ECF No. 14, Ex. N.) Like the earlier Georgia state court decision, the district court's ruling was based on the doctrine of res judicata. *Id.* Hill appealed to the Eleventh Circuit, but it dismissed her appeal because she failed to correct deficiencies in her brief and failed to file an appendix. (*See* Mot. to Dismiss, ECF No. 14, Ex. O.)

### G.   Lawsuit #7: *Janet Hill v. Bayview.*

On April 24, 2015, Hill filed her seventh lawsuit. This action was against Bayview only and raised claims for illegal conversion, attempted wrongful foreclosure (tort), attempted wrongful foreclosure (statutory compliance), unfair and/or deceptive business practices, unjust enrichment, and unconscionability. (*See* Mot. to Dismiss, ECF No. 14, Ex. P.) Hill again alleged that MERS "conveyed a fraudulent security interest on Plaintiff's Home[,]" (*Id.*

at ¶ 8), and sought a declaration that Bayview is not entitled to the self-help remedy of non-judicial foreclosure of her Property. (*See* Mot. to Dismiss, ECF No. 14, Ex. P.) Like the cases before, she sought an injunction stopping the foreclosure of her property and compensatory damages. *Id.* True to form, Hill voluntarily dismissed her seventh action on June 22, 2015. (*See* Opp. to Mot. to Dismiss, ECF No. 19, Ex. 1.)

## H. Lawsuit #8 (the present action): *Janet Hill v. BONY and Bayview.*

A mere five days after filing her seventh lawsuit, Hill filed the present action against BONY and Bayview, again asserting claims for wrongful foreclosure; breach of contract; violations of various Georgia statutes; and violations of the Fair Debt Collection Practices Act (FDCPA). (*See* Compl., ECF No. 1.) Once more, Hill seeks a declaration that any foreclosure attempt or deeds made during a non-judicial proceeding are improper, unfair and void. *Id.* And like each case before, she takes issue with transfer of her mortgage and Defendants' ability to enforce it. (*See* Compl., 4 n.1) ("Wherefore, under such terms, if the mortgage of the trust was conveyed to it by AWL, then any conveyance should be subject to adverse legal title claims if the mortgage contract is found to have originated without lending preconditions or if found that the instrument was void, ab initio.").

## I. Summary of Past Litigation.

To summarize, Hill has filed at least eight cases that all seem to stem from her objections to the assignment and transfer of her note and mortgage and seek to halt foreclosure proceedings against her. (*See* Mot. to Dismiss, ECF No, 14, Ex. A, Ex. D, Ex. F, Ex. H, Ex. K, Ex. M, Ex. P.) Defendants here, Bayview and BONY, have been parties to five and six of Hill's lawsuits respectively. Each of these prior cases was either dismissed by the court in which it was heard or dismissed voluntarily by Hill.

## 2. Legal Standard.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demanded more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed." *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008).

## 3. Discussion.

Hill's lawsuit presents nothing new. Under the doctrine of res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action. *See In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Res judicata may be properly applied only if certain prerequisites are met. "In the Eleventh Circuit, a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.* (citation omitted). These elements are easily met here.

There is no dispute that each of Hill's prior lawsuits was filed in a court of competent jurisdiction. Various Georgia state courts, United States District Courts, and the Eleventh Circuit Court of Appeals have all ruled upon Hill's prior lawsuits. And these prior adjudications have been on the merits. Indeed, the Superior Court of Fulton County, Georgia, previously dismissed one of Hill's actions, against BONY, Bayview, and other defendants, on res judicata grounds. (*See* Mot. to Dismiss, ECF No. 14, Ex. I) ("Plaintiff's claims . . . were either previously adjudicated and/or put in issue in the prior actions, or could

have been[.]").  And under Georgia law, applicable to Hill's state law claims, the granting of a Motion to Dismiss functions as an adjudication on the merits of the dismissed claims. *See Johnson v. Bank of Am., N.A.*, 594 F. App'x 953, 956 (11th Cir. 2014) *cert. denied*, 135 S. Ct. 2895 (2015) ("Any other dismissal, other than a dismissal for lack of jurisdiction, or for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits unless the court in its dismissal order specifies otherwise.") (*citing Roth v. Gulf Atl. Media of Ga., Inc.*, 536 S.E.2d 577 (Ga. Ct. App. 2000)).

What's more, Hill's recurrent voluntary dismissals act as adjudications on the merits too.  The Federal Rules of Civil Procedure state that if a "plaintiff previously dismissed any federal or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).  Hill previously dismissed three cases against BONY. (*See* Mot. to Dismiss, ECF No. 14, Ex. E, Ex. G, Ex. L.)  Hill's second and third dismissals operated as adjudications on the merits.   *See* Fed. R. Civ. P. 41(a)(1)(B).  Likewise, she already dismissed two prior actions against Bayview, (*see id.*, Ex. L; *see also* Opp. to Mot. to Dismiss, ECF No. 19, Ex. 1), and her second dismissal against Bayview also operated as an adjudication on the merits.  *See id.*

Finally, for res judicata to apply, Hill's current case must involve the same causes of action as her previously ruled upon or dismissed cases.  *See In re Piper Aircraft Corp.*, 244 F.3d at 1296.  This requirement is more than a mere identical titling of causes of action.  If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same cause of action for purposes of res judicata.  *See Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010).

It is clear that each of Hill's claims stems from the same nucleus of operative facts.  The focus of her claims revolve around purported deficiencies in the assignment of her loan documents and each of her lawsuits seeks to invalidate her mortgage.  Though Hill claims that her present lawsuit "arises out of recent legal notices tendered by the Defendants[,]" she still seeks to challenge the assignment of her mortgage and BONY's or Bayview's standing to enforce her loan.  (*See* Compl., 27) ("Plaintiff seeks to have her title to remove the 'cloud of AWL's instruments.'").  Any and all claims relating to the standing of these Defendants to enforce Hill's Note and Mortgage were—or could have been—brought in Hill's previous lawsuits.

For edification purposes, and perhaps to dissuade a continuing onslaught of litigation, the Court notes that Hill lacks standing to challenge the assignment of her note or mortgage—or bring any causes of action arising therefrom—because she was not a party to those assignments.  *See Rhodes v.*

*JPMorgan Chase Bank, N.A.*, No. 12-90368-Civ, 2012 WL 5411062, *4 (S.D. Fla. Nov. 6, 2012) (Marra, J.). Moreover, to the extent that Hill objects to her loan servicer's standing to enforce her loan, "the Eleventh Circuit has held that a loan servicer is a 'real party with interest in the standing to conduct . . . the legal affairs of the investor related to the debt it services." *Id.* (*citing Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002)).

## 4. Conclusion.

Though she may re-name her causes of action and add or delete defendants, it is clear that each of Hill's prior cases stems from the assignment of her note and mortgage and Defendants' subsequent attempts to collect and foreclose on her property. Hill had ample opportunity to raise any and all of her claims challenging the enforceability of her loan in her previous actions. This Court is thus precluded by the doctrine of res judicata from hearing Hill's current case.

Accordingly, the Court **grants** Defendants' Motion to Dismiss. (ECF No. 14.) The Clerk is directed to **close** this case.

**Done and ordered** in chambers, at Miami, Florida, on August 31, 2015.

Robert N. Scola Jr.
United States District Judge

**General Docket**
**United States Court of Appeals for the Eleventh Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 15-14396 | **Docketed:** 09/30/2015 |
| **Nature of Suit:** 4150 Ovrpmnts & Enforcement of Judgments | **Termed:** 01/05/2017 |
| **Janet Hill v. Bank of New York Mellon, et al** | |
| **Appeal From:** Southern District of Florida | |
| **Fee Status:** IFP Granted | |

**Case Type Information:**
  **1)** Private Civil
  **2)** Diversity
  **3)** -

**Originating Court Information:**
  **District:** 113C-1 : 1:15-cv-21621-RNS
  **Civil Proceeding:** Robert N. Scola, Junior, U.S. District Judge
  **Secondary Judge:** Alicia M. Otazo-Reyes, U.S. Magistrate Judge
  **Date Filed:** 04/29/2015
  **Date NOA Filed:**
  09/29/2015

**Prior Cases:**
  14-14055    **Date Filed:** 09/09/2014    **Date Disposed:** 10/29/2014    **Disposition:** Dismissed

**Current Cases:**
  None

---

| | | |
|---|---|---|
| JANET HILL | | Joel Stuart Wadsworth |
| | Plaintiff - Appellant | Direct: 404-261-2122 |
| | | [COR LD NTC Retained] |
| | | The Wadsworth Firm |
| | | Firm: 404-261-2122 |
| | | 2625 PIEDMONT RD NE #56-304 |
| | | ATLANTA, GA 30324 |
| | | |
| | | Janet Hill |
| | | [NTC Pro Se] |
| | | Firm: 404-861-6036 |
| | | 543 AUBURN AVE |
| | | ATLANTA, GA 30312 |
| versus | | |
| BANK OF NEW YORK MELLON, f.k.a. Bank of New York, as Trustee, et al. | | Sara F. Holladay |
| | | Direct: 904-798-3200 |
| | Defendant - Appellee | [COR LD NTC Retained] |
| | | McGuireWoods, LLP |
| | | Firm: 904-798-3200 |
| | | 50 N LAURA ST STE 3300 |
| | | JACKSONVILLE, FL 32202 |
| | | |
| | | Gabriel Matthew Hartsell |
| | | Direct: 239-560-7777 |
| | | [NTC Retained] |
| | | Quarles & Brady, LLP |
| | | Firm: 602-229-5200 |
| | | 2 N CENTRAL AVE |
| | | PHOENIX, AZ 85004-2391 |
| | | |
| | | Emily Y. Rottmann |
| | | Direct: 904-798-3224 |
| | | [COR NTC Retained] |
| | | McGuireWoods, LLP |
| | | Firm: 904-798-3200 |
| | | 50 N LAURA ST STE 3300 |
| | | JACKSONVILLE, FL 32202 |

15-14396 Docket

| BAYVIEW LOAN SERVICING, LLC | Defendant - Appellee | Sara F. Holladay<br>Direct: 904-798-3200<br>[COR LD NTC Retained]<br>(see above)<br><br>Emily Y. Rottmann<br>Direct: 904-798-3224<br>[COR NTC Retained]<br>(see above) |

JANET HILL,

                              Plaintiff - Appellant,

versus

BANK OF NEW YORK MELLON,
f.k.a. Bank of New York, as Trustee, et al.,
BAYVIEW LOAN SERVIES, LLC,

                              Defendants - Appellees.

| | | |
|---|---|---|
| 09/30/2015 | 13 pg, 283.24 KB | CIVIL APPEAL DOCKETED. Notice of appeal filed by Appellant Janet Hill on 09/29/2015. Fee Status: Fee Not Paid. No hearings to be transcribed. Awaiting Appellant's CIP Due on 10/19/2015 as to Appellant Janet Hill [Entered: 10/01/2015 10:55 AM] |
| 10/14/2015 | 1 pg, 128.79 KB | APPEARANCE of Counsel Form filed by Emily Y. Rottmann for Bank of New York Mellon and Bayview Loan Servies, LLC. (ECF: Emily Rottmann) [Entered: 10/14/2015 01:53 PM] |
| 10/14/2015 | | E-filed Appearance of Counsel processed for Attorney Emily Y. Rottmann for Appellee Bayview Loan Servies, LLC in 15-14396, Attorney Emily Y. Rottmann for Appellee Bank of New York Mellon in 15-14396. [Entered: 10/14/2015 02:03 PM] |
| 10/22/2015 | 1 pg, 226.93 KB | Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant Janet Hill. [Entered: 10/29/2015 12:07 PM] |
| 10/23/2015 | 3 pg, 150.34 KB | TRANSCRIPT INFORMATION form filed by Party Janet Hill. No transcript is required for appeal purposes. [Entered: 10/27/2015 05:00 PM] |
| 11/05/2015 | 4 pg, 23.47 KB | Certificate of Interested Persons and Corporate Disclosure Statement filed by Attorney Emily Y. Rottmann for Appellees Bank of New York Mellon and Bayview Loan Servies, LLC. On the same day the CIP is served, the party filing it must also complete the court's web-based stock ticker symbol certificate at the link here http://www.ca11.uscourts.gov/web-based-cip or on the court's website. See 11th Cir. R. 26.1-2(b). (ECF: Emily Rottmann) [Entered: 11/05/2015 05:01 PM] |
| 11/20/2015 | 2 pg, 118.41 KB | USDC order denying IFP as to Appellant Janet Hill was filed on 11/04/2015. Docket Entry 28. [Entered: 11/20/2015 12:51 PM] |
| 12/21/2015 | 0 pg, 0 KB | *MOTION to proceed IFP filed by Appellant Janet Hill. Opposition to Motion is Unknown [7658961-1]* [Entered: 12/23/2015 02:28 PM] |
| 04/01/2016 | 1 pg, 49.86 KB | APPEARANCE of Counsel Form filed by Sara F. Holladay-Tobias for Bank of New York Mellon and Bayview Loan Servies, LLC. (ECF: Sara Holladay) [Entered: 04/01/2016 02:01 PM] |
| 04/01/2016 | | E-filed Appearance of Counsel processed for Attorney Sara F. Holladay-Tobias for Appellee Bayview Loan Servies, LLC in 15-14396, Attorney Sara F. Holladay-Tobias for Appellee Bank of New York Mellon in 15-14396. [Entered: 04/04/2016 02:38 PM] |
| 09/12/2016 | 3 pg, 59.15 KB | ORDER: Motion to proceed in forma pauperis filed by Appellant Janet Hill is GRANTED. [7658961-2] JEC [Entered: 09/12/2016 11:14 AM] |
| 09/12/2016 | 2 pg, 18.13 KB | Briefing Notice issued to Appellant Janet Hill. The appellant's brief is due on or before 10/24/2016. The appendix is due no later than 7 days from the filing of the appellant's brief. [Entered: 09/12/2016 11:19 AM] |
| 10/24/2016 | 1 pg, 12.73 KB | Over the phone 14-day extension requested by Appellant, granted by Clerk. Appellant's brief due on 11/07/2016 as to Appellant Janet Hill. Appendix due on 11/14/2016 as to Appellant Janet Hill. [Entered: 10/24/2016 09:58 AM] |
| 11/04/2016 | 6 pg, 389.71 KB | *MOTION for Extension of time to file appellant's brief to 12/08/2016 filed by Appellant Janet Hill. Motion is Unopposed [7954547-1]* [Entered: 11/04/2016 03:06 PM] |
| 11/04/2016 | 4 pg, 266.47 KB | Appellant's AMENDED Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant Janet Hill. [Entered: 11/07/2016 09:18 AM] |
| 11/16/2016 | 2 pg, 157.88 KB | ORDER: Motion for Extension to file appellant brief filed by Appellant Janet Hill is GRANTED. [7954547-2] Appellants brief due on 12/08/2016. JEC [Entered: 11/16/2016 09:24 AM] |
| 12/07/2016 | 1 pg, 75.97 KB | APPEARANCE of Counsel Form filed by Janet Hill. (ECF: Joel Wadsworth) [Entered: 12/07/2016 06:50 PM] |
| 12/08/2016 | | Added Attorney(s) Joel Stuart Wadsworth for party(s) Appellant Janet Hill, in case 15-14396. [Entered: 12/08/2016 11:03 AM] |
| 12/08/2016 | | E-filed Appearance of Counsel processed for Attorney Joel Stuart Wadsworth for Appellant Janet Hill in 15-14396. [Entered: 12/08/2016 11:04 AM] |
| 01/05/2017 | 2 pg, 17.81 KB | ENTRY OF DISMISSAL: Pursuant to the 11th Cir.R. 42-1(b), this appeal is hereby DISMISSED for want of prosecution because the appellant Janet Hill has failed to file an appellant's brief and appendix within the time fixed by the rules [Entered: 01/05/2017 09:53 AM] |

8/30/2021

Clear All

⦿ **Documents and Docket Summary**
◯ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 05, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  15-14396-EE
Case Style:  Janet Hill v. Bank of New York Mellon, et al
District Court Docket No:  1:15-cv-21621-RNS

The enclosed copy of the Clerk's Entry of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4. Pursuant to 11th Cir. R. 42-2(c) and 42-3(c), when an appellant fails to timely file or correct a brief or appendix, the appeal shall be treated as dismissed on the first business day following the due date. This appeal was treated as dismissed on 12/09/2016.

Counsel and pro se parties are advised that pursuant to Fed.R.App.P. 25(a)(2)(A), a motion to set aside the dismissal and remedy the default "is not timely unless the clerk receives the papers within the time fixed for filing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Sandra Brasselmon, EE
Phone #: (404) 335-6181

Enclosure(s)

DIS-2CIV Letter and Entry of Dismissal

REMINDER:  REVISED FRAP 32(g)(1) REQUIRE THAT ALL MOTIONS, RESPONSES, REPLIES and PETITIONS FOR REHEARING CONTAIN A CERTIFICATE OF COMPLIANCE, AS WELL AS BRIEFS.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 15-14396-EE

_____

JANET HILL,

                                        Plaintiff - Appellant,

versus

BANK OF NEW YORK MELLON,
f.k.a. Bank of New York, as Trustee, et al.,
BAYVIEW LOAN SERVIES, LLC,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

ENTRY OF DISMISSAL: Pursuant to the 11th Cir.R. 42-1(b), this appeal is hereby
DISMISSED for want of prosecution because the appellant Janet Hill has failed to file an
appellant's brief and appendix within the time fixed by the rules, effective January 05, 2017.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

by:  Sandra Brasselmon, EE, Deputy Clerk

                                FOR THE COURT - BY DIRECTION

REMINDER:  REVISED FRAP 32(g)(1) REQUIRE THAT ALL MOTIONS, RESPONSES,
REPLIES and PETITIONS FOR REHEARING CONTAIN A CERTIFICATE OF
COMPLIANCE, AS WELL AS BRIEFS.