# EXHIBIT 10

EJ8

# Case Summary

## Case No. 2018CV302813

**JANET HILL VS. AMERICA'S WHOLESALE LENDER**

§ Location
§   EJ8
§ Judicial Officer
§   COX, THOMAS A., Jr.
§ Filed on
§   03/23/2018

---

## Case Information

                                        Case Type:   QUIET TITLE
                                  Case Status:   **07/02/2019 Closed**

### Statistical Closures
09/28/2018   Do Not Report
07/02/2019   Judgment on Pleading

---

## Party Information

| | | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | HILL, JANET | Pro Se |
| **DEFENDANT** | AMERICA'S WHOLESALE LENDER | ROGERS, PAUL A.<br>*Retained* |

---

## Events and Orders of the Court

| | |
|---|---|
| 12/10/2020 | COURT OF APPEALS REMITTITUR AFFIRMED |
| 11/18/2019 | COURT OF APPEALS NOTICE OF DOCKETING |
| 11/14/2019 | RECORD TRANSMITTED TO COURT OF APPEALS<br>      Party:   PLAINTIFF HILL, JANET |

| | |
|---|---|
| 11/14/2019 | APPELLATE INDEX<br>      Party:   PLAINTIFF HILL, JANET |
| 10/23/2019 | RETURN RECEIPT OF CERT MAIL |
| 09/27/2019 | 📄<br>MOTION |
| 09/27/2019 | 📄<br>AFFIDAVIT |
| 09/09/2019 | 📄<br>AMENDED NOTICE OF APPEAL |
| 09/09/2019 | 📄<br>AFFIDAVIT |
| 09/04/2019 | RETURN RECEIPT OF CERT MAIL |
| 08/13/2019 | 📄<br>AMENDED NOTICE OF APPEAL LETTER |
| 08/12/2019 | RETURN RECEIPT OF CERT MAIL |
| 08/12/2019 | 📄<br>AMENDED NOTICE OF APPEAL |
| 07/22/2019 | 📄<br>AMENDED NOTICE OF APPEAL LETTER |
| 07/19/2019 | 📄<br>NOTICE OF APPEAL |
| 07/02/2019 | **FINAL ORDER**  (Judicial Officer: COX, THOMAS A., Jr.) |
| 07/02/2019 | 📄<br>ORDER |
| 06/28/2019 | 📄<br>ANSWER |
| 06/25/2019 | 📄<br>ANSWER |
| 05/21/2019 | 📄<br>AFFIDAVIT |
| 05/21/2019 | 📄<br>NOTICE |
| 05/21/2019 | 📄<br>MOTION TO STRIKE |
| 04/09/2019 | 📄<br>ANSWER |

| | |
|---|---|
| 04/09/2019 | CERTIFICATE OF SERVICE |
| 04/09/2019 | MOTION |
| 04/09/2019 | CERTIFICATE OF SERVICE |
| 04/09/2019 | MEMORANDUM OF LAW |
| 04/09/2019 | CERTIFICATE OF SERVICE |
| 04/04/2019 | OTHER |
| 09/28/2018 | NOTICE OF REMOVAL TO DISTRICT COURT |
| 09/28/2018 | **REMOVAL TO ANOTHER COURT**  (Judicial Officer: COX, THOMAS A., Jr.) |
| 09/27/2018 | NOTICE OF REMOVAL TO DISTRICT COURT |
| 09/21/2018 | MOTION TO CONSOLIDATE |
| 08/28/2018 | SHERIFF'S ENTRY OF SERVICE |
| 08/10/2018 | MOTION |
| 08/01/2018 | ORDER |
| 07/30/2018 | SUMMONS |
| 07/26/2018 | AMENDED COMPLAINT |
| 07/10/2018 | **DEFAULT**   (1:30 PM)   (Judicial Officer: COX, THOMAS A., Jr.) |
| 06/29/2018 | NOTICE OF LIS PENDENS |
| 06/27/2018 | NOTICE OF HEARING |
| 05/30/2018 | AFFIDAVIT |

| | |
|---|---|
| 05/22/2018 | **NO SERVICE/DEFAULT/DISMISSED SETTLED CALENDAR** (11:00 AM)<br>(Judicial Officer: COX, THOMAS A., Jr.) |
| 05/16/2018 | 📄<br>NOTICE OF FILING |
| 05/10/2018 | 📄<br>NOTICE OF HEARING |
| 03/23/2018 | 📄<br>CASE INITIATION FORM |
| 03/23/2018 | 📄<br>PLAINTIFF'S ORIGINAL PETITION |
| 03/23/2018 | 📄<br>SUMMONS |

## Financial Information

**DEFENDANT**   AMERICA'S WHOLESALE LENDER
| | |
|---|---:|
| Total Financial Assessment | 1.00 |
| Total Payments and Credits | 1.00 |
| **Balance Due as of 8/30/2021** | **0.00** |

**PLAINTIFF**   HILL, JANET
| | |
|---|---:|
| Total Financial Assessment | 569.50 |
| Total Payments and Credits | 569.50 |
| **Balance Due as of 8/30/2021** | **0.00** |

Fulton County Superior Court
\*\*\*EFILED\*\*\*DC
Date: 7/26/2018 4:23 PM
Cathelene Robinson, Clerk

## SUPERIOR COURT FULTON COUNTY
## STATE OF GEORGIA

JANET HILL

Plaintiff,

v.

AMERICA'S WHOLESALE LENDER,

ALL PERSONS KNOWN OR UNKNOWN WHO CLAIM OR MIGHT CLAIM ADVERSELY TO PLAINTIFF'S TITLE TO REAL PROPERTY KNOWN AS 534 Auburn Avenue,

FULTON COUNTY, GEORGIA
**Defendants.**

Civil Action File Number:
2018CV302813

**AMENDED**

**VERIFIED COMPLAINT**

*pursuant to O.C.G.A. 9-10-111*

*and O.C.G.A. 9-11-15*

## AMENDED PETITION TO ESTABLISH TITLE AGAINST ALL THE WORLD

COMES NOW, JANET HILL, hereinafter "Plaintiff" in the above-styled action, and, pursuant to O.C.G.A. § 23-3-60, 61, et. seq., files this Petition to Establish Title Against All the World and shows the Court as follows:

## Affidavit

I, Janet Hill, of age and competent to testify, states as follows based on my own personal knowledge:

A) I am not in receipt of any document which verifies that I have a valid contract with America's Wholesale Lender.

B) I am not in receipt of any document which verifies that I owe America's Wholesale Lender any money.

C) I am not in receipt of any document which verifies that America's Wholesale Lender is a lender in the State of Georgia.

E) I am not in receipt of any document that indicates America's Wholesale Lender is a corporation, registered to do business in the state of Georgia or the state of New York.

F) I am not in receipt of any documents that indicates America's Wholesale Lender is a lender, licensed to lend money in the state of Georgia and/or the state of New York.

D) As a result, I have been damaged financially, socially, physically and emotionally.

STATE OF INDIVIDUAL ACKNOWLEDGMENT

STATE OF: Georgia

COUNTY OF: Fulton

Before me, the undersigned, a Notary Public in and for said County and State on this 26th day of July, 2018, personally appeared to me known to be the

identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act. Given under my hand and seal the day and year last below written. My commission expires as indicated below.

It is the understanding of the Plaintiff that Fulton County Superior Court has a lesser standard than Federal Court in determining if claims are stated where Federal Courts identify claims of merit and therefore Plaintiff is entitled to the general pleading standards as pronounced in *Conley v. Gibson* 355 US. 41, 45-46 (1957) and also *Dioguardi v. Durning*, 139 F 2d 774 (CA2 1944).

> 1. Plaintiff relies on *Conley v Gibson* and also *Dioguardi v Durning* as related to the general pleadings standard.

> 2. Plaintiff resides at 534 Auburn Avenue, Atlanta, Georgia 30312. The Superior Court of Fulton County has in rem jurisdiction over this matter pursuant to O.C.G.A. § 23-3-61. Further, venue is proper in Fulton County since it is the county in which the property at issue is situated O.C.G.A. § 23-3-62(a).

> 3. The land to which Plaintiff seeks to establish clear title is commonly known as 543 Auburn Avenue, Atlanta, Georgia, 30312, according to the present system of numbering houses in Fulton

County, Georgia, and is more particularly described as:

> ALL THAT TRACT or parcel of land lying and being in Land Lot 48 of the 14th District of Fulton County, City of Atlanta, Georgia, and being more particularly described as follows:
>
> BEGINNING at a point located at the intersection of the southerly side of the right of way of Auburn Avenue (55-foot right of way) and the easterly side of the right of way of Howell Street (30-foot right of way], thence running along the southerly side of said Auburn Avenue North 66 degrees 34 minutes 07 seconds East a distance of 48.00 feet to ½ inch rebar found; thence leaving the southerly side of the right of way of Auburn Avenue and running South 00 degrees 00 minutes 00 seconds East a distance of 111.50 feet to a point; thence running South 88 degrees 54 minutes 08 seconds West a distance of 40.50 feet to an ½ inch OT found on the easterly side of the right of way of said Howell Street; thence running along the easterly side of the right of way of said Howell Street North 01 degrees 02 minutes 42 seconds West a distance of 94.00 feet to the POINT OF BEGINNING

A true and correct copy is attached hereto as Exhibit "A".

4. Plaintiffs' title to the property to the above described property, who acquired title to and took possession of the property under that certain Warranty Deed dated on or about, October 6, 1999.

Fulton County records, a true and correct copy of which is attached hereto as Exhibit "A".

5. This deed is in accordance with the records of the County Tax Assessor. The records of the Tax Assessor state that the property is approximately 0.1007 acre(s).

6. A copy of the plat of survey of the parcel of land that is subject of this proceeding. Exhibit "B"

7. Plaintiff signed under duress and without legal authority or disclosure by defendant what was misrepresented as a Security Deed to American Wholesale Lender. Exhibit "C"

### Claims Against America's Wholesale Lender ("AWL"):

1. Misrepresentation as to licensing with the NMLS and state financing laws.
2. Private cause of action against unlicensed members under
    a. O.C.G.A. § 7-1-1000 in Georgia.

3. Violation of NMLS for not being incorporated (non-existent entity). Exhibit D
4. O.C.G.A. §14-2-204 makes AWL was not incorporated and AWL created liabilities while so acting.

**Regulations:**

1. GRMA
2. National Mortgage Licensing System, ("NMLS").
   a. Georgia is bound by this regulation for things such as
      i. Licensing,
      ii. Bonds for lenders and servicers

## Causes of Action

1. **First Cause of Action: Fraudulent Loan Origination by AWL, violations by unlicensed lender noncompliance under the banking and other corporate statutes**
   a. Action brought for cancelation of the mortgage and other related instruments.
   b. Fraudulent inducement under the GRMA or the MMLL to protect Plaintiff from lending frauds by unlicensed and unregistered entities.
   c. Plaintiff was reliant on the good faith and fair dealings required under GRMA and by contract statutes.
   d. The fact that multiple documents fraudulent documents were presented naming AWL, shows intent and a pattern of practice to misrepresent consumers, which was somewhat widespread and contemplated.

2. **Second Cause of Action: Misrepresentations and Mischief under Banking Laws Voids the Contract Mortgagors are not Liable for the Debt**
   a. Failure to duly be licensed.
   b. Misrepresentations were made by AWL implying that it was at all times a bon fide Lender in contravention to Georgia OCGA 7-1-1000 application for a mortgage loan or a mortgagor.

    c. Induced Plaintiff to sign a false document, security deed without meeting the GRMA licensing requirements in contravention to OCGA 7-1-1000.
    d. Induced Plaintiff to be serviced and to make payments under false terms.
    e. Failure to provide a bond for the guarantee against malfeasance in contravention to O.C.G.A. §7-1-1003.2
    f. Filing or cause to file a falsified Security Deed in Fulton County, Georgia in contravention to O.C.G.A. §16-8-102 (5).
    g. AWL had no exceptions from the requirement to be licensed under Georgia Residential Mortgage Act of 2006, O.C.G.A §7-1-1000 (15).
    h. Breached all terms under said agreement and was not done by fair dealings OCGA §7-1-1013(6).
    i. AWL engaged in fraudulent underwriting practices OCGA §7-1-1013(7).

3. **Third Cause of Action: AWL Liabilities under OCGA §14-2-204**
   a. "All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter is jointly and severally liable for all liabilities created while so acting."
      i. AWL was non existent and unlicensed under the GRMA, MMLL and the NMLS.
      ii. Plaintiff allege and seek for this Court to apply the meaning of "all persons", to mean in the instant case, namely AWL.
      iii. Plaintiff question about Defendant legal duties

4. **Fourth Cause of Action: Declaratory Judgment on Fraudulent Transfer of Assets of a Non-Existent Corporation is void or in the alternative, as a matter of law**
   a. Under Georgia law, any transaction where the corporation does not have a license is illegal. That means that it is deemed to be unenforceable given to an illegal and unconscionable transaction without legal authority.
   b. Plaintiff seeks an affirmative determination that AWL transferred its purported interests in Security Deed by assignments were acquired by fraud.

5. **Fifth Cause of Action: Request to Void Mortgage Contract and Other Instruments for Violation of Public Policies**

   a. Plaintiffs seek the cancelation and voiding the Security Deed and assignment in accordance with:
      i. OCGA 13-8-2 (a) A contract which is against the policy of the law cannot be enforced. Contracts deemed contrary to public policy include but are not limited to... (b) A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract... bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promise, his agents or employees, or indemnities is against public policy and is void and unenforceable.
   b. Seeks cancelation of deeds along with assignments.
   c. Plaintiff seeks to enjoin any Law Firms, trustees, agents, from attempting to enforce the fraudulent instruments for all purposes to bill, collect, publish and threaten to foreclose on the subject properties.

6. **Sixth Cause of Action: Slander of Title**
   a. Plaintiff seeks damages for information supplied by the purported Loan Servicers to the Credit Reporting Agencies as a tort under Georgia's law to be included under "invasion of privacy by publicity which placed Plaintiff in a false light in the public eye.
   b. OCGA §51-9-11: "The owner of property may bring an action for libelous or slanderous words which falsely or maliciously impugn title if any damage accrues to Plaintiff there from.
   c. Plaintiff have collectively sustained losses associated from the ongoing collection activities against their property.
   d. Suit against trespassing under OCGA §51-9-4.
   e. Plaintiff seek a determination to the right to know the Real Parties of Interest if any exist in accordance with OCGA 9-11-17 (a).
   f. Plaintiff allege duty from the government to protect private property owners from intruders.
   g. Plaintiff seek discovery and declaratory judgment on this matter.

7. **Breach of Contract and Wrongful Foreclosure: recovery under wrongful foreclosure for the premature acceleration.**
   a. Plaintiff contract was breached because it was made by a non-existent entity, which did not conform to any lending practices.
   b. Sent notices throughout 2009 through 2016 about Defendant legal status, but were never answered. There is a duty to answer under the mortgagor rights contained in Security Instruments Section(s) 15.

8. **Breach of Covenants for Good Faith and Fair Dealings:**
   a. Actions were not done in strict fairness due to the fraudulent contract and conveyances.
   b. Defendant is liable for inducing Plaintiff to sign secured interests over to a non-existent entity, which had no license or business location in the respective state. No license to lend, no registration to do business and no business location in the respective state.
   c. Defendant benefited from advanced payments prior to the discovery of the fraud.

1. **WHEREFORE,** Plaintiffs pray:

   a. That the Court assume in rem jurisdiction against all the world to establish Plaintiff's title to the land pursuant to O.C.G.A. § 23-3-61;
   b. That the Court appoint and refer this matter to a Special Master pursuant to O.C.G.A. § 23-3-63;
   c. That process issue directed to all persons who are entitled to notice and to all the persons whom this action may concern, including service perfected by publication, if necessary, pursuant to O.C.G.A. § 23-3-66(b);
   d. That the Court appoint a Guardian Ad Litem, pursuant to O.C.G.A. § 23-3-66(d), in the event it is determined that there are persons under a disability or minors, or persons not in being, unascertained, or unknown who may have an adverse interest;
   e. That Plaintiff have a trial by jury on all issues so triable;
   f. That the Court issue a decree to be recorded in the Office of the Clerk of Superior Court establishing Plaintiffs' title in the property against all the world and that all clouds to Plaintiff's title to the property be removed; and
   g. That Plaintiffs have such other and further relief as may be equitable and just under the facts set out herein.

   Respectfully submitted, this 26rd day of July, 2018

Janet Hill, *pro se*
543 Auburn Avenue NE
Atlanta, Georgia 30312
404-861-6036

All Rights Reserved

Fulton County Superior Court
***EFILED***AC
Date: 7/2/2019 1:19 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JANET HILL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE NO/ |
| | ) 2018CV302813 |
| AMERICA'S WHOLESALE LENDER, et al., | ) |
| Defendant | ) |

### ORDER GRANTING DEFENDANT'S MOTION
### TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

This matter is before the Court by Motion to Dismiss of Defendant Countrywide Home Loans, Inc.[1] ("Countrywide" or "Defendant"), seeking dismissal of the "Amended Petition to Establish Title Against All The World" ("Complaint" or "Compl."), filed by Plaintiff, Janet Hill, ("Plaintiff"), pursuant to O.C.G.A. § 9-11-8(a), for failure to provide a short, plain statement of the claim showing that the Plaintiff is entitled to any relief, and pursuant to O.C.G.A. § 9-11-12(b)(6) for failure to state a claim upon which relief may be granted.

In deciding the Motion to Dismiss, the Court having considering the reasons for dismissal outlined in Defendant's Memorandum in Support of their Motion to Dismiss, filed on April 9,

---

[1] Plaintiff named America's Wholesale Lender ("AWL") as a Defendant in the Complaint. As discussed in more detail *infra*, Plaintiff's original lender as identified in the security deed is "America's Wholesale Lender." America's Wholesale Lender is a "doing business as" (*i.e.*, "trade" or "assumed") name for Countrywide Home Loans, Inc. This Court may take judicial notice pursuant to O.C.G.A. § 24-2-201(c), that the entity known as America's Wholesale Lender is the trade name for Countrywide Home Loans, Inc. *See Fraley v. America's Wholesale Lender, et al.*, No. 1:13-CV-03151-HLM (N.D. Ga. Oct. 29, 2013) [Doc. 14, at 10-14]; *Bank of America, N.A. v. Cuneo*, 332 Ga. App. 73, 770 S.E.2d 48 (2015).

2019, Plaintiff's failure to file a response to Defendant's Motion to Dismiss, and upon the Court's consideration of applicable law, dismissal is appropriate. Even with a liberal reading of Plaintiff's Complaint and taking Plaintiffs' allegations as true, the Complaint fails to set forth a claim for relief under any set of provable facts. Moreover, there is no evidence which might be introduced within the framework of the Complaint that could sustain the relief sought. Therefore, despite a liberal construction of the Complaint, there is no legal basis for recovery. The Court finds that Plaintiff fails to state a claim as to all causes of action under this standard. *See, e.g., Mabra v. SF, Inc.*, 316 Ga. App. 62, 66, 728 S.E.2d 737, 741 (2012); *Thompson-El v. Bank of America, N.A.*, 327 Ga. App. 309, 759 S.E.2d 49 (2014); *Kelley Mfg. Co. v. Martin*, 296 Ga. App. 236, 237 (2009); *Fink v. Dood*, 286 Ga. App. 363, 364-65 (2007); and therefore,

IT IS HEREBY ORDERED and ADJUDGED that Defendant Countrywide Home Loans, Inc.'s, Motion to Dismiss is GRANTED, and Plaintiff's Complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. There being no just reason for delay, **JUDGMENT** is entered for the Defendant on all claims against them pursuant to O.C.G.A. § 9-11-54(b).

IT IS SO ORDERED, this 1ST day of July, 2019.

_[signature]_
THE HONORABLE THOMAS A. COX, JR.
Judge, Superior Court of Fulton County, Georgia
Atlanta Judicial Circuit

**COPIES TO:**

Paul A. Rogers, Esq.
McGuireWoods LLP
1230 Peachtree Street NE, Suite 2100
Atlanta, GA 30309
jmendel@mcguirewoods.com
progers@mcguirewoods.com


Janet Hill
543 Auburn Avenue
Atlanta, Georgia 30312
jkhillus@yahoo.com


Steven J. Pritchett, Esq.
Townsend & Lockett, LLC
Suite 950
1100 Peachtree St.
Atlanta, GA 30309
steven.pritchett@townsendlockett.com

- Home
- 
- Calendar
    - Oral Argument Calendar
    - 2021 Holiday Calendar
    - Court Terms
        - 2020
        - 2021 - 2024
            - 2021 - COA Terms
            - 2022 - COA Terms
            - 2023 - COA Terms
            - 2024 - COA Terms
- 
- Announcements
    - Court Announcements
- 
- Judges
    - Judge Biographies
        - Rickman
        - Mercier
        - Barnes
        - Miller
        - Doyle
        - Dillard
        - McFadden
        - Reese
        - Brown
        - Gobeil
        - Phipps
        - Markle
        - Hodges
        - Pipkin
        - Colvin
- 
- Docket
    - Search Docket
- 
- Case Statistics
    - Applications
        - Dispositions by Application Type
        - By Disposition Method
    - Dispositions
        - Civil Appeals
        - Criminal Appeals
        - Total Direct Appeals
    - Filings
        - Civil Filings
        - Criminal Filings
    - Five Year Trend
- 
- Rules
    - Contents
    - Printable Version

- - New Rules Updates
-
- History
  - 2011 Court History
    - A Century of Serving Justice
  - Chief Judges
  - Roster of Judges
  - Clerks
  - Seal
  - Courtroom
-
- Careers
  - Employment Opportunities



New Search

# Docket/Case Inquiry System: Results

## Monday 30th of August 2021

### COURT OF APPEALS INFORMATION

| | |
|---|---|
| Case Number: | A20A0781 |
| Style: | JANET HILL v. COUNTRYWIDE HOME LOANS, INC. |
| Status: | Remittitur Mailed |
| Docket/Notice Date: | November 18, 2019 |
| Remittitur Date: | December 10, 2020 |
| Term: | April |
| Supreme Court Transfer: | None |
| Calendar Date: | April 2020 |
| COA Judgment/Ruling: | AFFIRMED *(September 1, 2020)* |
| Opinion/Order | Not Published |

### TRIAL COURT INFORMATION

| | |
|---|---|
| Case Number: | 2018CV302813 |
| Clerk: | Superior Court Clerk of Fulton County |
| Judge: | Hon. THOMAS A. COX JR. |
| County: | Fulton |
| Court: | Superior Court |
| Appealed Order: | July 2, 2019 |
| Notice of Appeal: | July 19, 2019 |

## FILINGS, MOTIONS AND COURT ACTIONS

| | |
|---|---|
| Filing Date | December 2, 2019 |
| Filing | BRIEF OF APPELLANT /NT |
| Filing Date | July 8, 2020 |
| Filing | NOTICE OF APPEARANCE |
| Motion Date | September 11, 2020 |
| Motion | MFR/NT |
| Court Action Date | September 18, 2020 |
| Court Action | MFR/DENIED |
| Filing Date | September 25, 2020 |
| Filing | NOTICE OF INTENT TO GA SUPREME CT |
| Filing Date | October 9, 2020 |
| Filing | NOTICE OF FILING CERT TO GA SUPREME CT |

## COURT INITIATED ACTIONS

| | |
|---|---|
| Court Action Date | June 9, 2020 |
| Court Action | Court Initiated Order |
| Court Action Date | December 10, 2020 |
| Court Action | NOTICE OF INTENT / ABANDONED |

## ATTORNEY INFORMATION

| | |
|---|---|
| Appellant | Ms Janet Hill |
| Appellee | Mr. Jarrod Sean Mendel |
| Appellee | Mr. Paul Anthony Rogers |

## SUPREME COURT INFORMATION

| | |
|---|---|
| Notice of Intent | September 25, 2020 |
| Application Date | October 9, 2020 |
| Certiorari Number | |
| Disposition | |
| Disposition Date | |
| Remittitur Date | |

Privacy Statement | E-Verify ID
Copyright © 2021. All Rights Reserved.

