EXHIBIT 11

EJ8

# Case Summary

### Case No. 2018CV309704

| | |
|---|---|
| **JANET HILL VS. RUBIN LUBLIN, LLC, BAYVIEW LOAN SERVICING** | § Location |
| | § EJ8 |
| | § Judicial Officer |
| | § COX, THOMAS A., Jr. |
| | § Filed on |
| | § 08/29/2018 |

---

## Case Information

Case Type:   OTHER CIVIL CAUSE OF ACTION

Case Status:   **07/02/2019   Closed**

### Statistical Closures

07/02/2019   Dismissed with Prejudice

---

## Party Information

| | | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | **HILL, JANET** | **PRITCHETT, STEVEN J** *Retained* |
| **DEFENDANT** | **BAYVIEW LOAN SERVICING** | **MENDEL, JARROD** *Retained* |
| | **RUBIN LUBLIN, LLC** | **CHANESS, BRET J.** *Retained* |

---

## Events and Orders of the Court

06/29/2021   
                    FINAL ORDER

| | |
|---|---|
| 06/28/2021 | **MOTIONS HEARING**   (10:00 AM)  (Judicial Officer: COX, THOMAS A., Jr.) |
| 06/25/2021 | MOTION |
| 06/08/2021 | NOTICE OF HEARING |
| 06/03/2021 | **MOTIONS HEARING**   (10:00 AM)  (Judicial Officer: COX, THOMAS A., Jr.) |
| 05/27/2021 | REQUEST |
| 05/21/2021 | LEAVE OF ABSENCE |
| 05/21/2021 | MOTION |
| 05/21/2021 | ENTRY/NOTICE OF APPEARANCE |
| 05/20/2021 | NOTICE OF HEARING |
| 09/03/2019 | RETURN RECEIPT OF CERT MAIL |
| 08/12/2019 | RETURN RECEIPT OF CERT MAIL |
| 08/12/2019 | RETURN RECEIPT OF CERT MAIL |
| 08/09/2019 | AMENDED NOTICE OF APPEAL |
| 08/05/2019 | ORDER |
| 07/19/2019 | AMENDED NOTICE OF APPEAL LETTER |
| 07/19/2019 | AMENDED NOTICE OF APPEAL LETTER |
| 07/19/2019 | NOTICE OF APPEAL |
| 07/18/2019 | NOTICE OF APPEAL |
| 07/02/2019 | ORDER |
| 07/02/2019 | ORDER OF DISMISSAL WITH PREJUDICE |
| 07/02/2019 | **DISMISSED WITH PREJUDICE**  (Judicial Officer: COX, THOMAS A., Jr.) |

| | | |
|---|---|---|
| 06/03/2019 | | MOTION |
| 06/03/2019 | | ANSWER |
| 06/03/2019 | **MOTIONS HEARING**   (10:00 AM)   (Judicial Officer: COX, THOMAS A., Jr.) | |
| 05/31/2019 | | NOTICE OF FILING |
| 05/17/2019 | | NOTICE OF HEARING |
| 05/17/2019 | | LEAVE OF ABSENCE |
| 05/15/2019 | | MOTION |
| 05/02/2019 | | PROPOSED ORDER |
| 04/12/2019 | | RESPONSE |
| 04/11/2019 | | ORDER OF TRANSFER |
| 03/13/2019 | | MOTION |
| 01/31/2019 | | NOTICE |
| 01/30/2019 | | NOTICE OF HEARING |
| 01/02/2019 | | REPLY |
| 12/13/2018 | | BRIEF IN OPPOSITION OF MOTION |
| 12/10/2018 | | RESPONSE |
| 11/13/2018 | | MOTION TO QUASH |
| 11/13/2018 | | RESPONSE |
| 11/13/2018 | | REPLY |

| | |
|---|---|
| 11/08/2018 | MOTION TO QUASH |
| 10/10/2018 | MOTION TO STRIKE |
| 10/10/2018 | BRIEF IN OPPOSITION OF MOTION |
| 10/01/2018 | ANSWER |
| 10/01/2018 | MOTION |
| 10/01/2018 | BRIEF IN SUPPORT OF MOTION |
| 10/01/2018 | ANSWER |
| 10/01/2018 | VERIFICATION |
| 08/30/2018 | AFFIDAVIT OF SERVICE |

*1-50 of 52*

## Financial Information

**DEFENDANT**    BAYVIEW LOAN SERVICING

| | |
|---|---|
| Total Financial Assessment | 3.00 |
| Total Payments and Credits | 3.00 |
| **Balance Due as of 8/30/2021** | **0.00** |

**DEFENDANT**    RUBIN LUBLIN, LLC

| | |
|---|---|
| Total Financial Assessment | 2.00 |
| Total Payments and Credits | 2.00 |
| **Balance Due as of 8/30/2021** | **0.00** |

**PLAINTIFF**    HILL, JANET

| | |
|---|---|
| Total Financial Assessment | 577.50 |
| Total Payments and Credits | 225.00 |
| **Balance Due as of 8/30/2021** | **352.50** |

Fulton County Superior Court
***EFILED***JT
Date: 8/29/2018 1:36 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JANET HILL, *pro se*,                    §    CASE NO:      2018CV309704
                                         §
         Plaintiff,                      §    **VERIFIED EMERGENCY PETITION**
              vs.                        §    **FOR INJUNCTIVE RELIEF AND**
RUBIN LUBLIN and BAYVIEW LOAN            §    **TEMPORARY RESTRAINING**
SERVICING, LLP                           §    **ORDER**
                                         §
                                         §
                                         §
         Defendants.                     §
                                         §
                                         §
                                         §
                                         §

## VERIFIED EMERGENCY PETITION FOR INJUNCTIVE RELIEF AND TEMPORARY

## RESTRAINING ORDER

COMES NOW, Janet Hill, *pro se*, ("Plaintiff") and moves this Court to consider this

Verified Emergency Petition for Injunctive Relief and Temporary Restraining Order pursuant to

Uniform Superior Code Rules 6.7, and O.C.G.A. Sec. 9-11-65(b) against the listed Defendants.

Defendants through misrepresentation are attempting to foreclose on Plaintiff's real property. The

Plaintiff shows the Court the following:

1.

Defendant, Rubin Lublin, LLC ("Lublin") may be served by serving its Registered

Agent, Peter Lublin, 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, Georgia 30071.

2.

Bayview Loan Servicing, LLC ("Bayview") may be served by serving its Registered

Agent, C T Corporation, 40 Technology Parkway South, #300, Norcross, GA, 30092.

1

Agent, C T Corporation, 40 Technology Parkway South, #300, Norcross, GA, 30092.

3.

Jurisdiction and venue are proper in this Court.

4.

The matters stated herein involves the property located at 543 Auburn Avenue NE, Atlanta,

Georgia 30312, Parcel ID#: 14 004600121811, Fulton County, Georgia (the "Property").

5.

Plaintiff is the owner of the property located at 543 Auburn Avenue NE, Atlanta, Georgia

30312, Parcel ID#: 14 004600121811, Fulton County, Georgia (the "Property"). Plaintiff acquired

the property by virtue of Warranty Deed from Daisy B. Flournoy filed October 6, 1999 recorded

in Deed book 27887 page 150 in the real estate records of Fulton County, Georgia. A true copy of

the vesting deed is attached hereto as Exhibit "A".

6.

On or about July 20, 2018, Plaintiff received a letter from "Lublin" regarding the debt

collection associated with the subject property and pursuing efforts to foreclose on September 4,

2018. A copy of the foreclosure notice is attached hereto as Exhibit "B".

7.

Upon receiving the debt collection and foreclosure notice, Plaintiff responded in writing

via certified mail with two requests to dispute the debt and request for validation of the purported

debt. A copy of the Plaintiff's response letters are attached hereto as Exhibit "C, D".

8.

With the foreclosure notice stating fictitious information or the lack of factual information regarding an alleged debt, the Defendants are in violations of the Fair Debt Collections Practices Act which indicates a purposeful act of concealment, inducement, mail fraud, intent to extort money from the Plaintiff and illegal seizure of personal property.

9.

As of the date of this verified petition, "Lublin" has not responded to the two requests sent by Plaintiff via certified mail disputing the debt and the request for validation of such debt. Defendants received Plaintiffs two certified letters via the United States Postal service Exhibit "E".

10.

On March 23, 2018, Plaintiff filed a Verified Complaint, Civil Action, 2018CV302813, a quiet title action against all the world.  The action filed with the Court is currently pending.

## MEMORANDUM OF LAW IN SUPPORT OF INJUNCTIVE RELIEF
## AND TEMPORARY RESTRAINING ORDER

11.

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike others because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." *Focus Entertainment international, Inc. v. Partridge Greene, Inc. (253 Ga. App.121)(558 SE2d 440) (2001).*

12.

3

The Court explained that "foreclosure is one such instance which injunction is appropriate because when an interest in land is threatened with harm, such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed". *Focus Entertainment international, Inc. v. Partridge Greene, Inc. (253 Ga. App.121)(558 SE2d 440) (2001).*

13.

In addition, "Lublin" has not provided Plaintiff with any evidence of an original agreement. *Grier v. Skinner's Furniture Store, etc. 349 SE 2d. 826 Ga. Ct. App. 1986.* Such an agreement is enforceable under O.C.G.A 11-9-203 which states:

> *(a) Attachment. A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.*
>
> *(b) Enforceability. Except as otherwise provided in subsections (c) through (i) of this Code section, a security interest is enforceable against the debtor and third parties with respect to the collateral only if:*
>
> *(1) Value has been given;*
>
> *(2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party;*

14.

Accordingly the Fair Debt Collection Practice Act, sec. 809(b) which states:

4

(b) *Disputed debts*: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

As previously stated, Plaintiff has disputed the alleged debt with "Lublin" and "Lublin" has failed to provide a response. Further, Defendants are in violation of this act by continued efforts to pursue the Sale Under Power provision under the alleged security deed to foreclose on the subject property.

15.

Under the Civil Practice Act, a party must be given notice and the opportunity to amend defective pleadings where such notice will facilitate a decision on the merits. The Civil Practice

Act does not penalize a party irrevocably for one miss step in pleading." _McDonough Constr._

_Co. v. McLendon Elec. Co., 242 Ga. 510, 515 (250 SE2d 424)_ (1978).

## THE STANDARD FOR INJUNCTIVE RELIEF

### 16.

Pursuant to OCGA 9-11- 65, a moving party must show that 1. Irreparable harm will result

in the absence of an injunction or restraining order; and 2. That the moving party has a likelihood

of success on the merits. An injunction generally is defined as a court order prohibiting action.

See _State v. Davis, 339 Ga. App. 214, 217 (793 SE2d 507)_ (2016). _Crawford v. Dammann, 277_

_Ga. App. 442, 449 (4) (a) (626 SE2d 632)_ (2006). A temporary restraining order generally serves

to maintain the status quo for up to 30 days to prevent immediate, irreparable harm.

### 17.

Defendant received 2 certified letters from Plaintiff, (Exhibit C, D).   Given there is no response

from "Lublin", silence is acquiescence. Pursuant to OCGA 24-4-23, _Jerkins v. Jerkins, 300 Ga._

_App. 703, 706-707(2), 686 SE2d 324 (2009.)_  Defendant Lublin failed to respond to two letters

received via the United States Postal service and failed to adhere to Fair Debt Collection laws.

(Exhibit E).

Allowing the foreclosure of the subject property to occur without the consideration of the

full merits of the Plaintiff's claim will cause irreparable injury and substantial harm to the Plaintiff.

Plaintiff would not be in the position fully and adequately to prosecute the claims against

Defendants and in turn, it would allow the Defendants to continue their nefarious, predatory

practices against Plaintiff and others similarly situated.

### 18.

6

1. That the Court enters an Order granting the Plaintiff an injunction to temporarily cease the foreclosure actions on the subject property by the Defendants;

2. Allow Plaintiff to enjoin defendants to pending case # 2018CV302813;

3. Stay all foreclosure proceedings;

4. Grant Plaintiff all other and further relief allowed by the law and that this Court deems just and proper.

This day 27th of August, 2018.

RESPECFULLY SUBMITTED

Janet Hill, pro se

543 Auburn Avenue
Atlanta, GA 30312
jkhillus@yahoo.com
All Rights Reserved

7

## CERTIFICATE OF SERVICE

I certify the following parties are served.

Rubin Lublin, LLC
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, Georgia 30071
Registered Agent - Peter Lublin


Bayview Loan Servicing, LLC
40 Technology Parkway South,
#300
Norcross, GA, 30092, USA
Registered Agent – C T Corporation

8

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JANET HILL, *pro se*,           §   CASE NO.: ꞉      ꞉ ꞉.
                                §
        Plaintiff,              §   Verified Emergency Petition for Injunctive
          vs.                   §   Relief and Temporary Restraining Order
RUBIN LUBLIN, BAYVIEW           §
LOAN SERVING, LLC               §
                                §
Defendants.                     §
                                §
                                §
                                §

## VERIFICATION

I, Janet Hill, *pro se,* am the Plaintiff in this action. I have read the foregoing application for Injunctive relief and Temporary Restraining Order and is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 28th day of August, 2018

_____
Janet Hill, *pro se*

On the 28th day of August, 2018, Janet Hill, known to me, appeared before me and executed the above document.

9

NOTARY

My Commission expires on _Mary 15, 2022_

# EXHIBITS

Exhibit A

Nm: SISTER HILL  CertDocCpy-I  CFN DE1999-0182673  ORB DE BK27887-PG0150  Pgs 1-2  Instr:WD Page : 1 of 2

CROSS REFERENCE
LN Book 2964 Page 396

GEORGIA, FULTON COUNTY
FILED AND RECORDED

1999 OCT 20  AM 8 30

JUANITA HICKS
CLERK/SUPERIOR COURT

**WARRANTY DEED**

THIS INDENTURE, Made this __8th__ day of __OCTOBER__, 1999,
between DAISY BENNETT FLOURNOY A/K/A DAISY LEE BENNETT FLOURNOY of
the State of Georgia and County of DeKalb as party of the first
part, hereinafter called GRANTOR, and JANET HILL, of the State of
Georgia and County of Fulton as party of the second part,
hereinafter called GRANTEE, (the words "Grantor" and "GRANTEE" to
include their respective heirs, successors and assigns where the
context requires or permits),

WITNESSETH: That Grantor, for and in consideration of the sum
of TEN DOLLARS ($10.00) AND OTHER VALUABLE CONSIDERATIONS in hand
paid at and before the sealing and delivery of these presents, the
receipt whereof is hereby acknowledged, the undersigned, DAISY
BENNETT FLOURNOY A/K/A DAISY LEE BENNETT FLOURNOY does hereby
grant, bargain, sold and convey and by these presents, does grant,
bargain, sold and conveyed unto JANET HILL her heirs and assigns,
the following described property to wit:

ALL that tract or parcel oof Land lying and being in  Land Lot 46
of the 14th District of Fulton County, Georgia, being more fully
described as follows:

BEGINNING at a point located at the intersection of the southerly
side of Auburn Avenue and the east side of Howell Street;  thence
running northeasterly along the southerly side of Auburn Avenue
forty-six (46) feet to a point;  thence south one hundred eleven
and five-tenths (111.5) feet to a point;  thence west forty and
five-tenths (40.5) feet to a point located on the east side of
Howell Street;  thence north along the east side of Howell Street
ninety-four (94) feet to the point of beginning;  being known as
No. 543 Auburn Avenue, Atlanta, Georgia, and being more
particularly shown by a plat of survey dated February 8, 1958,
prepared by W.H. Brewer, Surveyor, on file in the office of Lawyers
Title Insurance Corporation.

TO HAVE AND TO HOLD the said bargained premises, together with
all and singular the rights, members and appurtenances thereof, to
the same being, belonging or in any way appertaining, to the only
proper use, benefit and behoof of the said grantees forever, IN FEE
SIMPLE.

And the said Grantor will warrant and forever defend the right
and title to the above described property unto the said grantee
against the unlawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this
deed, the day and year above written.

BK 27887 PG 150

Exhibit B

# RUBIN LUBLIN, LLC
Attorneys and Counselors at Law
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
TEL (877) 813-0992
FAX (404) 601-5846

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Copy Via Regular Mail

July 11, 2018

JANET HILL
543 AUBURN AVE
ATLANTA, GA 30312

*Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)*

| | |
|---|---|
| File No.: | BVF-16-00491-5 |
| Loan: | Note, and Security Deed from JANET HILL to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER ("Original Lender") |
| Name: | JANET HILL |
| Amount of Debt: | $794,375.60 |
| Property Address: | 543 AUBURN AVE, ATLANTA, GA 30312 |

Please be advised that this law firm represents The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders CWALT, Inc., Alternative Loan Trust, 2005-58 Mortgage Pass-Through Certificates, Series 2005-58, successor in interest to the Original Lender. This letter is to advise you that we have been retained to non-judicially foreclose the Loan. *The amount of the debt owed on the Loan indicated above may consist of the unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and miscellaneous charges. This amount changes daily, therefore to find out the amount needed to either bring your Loan current or to pay off your Loan in full, please call 800-771-0299.*

Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. Also, if you make a written request to this law firm within thirty (30) days from receipt of this notice, we will provide you with name and address of the Original Lender by mail. Be advised that we may commence our stated collection activity without waiting thirty (30) days, as permitted by law and if so requested by our client.
(Continued on back/next page)

This notice is not a demand for payment or possession. Our client is seeking only to enforce its rights against the above-referenced property pursuant to the Loan and not against you personally. Further, if you have received a discharge in a bankruptcy proceeding, this notice is not intended to collect against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

We do not believe that you are represented by counsel. If you are represented by counsel, please notify us immediately and provide the name and address of your lawyer so that we may direct communications to them. If we do not hear from you we will assume that you are not represented by counsel.

If you are currently or have within the last twelve (12) months been in the military service AND joined after entering into the Loan, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

This letter is notice to the extent the Fair Debt Collection Practices Act (the "FDCPA") applies. Nothing contained herein or in future notices shall be deemed an admission that the FDCPA applies to this firm's representation of the aforementioned creditor

For further information about this matter, please contact Rubin Lublin, LLC at (877) 813-0992.

Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

# RUBIN LUBLIN, LLC

Attorneys and Counselors at Law
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
TEL (877) 813-0992
FAX (404) 601-5846

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Copy Via Regular Mail**

July 11, 2018

JANET HILL
543 AUBURN AVE
ATLANTA, GA 30312

*Notice of Acceleration and Foreclosure*

| | |
|---|---|
| File No.: | BVF-16-00491-5 |
| Loan: | Note, and Security Deed from JANET HILL to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER ("Original Lender") |
| Property Address: | 543 AUBURN AVE, ATLANTA, GA 30312 |

Please be advised that this law firm represents The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders CWALT, Inc., Alternative Loan Trust 2005-58 Mortgage Pass-Through Certificates, Series 2005-58 ("Foreclosing Entity"), successor in interest to the Original Lender on the above-referenced Loan. By separate communication you may have been advised of your rights under the Fair Debt Collection Practices Act (the "FDCPA"), should that Act apply to this proceeding. Nothing in this letter shall prevent you from exercising those rights as set forth in that communication. This letter is to advise you that we are hereby instituting non-judicial foreclosure proceedings against the referenced property. Enclosed you will find a copy of the Notice of Sale Under Power that was submitted for publication in the legal newspaper in the county where the property is located. The foreclosure sale is scheduled for September 4, 2018 ("Sale Date").

The entire amount of the debt secured by said Note and Security Deed has now been declared due and payable because of, among other possible defaults, failure to pay the indebtedness as and when due and in the manner specified in the Note and Security Deed. *The total amount of the debt owed may consist of unpaid principal balance, any unpaid accrued interest, escrow/impound shortages or credits, late charges, legal fees/costs, and other charges. To find out the amount needed to either bring the Loan current or to pay off the Loan in full, please call 800-771-0299.*
(Continued on back/next page)

BVF-16-00491-5

Please be advised that the Foreclosing Entity intends to enforce the provisions of said Note and Security Deed relative to payment of attorneys' fees. Unless the full amount owed on this Loan is paid within ten (10) days from the date of receipt of this letter, reasonable attorneys' fees, as defined by the Official Code of Georgia Annotated Section ("O.C.G.A.") § 13-1-11, will also be owed. Please be further advised that from this point forward, strict compliance with the current terms of the Loan will be required pursuant to O.C.G.A. § 13-4-4.

In some circumstances the Loan, State Law, and/or the Foreclosing Entity may allow the default on the Loan to be cured and stopping the foreclosure prior to the sale date. You may contact this office to find out if reinstatement of the Loan will be allowed, and if allowed, what specific amount will be necessary to fully cure the default. Please be advised that if the default is allowed to be cured on the Loan, payment must be made in the form of cash, cashier's check or certified funds or wired to be received sufficiently in advance of the Sale Date to allow for cancellation of the sale and pursuant to the terms of the Loan.

If you are currently or have within the last twelve (12) months been in the military service AND joined after the date of the Loan, please notify this office immediately. You may be entitled to relief under the Servicemembers Civil Relief Act. You may also call 1-800-342-9647 for further assistance or visit www.militaryonesource.com/SCRA. When contacting this office as to your military service, you must provide us with positive proof as to your military status. If you do not provide this information, we will assume that you are not entitled to protection under the above mentioned Act.

We do not believe that you are represented by counsel. If you are represented by counsel, please notify us immediately and provide the name and address of your lawyer so that we may direct communications to them. If we do not hear from you we will assume that you are not represented by counsel in relation to the foreclosure.

This notice is not intended to collect the debt against you personally or indicate that you are personally liable for this debt. This notice relates solely to an enforcement of rights with respect to the above-referenced property.

This letter is notice to the extent the FDCPA applies. Nothing contained herein or in future notices shall be deemed an admission that the FDCPA applies to this firm's representation of the Foreclosing Entity.

Should the FDCPA apply, please be advised that this firm is acting as a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

DVF-16-00401-5

## NOTICE OF SALE UNDER POWER

GEORGIA, FULTON COUNTY

By virtue of a Power of Sale contained in that certain Security Deed from JANET HILL to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE LENDER, dated October 6, 2005, recorded October 25, 2005, in Deed Book 41205, Page 241, Fulton County, Georgia Records, said Security Deed having been given to secure a Note of even date in the original principal amount of Four Hundred Sixty-Four Thousand and 00/100 dollars ($464,000.00), with interest thereon as provided for therein, said Security Deed having been last sold, assigned and transferred to The Bank Of New York Mellon FKA The Bank Of New York As Trustee For The Certificateholders CWALT, Inc., Alternative Loan Trust 2005-58 Mortgage Pass-Through Certificates, Series 2005-58, there will be sold at public outcry to the highest bidder for cash at the Fulton County Courthouse, within the legal hours of sale on the first Tuesday in September, 2018, all property described in said Security Deed including but not limited to the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING LAND LOT 46 OF THE 14TH DISTRICT OF FULTON COUNTY, GEORGIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT LOCATED AT THE INTERSECTION OF THE SOUTHERLY SIDE OF THE RIGHT OF WAY AUBURN AVENUE (55 FOOT RIGHT OF WAY) AND THE EASTERLY SIDE OF THE RIGHT OF WAY OF HOWELL STREET (30-FOOT RIGHT OF WAY); THENCE RUNNING ALONG THE SOUTHERLY SIDE OF SAID AUBURN AVENUE NORTH 66 DEGREES 34 MINUTES 07 SECONDS EAST A DISTANCE OF 46.00 FEET TO 1/2 INCH REBAR FOUND; THENCE LEAVING THE SOUTHERLY SIDE OF THE RIGHT OF WAY OF AUBURN AVENUE AND RUNNING SOUTH 00 DEGREES 00 MINUTES 00 SECONDS EAST A DISTANCE OF 111.50 FEET TO A POINT; THENCE RUNNING SOUTH 88 DEGREES 54 MINUTES 06 SECONDS WEST A DISTANCE OF 40.50 FEET TO AN 1/2 INCH OT FOUND ON THE EASTERLY SIDE OF THE RIGHT OF WAY OF SAID HOWELL STREET; THENCE RUNNING ALONG THE EASTERLY SIDE OF THE RIGHT OF WAY OF SAID HOWELL STREET NORTH 01 DEGREES 02 MINUTES 42 SECONDS WEST A DISTANCE OF 94.00 FEET TO THE POINT OF BEGINNING.

Said legal description being controlling, however the property is more commonly known as 543 AUBURN AVE, ATLANTA, GA 30312.

The indebtedness secured by said Security Deed has been and is hereby declared due because of default under the terms of said Security Deed and Note. The indebtedness remaining in default, this sale will be made for the purpose of paying the same, all expenses of the sale, including attorneys' fees (notice to collect same having been given) and all other payments provided for under the terms of the Security Deed and Note.

Said property will be sold on an "as-is" basis without any representation, warranty or recourse against the above-named or the undersigned. The sale will also be subject to the following items which may affect the title: any outstanding ad valorem taxes (including taxes which are a lien, whether or not now due and payable); the right of redemption of any taxing authority; matters which would be disclosed by an accurate survey or by an inspection of the property; all zoning ordinances; assessments; liens; encumbrances; restrictions; covenants, and any other matters of record superior to said Security Deed.

To the best of the knowledge and belief of the undersigned, the owner and party in possession of the property is JANET HILL, or tenants(s).

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the Security Deed.

Please note that, pursuant to O.C.G.A. § 44-14-162.2, you are not entitled by law to an amendment or modification of the terms of your loan. The entity having full authority to negotiate, amend or modify all terms of the loan (although not required by law to do so) is: BAYVIEW LOAN SERVICING,LLC, Loss Mitigation Dept., 4425 Ponce de Leon Blvd., 5th Floor, Coral Gables, FL 33146, Telephone Number: 800-771-0299.

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2005-58 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-58**
as Attorney in Fact for
JANET HILL

THE BELOW LAW FIRM MAY BE HELD TO BE ACTING AS A DEBT COLLECTOR, UNDER FEDERAL LAW. IF SO, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Attorney Contact: Rubin Lublin, LLC, 3145 Avalon Ridge Place, Suite 100, Peachtree Corners, GA 30071
Telephone Number: (877) 813-0992 Case No. BVF-16-00491-5
Ad Run Dates  08/08/2018, 08/15/2018, 08/22/2018, 08/29/2018

www.rubinlublin.com/property-listings.phpc

Exhibit C

## QUALIFIED WRITTEN REQUEST

July 31, 2018

**From:**   **Janet Hill**
543 Auburn Avenue
Atlanta, GA 30312

**To:**   **Rubin Lublin**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

**Re:**   **File No: BVF-16-00491-5 (contested)**
**Loan:   Note, and Security deed from JANET HILL to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICA'S WHOLESALE Lender ("Original Lender") (contested)**
**Amount of Debt: $794,375.60 (contested)**
**Property Address: 543 Auburn Avenue, Atlanta, GA 30312**

Attention:   Response to Debt Collection/Mortgage Loan Accounting Department

Please treat this letter as a "Qualified Written Request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e).   This letter is also a dispute of the alleged debt referenced above.

Specifically, I am disputing a) the identity of an alleged secured lender/creditor, and b) the existence of debt(s), and c) your authority and capacity to collect or enforce any rights or interest on behalf of the alleged lender/creditor, its agents, successors or assigns, and d) the amount of debt and, e) your reference and authority to act on my behalf. Because of extensive criminal activity and fraud in this arena, I require additional information including but not limited to, proof of the chain of secured ownership from the alleged original lender/creditor to the alleged current lender/creditor. Below is the detailed request.

I dispute this alleged debt in its entirety.

Further, I require proof that you are the entity that has been contracted to work on behalf of the alleged lender/creditor.

Pursuant to "Subtitle E Mortgage Servicing" of the Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1), please provide:

1. A full, double sided, certified "true and accurate" copy of the original promissory note and security instrument and all assignments of the alleged security instrument.

2. Full name, address and telephone number of the actual entity that funded the alleged transaction.

---

Qualified Written Request        Loan No: <Account No>        Page 1 of 4

3.  Pursuant to the Truth In-Lending Act § 131(f)(2) and 15 U.S.C. § 1641 (f): Please provide the name, address and telephone number and tax identification number of the purported current and original owner(s) of the alleged mortgage and the master servicer of the alleged mortgage.

4.  Full name of the Trust where the Note Number is trading, or has traded, and the identifying Series of Certificates. *(Note: If the note number is being traded in a Fannie Mae Trust or Freddie Mac Trust, please provide all information to identify the Trust (i.e. Fannie Mae Pool Number, CUSIP Number, REMIC or SMBS Trust Number and Trust Class/Tranche).*

5.  Full name, address, and telephone number of the purported Trustee.

6.  Proof of funding of the alleged loan in the form of a confirmation number of the wire transfer or front and back copy of cleared check(s).

7.  Full name, address, telephone number and tax identification number of the purported Custodian of the original Promissory Note, including the name, address and telephone number of any trustee or other fiduciary. This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act.

8.  The MERS Milestone Report, if the note number and alleged security instrument was tracked by Mortgage Electronic Registration Systems.  Include the audit trail of the alleged transfer in ownership and alleged transfer in security interest.

9.  A complete audit history from alleged loan origination, showing the dates payments were applied, and to what internal accounts (i.e. principal, interest, suspense, escrow, etc.) payments were applied.

10. A complete and itemized statement of any and all fees and/or charges against this account.

11. A complete and itemized statement of escrow for the alleged account, if any, from the date of the alleged note origination to the date of your response to this letter.

12. A complete and itemized statement from the date of the alleged note origination to the date of your response to this letter of the amounts charged for any forced-placed insurance, the date of the charge, the name of the insurance company, the relation of the insurance company to you or a related company, the amount of commission you received for each force-placed insurance event, and an itemized statement of any other related expenses and any claims paid out thereto.

13. Complete and itemized statement of any and all fees incurred to modify, extend, or amend the alleged loan or to defer any payment or payments due under the terms of the loan, from the date of the alleged note origination to the date of your response to this letter.

14. Complete, itemized statement of the current amount for pay-off of the alleged "loan" in full.

15. Verification of any notification provided to me of a change in alleged servicer and/or change in alleged lender.

16. Written verification that your company has been contracted to work on behalf of the alleged lender/creditor.

PLEASE TAKE NOTICE; you should be advised that within five (5) days you must send a letter stating that you received this letter. After that time you have thirty (30) days to fully respond as per the time frame mandated by Congress, in "Subtitle 'E' Mortgage Servicing" of the "Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1).

PLEASE TAKE FURTHER NOTICE; you should be advised that Violations of this Section provide for statutory damages of up to $4,000 and reasonable legal fees. The amendments also clearly provide that the new notice rules are enforceable by private right of action.

### NOTICE TO CEASE AND DESIST

I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.

In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided above.

Thank you for taking the time to acknowledge and answer this request as required by Real Estate Settlement and Procedures Act section (2605(e)).

Sincerely,

*Janet Hill*

**Janet Hill**

CC:

Office of RESPA and Interstate Land Sales
Office of Housing, Room 9154
US Department of Housing and Urban Development
451 Seventh Street SW
Washington, DC - 20410

Exhibit D

## QUALIFIED WRITTEN REQUEST

August 11, 2018
**SECOND NOTICE**

**From:**   Janet Hill
543 Auburn Avenue
Atlanta, GA 30312

**To:**   Rubin Lublin
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

**Re:**   File No: BVF-16-00491-5 (contested)
Loan:   Note, and Security deed from JANET HILL to MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
AMERICA'S WHOLESALE Lender ("Original Lender") (contested)
Amount of Debt: $794,375.60 (contested)
Property Address: 543 Auburn Avenue, Atlanta, GA 30312

**Attention:**   Response to Debt Collection/Mortgage Loan Accounting Department

Please treat this letter as a "Qualified Written Request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e). This letter is also a dispute of the alleged debt referenced above.

Specifically, I am disputing a) the identity of an alleged secured lender/creditor, and b) the existence of debt(s), and c) your authority and capacity to collect or enforce any rights or interest on behalf of the alleged lender/creditor, its agents, successors or assigns, and d) the amount of debt and, e) your reference and authority to act on my behalf. Because of extensive criminal activity and fraud in this arena, I require additional information including but not limited to, proof of the chain of secured ownership from the alleged original lender/creditor to the alleged current lender/creditor. Below is the detailed request.

I dispute this alleged debt in its entirety.

Further, I require proof that you are the entity that has been contracted to work on behalf of the alleged lender/creditor.

Pursuant to "Subtitle E Mortgage Servicing" of the Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1), please provide:

1. A full, double sided, certified "true and accurate" copy of the original promissory note and security instrument and all assignments of the alleged security instrument.

2. Full name, address and telephone number of the actual entity that funded the alleged transaction.

3. Pursuant to the Truth In-Lending Act § 131(f)(2) and 15 U.S.C. § 1641 (f): Please provide the name, address and telephone number and tax identification number of the purported current and original owner(s) of the alleged mortgage and the master servicer of the alleged mortgage.

4. Full name of the Trust where the Note Number is trading, or has traded, and the identifying Series of Certificates. *(Note: If the note number is being traded in a Fannie Mae Trust or Freddie Mac Trust, please provide all information to identify the Trust (i.e. Fannie Mae Pool Number, CUSIP Number, REMIC or SMBS Trust Number and Trust Class/Tranche).*

5. Full name, address, and telephone number of the purported Trustee.

6. Proof of funding of the alleged loan in the form of a confirmation number of the wire transfer or front and back copy of cleared check(s).

7. Full name, address, telephone number and tax identification number of the purported Custodian of the original Promissory Note, including the name, address and telephone number of any trustee or other fiduciary. This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act.

8. The MERS Milestone Report, if the note number and alleged security instrument was tracked by Mortgage Electronic Registration Systems. Include the audit trail of the alleged transfer in ownership and alleged transfer in security interest.

9. A complete audit history from alleged loan origination, showing the dates payments were applied, and to what internal accounts (i.e. principal, interest, suspense, escrow, etc.) payments were applied.

10. A complete and itemized statement of any and all fees and/or charges against this account.

11. A complete and itemized statement of escrow for the alleged account, if any, from the date of the alleged note origination to the date of your response to this letter.

12. A complete and itemized statement from the date of the alleged note origination to the date of your response to this letter of the amounts charged for any forced-placed insurance, the date of the charge, the name of the insurance company, the relation of the insurance company to you or a related company, the amount of commission you received for each force-placed insurance event, and an itemized statement of any other related expenses and any claims paid out thereto.

13. Complete and itemized statement of any and all fees incurred to modify, extend, or amend the alleged loan or to defer any payment or payments due under the terms of the loan, from the date of the alleged note origination to the date of your response to this letter.

---

Qualified Written Request          Loan No: <Account No>          Page 2 of 4

14. Complete, itemized statement of the current amount for pay-off of the alleged "loan" in full.

15. Verification of any notification provided to me of a change in alleged servicer and/or change in alleged lender.

16. Written verification that your company has been contracted to work on behalf of the alleged lender/creditor.

PLEASE TAKE NOTICE; you should be advised that within five (5) days you must send a letter stating that you received this letter. After that time you have thirty (30) days to fully respond as per the time frame mandated by Congress, in "Subtitle 'E' Mortgage Servicing" of the "Dodd-Frank Wall Street Reform and Consumer Protection Act and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and Reg. X Section 3500.21(e)(1).

PLEASE TAKE FURTHER NOTICE; you should be advised that Violations of this Section provide for statutory damages of up to $4,000 and reasonable legal fees. The amendments also clearly provide that the new notice rules are enforceable by private right of action.

### NOTICE TO CEASE AND DESIST

I am hereby requesting in writing that neither you, nor any agent on your behalf, call me at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.

In Order to avoid any misunderstanding, all communication shall henceforth be on the record, i.e. in writing and duly served. Please serve all communications and process directly to the mailing address provided above.

Thank you for taking the time to acknowledge and answer this request as required by Real Estate Settlement and Procedures Act section (2605(e)).

Sincerely,

*Janet Hill*

**Janet Hill**

CC:

Office of RESPA and Interstate Land Sales
Office of Housing, Room 9154
US Department of Housing and Urban Development
451 Seventh Street SW
Washington, DC - 20410

---

*Exhibit E*





PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PM EXP
ATLANTA, GA
AUG 30, 18
AMOUNT
**$24.70**
R2304E104707-70

# PRIORITY
## ★ MAIL ★
# EXPRESS™
OUR FASTEST SERVICE IN THE U.S.

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**EMS**

EP13F July 2013  OD: 12.5 x 9.5

P S 10001000006

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

This envelope is made from post-consumer waste. Please recycle again.

RNATIONAL USE

**UNITED STATES POSTAL SERVICE** ®   |   PRIORITY ★ MAIL ★ EXPRESS™

**UNITED STATES POSTAL SERVICE** ®

Fulton County Superior Court
***EFILED***LS
Date: 7/2/2019 1:52 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO. 2018CV309704 |
| | ) | |
| v. | ) | |
| | ) | |
| RUBIN LUBLIN and BAYVIEW LOAN | ) | |
| SERVICING, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S REQUEST
## FOR EMERGENCY TEMPORARY RESTRAINING ORDER

This matter came before this Court for hearing on Plaintiff Janet Hill's "Emergency Motion to Restrain Defendants' Foreclosure Attempts Pending Substantive Rulings" on Monday, June 3, 2019. Counsel for all parties were present and made arguments.

Based on the arguments and application of case law, namely *Hill v. Bank of New York Mellon*, No. 15-21621-CIV, 2015 WL 12780630 (S.D. Fla. Aug. 31, 2015), and *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 783 S.E.2d 614, 620 (2016), Plaintiff cannot meet the requirements for emergency injunctive relief.

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED. Additionally, Plaintiff's counsel requested to withdraw during the June 3, 2019 hearing. That request is GRANTED and Stephen J. Pritchett and the law firm of Townsend & Lockett, LLC are relieved from their representation as Plaintiff has elected to proceed *pro se* for the remainder of this litigation.

*[signature appears on following page]*

SO ORDERED this 27th day of June, 2019.

Hon. Thomas A. Cox, Jr.
Superior Court of Fulton County
Atlanta Judicial Circuit

Fulton County Superior Court
***EFILED***AC
Date: 7/2/2019 1:23 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO. 2018CV309704 |
| | ) | |
| v. | ) | |
| | ) | |
| RUBIN LUBLIN and BAYVIEW LOAN | ) | |
| SERVICING, LLP, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER GRANTING DEFENDANT BAYVIEW LOAN SERVICING, LLP'S
MOTION TO DISMISS**</u>

This matter comes before the Court on Defendant Bayview Loan Servicing, LLP's ("Bayview") March 13, 2019 Motion to Dismiss, Or in The Alternative, Motion for Summary Judgment regarding the Complaint filed by Plaintiff Janet Hill pursuant to O.C.G.A. § 9-11-12(b)(6) and O.C.G.A. § 9-11-56.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is GRANTED for the reasons set forth in the "Memorandum of Law in Support" as the Complaint fails to state a claim upon which relief could be granted. This case is DISMISSED WITH PREJUDICE in its entirety.

SO ORDERED this 28th day of June, 2019.

Hon. Thomas A. Cox, Jr.
Superior Court of Fulton County
Atlanta Judicial Circuit

Fulton County Superior Court
***EFILED***QW
Date: 6/25/2021 7:56 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

Case # 2018CV309704

JANET HILL,
PRO SE

             Plaintiff,

**VOLUNTARY DISMISSAL**

VS.

RUBIN LUBLIN and
BAYVIEW LOAN SERVICING
             Defendants.

## MOTION FOR  VOLUNTARY DISMISSAL

COMES NOW Janet Hill herein, ("Plaintiff), and respectfully requests to the

Honorable Judge Cox, to dismiss her appeal to the State of Georgia Appellate court

without prejudice.   The Notice of Appeal was filed in Fulton County Superior Court

July 19, 2019, amended August 9, 2019.  Wherefore, this honorable court is asked to

dismiss this action, instanter.

Respectfully submitted, this day June 24, 2021.                                ,

                                      Janet Hill
                                      Pro Se
                                      543 Auburn Avenue
                                      Atlanta, GA 30312
                                      All Rights Reserved
                                      */s/ Janet Hill*
                                      JANET HILL

- 1

# CERTIFICATE OF SERVICE

I, the undersigned, HEREBY CERTIFY that a true and correct copy of the above has been furnished to:

Allison Rhadans
McGUIREWOODS, LLP
1230 Peachtree Street, NE
Suite 1200, Promenade II
Atlanta, GA 30309
arhadans@mcquirewoods.com
*Attorney for Bayview*

Brett Chaness
Rubin Lublin
3145 Avalon Ridge Place NW
Suite 100
Peachtree Corners, GA 30071
*Attorney for Rubin Lublin*

Submitted on this 24th day of June 2021

*/s/ Janet Hill*

Janet Hill
543 Auburn Ave. N.E.,
Atlanta, Georgia 30312
Pro Se
All Rights Reserved

- 2

Fulton County Superior Court
***EFILED***AC
Date: 6/29/2021 12:09 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JANET HILL,
                    Plaintiff,

v.                                              Civil Action No. 2018CV309704

RUBIN LUBLIN, and
BAYVIEW LOAN SERVICING LLP
                    Defendants.

## FINAL ORDER

WHEREAS, this matter came before the Court for a hearing on June 28, 2021 on: (1) Defendant Bayview Loan Servicing LLP's Motion to Dismiss Plaintiff Janet Hill's Notices of Appeal and Amended Notices of Appeal filed in July 2019 and August 2019 (collectively "Appeals"), and (2) Plaintiff Janet Hill's Motion to Voluntary Dismiss her Appeals.

The Court finds that there is just cause for the Court to grant Plaintiff Janet Hill's Motion to Voluntary Dismiss her Appeals.

The Court finds that Defendant Bayview Loan Servicing LLP's Motion to Dismiss Plaintiff Janet Hill's Appeals is therefore MOOT.

NOW, THEREFORE, IT IS HEREBY ORDERED, DECLARED, AND ADJUDGED that Plaintiff Janet Hill's Motion to Voluntary Dismiss her Appeals is GRANTED. It is further

ORDERED, DECLARED, AND ADJUDGED that the Appeals are DISMISSED WITHOUT PREJUDICE. It is further

ORDERED, DECLARED, AND ADJUDGED that the CLERK OF COURT shall CLOSE THIS CASE.

SO ORDERED, this 29th day of June, 2021.

Judge Thomas A. Cox, Jr.
Fulton County Superior Court

1

**DISTRIBUTION LIST**

Janet Hill
543 Auburn Avenue
Atlanta, Georgia 30312

Allison Rhadans, Esq.
MCGUIREWOODS LLP
Suite 2100, Promenade II
1230 Peachtree Street NE
Atlanta, GA 30309

Bret J. Chaness, Esq.
Rubin Lublin LLC
3145 Avalon Ridge Place NW Suite 100
Peachtree Corners, GA 30071