# EXHIBIT 12

TERMED,FILING FEE PAID,MSUMJGM,PROSE

# U.S. District Court
## Southern District of Iowa (Central)
## CIVIL DOCKET FOR CASE #: 4:20-cv-00171-RGE-CFB

Hill v. Bank America et al
Assigned to: Judge Rebecca Goodgame Ebinger
Referred to: Magistrate Judge Celeste F. Bremer
Case in other court:  8th CCA, 20-03047
Cause: 09:0207 Application for order confirming award of
arbitrators

Date Filed: 06/01/2020
Date Terminated: 08/21/2020
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Federal Question

**Plaintiff**

**Janet Hill**                                represented by **Janet Hill**
                                              543 Auburn Ave
                                              Atlanta, GA 30312
                                              PRO SE

V.

**Defendant**

**Bank America**                              represented by **Jeana L. Goosmann**
*formerly known as*                           GOOSMANN LAW FIRM, PLC
Countrywide                                   410 5TH STREET
                                              SIOUX CITY, IA 51101
                                              712-226-4000
                                              Fax: 712-224-4517
                                              Email: Jeana@GoosmannLaw.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Retained*

**Defendant**

**Americas Wholesale Lender**                 represented by **Jeana L. Goosmann**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Retained*

**Defendant**

**Bank of New York Mellon**                   represented by **Jeana L. Goosmann**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Retained*

**Defendant**

**Mers**                                      represented by **Jeana L. Goosmann**
                                              (See above for address)
                                              *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Bony-TX/CT Government**                    represented by **Jeana L. Goosmann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Real Time Resolutions**                    represented by **Kerrie M. Murphy**
MWH LAW GROUP LLP
1501 42nd STREET
SUITE 465
WEST DES MOINES, IA 50266
515-453-8509
Fax: 515 267 1408
Email: kerrie.murphy@mwhlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Julie Tomka Bittner**
MWH LAW GROUP LLP
1501 42nd STREET
SUITE 465
WEST DES MOINES, IA 50266
515-453-8509
Fax: 515-267-1408
Email: julie.bittner@mwhlawgroup.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Logan Kraus**
MWH LAW GROUP LLP
1501 42nd STREET
SUITE 465
WEST DES MOINES, IA 50266
515-453-8509
Fax: 515-267-1408
Email: logan.kraus@mwhlawgroup.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Bayview Loan Servicing**                    represented by **Jeana L. Goosmann**
*also known as*                              (See above for address)
Bayview Financial                            *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Does 1-100**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2020 | 1 | COMPLAINT against All Defendants, filed by Janet Hill. Notice of Dismissal for lack of Service deadline set for 8/31/2020. (don) (Entered: 06/01/2020) |
| 06/01/2020 | | Filing fee: $ 400, receipt number IAS400022622 for Filing Fee by Janet Hill (slg) (Entered: 06/01/2020) |
| 06/02/2020 | 2 | Summons Issued as to All Defendants. Mailed to Janet Hill at address on docket sheet. (slg) (Entered: 06/02/2020) |
| 07/06/2020 | 3 | Corporate Disclosure/Statement of Interest by Real Time Resolutions. (Murphy, Kerrie) (Entered: 07/06/2020) |
| 07/06/2020 | 4 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Real Time Resolutions. Responses due by 7/20/2020. (Attachments: # 1 Brief in Support)(Murphy, Kerrie) (Entered: 07/06/2020) |
| 07/07/2020 | 5 | MOTION to Dismiss by Bank America. Responses due by 7/21/2020. (Goosmann, Jeana) (Entered: 07/07/2020) |
| 07/10/2020 | 6 | CERTIFICATE OF SERVICE by Bank America re 5 MOTION to Dismiss (Goosmann, Jeana) (Entered: 07/10/2020) |
| 07/20/2020 | 7 | SUMMONS Returned Executed by Janet Hill. Americas Wholesale Lender served on 6/15/2020, answer due 7/6/2020; Bank America served on 6/15/2020, answer due 7/6/2020; Bank of New York Mellon served on 6/15/2020, answer due 7/6/2020; Bayview Loan Servicing served on 6/15/2020, answer due 7/6/2020; Bony-TX/CT Government served on 6/25/2020, answer due 7/16/2020; Mers served on 6/15/2020, answer due 7/6/2020; Real Time Resolutions served on 6/15/2020, answer due 7/6/2020. (slg) (Entered: 07/20/2020) |
| 07/20/2020 | 8 | RESPONSE to Motion re 5 MOTION to Dismiss , 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Janet Hill. Replies due by 7/27/2020. (slg) (Entered: 07/20/2020) |
| 07/20/2020 | 9 | MOTION for Summary Judgment by Janet Hill. Responses due by 8/10/2020. (Attachments: # 1 Text of Proposed Order, # 2 letter) (slg) (Entered: 07/20/2020) |
| 07/24/2020 | 10 | REPLY *in Support of Its Motion to Dismiss* re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Real Time Resolutions.(Bittner, Julie) (Entered: 07/24/2020) |
| 07/27/2020 | 11 | ***REPLY*** RESPONSE to Motion re 5 MOTION to Dismiss *Response to Plaintiff's Objection* filed by Bank America. (Goosmann, Jeana) Modified on 7/28/2020 Corrected event and removed reply deadline. (slg). (Entered: 07/27/2020) |
| 07/28/2020 | 12 | MOTION to Stay *Deadline to File Resistance to Plaintiff's Motion for Summary Judgment* by Real Time Resolutions.Motions referred to Celeste F. Bremer. Responses due by 8/11/2020. (Bittner, Julie) (Entered: 07/28/2020) |
| 07/29/2020 | 13 | CERTIFICATE OF SERVICE by Real Time Resolutions re 12 MOTION to Stay *Deadline to File Resistance to Plaintiff's Motion for Summary Judgment* (Bittner, Julie) (Entered: 07/29/2020) |
| 08/03/2020 | 14 | ORDER denying 12 Motion to Stay. Signed by Magistrate Judge Celeste F. Bremer on 7/30/2020. (don) (Entered: 08/03/2020) |

| 08/20/2020 | 15 | ORDER Granting 4 Motion to Dismiss for Failure to State a Claim; Granting 5 Motion to Dismiss; and Dismissing as moot 9 Motion for Summary Judgment. See Order for particulars. Signed by Judge Rebecca Goodgame Ebinger on 8/20/2020. Copy of Order mailed by chambers to pro se Plaintiff. (hfh) (Entered: 08/20/2020) |
|---|---|---|
| 08/21/2020 | 16 | JUDGMENT in favor of Americas Wholesale Lender, Bank America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government, Mers, Real Time Resolutions against Janet Hill. Signed by Clerk John S. Courter on 8/21/2020. (slg) (Entered: 08/21/2020) |
| 09/14/2020 | 17 | MOTION for Reconsideration re 15 Order on Motion to Dismiss for Failure to State a Claim and Order on Motion for Summary Judgment, by Janet Hill. Motions referred to Celeste F. Bremer. Responses due by 9/28/2020. (Attachments: # 1 Exhibits) (kjw) (Entered: 09/14/2020) |
| 09/14/2020 | 18 | MOTION to Stay by Janet Hill.Motions referred to Celeste F. Bremer. Responses due by 9/28/2020. (kjw) (Entered: 09/14/2020) |
| 09/14/2020 | 19 | NOTICE of Appearance by Logan Kraus on behalf of Real Time Resolutions (Kraus, Logan) (Entered: 09/14/2020) |
| 09/17/2020 | 20 | ORDER Denying 17 Motion for Reconsideration and Denying 18 Motion to Stay. See Order for particulars. Signed by Judge Rebecca Goodgame Ebinger on 9/17/2020. Copy of Order mailed by chambers to pro se Plaintiff. (hfh) (Entered: 09/17/2020) |
| 09/28/2020 | 21 | NOTICE OF APPEAL as to 15 Order on Motion to Dismiss for Failure to State a Claim, Order on Motion for Summary Judgment, 16 Judgment by Janet Hill. (don) (Entered: 09/28/2020) |
| 10/01/2020 | 22 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA re 21 Notice of Appeal filed on 9/28/2020. (vr) Modified on 10/2/2020, main document replaced (kjw). (Entered: 10/01/2020) |
| 10/02/2020 | 23 | USCA Case Number 20-3047 for 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 10/02/2020) |
| 10/02/2020 | 24 | ORDER of USCA advising Appellant is to pay fee or motion for IFP to avoid dismissal as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 10/02/2020) |
| 10/02/2020 | 25 | ORDER of USCA to submit documents as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 10/02/2020) |
| 10/30/2020 | 26 | ORDER of USCA advising appellant failed to pay fee and has 14 days to show re: dismissal for failure to prosecute as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 10/30/2020) |
| 11/12/2020 | 27 | Letter to Janet Hill returning check of $550.00 #70463 for the notice of appeal fee. The correct appeal fee is $505.00. (don) Modified on 11/20/2020 corrected text (slg). (Entered: 11/12/2020) |
| 11/17/2020 | 28 | ORDER of USCA advising extension of time up to and including 11/26/2020 to remit payment in the amount of $505.00 as to 21 Notice of Appeal filed by Janet Hill. (Attachments: # 1 Cover Letter) (vr) (Entered: 11/17/2020) |
| 11/23/2020 | | Appeal Filing fee: $ 505.00, receipt number IAS400023157 by Janet Hill. (kjw) (Entered: 11/23/2020) |
| 12/02/2020 | 29 | USCA Scheduling Order as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 12/02/2020) |

| 01/06/2021 | 30 | ORDER of USCA as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 01/06/2021) |
| 06/15/2021 | 31 | OPINION/JUDGMENT of USCA advising the judgment of the district court is Affirmed as to 21 Notice of Appeal filed by Janet Hill. Mandate to issue in 14 days. (Attachments: # 1 Opinion, # 2 Judgment) (vr) (Entered: 06/15/2021) |
| 06/30/2021 | 32 | MANDATE of USCA as to 21 Notice of Appeal filed by Janet Hill. (vr) (Entered: 06/30/2021) |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT IOWA

| | | |
|---|---|---|
| JANET HILL, *Pro Se,* | § | CASE NO: _____ |
| | § | |
| PETITIONER, | § | **VERIFIED PETITION** |
| | § | **CONFIRMATION ARBITRATION AWARD** |
| | § | |
| vs | § | |
| | § | |
| BANK AMERICA, fka COUNTRYWIDE, | § | |
| AMERICAS WHOLESALE LENDER, | § | |
| BANK NEW YORK MELLON, MERS, | § | |
| BONY-TX/CT GOVERNMENT, | § | |
| REAL TIME RESOLUTIONS, | § | |
| BAYVIEW LOAN SERVICING aka BAYVIEW | § | |
| FINANCIAL, Does, 1-100, et al, | | |

RESPONDENTS.

## PETITION TO
## CONFIRM AWARD AND JUDGEMENT ENFORCEMENT

Now Comes Petitioner, Janet Hill and Pursuant to Federal Arbitration Act, 9 USC section 9, hereby moves the

Court for an Order confirming the Final Award issued November 25, 2019 and enter a judgment against

Respondent(s) in favor of Petitioner, in the amount stated, Exhibit A, for each Respondent individually.

### Jurisdiction and Venue

There is diversity of citizenship, all parties are located in different states.  The amount exceeds $75,000.00.

This court has jurisdiction, per 28 USC, 1332.

1

The Award additionally states, ".... all final and binding arbitration awards may be confirmed by any court in America having Equitable Jurisdiction.... (page 8, section 8, Final Award, Exhibit A).

The venue is proper as stated in the Final Award ".....where either arbitrators reside or chosen by the Petitioner (Claimant) as stipulated in the contractual agreement....." (page 9, section 16, Final Award, Exhibit A).

This Court has subject matter jurisdiction, proper diversity jurisdiction and contract governance to perform its administrative duty to confirm the Award for enforcement in favor of the Petitioner.

This Honorable Court venue is proper.

Petitioner respectfully submits as follows;

1. On November 25, 2019, arbitrators convened on the contract subject matter, 2019-GA-543AUB between Petitioner (Claimant), Janet Hill and Respondents BANK AMERICA, fka COUNTRYWIDE, AMERICAS WHOLESALE LENDER, BANK NEW YORK MELLON, MERS, BONY-TX/CT GOVERNMENT, REAL TIME RESOLUTIONS, BAYVIEW LOAN SERVICING aka BAYVIEW FINANCIAL.

2. A Final Award was issued in favor of Petitioner, (Claimant) Janet Hill.   The amount awarded to Petitioner is $1,425,000.00, (One Million Four Hundred Twenty Five Thousand Dollars), (Exhibit A).

3. Respondents failed to object, amend and/or, contest the Arbitration and the Final Award.
   *"Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgement of the court", Florasynth, Inc V.Pickholz, 150 F.2d 171,176 (2nd Cir. 1984).*

4. Petitioner made multiple attempts to resolve this matter without court intervention.

5. Respondents were provided the opportunity for an extension of time up to 20 days by written request.

6.  More than 90 has passed since the notice of the Final Award was received by Respondents,

(Exhibit B.)

Petitioner, hereby respectfully moves this Court to confirm the final award against Respondents individually in the amount of $1,425,000.00 in favor of the Petitioner, Janet Hill.

Respectfully submitted,

This 22nd day of May, 2020

Janet Hill, Petitioner, Pro Se
543 Auburn Avenue
Atlanta, GA 30312
404-861-6036
All Rights Reserved

3

# VERIFICATION

I, Janet Hill, *pro se,* am the Petitioner in this action. I have read the foregoing application for the Verified Petition

for Confirmation of the Arbitration Award and is true of my own knowledge, except as to those matters stated

on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

1. I am Janet Hill, Petitioner.

2. A Final Award issued November 25, 2019 is attached, an exact certified copy, Exhibit A.

3. The arbitration involved the above referenced parties that were served notice of the final award and

   evidenced by Exhibit B.

4. Respondents failed to amend, contest, object to Arbitration and the final Award within the 90 days

   allowed by the Arbitrator.

This ⟨⟨23⟩⟩ day of May __, 2020.

_____

Janet Hill, *pro se*
All Rights Reserved

mathe martin



Date  5\23\20

# CERTIFICATE OF SERVICE

The following parties have been served by USPS Certified Mail.

AMERICA'S WHOLESALE LENDER CORPORATION
BANK OF AMERICA CORPORATION
Bank of America, NA
Countrywide Home Loans, Inc.
Countrywide Financial Corporation
CWALT, Inc., Trust
ISAOA ATIMA
100 North Tryon
Charlotte, NC 28202

BANK OF NEW YORK MELLON, Trustee
ISAOA ATIMA
240 Greenwich Street
New York, NY 10286

BONY-TX/BNY Mellon
CT Government Solutions
2322 French Settlement Road
Suite 100
Dallas, TX 75212

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.
(MERS)
1818 Library Street, Suite 300
Reston, VA 20190

REAL TIME RESOLUTIONS
ISAOA ATIMA
1349 Empire Central Dr.
Suite 150
Dallas, TX, 75247

BAYVIEW LOAN SERVICING BAYVIEW FINANCIAL
ISAOA ATIMA
4425 Ponce De Leon Boulevard
5th Floor
Coral Gables, FL 33146

CT COROPORATION SYSTEM
400 E. Court Ave
Des Moines, IA 50309
Registered Agent,  Real Time Resolutions

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JANET HILL, | |
| Plaintiff, | |
| v. | No. 4:20-cv-00171-RGE-CFB |
| BANK AMERICA f/k/a COUNTRYWIDE; AMERICAS WHOLESALE LENDER; BANK OF NEW YORK MELLON; MERS; BONY-TX/CT GOVERNMENT; REAL TIME RESOLUTIONS; BAYVIEW LOAN SERVICING a/k/a BAYVIEW FINANCIAL; and DOES 1-100, | ORDER RE: PENDING MOTIONS |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Janet Hill brings this pro se action under the Federal Arbitration Act. Hill requests the Court confirm and enforce an arbitration award she allegedly won against Defendants on November 25, 2019. Defendant Real Time Resolutions moves to dismiss Hill's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Hill fails to state a claim upon which relief can be granted. The remaining Defendants[1] filed an "opposition to petition to confirm award and judgment enforcement," requesting the Court deny Hill's claim "and/or strike the fraudulent [arbitration award]." Though Real Time Resolutions' motion and the remaining Defendants' filing

---

[1] It is unclear if Defendant Does 1-100 was intended as a party in this matter. Counsel has not appeared on behalf of Does 1-100. Hill's complaint includes a list of Defendants she served that includes "Does" and "1-100 et al[.]" as two different parties, but provides no address information for either of them. ECF No. 1 at 2. Further, it appears Does 1-100 did not receive a summons. *See* Summons Returned Executed, ECF No. 7. For ease of reference, the Court refers to Defendants collectively. The Court makes specific references to Real Time Resolutions when discussing its motion to dismiss.

are different in title, they are similar in substance and point to the same deficiencies with Hill's complaint. The Court construes the remaining Defendants' filing according to its substance and thus analyzes Hill's claim under the standard imposed for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, the Court grants Defendants' motions.

## II.   BACKGROUND

The Court accepts the following facts as true for the purpose of analyzing Defendants' motion to dismiss. *See Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010). The facts are derived from Hill's complaint and the Final Arbitration Award, which she attaches as Exhibit A. Compl., ECF No. 1; Pl.'s Ex. A, Final Arbitration Award 9–44, ECF No. 1.

Three arbitrators, working on behalf of HMP Arbitration Association, held a "[v]irtual" arbitration in which Hill was petitioner and Defendants were respondents. Pl.'s Ex. A, Final Arbitration Award 5, ECF No. 1 (listing the arbitrators and denoting the hearing location as "Virtual"). The arbitrators were apparently operating from different states. *Id.* at 3 (listing the states of New Jersey, Texas, and Oregon next to the arbitrators' names). On November 25, 2019, HMP Arbitration Association issued a Final Arbitration Award to Hill in the amount of $1,425,000.00. *Id.* at 28; ECF No. 1 at 1.

The Final Arbitration Award references an agreement between the parties, stating "[t]he parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." Pl.'s Ex. A, Final Arbitration Award 5, ECF No. 1. This unspecified agreement is addressed again in the "Jurisdictional Allegations" section of the award. In this section, the Final Arbitration Award indicates Defendants entered into the unspecified agreement by "tacit acquiescence." *Id.* at 6–7. The Final Arbitration Award goes on to state that the agreement "clearly

2

expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration." *Id.* at 8.

As to the subject matter of the arbitration, the Final Arbitration Award states through Defendants' "tacit acquiescence" they "admitted and agreed they have violated [Hill's] constitutional and common law rights, that they . . . failed to perform as agreed . . . and thus created a dispute that requires a resolution by [HMP] Arbitration Association." *Id.*

After Defendants did not respond to the issuance of the Final Arbitration Award, Hill filed a pro se complaint with the Court. ECF No. 1. Hill requests the Court confirm the Final Arbitration Award and enter a judgment against all Defendants in accordance with the award. *Id.*

Real Time Resolutions moves to dismiss Hill's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. Hill resists Real Time Resolutions's motion. ECF No. 8. The remaining Defendants have filed an "Opposition to [Hill's] Petition to Confirm Award and Judgment Enforcement." ECF No. 5. Hill objects to their opposition.[2] ECF No. 8. The parties did not request oral argument, and the Court declines to order it, finding the parties' briefing adequately presents the issues. *See* Fed. R. Civ. P. 78(b). Having considered the applicable law and the parties' briefs the Court grants Defendants' motions.

Additional facts are set forth below as necessary.

### III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

---

[2] Hill has filed a cross motion for summary judgment. ECF No. 9. Real Time Resolutions moved to stay the deadline to file a resistance to Hill's motion. ECF No. 12. The Court denied a stay, but extended the deadline for Defendants' responses to Hill's motion in light of the pending motion to dismiss. ECF No. 14.

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

*accord Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "The essential function

of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice

of the nature and basis or grounds for a claim, and a general indication of the type of litigation

involved.'" *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting

*Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). The Court must accept as true all factual

allegations in the complaint, but not its legal conclusions. *Iqbal*, 556 U.S. at 678–79 (citing

*Twombly*, 550 U.S. at 555–56). "In deciding a motion to dismiss under Rule 12(b)(6), a court

assumes all facts in the complaint to be true and construes all reasonable inferences most

favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*,

690 F.3d 951, 955 (8th Cir. 2012).

A plausible claim for relief "allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. Plaintiffs must "nudge[ ]

their claims across the line from conceivable to plausible, [else] their complaint must be

dismissed." *Twombly*, 550 U.S. at 570. "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.*

## IV.    DISCUSSION

Real Time Resolutions moves to dismiss Hill's complaint, arguing Hill fails to plead

sufficient facts to establish the parties entered into an agreement to arbitrate—as required for a

court to confirm an arbitration award under 9 U.S.C. § 9. Def. Real Time Resolutions's Br. Supp.

Mot. Dismiss 3–4, ECF No. 4-1. Similarly, the remaining Defendants contend "[n]othing in the

Award or in any of the documents [Hill] has filed with this Court reflects any legally binding

agreement . . . to arbitrate disputes." ECF No. 5 at 3. Hill asserts all Defendants received notice of

the arbitration agreement and knowingly failed to respond, and thus—as outlined in the

agreement—acquiesced to the agreement. *See* Pl.'s Resist. Def. Real Time Resolutions's Mot.

Dismiss, ECF No. 8.

     Hill requests the Court confirm the Final Arbitration Award under the Federal Arbitration

Act, 9 U.S.C. § 9. Section 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be
> entered upon the award made pursuant to the arbitration, and shall specify the court,
> then at any time within one year after the award is made any party to the arbitration
> may apply to the court so specified for an order confirming the award, and
> thereupon the court must grant such an order unless the award is vacated, modified,
> or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. "Judicial review of an arbitration award is extremely limited." *Kiernan v. Piper*

*Jaffray Cos., Inc.*, 137 F.3d 588, 594 (8th Cir. 1998). However, it is a court's role under the

Federal Arbitration Act to determine "(1) whether a valid agreement to arbitrate exists and, if it

does, (2) whether the agreement encompasses the dispute." *Pro Tech Indus., Inc. v. URS Corp.*,

377 F.3d 868, 871 (8th Cir. 2004). "The primary purpose of the [Federal Arbitration Act] is to

ensure that private agreements to arbitrate are enforced according to their terms. In this endeavor,

as with any other contract, the parties' intentions control." *Catamaran Corp. v. Towncrest*

*Pharmacy*, 946 F.3d 1020, 1022 (8th Cir. 2020) (internal quotation marks omitted) (quoting

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010)).

     For the Court to confirm and enforce the Final Arbitration Award under the Federal

Arbitration Act, it must first determine whether the parties entered into a valid agreement to

arbitrate. *See PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1253–54 (8th Cir. 1998) (holding

that judicial confirmation of an arbitration award requires parties to have entered into affirmative agreement providing for such confirmation). Hill's complaint makes two general references to an agreement between the parties. Hill mentions an agreement when quoting the Final Arbitration Award to state "venue is proper . . . 'as stipulated in the contractual agreement.'" ECF No. 1 at 2 (quoting Pl.'s Ex. A, Final Arbitration Award 9, ECF No. 1). Hill also describes that "[o]n November 25, 2019, arbitrators convened on the contract subject matter." *Id.* The Final Arbitration Award also makes general references to an unspecified agreement between the parties. *See, e.g.*, Pl.'s Ex. A, Final Arbitration Agreement 5–11, 20, 24, 27, 29, 32, 34, ECF No. 1.

The general references to an agreement between the parties in Hill's complaint and the Final Arbitration Award provide no details as to an express, written contract between the parties to arbitrate claims and give a federal court confirmation authority over a resulting award. *See PVI, Inc.*, 135 F.3d at 1254; *see also AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." (internal quotation marks and citation omitted)). Without more information, the Court cannot discern the parties' intentions as to any arbitration proceeding. *See Catamaran Corp.*, 946 F.3d at 1022. There is an overall absence of facts to plausibly establish a valid agreement to arbitrate exists. As such, the Court is precluded from confirming and enforcing the Final Arbitration Award. Thus, Hill's complaint fails to state a claim upon which relief can be granted.

Considering Hill's complaint as a whole, taking all facts alleged as true and drawing all reasonable inferences in favor of Hill, the Court concludes Hill fails to allege sufficient facts establishing the parties agreed to arbitrate. The Court does not accept as true Hill's legal conclusion that the parties entered into an agreement to arbitrate by tacit acquiescence. *See Hager v. Ark.*

*Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) ("Courts must not presume the truth of legal conclusions couched as factual allegations."). As such, Hill fails to state a plausible claim for the Court's confirmation of an arbitration award under 9 U.S.C. § 9.

As to the subject matter of the arbitration, Hill's complaint makes no references to the dispute at issue. Further, the attached Final Arbitration Award does not provide information about any dispute between the parties, other than general references to Hill's "property." Pl.'s Ex. A, Final Arbitration Agreement 8, ECF No. 1; *see AT & T Techs., Inc.*, 475 U.S. at 648. Without facts as to the subject matter of the arbitration, the Court cannot determine whether any agreement between the parties encompasses the dispute. *See Pro Tech Indus., Inc.*, 377 F.3d at 871. The Court does not accept as true any legal conclusions that the parties entered into an arbitration agreement encompassing the dispute at issue. *See Hager*, 735 F.3d at 1013.

Even assuming Hill and the Defendants entered into a valid agreement to arbitrate and the agreement encompassed the dispute at issue, Hill does not allege the agreement specified a district where an arbitration award could be confirmed. A party seeking to enforce an arbitration award may do so 1) in the district specified in the parties' arbitration agreement, or 2) in the district where the award "was made." 9 U.S.C. § 9. Hill's complaint quotes the Final Arbitration Award, stating "venue is proper . . . 'where either arbitrators reside or chosen by [Hill] as stipulated in the contractual agreement.'" ECF No. 1 at 2. However, Hill does not provide any agreement between the parties. Hill also fails to allege any facts suggesting the parties stipulated to the confirmation of an arbitration award in the Southern District of Iowa. The Final Arbitration Award does not indicate where the award was made and describes the location of arbitration proceeding as "virtual." Pl.'s Ex. A, Final Arbitration Award 5, ECF No. 1.

From the face of the complaint, there is no connection between the Southern District of Iowa and the arbitrators, the parties, or the Final Arbitration Award. The Final Arbitration Award indicates the arbitrators were operating in three different states—none of which is Iowa. *Id.* at 3. Hill is a resident of Georgia. *See* ECF No. 1 at 3. All of the addresses Hill lists for Defendants are outside of the State of Iowa. ECF No. 1 at 5. Because Hill fails to allege sufficient facts to establish that the parties agreed to confirm and enforce an arbitration award in the Southern District of Iowa, confirmation of the Final Arbitration Award in this Court is improper.

V.     CONCLUSION

Hill fails to allege sufficient facts to plausibly establish the parties entered into an agreement to arbitrate or that any agreement encompassed the dispute at issue. Thus, the Court cannot confirm the Final Arbitration Award pursuant to 9 U.S.C. § 9. Further, the Court lacks jurisdiction to confirm the Final Arbitration Award because the award was not issued in the Southern District of Iowa and Hill does not allege the parties agreed to the confirmation and enforcement of the award in this district. For the reasons discussed above, the Court grants Real Time Resolutions's motion and the remaining Defendants' motion.

**IT IS ORDERED** that Defendant Real Time Resolutions's Motion to Dismiss, ECF No. 4, is **GRANTED**.

**IT IS ORDERED** that Defendants Bank America, Bank New York Mellon, MERS, BONY-TX/CT Government, and Bayview Loan Servicing's Opposition to Petition to Confirm Award and Judgment Enforcement, ECF No. 5, is **GRANTED**.

Because the Court grants Defendants' motions, Hill's motion for summary judgment is rendered moot. **IT IS ORDERED** that Plaintiff Janet Hill's Motion for Summary Judgment, ECF No. 9, is **DISMISSED AS MOOT**.

As the Court noted above, Defendant Does 1-100 is an unidentified entity. There is no indication Does 1-100 is connected to this matter in any way. Thus, **IT IS FURTHER ORDERED** that Defendant Does 1-100 is **DISMISSED**.

The parties are responsible for their own costs.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JANET HILL,<br><br>     Plaintiff,<br><br>v.<br><br>BANK AMERICA f/k/a COUNTRYWIDE;<br>AMERICAS WHOLESALE LENDER; BANK<br>OF NEW YORK MELLON; MERS; BONY-<br>TX/CT GOVERNMENT; REAL TIME<br>RESOLUTIONS; BAYVIEW LOAN<br>SERVICING a/k/a BAYVIEW FINANCIAL;<br>and DOES 1-100,<br><br>     Defendants. | No. 4:20-cv-00171-RGE-CFB<br><br><br>**ORDER DENYING<br>PLAINTIFF'S MOTIONS** |

Now before the Court is Plaintiff Janet Hill's motion for reconsideration. ECF No. 17. Hill requests the Court reconsider and vacate its Order granting Defendants' motions to dismiss and denying, as moot, Hill's motion for summary judgment on her claim under the Federal Arbitration Act to confirm and enforce an arbitration award she allegedly won against Defendants. *See* Order Re: Pending Motions, ECF No. 15. Hill also files a motion to stay, seeking to "[e]xtend the time for finalization of th[e] case until" the Court resolves the motion for reconsideration. ECF No. 18. The Court denies Hill's motions.

     **IT IS ORDERED** that Plaintiff Janet Hill's Motion for Reconsideration, ECF No. 17, is **DENIED**.

     **IT IS FURTHER ORDERED** that Plaintiff Janet Hill's Motion to Stay, ECF No. 18, is **DENIED**.

     **IT IS SO ORDERED.**

Dated this 17th day of September, 2020.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

**General Docket**
**Eighth Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 20-3047 | **Docketed:** 10/01/2020 |
| **Nature of Suit:** 3896 Other Statutes | **Termed:** 06/09/2021 |

Janet Hill v. Bank of America, et al
**Appeal From:** U.S. District Court for the Southern District of Iowa - Central
**Fee Status:** paid - cs

**Case Type Information:**
   **1)** Civil
   **2)** Private
   **3)** null

**Originating Court Information:**
   **District:** 0863-4 : 4:20-cv-00171-RGE
   **Trial Judge:** Rebecca Goodgame Ebinger, U.S. District Judge
   **Date Filed:** 06/01/2020

| Date Order/Judgment: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|
| 08/21/2020 | 09/17/2020 | 10/01/2020 |

**Prior Cases:**
  None

**Current Cases:**
  None

| | |
|---|---|
| Janet Hill<br>       Plaintiff - Appellant<br><br>v. | Janet Hill<br>[NTC Pro Se]<br>543 Auburn Avenue<br>Atlanta, GA 30312 |
| Bank of America, formerly known as Countrywide<br>       Defendant - Appellee | Jeana Goosmann<br>Direct: 712-266-4000<br>[COR NTC Retained]<br>GOOSMANN LAW FIRM<br>Firm: 712-226-4000<br>410 Fifth Street<br>Sioux City, IA 51101 |
| America's Wholesale Lender<br>       Defendant - Appellee | Jeana Goosmann<br>Direct: 712-266-4000<br>[COR NTC Retained]<br>(see above) |
| Bank of New York Mellon<br>       Defendant - Appellee | Jeana Goosmann<br>Direct: 712-266-4000<br>[COR NTC Retained]<br>(see above) |
| MERS Inc.<br>       Defendant - Appellee | Jeana Goosmann<br>Direct: 712-266-4000<br>[COR NTC Retained]<br>(see above) |
| Bony-TX/CT Government<br>       Defendant - Appellee | Jeana Goosmann<br>Direct: 712-266-4000<br>[COR NTC Retained]<br>(see above) |
| Real Time Resolutions, Inc.<br>       Defendant - Appellee | Julie Tomka Bittner<br>Direct: 515-453-8509<br>[COR NTC Retained]<br>MWH LAW GROUP, LLP<br>Firm: 515-453-8509<br>1501 42nd Street |

Suite 465
West Des Moines, IA 50266-1090

Logan Kraus
[NTC Retained]
MWH LAW GROUP, LLP
Firm: 515-453-8509
1501 42nd Street
Suite 465
West Des Moines, IA 50266-1090

Kerrie Marie Murphy
Direct: 515-453-8509
[COR NTC Retained]
MWH LAW GROUP, LLP
Firm: 515-453-8509
1501 42nd Street
Suite 465
West Des Moines, IA 50266-1090

Bayview Loan Servicing, also known as Bayview Financial
        Defendant - Appellee

Jeana Goosmann
Direct: 712-266-4000
[COR NTC Retained]
(see above)

Does 1-100
        Defendant

Janet Hill

       Plaintiff - Appellant

v.

Bank of America, formerly known as Countrywide; America's Wholesale Lender; Bank of New York Mellon; MERS Inc.; Bony-TX/CT Government; Real Time Resolutions, Inc.; Bayview Loan Servicing, also known as Bayview Financial

       Defendants - Appellees

Does 1-100

       Defendant

| | | |
|---|---|---|
| 10/01/2020 | ☐ 🖾 4 pg, 111.35 KB | Civil case docketed. [4961686] [20-3047] (AEV) [Entered: 10/01/2020 04:32 PM] |
| 10/01/2020 | ☐ 🖾 20 pg, 2.05 MB | Originating court document filed consisting of notice of appeal, Order 8/20/20, Judgment 8/21/20, Order 9/17/20, docket entries, [4961688] [20-3047] (AEV) [Entered: 10/01/2020 04:38 PM] |
| 10/01/2020 | ☐ 🖾 1 pg, 9.07 KB | CLERK ORDER:The $505 appellate filing and docketing fee has not been paid and is due. Appellant is directed to either pay the fee in the district court or file a motion for leave to proceed in forma pauperis in the district court within 21 days of the date of this order. If appellant does not pay the fee or move for IFP status by 10/22/2020, a show cause order will be entered directing the appellant to show cause why this appeal should not be dismissed for failure to prosecute. [4961689] [20-3047] (AEV) [Entered: 10/01/2020 04:38 PM] |
| 10/01/2020 | ☐ 🖾 1 pg, 9.35 KB | CLERK ORDER:If the original file of the United States District Court is available for review in electronic format, the court will rely on the electronic version of the record in its review. The appendices required by Eighth Circuit Rule 30A shall not be required. In accordance with Eighth Circuit Local Rule 30A(a)(2), the Clerk of the United States District Court is requested to forward to this Court forthwith any portions of the original record which are not available in an electronic format through PACER, including any documents maintained in paper format or filed under seal, exhibits, administrative records and state court files. These documents should be submitted within 10 days. [4961692] [20-3047] (AEV) [Entered: 10/01/2020 04:43 PM] |
| 10/05/2020 | ☐ 🖾 3 pg, 5.72 KB | CORPORATE disclosure statement filed by Appellee Real Time Resolutions, Inc.. - FOR CAL [4962157] [20-3047] (JTB) [Entered: 10/05/2020 09:23 AM] |
| 10/08/2020 | ☐ 🖾 3 pg, 146.45 KB | CORPORATE disclosure statement filed by Appellees Bank of America, Bank of New York Mellon, America's Wholesale Lender, Bayview Loan Servicing, Bony-TX/CT Government, MERS Inc. and Real Time Resolutions, Inc.. - FOR CAL [4963810] [20-3047] (JG) [Entered: 10/08/2020 10:40 AM] |
| 10/28/2020 | ☐ 🖾 1 pg, 8.96 KB | CLERK ORDER:APPELLANT has failed to pay to the Clerk of the District Court the requisite docketing fees. APPELLANT is directed to show cause within 14 days why this appeal should not be dismissed for failure to prosecute. Response of Janet Hill due 11/12/2020 [4970424] [20-3047] (AEV) [Entered: 10/28/2020 11:22 AM] |
| 10/28/2020 | ☐ 🖾 74 pg, 2.89 MB | **BRIEF FILED** - APPELLANT BRIEF filed by Janet Hill with attached exhibits w/service 10/30/2020. Length: 19 pages. Copies 5.<br>The court has received and filed appellant's brief. Because no briefing schedule has been established, the appellant's brief is premature. Until a briefing schedule is established, no appellee responsive brief is due at this time.<br>[4971557] [20-3047] (BNW) [Entered: 10/30/2020 03:27 PM] |
| 11/12/2020 | ☐ 🔒 5 pg, 227.87 KB | RESPONSE in opposition to clerk order for failure to pay docket fee [4970424-2], [4970424-3] filed by Appellant Janet Hill noting payment of the filing fee in District Court, w/service 11/10/2020. [4975491] [20-3047] (AEV) [Entered: 11/13/2020 01:01 PM] |
| 11/13/2020 | ☐ 🖾 2 pg, 108.12 KB | CLERK ORDER: On the Court's own motion, Appellant is granted an extension of time to pay the filing fee in district court, up to and including, until 11/30/2020. We note the district court returned Appellant's overpayment in the amount of $550 on November 12, 2020. [4975497] [20-3047] (AEV) [Entered: 11/13/2020 01:05 PM] |
| 12/01/2020 | ☐ | UPDATED fee status - [Case Number 20-3047: paid - cs] $505 filing fee paid on 11/23/20 in district court. [4980785] [20-3047] (AEV) [Entered: 12/01/2020 03:34 PM] |
| 12/01/2020 | ☐ 🖾 1 pg, 11.48 KB | BRIEFING SCHEDULE SET AS FOLLOWS: If the original file of the U.S. District Court is available for review in electronic format, the court will rely on the electronic version of the record in its review. The appendices required by 8th Circuit Rule 30A shall not be required. In accordance with 8th Circuit Local Rule 30A (a)(2), the clerk of the United States District Court is requested to forward to this Court forthwith any portions of the original record which are not available in an electronic format or filed under seal, exhibits, administrative records and state court files.<br><br>Appellant's brief filed 10/28/20 is accepted; Appellee brief is due 12/31/20.<br>[4980854] [20-3047] (AEV) [Entered: 12/01/2020 04:23 PM] |
| 12/29/2020 | ☐ 🖾 3 pg, 151.79 KB | MOTION for extension of time to file brief until 01/07/2021, filed by Attorney Ms. Jeana Goosmann for Appellees America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc. w/service 12/29/2020. [4989429] [20-3047] (JG) [Entered: 12/29/2020 04:06 PM] |
| 12/29/2020 | ☐ | On December 1, 2016, the Federal Rules of Appellate Procedure were amended to require a certificate of compliance for motions/petitions filed under [Rule 27/Rule 5/Rule 21/Rule 35/Rule 40], certifying that the document complies with the type-volume limitations and stating the number of words in the document. Your recently filed motion/petition did not contain this certificate of compliance.<br>**No action will be taken on your motion for extension of time to file brief, [4989429-2], submitted by Ms. Jeana Goosmann in 20-3047 , pending the filing of a certificate of compliance using the** |

'Certificate of Compliance' event. Please do not refile your motion [20-3047] (JPP) [Entered: 12/29/2020 04:29 PM]

| | | |
|---|---|---|
| 12/29/2020 | ☐ 🗎 2 pg, 146.41 KB | CERTIFICATE OF COMPLIANCE filed by Attorney Ms. Jeana Goosmann for Appellees America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc. correcting [4989429-2] motion for extension of time to file brief filed by Attorney. [4989474] [20-3047] (JG) [Entered: 12/29/2020 06:22 PM] |
| 12/30/2020 | ☐ 🗎 1 pg, 8.88 KB | CLERK ORDER:Granting [4989429-2] motion for extension of time to file brief filed by Ms. Jeana Goosmann. Brief of America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government, MERS Inc. and Real Time Resolutions, Inc. due 01/07/2021. [4989586] [20-3047] (MVP) [Entered: 12/30/2020 09:55 AM] |
| 12/31/2020 | ☐ 🔒 0 pg, 0 KB | APPELLEE brief of Real Time Resolutions, Inc. submitted for review. The time for filing the subsequent brief (if any) does not begin to run until the brief has been approved and filed. To open/view this brief, you must first login to CM/ECF and then open the document link in your Notice of Docket Activity. Only direct recipients on accounts can open this document. [4990096] [20-3047] (JTB) [Entered: 12/31/2020 01:36 PM] |
| 01/04/2021 | ☐ 🗎 20 pg, 155.9 KB | **BRIEF FILED** - APPELLEE BRIEF filed by Real Time Resolutions, Inc., w/service 12/31/2020 , Length: 20 pages **10 COPIES OF PAPER BRIEFS (WITHOUT THE APPELLATE PDF FOOTER) FROM Real Time Resolutions, Inc. due 01/11/2021 WITH certificate of service for paper briefs** [4990433] [20-3047] (JPP) [Entered: 01/04/2021 12:20 PM] |
| 01/04/2021 | ☐ 🗎 6 pg, 138.1 KB | MOTION to file an amended brief and for extension of time to file brief until 02/01/2021, filed by Appellant Janet Hill w/service 12/30/2020. [4990560] [20-3047] (MVP) [Entered: 01/04/2021 02:29 PM] |
| 01/05/2021 | ☐ 🗎 1 pg, 8.94 KB | CLERK ORDER:The motion to file an amended brief is denied without prejudice to Appellant's filing of a statement identifying the issues she intends to raise in an amended brief [4990560-2] [4991099] [20-3047] (MVP) [Entered: 01/05/2021 01:31 PM] |
| 01/07/2021 | ☐ 🔒 0 pg, 0 KB | APPELLEE brief of Bank of America, America's Wholesale Lender, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc. submitted for review. The time for filing the subsequent brief (if any) does not begin to run until the brief has been approved and filed. To open/view this brief, you must first login to CM/ECF and then open the document link in your Notice of Docket Activity. Only direct recipients on accounts can open this document. [4992022] [20-3047] (JG) [Entered: 01/07/2021 12:06 PM] |
| 01/07/2021 | ☐ 🗎 18 pg, 218.99 KB | **BRIEF FILED** - APPELLEE BRIEF filed by America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc., Appellant's reply brief deadline will be set, based on the Certificate of Service in appellee's paper brief. w/service 01/07/2021 , Length: 2863 words **10 COPIES OF PAPER BRIEFS (WITHOUT THE APPELLATE PDF FOOTER) FROM America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc. due 01/12/2021 WITH certificate of service for paper briefs** [4992162] [20-3047] (JPP) [Entered: 01/07/2021 03:05 PM] |
| 01/12/2021 | ☐ | Paper copies Appellee/Respondent brief, [4990433-2] filed by Real Time Resolutions, Inc. 10 paper copies received. [4993525] [20-3047] (CRJ) [Entered: 01/12/2021 12:04 PM] |
| 01/13/2021 | ☐ 🗎 1 pg, 9.29 KB | Paper copies Appellee/Respondent brief, [4992162-2] filed by America's Wholesale Lender, Bank of America, Bank of New York Mellon, Bayview Loan Servicing, Bony-TX/CT Government and MERS Inc. 10 paper copies received. **Reply brief of Janet Hill due 02/03/2021** [4994116] [20-3047] (NDG) [Entered: 01/13/2021 02:43 PM] |
| 02/05/2021 | ☐ 🗎 1 pg, 9.02 KB | Tendered: Amended Opening Brief received from Appellant Janet Hill. **STRICKEN Per 2/5/21 Clerk Order** [5001994] [20-3047]--[Edited to indicate stricken 02/05/2021 by HAG] (HAG) [Entered: 02/05/2021 03:07 PM] |
| 02/05/2021 | ☐ 🗎 1 pg, 11.87 KB | CLERK ORDER: Appellant has submitted an amended opening brief, Doc. No. [5001994-2]. Appellant's motion to file an amended opening brief was denied on January 5, 2021, without prejudice to Appellant's filing of a statement identifying the issues she intends to raise in an amended brief. Appellant has not filed a statement as directed, therefore, the amended opening brief is stricken. [5002002] [20-3047] (HAG) [Entered: 02/05/2021 03:18 PM] |
| 05/21/2021 | ☐ | CASE SUBMITTED Screening Case Submission before Judges Steven M. Colloton, Bobby E. Shepherd, L. Steven Grasz in St. Louis [5038009] [20-3047] (HAG) [Entered: 05/21/2021 08:53 AM] |
| 06/09/2021 | ☐ 🗎 3 pg, 210.68 KB | PER CURIAM OPINION FILED - THE COURT: Steven M. Colloton, Bobby E. Shepherd and L. Steven Grasz (UNPUBLISHED) [5043438] [20-3047] (CMD) [Entered: 06/09/2021 09:14 AM] |
| 06/09/2021 | ☐ 🗎 1 pg, 81.84 KB | **JUDGMENT FILED -** The judgment of the Originating Court is AFFIRMED in accordance with the opinion STEVEN M. COLLOTON, BOBBY E. SHEPHERD and L. STEVEN GRASZ Scrg May 2021 [5043441] [20- |

3047] (CMD) [Entered: 06/09/2021 09:18 AM]

| 06/30/2021 | | MANDATE ISSUED. [5050571] [20-3047] (JPP) [Entered: 06/30/2021 10:47 AM] |

1 pg, 77.6 KB

Clear All

○ **Documents and Docket Summary**
○ **Documents Only**

☐ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## 𝔉𝔬𝔯 𝔱𝔥𝔢 𝔈𝔦𝔤𝔥𝔱𝔥 𝔠𝔦𝔯𝔠𝔲𝔦𝔱

---

No. 20-3047

---

Janet Hill,

*Plaintiff - Appellant,*

v.

Bank of America, formerly known as Countrywide; America's Wholesale Lender; Bank of New York Mellon; MERS Inc.; Bony-TX/CT Government; Real Time Resolutions, Inc.; Bayview Loan Servicing, also known as Bayview Financial,

*Defendants - Appellees,*

Does 1-100,

*Defendant.*

---

Appeal from United States District Court
for the Southern District of Iowa - Central

---

Submitted: May 21, 2021
Filed: June 9, 2021
[Unpublished]

---

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

---

1 of 3

PER CURIAM.

Janet Hill appeals the district court's[1] order dismissing her action seeking to confirm a purported arbitration award.  Having carefully reviewed the record and the parties' arguments on appeal, we conclude that the district court did not err in dismissing the action.  Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

-2-

2 of 3

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

June 09, 2021

Janet Hill
543 Auburn Avenue
Atlanta, GA  30312

RE:  20-3047  Janet Hill v. Bank of America, et al

Dear Ms. Hill:

The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

CMD

Enclosure(s)

cc:     Ms. Julie Tomka Bittner
        Mr.  Clerk, U.S. District Court, Southern Iowa
        Ms. Jeana Goosmann
        Mr. Logan Kraus
        Ms. Kerrie Marie Murphy

District Court/Agency Case Number(s):   4:20-cv-00171-RGE

3 of 3

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

No: 20-3047

---

Janet Hill

Plaintiff - Appellant

v.

Bank of America, formerly known as Countrywide; America's Wholesale Lender; Bank of New York Mellon; MERS Inc.; Bony-TX/CT Government; Real Time Resolutions, Inc.; Bayview Loan Servicing, also known as Bayview Financial

Defendants - Appellees

Does 1-100

Defendant

---

Appeal from U.S. District Court for the Southern District of Iowa - Central
(4:20-cv-00171-RGE)

---

## JUDGMENT

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.


    This appeal from the United States District Court was submitted on the record of the district court and briefs of the parties.

    After consideration, it is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court.

June 09, 2021


Order Entered in Accordance with Opinion:
Clerk, U.S. Court of Appeals, Eighth Circuit.

---

/s/ Michael E. Gans

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 20-3047

Janet Hill

Appellant

v.

Bank of America, formerly known as Countrywide, et al.

Appellees

Does 1-100

---

Appeal from U.S. District Court for the Southern District of Iowa - Central
(4:20-cv-00171-RGE)

---

## MANDATE

In accordance with the opinion and judgment of 06/09/2021, and pursuant to the

provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in

the above-styled matter.

June 30, 2021

Clerk, U.S. Court of Appeals, Eighth Circuit