**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JANET HILL,** ) | | |
|     **Plaintiff,** ) | | |
| ) | **CIVIL ACTION** | |
| **V.** ) | | |
| ) | **FILE NO.** 2021CV352644 | |
| **COMMUNITY LOAN SERVICING f/k/a** ) | | |
| **BAYVIEW LOAN SERVICING, and** ) | | |
| **SHELLPOINT MORTGAGE** ) | | |
| **SERVICING, all their** ) | | |
| **respective agents, successors, assigns,** ) | | |
| **predecessors and all others,** ) | | |
|     **Defendants.** ) | | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**COMES NOW**, Janet Hill, Petitioner in the above styled action and by and through her counsel provides Brief in opposition to Defendant's Motion to dismiss and shows as follows:

### I.     Introduction

This matter is a case originally filed in Fulton County Superior Court at Civil Action File No. 2021CV352644, which was removed by Defendants to this Court. Defendants include in their procedural statement discussion about several cases filed against varying Defendants for seemingly the same or very similar causes of action. Notwithstanding the several filings, many of which were filed pro se, the parties have varied.  In addition, despite some filings against the same Defendants the causes of action were distinctly different.  More important neither of these

Defendants has been a party to any of the prior suits. Moreover, the prior complaints had several causes of action including tort claims, breach of contract claims and many others only two (2) included similar claims to the present case. Again, with totally different Defendants. Finally, many, if not all of the prior actions have been either based upon claims challenging the transfers of the note and/or deed attached to and secured by the subject property or regarding foreclosure proceedings. Plaintiff does not make such allegations here as there have been several proceedings, including Federal Bankruptcy proceedings in this court affecting the disposition of the debt. Thus, here there has been no claim with regards to these matters.

## II. Standard of Review

First, when considering a Motion to Dismiss under FRCP 12(b)(6) the allegations in the complaint, construed in a light most favorable to the plaintiff, must be accepted as true. *Pielage v. McConnell*, 516 F3d 1282 (11t Circuit 2008). Of course, the clearly established standard for the rendering of a decision on a motion for failure to state a claim is that a "…complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

see *Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 796 (5th Cir. 2011). The standard simply calls for enough facts that there is a reasonable expectation that discovery will reveal evidence. *Rivell v. Private Health Care System, Inc*., 520 F3d 1308, (11th Circuit 2008)  Here the pleadings are sufficient enough when taken as true to indicate a possibility for recovery.

Further, even in the event a claimant has failed to adequately state a claim upon which relief can be granted, before the motion should be granted, the plaintiff should be given the opportunity to replead. *United States ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 403 (5th Cir. 2004) (holding that leave to amend should be freely given pursuant to Federal Rule of Civil Procedure 15(a)).

### III.   Res Judicata

Res Judicata does not apply hear,  "No order may be res judicata as to a subsequent case unless it is a final judgment which disposes of the controversy in the first one." Donnell v. Indus. Fire & Cas. Co., 378 So. 2d 1344, 1346 (Fla. 3d DCA 1980). Here, many of the prior orders were dismissals due to the Pro Se Plaintiffs failure to file pleadings and many others were voluntary dismissals.  None of them disposed of the controversies complained of in the complaint at bar. Accordingly, there is no final order that disposes of all of the controversies as to all Defendants. Moreover, as previously stated herein Plaintiff has not filed any action against these

Defendants; thus, it cannot serve as a basis for res judicata as no controversy has been adjudicated much less considered against the present parties.

### IV.     Collateral Estoppel

The issues complained of herein may not be precluded as, while they relate to the same subject matter or even series of alleged transfer transactions, these are not the issues before this court.  Thus, there is no claim to preclude as the claim has never been brought against these Defendants.

### V.     Declaratory Judgment

Plaintiff pleadings clearly indicate she suffer for sure uncertainty and insecurity with regards to her personal residence.  What could cause more uncertainty or insecurity than the possible loss of your home.

### VI.     Quiet Title

Plaintiff properly alleges that not only the Defendants, but possibly others may allege an interest in the property despite said rights having statutorily expired. Defendants several inferences that there are legal conclusions are mainly based upon the expiration of statutory rights interest in the property.  Defendant does currently hold title as title has never been relinquished or taken.  If so, Defendants make no such allegation except the conclusionary statement, which is directly addressed in Paragraph #7 of the complaint. Finally, Plaintiff speaks directly to redemption rights and the expiration of the same as it relates to these Defendants and all others.

Accordingly, this case should be allowed to proceed taking all of the Plaintiff's allegations as true with the expectation that further evidence of the same shall be gathered in discovery.

For the foregoing reasons Plaintiff requests the Motion to Dismiss be denied. Respectfully resubmitted this 4th day of October, 2021.

/es/ *Ricardo Mosby*
Ricardo Mosby
Georgia Bar No. 526839
260 Peachtree Street
Suite 1403
Atlanta, Georgia 30303

DeWayne Martin
Georgia Bar No. 472564
55 Ivan Allen Boulevard
Atlanta, Georgia 30308