# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANET HILL, | |
| **Plaintiff,** | |
| v. | CIVIL ACTION NO. 1:21-CV-3750-WMR-CCB |
| COMMUNITY LOAN SERVICING f/k/a BAYVIEW LOAN SERVICING, and SHELLPOINT MORTGAGE SERVICING, | |
| **Defendants.** | |

## ORDER

This matter is before the Court on Defendant Community Loan Servicing f/k/a Bayview Loan Servicing (Community) and Defendant Shellpoint Mortgage Servicing's (Shellpoint) (together, Defendants) motion to stay pretrial deadlines and discovery, (Doc. 4), and Shellpoint's motion to join the motion to dismiss, (Doc. 7).

In the memorandum of law in support of the motion to stay, (Doc. 8), Defendants argue that their pending motion to dismiss may dispose of the action entirely, thus making compliance with certain pretrial obligations, including drafting initial disclosures, drafting a joint preliminary report and discovery plan,

and conducting a Rule 26(f) conference, unnecessary. (Doc. 8 at 2–3). Defendants therefore ask the Court to stay discovery and the deadlines for conducting the Rule 26(f) conference, filing the joint preliminary report and discovery plan, and filing initial disclosures, until 30 days after the Court's final ruling on Defendants' motion to dismiss. *Id.* at 3.

A district court has discretion to suspend discovery pending a ruling on facial challenges to a complaint. *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). A district court also "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Plaintiff confirmed during a conference with the Court on October 6, 2021, that she does not oppose the motion to stay. Therefore, the motion to stay, (Doc. 4), is **GRANTED**. The parties shall conduct the Rule 26(f) conference, file the joint preliminary report and discovery plan, and file initial disclosures, within 30 days of when the District Judge rules on any Report and Recommendation resolving Defendants' motion to dismiss. Discovery does not commence until after a defendant files an answer, *see* LR 26.2(A), NDGa., which has not yet occurred in this case. The Court therefore elects not to modify the commencement of discovery at this time.

Defendants filed their motion to dismiss Plaintiff's complaint on September 17, 2021. (Doc. 5). However, Shellpoint has filed a motion to join the motion to dismiss "in an abundance of caution and for clarity." (Doc. 7). Plaintiff represented that she does not oppose this motion either. Therefore, the motion for joinder, (Doc. 7), is **GRANTED**.

**IT IS SO ORDERED,** this 6th day of October, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE