# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JANET HILL,

    **Plaintiff,**

v.

COMMUNITY LOAN SERVICING f/k/a BAYVIEW LOAN SERVICING and SHELLPOINT MORTGAGE SERVICING,

    **Defendants.**

CIVIL ACTION NO.
1:21-CV-3750-WMR-CCB

## ORDER

This action is before the Court for consideration of a motion to withdraw as counsel filed by Ricardo S. Mosby, who is listed as counsel of record for Plaintiff, (Doc. 19), and a motion to withdraw as counsel filed by DeWayne N. Martin, who is also listed as counsel of record for Plaintiff, (Doc. 18). For the reasons discussed below, the motions are **GRANTED**.

Under Local Rule 83.1(E), an attorney wishing to withdraw the attorney's appearance or wishing to have the attorney's name stricken as attorney of record for a party may file a motion requesting permission to withdraw. LR 83.1(E)(2), NDGa. The motion must state that the attorney has given the client fourteen (14)

days' notice of the attorney's intention to request permission to withdraw and shall specify the manner of such notice. LR 83.1(E)(2)(b), NDGa. Local Rule 83.1(E)(2)(b) outlines additional requirements:

> The notice must be served on the client personally or at the client's last known address and must include the style of the action and the names, addresses, and telephone numbers of the clerk and opposing counsel. The notice must advise the client of the following:
>
> (A) The attorney's intent to request permission to withdraw;
> (B) The Court's retention of jurisdiction over the action;
> (C) The client's obligation to keep the Court informed of a location where notices, pleadings, or other papers may be served;
> (D) If a trial date has been set, the client's obligation to prepare for trial or hire other counsel to prepare for trial;
> (E) Failure or refusal to satisfy court-related obligations could result in adverse consequences including, in criminal cases, bond forfeiture and arrest;
> (F) The dates of any scheduled proceedings, including trial, and that these dates will not be affected by the withdrawal of counsel;
> (G) Notices may be served on the client at the client's last known address;
> (H) If the client is a corporation or organization, it may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court; a corporate officer may not represent the client unless that officer is admitted to the bar of this Court as a regular member or has been admitted *pro hac vice* in the case; and failure to comply with this rule could result in a default judgment against the client; and
> (I) The client's right to object within 14 days of the date

> when notice of the attorney's intention to request permission to withdraw was served.

*Id*.

Mr. Mosby states that he gave Plaintiff 14 days' notice of his intention to request permission to withdraw. (Doc. 19 at 2). The letter sent to Plaintiff is attached to Mosby's motion and contains the information required by Local Rule 83.1(E)(2)(b). (Doc. 19 at 6–7). Although moving counsel DeWayne N. Martin did not state or attach the required information in his motion to withdraw, (Doc. 18), Plaintiff received the required information from Mr. Mosby.

After review, the Court finds that the moving counsel have complied with the requirements of Local Rule 83.1(E)(2)(b). Accordingly, and because there is no opposition,[1] the motions, (Docs. 18, 19), are **GRANTED**.

Under Local Rule 83.1, Plaintiff is **ORDERED** to provide notice to the Clerk, within 21 days of the date of this order, of the appointment of replacement counsel or of her intention to proceed *pro se*, without the benefit of counsel. *See* LR 83.1(E)(5), NDGa. Plaintiff must notify the Clerk of the address, telephone number,

---

[1] The Court finds that there is no opposition based on the procedural history of this case, specifically Plaintiff's "*pro se*" filings of notices of release of counsel and requests for time to amend or file certain responses. (*See* Docs. 12, 14, 15). Additionally, Mr. Mosby sent his notice of intent to withdraw to Plaintiff on November 2, 2021, and she has not notified the Court of any opposition.

and email address of the new attorney or, if she chooses to proceed *pro se*, of her own address, telephone number, and email address. *Id.* Plaintiff is advised that a failure to file such notice or to keep the Clerk updated with her current address and telephone number may result in dismissal of this action. LR 83.1(E)(5), NDGa; *see also* LR 16.5, 41.2(B), 83.1(D)(3), NDGa. Because there are other motions pending, the Court elects to *sua sponte* **STAY** the case pending receipt of notice from Plaintiff about how she wishes to proceed, that is, *pro se* or with new counsel.

The Clerk is **DIRECTED** to update the docket to reflect that Ricardo S. Mosby and DeWayne N. Martin are no longer counsel of record for Plaintiff.

Ricardo S. Mosby is **ORDERED** to forward a copy of this Order to Plaintiff immediately upon receipt and to advise her of the obligations and deadlines set forth in this Order.

The Clerk is **DIRECTED** to submit this matter to the undersigned upon receipt of Plaintiff's notice of replacement counsel or of her intention to proceed *pro se*, or upon the expiration of the time to provide such notice.

**IT IS SO ORDERED,** this 29th day of November, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE