**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
APR 01 2022
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

Janet Hill

Plaintiff

v **CASE NO. 1:21-cv-03750-WMR-CCB**

Community Loan Servicing
f/k/a Bayview Loan Servicing et. al.

Defendants

**SUPPLEMENT EMERGENCY MOTION FOR RESTRAINING ORDER**

COMES NOW, Plaintiff Supplement to Emergency Motion for Restraining Order originally filed Verified on March 25, 2022 to move this Court to order Defendants to cease and desist all attempt(s) to seize Plaintiff's real property unlawfully by false advertising, intimidation, harassment, threats and alleging they have authority to sell Plaintiff property by foreclosure, prior to this Court having made any such ruling for Jury Trial, which is the subject of the pending litigation of this Court.

The Order of this Court, March 29, 2022, that denied Plaintiff original motion of March 25, 2022 permits Plaintiff to submit this Supplement. Plaintiff who is Pro Se, respectfully does so now.

1.

Defendants action to attempt to foreclose prior to a jury trial and prior to Defendants showing to this Court any proof of interest in the ownership of Plaintiff title or authority to take such action to seize Plaintiff private property is unlawful, violates an Injunction and violates the Stay of this Court.

2.

A false foreclosure sale is scheduled in five days (5) on April 5, 2022 is an Emergency and the reason for this Supplement to the original Motion filed March 25, 2022. Plaintiff, requests this Court stop Defendant unlawful action immediately. The Notice is false, the Defendants do not have an equitable interest in Plaintiff property, and they have confirmed they have no financial interest to this Court by tis silence and deception to this Court. In fact, the new, additional parties named in the Legal Notice are intentionally omitted from Defendant List of Interested Parties filed by Defendants in this Court. **Exhibit A – Public Notice.**

3.

Plaintiff additionally reminds this Court, the Verified Quiet Title Petition for Jury Trial before this Court is Stayed and involves the same parties and the same property which this Court has not made a ruling as to its decision of which jurisdiction this matter will be heard before a jury trial. Defendants seek to deceive and circumvent the authority of this Court.

4.

Defendants repeatedly confirm to this Court and in the Legal Notice they are debt collectors engaged in debt collection. Defendants confirm they have no financial interest and are aware they are prohibited from any activity to collect a debt. Yet, they disguise themselves in the Legal Notice as a different party alleging an authority to collect the same debt discharged in 2019. They continue to attempt to collect the same debt discharged, now using false Legal Notice(s), see Exhibit A. Plaintiff reputation, character, identity, financial status and condition of property is irreparably harmed. The debt collector and or its agents knowingly and willingly make false claims to carry out a scam where they nor any of its agents or representatives show verifiable proof of any equitable interest in Plaintiff private property. This is an emergency situation that can be stopped by this Court with an Emergency Restraining Order.

5.

Defendants deliberately disguise themselves again in the Legal Notice as they did in 2019 in a peer Court Creditor Meeting. This time Defendants deceive this Court by intentionally omitting Bank New York Mellon and McCalla Raymer as a Party of Interest in this Court (Dkt #3 and 6). Their deception has hijacked the jurisdiction of this Court. Defendants did not disclose the party(s) to this Court. This confirms the Legal Notice is false. Defendants disclosure to this Court is false.

6.

Defendant reference false documents in the Legal Notice to intentionally perpetuate a cloud on Plaintiff title. The custodian of private land records, Fulton County Clerk, in the state of Georgia show Defendants have no lien on Plaintiff property. Defendants recruit other Parties to cut and paste false information in the Legal Notice.

7.

Defendants have no equitable position in Plaintiff property and are clearly silent on this issue in this Court yet, present themselves as a different party in the Legal Notice.

8.

Defendants false Legal Notice and false foreclosure action negatively impacts Plaintiff ability for employment, peaceful enjoyment, a fair Jury Trial, personal identity, emotional and financial condition, private property, assets, professional and personal relationships.

9.

Plaintiff show irreparable harm where Defendants repeatedly continue to recruit and incite third party(s) to make threats to seize Plaintiff property, intimidate and make personal threats for years. Defendant actions are a serious offense and must be stopped to protect Plaintiff a private citizen from aggressors and offenders of rights to protect herself and all private property, personal and professional relationships. **Exhibit B – Police Report`**

10.

Plaintiff reminds this honorable Court, irreparable harm is evident where Defendant use a false foreclosure action to prevent Plaintiff right to a jury trial to face offenders who have clouded Plaintiff title. A Restraining Order will stop irreparable harm to Plaintiff where Defendants nor this Court can supersede Plaintiff right to a jury trial.

11.

Plaintiff respectfully reminds this Court the matter before this Court is under a Stay Order regarding the same parties, the same property and the same issue of a private property dispute. Irreparable harm to Plaintiff is evident where this Court has Ordered to Stay Pre-Trial activity (Doc #4, 9/17/21). This honorable Court should honor its own order. If a Restraining Order is not in place, pending Pre-Trial actions will be lost, and may not be reversed which further harms the Plaintiff. A Restraining Order to stop the false foreclosure scheduled April 5, 2022, is an emergency. There is no option for Plaintiff to face offenders of the clouded title if this honorable Court fails to uphold its own order and also fails to Grant the Emergency Restraining Order by April 5, 2022, 9 am. Essentially this Court will reverse its own Order without procedural cause.

12.

The Plaintiff reminds this Court a Verified Quiet Title Petition for Jury Trial is pending due to false attempts to claim an interest in Plaintiff property. The Legal Notice specifically states….. "attempt to collect a debt." Defendants attempt to ambush Plaintiff and this Court to collect a debt by a false offset of an unlawful foreclose, a further

violation of an Injunction, 11 U.S.C. 524(a)(2). An offset or continuation to pursue a debt that is discharged and uncontested is barred. Furthermore, a debt collector has no right to foreclose or collect any money to which they did not give and have no verified proof of consideration. This Court should Grant the Restraining order to stop Defendants from continuing to violate a federal injunction and stop an unlawful foreclosure, a theft of Plaintiff property by a discharged, uncontested Creditor. The matter of the same property, same issue is Stayed and still pending in this Court.

11 U.S.C 524(a)(2).... "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived..."

Defendants and its Counsel cannot continue collection, offset a debt, stalk or harass or incite others to pursue Plaintiff regarding a debt by an unlawful foreclosure where Defendants know they are barred.

13.

Plaintiff respectfully reminds the Court contempt by Defendants is available to this Court.

*Taggart v. Lorenzen*, 2019 WL 2331303 (June 3, 2019), the U.S. Supreme Court considered the case of a creditor that unquestionably knew about a debtor's discharge order...... In rendering its decision, the U.S. Supreme Court set a standard for determining when to punish creditors that violate the discharge injunction.... "In other words, civil contempt may be appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful."

14.

Defendants Legal Notice specifically states ShellPoint attempts to collect a debt which further confirms, they are nothing more than a debt collector WITHOUT (emphasis added), any certified proof of equity or the authority or financial interest in Plaintiff property to this Court or any Jury. This is theft and unjust enrichment. A Restraining Order will stop unjust enrichment and theft by unknown party(s).

15.

Defendant Legal Notice for alleged client New York Bank Mellon has confirmed to Plaintiff they have NO interest in Plaintiff property. Fulton County Land Record also show NONE (emphasis added) of these alleged party(s) have any interest in Plaintiff property.

16.

Defendants fail to show proof of any interest to Plaintiff property to this Court. Instead they filed a false foreclosure notice in the name a party intentionally unknown to this Court. There is no mention of Bank New York Mellon in Defendants List Of Interested Parties. Plaintiff, however has confirmed Bank New York Mellon is not associated with Defendants nor do they have an interest in Plaintiff property. Defendants seek to deceive this Court and covertly seize Plaintiff uncontested property with a false foreclosure action to hide their identity yet again more than 700 days after their opportunity to prove their equitable interest. The pending matter of a Jury Trial is the proper procedure to resolve this dispute for all alleged party(s) involved.

17.

This Court has not made a decision on the Jury Trial. An Emergency Injunction is needed no later than April 5th 9 am to allow this Court to proceed with its pending decision.

18.

Plaintiff reminds this Court that additional claims for irreparable harm includes Plaintiff right to a jury trial. A resolution of this private property dispute is available to both parties by Jury Trial. A false foreclosure action will only escalate the matter to more litigation where this Court can issue a Restraining Order now to stop all unlawful Defendant actions and move forward with the decision of a Jury Trial to end all issues once and for all.

Conclusion

This Supplement to Emergency Restraining Order is a response to Order issued by this Court, March 29, 2022.

Defendants now make another false claim with a new alleged Interested Party unknown to the Plaintiff and unknown to this court. A loss of constitutional rights to protect private property and a jury trial are invaluable. Defendants nor this honorable Court have a right to remove Plaintiff rights. Loss of Plaintiff constitutional rights and/or the loss of rights of the State of Georgia to resolve a private land dispute is priceless. Plaintiff potential loss of privately owned property, owned since 1999 cannot

be replaced. Land and its improvements are unique and therefore impossible to replicate or recreate.

Loss of right to peace is invaluable. Defendants have harassed, threatened Plaintiff with this covert, hostile action for years. The harm that has been inflicted by Defendants, who admit they are only debt collectors without any interest in Plaintiff property and do not represent a party with any interest and where there is no equitable loss, has damaged Plaintiff personally and professionally for years. The loss of Constitutional right to land and liberty and trial by jury cannot be bought or sold. It is a God given right, protected by the Constitution. This honorable Court has the responsibility to uphold Plaintiff rights. Without a restraining Order, there is no option to face offenders where they admit they are not harmed financially in any way. There is no equitable relief available to Defendants without "verified" proof and without a jury trial. Without protection of Plaintiff Rights, from this honorable Court, the unlawful foreclosure is irreparable harm to land, reputation, finances, public records, credit, employment, personal and professional relationships which cannot be fully recovered by Plaintiff.

Land records where this Court has no jurisdiction, will be forever corrupted in favor of a non equitable party. Furthermore, this is theft. Plaintiff loss of and loss experienced by years of trauma can be resolved when an Emergency Motion for Restraining Order is Granted and the matter before this Court can proceed.

Plaintiff respectfully again supplementally request, this Court to issue a Restraining Order, Rule 65(b)(1)(A) based on supporting evidence in this Supplemental Emergency Motion for Restraining Order. Granting a Restraining Order also stops the Defendants from their contempt and collusion to circumvent the authority of this honorable Court.

Plaintiff respectfully submits this Supplement to the prior Emergency Restraining Order of March 25, 2022 and in response to Order the of this Court March 29, 2022 and moves this court to;

1. Grant acceptance of Plaintiff Supplement to Emergency Restraining Order, no later than Tuesday, April 5, 2022, 9 am eastern time.
2. Grant all relief of Original Emergency Restraining Order filed March 25, 2022.
3. Grant any other relief available from this honorable Court.

Respectfully submitted on this 31st day, March 2022.

/s/ Janet Hill
Janet Hill, Pro Se
All Rights Reserved
543 Auburn Avenue
Atlanta, GA 30312

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing and a true copy will be served on the following via US Mail and electronic email.

Allison Rhadans
McGuireWoods, LLP
1230 Peachtree Street, NE
Promenade II, Suite 1200
Atlanta, GA 30309
ARhadans@mcguirewoods.com

Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings LLP
One Federal Place 1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
kanderson@bradley.com

March 31, 2022

/s/ Janet Hill
Janet Hill, Pro Se
All Rights Reserved
543 Auburn Avenue
Atlanta, GA 30312