**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANET HILL,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COMMUNITY LOAN SERVICING f/k/a BAYVIEW LOAN SERVICING, and SHELLPOINT MORTGAGE SERVICING,**<br><br>**Defendants.** | ) | **CIVIL ACTION FILE NO. 1:21-cv-03750-WMR** |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendants Community Loan Servicing f/k/a Bayview Loan Servicing ("Bayview") and NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" and collectively "Defendants"), by and through their undersigned counsel, file this Response in Opposition to Plaintiff's Motion for Temporary Restraining Order (Doc. 30) and Supplemental Emergency Motion for Restraining Order (Doc. 33 and collectively, "Motion for TRO"). Plaintiff's request for a temporary restraining order should be denied because Plaintiff's claims are baseless and because Plaintiff fails to establish the requirements for an injunction.

## Introduction

On March 28, 2022, Plaintiff filed her Motion for TRO in an attempt to prevent the foreclosure sale of the property securing his security deed. (*See* Doc. 30). After the Court declined to take up the Motion and ordered that Defendants would have a full 14 days to respond (Doc. 32), on April 4, 2022, Plaintiff filed a "Supplement Emergency Motion for Restraining Order" (Doc. 33). Her filing is undecipherable and should be denied for multiple reasons.

## Legal Standard

A plaintiff requesting a temporary restraining order or preliminary injunction under Fed. R. Civ. P. 65 must establish that: (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if relief is not granted as there is no adequate remedy at law; (3) the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) the entry of the requested relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Cataldi v. N.Y. Cmty. Bank*, 1:13-cv-3972-RWS-JSA, 2014 WL 359954, at *1-2 (N.D. Ga. Feb. 3, 2014); *Montoya v. Branch Banking & Trust Co.*, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *8 (N.D. Ga. Mar. 9, 2012).

A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant carries the burden of persuasion as to each of the four prerequisites. *See Morgan Stanley BW, Inc. v. Frisby*, 163 F. Supp. 2d

1371, 1374 (N.D. Ga. 2001); *Sanford v. Aldridge Connors, LLP*, Civ. No. 1:15-cv-1851-MHC, 2015 WL 11439081, at *2 (N.D. Ga. July 23, 2015) (denying motion for temporary restraining order); *Blake v. Bank of Am., N.A.*, Civ. No. 1:14-CV-3252-TWT, 2015 WL 4756773, at *7–8 (N.D. Ga. Aug. 12, 2015) (denying temporary restraining order where there was no likelihood of success on the merits and failure to tender security). The decision as to whether a plaintiff has carried her burden "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." *Int'l Cosmetics Exch., Inc. v. Gapardis Health and Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir. 2002).

## Argument and Citation to Authorities

**Plaintiff cannot establish the requirements for injunctive relief under Fed. R. Civ. P. 65.**

**A. Plaintiff does not have a substantial likelihood of success on the merits.**

As set forth more fully in Defendants' Motion to Dismiss (Doc. 5) and Reply (Doc. 11), Plaintiff has not pleaded any viable causes of action, so she cannot demonstrate a substantial likelihood of success on the merits to warrant injunctive relief. Shellpoint hereby adopts and incorporates by reference the argument and authorities in its Motion to Dismiss and the accompanying memorandum. *Id.* Plaintiff has avoided foreclosure for years through her multiple filings, but there is no basis whatsoever to enjoin foreclosure at this point.

Although the nature of Plaintiff's arguments in her Motion for TRO are difficult to decipher, she appears to allege that Defendants are debt collectors, that her previous bankruptcy discharge precludes a foreclosure, and that the Defendants do not have any "interest" in the subject property. Each of these contentions is meritless.

First, even if the lender or loan servicer were to be considered a debt collector, that does not warrant injunctive relief of a defaulted loan. Plaintiff has no legal support for her contention.

Second, Plaintiff's statement related to bankruptcy is baseless. Plaintiff previously filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, under Case No. 19-58579-jrs. In the bankruptcy matter, the lender obtained a relief from any stay of the foreclosure, explicitly allowing the foreclosure to proceed. (*See* November 15, 2019, Order, attached hereto as **Exhibit A**). Plaintiff attempted to appeal the subject Order, but that appeal was dismissed on March 13, 2020. (Attached hereto as **Exhibit B**). Additionally, even if a discharge was obtained that would not preclude the *in rem* foreclosure of the property. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991) (discharge relieves *in personam* obligations, but lender's *in rem* right to enforce security instrument remain in full force). Plaintiff has not articulated any legitimate basis for injunctive relief, based on bankruptcy or otherwise, and is simply incorrect.

Third, Plaintiff's contention that the named Defendant Shellpoint Mortgage Servicing does not have any interest in the property to foreclose is simply incorrect. As the foreclosure notice that Plaintiff submitted reflects (Doc. 33), Shellpoint is the loan servicer for the named investor The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate Holders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("Bank of New York Mellon, as Trustee"). This practice is well established. *See Hill v. Ditech Financial, LLC*, Civil No. 1:16-cv-4475-SCJ-WEJ, 2017 WL 2903363, at *3 (N.D. Ga. Jan. 27, 2017) (rejecting similar claim and denying motion for injunctive relief by plaintiff); *Greer v. O'Dell*, 305 F.3d 1297, 1302-03 (11th Cir. 2002) (a loan servicer "is a 'real party in interest' with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services"); *LaCosta v. McCall Raymer, LLC*, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *3-4 (N.D. Ga. Jan. 18, 2011) (power of sale notice may be provided by secured creditor or loan servicer as its agent); *You v. JP Morgan Chase Bank, N.A.*, 743 S.E.2d 428, 433 (Ga. 2013) ("the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed").

The notion that the Bank of New York Mellon, as Trustee entity does not have an interest in the subject property is, once again, simply not true. The original

Security Deed was recorded on October 25, 2005, at Book 41205, Page 241 in the Fulton County Property Records. (**Exhibit C**, attached hereto). The Assignment of Mortgage into the Bank of New York Mellon, as Trustee was recorded on June 14, 2011, at Book 50135, Page 399, in the Fulton County Property Records. (**Exhibit D**, attached hereto). Further, it is well established that Plaintiff has no standing to contest any assignments.[1]

Plaintiff cannot establish a likelihood of success on the merits of any claim she has alleged against Shellpoint or Bayview because, as set forth in the Defendants' motion to dismiss, neither her Complaint nor the emergency motion allege a viable claim for relief.

Plaintiff has fallen woefully short of demonstrating a *substantial likelihood* of success on the merits of any of her claims, and, therefore, her Motion for TRO must be denied.

---

[1] An assignment of a security deed is a contract between the assignor and the assignee, and non-parties to the assignment lack standing to contest its validity. *Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 619-20 (Ga. 2016); *Montgomery v. Bank of America*, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013); *Stabb v. GMAC Mortgage, LLC*, 579 Fed. App'x 706, 709 (11th Cir. 2014); *Parker v. U.S. Bank Nat' l Ass' n*, 580 Fed. App'x 776, 779 (11th Cir. 2014); *Clark v. Chase Bank USA, N.A.*, No. 1:14-CV-3641-MHC, 2015 WL 11978517, at *4-5 (N.D. Ga. May 22, 2015). "A person who is not a party to a contract or an intended third-party beneficiary of a contract lacks standing to challenge or enforce the contract." *Walton v. Secretary of Veterans Affairs*, No. 1:13-CV-918-RWS, 2014 WL 793591, at *3 (N.D. Ga. Feb. 27, 2014) (citing O.C.G.A. § 9– 2– 20(a)). Here, the Plaintiff is not a party to or intended third-party beneficiary of the Assignments. Therefore, Plaintiff cannot challenge the Assignments.

**B. Plaintiff cannot show that she will be irreparably harmed.**

Additionally, Plaintiff cannot demonstrate that she will suffer irreparable injury if her request for an injunction is denied because the injury—if any—has already occurred.[2] *See Caban v. Rushmore Loan Mgt. Services*, Civil No. 1:18-cv-393-MHC, 2018 WL 8545853, at *2 (N.D. Ga. Jan. 26, 2018) (denying TRO where plaintiff failed to allege there was any imminent threat of irreparable injury). As such, it is simple and straightforward: there is no potential for irreparable injury of any kind as to warrant any injunctive action by the Court.

**C. Plaintiff has not tendered security.**

Finally, Plaintiff has not offered to tender any amount for security as required for a temporary restraining order pursuant to Fed. R. Civ. P. 65, which is fatal to any possible injunctive relief. *See* Fed. R. Civ. P. 65(c); *Kenney v. PennyMac Home Loans*, No. 1:15-cv-03632-ELR-AJB, 2016 WL 11576914, at *1 (N.D. Ga. Feb. 29, 2016) (denying TRO where the "Plaintiff has not tendered or offered to tender security to satisfy this [Rule 65(c)] requirement"); *Cataldi*, 2014 WL 359954, at *3; *Sanford*, 2015 WL 11439081, at *2 (denying TRO based on the simple fact that the

---

[2] To the extent Plaintiff is attempting to preemptively seek an injunction to an eviction action, "[e]viction from a home which [Plaintiff] no longer owns does not constitute irreparable harm." *See Fitzgibbons v. Saxon Mortg. Servs., Inc.*, No. 1:11-CV-3722-RLV-JFK, 2011 WL 13224227, at *2 (N.D. Ga. Nov. 28, 2011) (denying TRO and finding no irreparable injury where the foreclosure sale had already occurred).

plaintiff made no tender of any security). Plaintiff's Motion does not mention anything about security and for this additional reason, her motion must be denied.

Along the same lines, Plaintiff has not alleged (nor could she) that she has paid the Note in full or otherwise tendered payment as required to maintain a quiet title action. *See Hill*, 2017 WL 2903363, at *3; *Taylor v. Wachovia Mortg. Corp.*, No. 1:07-cv-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009) ("under Georgia law, a borrower who executes a security deed and defaults on a loan cannot enjoin a foreclosure sale unless he has first paid the full amount due").

In sum, Plaintiff cannot carry her burden of establishing all four elements necessary to receive a preliminary injunction. For those reasons, her request for a temporary restraining order should be denied.

## Conclusion

For the foregoing reasons, Plaintiff's request for a temporary restraining order or injunctive relief should be denied.

Respectfully submitted this 8th day of April, 2022.

/s/Keith S. Anderson

Keith S. Anderson (GA Bar No. 136246)
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com

ATTORNEY FOR DEFENDANT NEWREZ, LLC
D/B/A SHELLPOINT MORTGAGE SERVICING

/s/ Allison Rhadans
Allison Rhadans
Georgia Bar No. 940557
McGuireWoods LLP
1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5700 (Telephone)
ARhadans@mcguirewoods.com
*Attorney for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(C).

/s/ Keith S. Anderson

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing on the Court's ECF Electronic Filing System and a true copy of the foregoing will be served on the following via the Court's electronic notification on this the 8th day of April, 2022:

Janet Hill
*Pro Se* Plaintiff
543 Auburn Avenue
Atlanta, GA 30312

Allison Rhadans
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
*Attorneys for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*

/s/ Keith S. Anderson