**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANET HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **v.** | ) | |
| | ) | **1:21-CV-03750-WMR** |
| **COMMUNITY LOAN SERVICING, f/k/a BAYVIEW LOAN SERVICING, and SHELLPOINT MORTGAGE SERVICING,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER AND FINAL REPORT AND RECOMMENDANTION**

**COMES NOW** Plaintiff JANET HILL (hereinafter referred to as "the Plaintiff") by and through her counsel of record and files this her OBJECTIONS TO MAGISTRATE'S FINAL REPORT AND RECOMMENTATION. Plaintiff states as follows:

## I. Factual Background

The magistrate judge assigned to this case issued his Final Report and Recommendation on this case on July 11, 2022. The parties' objections, if any, were due on Monday, July 25, 2022, under the 14-day rule, of 28 U.S.C. § 636(b)(1). On July 23, 2022, Plaintiff filed a Motion to Extend the Time to file

Objections to the Magistrate's Final Report and Recommendation to Wednesday, August 3, 2022. [Doc. 56].

This Court, on July 25, 2022, entered an Order extending the time for the Plaintiff to file Objections to the Magistrate's Final Report and Recommendation by one day, until the next day, Tuesday, July 26, 2022. Thereupon, the Plaintiff's counsel contacted the Court's Courtroom Deputy clerk. He advised the Court's Courtroom Deputy clerk, Ms. Lee, that the Plaintiff, under FRCP 6(d) automatically had until Thursday, July 28, 2022 in which to file any objections to the Magistrate's Final Report and Recommendation. (Declaration of Wayne B. Kendall).

A discussion was had about the proper interpretation of FRCP 6(d) wherein the deputy clerk postulated that it only applied to a 3-day extension when service of the document to be responded to was served by mail. *Id.* However, counsel countered that the case law in the Northern District of Georgia was that FRCP 6(d) applied as well to documents served electronically. The clerk asked for the case law citation and counsel provided her with the title of the case and the case number in the Northern District of Georgia holding that FRCP 6(d) applied to documents served electronically. *Id.* Ms. Lee responded that she would speak to the judge's senior law clerk and return the call. *Id.*

The next day at 6:32 PM Plaintiff's counsel received a call from Ms. Lee indicating that the court was not going to reconsider or re-issue an Order on the Plaintiff's request for an extension. *Id.* No previous request to extend the time to file an Objection to the Magistrate's Final Report and Recommendation had ever been requested.

Other than the above facts occurring after the issuance of the Magistrate's Final Report and Recommendation, Plaintiff has no objection to the facts set forth in the Background section of the Magistrate's Final Report and Recommendation.

## II. Plaintiff Objects to the Grant of the Defendants' Motion to Dismiss

### 1. The Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *"a complaint must [ ] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"* *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting

*Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n*, 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, *"all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). In ruling on a motion to dismiss the Court is required to consider the parties pleadings and any exhibits attached to the pleadings and must accept the allegations in the Plaintiff's pleadings as true and draw all reasonable inferences in the Plaintiff's favor. *Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018); *Geter v. Baldwin State Prison*, 974 F.3d 1348 (11th Cir. 2020).

**2. The Allegations of The Plaintiff's Complaint are Plausible on Their Face**

In the Plaintiff's Complaint against the named Defendants, she states, as the gravamen of her Complaint, that there are encumbrances on the title to her property which present a cloud on the title. [Doc. 1-1, at ¶¶ 3 – 7]. According to the Complaint, she avers that these encumbrances, namely a security deed, creates uncertainty as to the validity of her title to the property. [Doc. 1-1, at ¶¶ 17 – 18].

As the magistrate so thoroughly, painstakingly, and eloquently set forth in his Final Report and Recommendation, the named Defendants in this action are in privy with their predecessor entities including the holder of the original note and deed to secure debt. [Doc. 52, R&R at pp. 22 -23]. In making its ruling on the issue of *res judicata*, the magistrate court conclusively tied all parties claiming to have an interest in the property into the same web of mutuality for purposes of determining their legal interests in the property.

However, the magistrate court failed to consider, in the context of the Plaintiff's claims, the effect of a November 14, 2019 bankruptcy court discharge of the Plaintiff from the very debts that the named Defendants seek to enforce. (See attached Exhibit "1"). The Plaintiff's 2019 bankruptcy named each of the Defendants' predecessors in interest as a creditor in the bankruptcy action. (See attached Exhibit "2"). Whether the Defendants' liens have been avoided or discharged, and those of their predecessors in interest for whom they claim to represent, is a matter to be determined in light of the bankruptcy proceedings which were not addressed by the Magistrate Court's Final Report and Recommendation.[1] Plaintiff mentioned the fact of the debt discharge in her

[1] A note in the bankruptcy court filing from 10/31/2019 reads: "Assets Abandoned (without deducting any secured claims): $ 321964.00 …". Although Plaintiff's counsel does not profess to be a bankruptcy lawyer, these notations combined with the fact that apparently no creditor filed a proof of claim in the bankruptcy court and there was a discharge of the debtor from the debts of the creditors, there is at least an arguable claim that the import of the bankruptcy proceedings should have been addressed by the Magistrate judge, just as they were in the case of *Harford v. Delta Air Lines, Inc., infra.*

Amended Motion for Remand, yet no mention was made in the Magistrate Court's Final Report and Recommendation of this filing and discharge. [Doc. 24, p. 9 of 11].

Nonetheless, for purposes of a motion to dismiss, as stated in the Magistrate's Final Report and Recommendation, judicial notice can be taken of bankruptcy proceedings. [Doc. 52, R&R at pp. 22 -23]; *Harford v. Delta Air Lines, Inc.*, No. 1:06-cv-2218-WSD, 2008 WL 268820, at *2 (N.D. Ga. Jan. 30, 2008) (taking judicial notice of a filing before the bankruptcy court and considering it in ruling on the motion to dismiss). The Magistrate judge's Final Report and Recommendation, while perhaps valid on the issues of the availability of federal jurisdiction, and *res judicata*, is nonetheless flawed in that it failed to mention the effect of the Plaintiff's bankruptcy discharge on the issues presented by her Complaint.

Because a party waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object, it is incumbent on the Plaintiff to raise by objection the failure of the magistrate judge to have considered the effect of her bankruptcy discharge on the issues presented by this case. (11th Cir. R. 3-1).

**III. Conclusion**

The Plaintiff's Complaint was facially sufficient to withstand a motion to dismiss because the Plaintiff was granted a discharge of the debts underlying the liens Defendants claim and seek to enforce. It was incumbent on the Defendants to prove the validity of their liens in light of the Plaintiff's bankruptcy discharge. They made no effort to do so, and the magistrate judge failed to address the issue in his Final Report and Recommendation, despite that fact that the Plaintiff had mentioned the existence of her bankruptcy in her prior filings. For these reasons the Plaintiff objects to the dismissal of her claims and the granting of the Defendants' motion to dismiss.

This 28th day of July 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

/s/ Wayne B. Kendall
Wayne B. Kendall
GA Bar No. 414076

/s/ Kimberly A. Ellison
Kimberly A. Ellison, Esq.
GA Bar No. 141716

*Attorneys for Plaintiff*

155 Bradford Square; Suite B
Fayetteville, Georgia 30215
Telephone: (770) 778-8810
Facsimile: (770) 716-2439

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(C).

This 28th day of July 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Wayne B. Kendall*
WAYNE B. KENDALL
Georgia Bar No. 414076
wbkendall2@yahoo.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send a service copy via email to be opposing counsel(s) listed below.

Addison Smith/asmith@mcguirewoods.com
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
*Attorneys for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*

Keith S. Anderson/kanderson@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
*Counsel for Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing*

This 28th day of July 2022.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*/s/ Wayne B. Kendall*
WAYNE B. KENDALL
Georgia Bar No. 414076
wbkendall2@yahoo.com

*Attorney for Plaintiff*

155 Bradford Square; Suite B
Fayetteville, Georgia 30215
Telephone: (678) 884-6084
Facsimile: (770) 716-2439