**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| CIVILWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 1:19-cv-03755-JPB |
| THE CHRISTMAN COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

# DECLARATION OF WAYNE B. KENDALL

WAYNE B. KENDALL, acting in accordance with 28 U.S.C. §1746 and of the Federal Rules of Civil Procedure, does hereby declare and say:

1. My name is Wayne B. Kendall. I am counsel of record for the Plaintiff, above named, in the above captioned litigation and I am submitting this declaration in my capacity as counsel of record for the Plaintiff. I am familiar with the issues involved in this litigation. I am over the age of eighteen (18) years and otherwise competent to testify about the statements made herein which are made based upon my personal knowledge.

2. I am substitute counsel for the Plaintiff in this case.

3. On July 11, 2021, shortly after I became counsel in the case, the Magistrate Judge issued his Final Report and Recommendation.

4. The parties' objections, if any, were due on Monday, July 25, 2022, under the 14-day rule of 28 U.S.C. § 636(b)(1).

5. On July 23, 2022, Plaintiff filed a Motion to Extend the Time to file Objections to the Magistrate's Final Report and Recommendation to Wednesday, August 3, 2022. [Doc. 56].

6. The Court, on July 25, 2022, entered an Order extending the time for the Petitioner to file Objections to the Magistrate's Final Report and Recommendation until the next day, Tuesday, July 26, 2022.

7. After receiving this Order, I contacted the Court's Courtroom Deputy clerk the same day, on July 25, 2022. I advised the Court's Courtroom Deputy clerk, Ms. Lee, that the Plaintiff, under FRCP 6(d) automatically had until Thursday, July 28, 2022, in which to file any objections to the Magistrate's Final Report and Recommendation.

8. A discussion was had about the proper interpretation of FRCP 6(d) wherein the deputy clerk postulated that it only applied to a 3-day extension when service of the document to be responded to was served by mail. However, I advised her that my interpretation of the case law in the Northern District of Georgia was that FRCP 6(d) applied as well to documents served electronically.

9. The courtroom deputy clerk asked for the case law citation, and I provided her with the title of the case and the case number in the Northern District of Georgia holding that FRCP 6(d) applied to documents served electronically. The case I provided to her was *Websters Chalk Paint Powder, LLC v. Annie Sloan Interiors, Ltd.* (N.D. Ga. 2014), Case No.1:13-cv-2040-WSD, which holds that: "[r]ule 6(d) of the Federal Rules of Civil Procedure provides a party with an additional three days to respond when electronic service is made."

10. Ms. Lee responded that she would speak to the judge's senior law clerk and return the call.

11. The next day at 6:32 PM, on the date to file according to the Court's Order of the previous day, I received a call from Ms. Lee indicating that the court was not going to reconsider or re-issue the Order on the Plaintiff's request for an extension.

12. No previous request to extend the time to file an Objection to the Magistrate's Final Report and Recommendation had ever been requested by the Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 28, 2022.

*Wayne B. Kendall*
Declarant