IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JANET HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:21-cv-03750-WMR-CCB** |
| | ) | |
| **COMMUNITY LOAN SERVICING f/k/a BAYVIEW LOAN SERVICING, and SHELLPOINT MORTGAGE SERVICING,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendants Community Loan Servicing f/k/a Bayview Loan Servicing ("Bayview") and NewRez, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" and collectively "Defendants"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 72(b)(2), file this Response to Plaintiff's Objections (Doc. 58). The Objection has no merit. Magistrate Judge Bly's Report and Recommendation (Doc. 52) should be adopted in all respects and this case should be dismissed with prejudice.

As an initial matter, the Objection filing was untimely based on the Court's Order (Doc. 57) and should not considered. Otherwise, the Objection is completely

without merit. The Objection raises only one real ground: Plaintiff's prior bankruptcy discharge. (Doc. 58 at 5-6). Notably, this "claim" was not even included in Plaintiff's Complaint (Doc. 1-1) and is not before the Court now. It was one of many random arguments Plaintiff has mentioned in her multiple filings (*see* Docs. 24; 33), but does not need to part of the review before the Court now as it was not part of Plaintiff's claims in her Complaint. Defendants squarely addressed this matter in their April 8, 2022, filing (Doc. 38) and Plaintiff's contentions remains wholly without merit.

Plaintiff previously filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia, under Case No. 19-58579-jrs. In the bankruptcy matter, the lender obtained a relief from any stay of the foreclosure, explicitly allowing the foreclosure to proceed. (*See* November 15, 2019, Order, Doc. 38, Exhibit A). Plaintiff attempted to appeal the subject Order, but that appeal was dismissed on March 13, 2020. (Doc. 38, Exhibit B). The Bankruptcy Court already ruled on this matter and there was no bankruptcy injunction in place. Additionally, as a basic principle of bankruptcy, a bankruptcy chapter 7 discharge does not preclude the *in rem* relief of foreclosure of the property. *See, e.g., Johnson v. Home State Bank*, 501 U.S. 78, 82 (1991) (discharge relieves *in personam* obligations, but a lender's *in rem* right to enforce security instrument remain in full force); *In re Mele*, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013) ("a

Chapter 7 discharge does not avoid or otherwise affect a lien against property of a debtor”).[1]

Aside from the one erroneous point about bankruptcy, the Objection raises nothing else. Magistrate Judge Bly’s Report and Recommendation was well reasoned and correct in that the Court has subject matter jurisdiction and that Plaintiff’s Complaint is barred under *res judicata*. It should be adopted in all respects and this case should be dismissed with prejudice.

**Conclusion**

Plaintiff’s Objection is meritless, should be rejected, and the Report and Recommendation should be adopted to have this matter dismissed with prejudice.

Respectfully submitted this 3rd day of August, 2022.

/s/Keith S. Anderson
Keith S. Anderson
Georgia Bar No. 136246
Glenn E. Glover
Georgia Bar No. 977387
Bradley Arant Boult Cummings LLP
One Federal Place

[1] Further, this Court would not even have jurisdiction to adjudicate Plaintiff’s bankruptcy-based contention. *See Jones v. CitiMortgage, Inc.*, 666 Fed.Appx. 766, 774-75 (11th Cir. 2016); *Johnson v. Redstone Federal Credit Union*, No. 5:14-cv-2378-MHH, 2018 WL 4566282, at *9 (N.D. Ala. Sept. 24, 2018) (dismissing bankruptcy claim). But the Court need not even delve into the matter as it is not actually before the Court with the Plaintiff’s claims and the Report and Recommendation.

1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
kanderson@bradley.com
gglover@bradley.com
ATTORNEY FOR DEFENDANT NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING

/s/ Addison Smith

Addison Smith
Georgia Bar No. 774118
McGuireWoods LLP
1230 Peachtree Street, NE, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5643 (Telephone)
ASmith@mcguirewoods.com
*Attorney for Defendant Community Loan Servicing f/k/a Bayview Loan Servicing*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned certifies that this document has been prepared in accordance with Local Rule 5.1(C).

/s/ Keith S. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on the Court's ECF Electronic Filing System and a true copy of the foregoing will be served on the following via the Court's electronic notification on this the 3rd day of August, 2022:

Wayne B. Kendall
Office of Wayne B. Kendall
Suite B
155 Bradford Square
Fayetteville, GA 30215
Email: wbkendall2@yahoo.com

Addison Smith
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
*Attorneys for Defendant Community Loan Servicing*
*f/k/a Bayview Loan Servicing*

/s/ Keith S. Anderson