**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY LOAN SERVICING *f/k/a Bayview Loan Servicing, et al.*,<br><br>Defendants. | CIVIL ACTION FILE NO.:<br>1:21-cv-03750-WMR |

**ORDER**

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R & R") [Doc. 52], which recommends that Plaintiff's Amended Motion to Remand [Doc. 24] be DENIED, that Plaintiff's initial Motion to Remand [Doc. 17] be DENIED AS MOOT, and that Defendants' Motion to Dismiss [Doc. 5] be GRANTED. Plaintiff has filed an untimely objection to the R & R [Doc. 58].

## I. LEGAL STANDARD

The Court reviews the R & R for clear error if no objections are filed by a party within 14 days after being served with a copy. If a party files objections, however, the Court must determine *de novo* any part of the R & R that is the subject of a proper objection. 28 U.S.C. § 636(b)(1); *see also* Jeffrey S. ex rel. Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990).

## II. DISCUSSION

### A. Untimely Objection and Review of R & R for clear error

Upon review of the record, the Court notes that the Magistrate Judge's R & R was served on Plaintiff's counsel of record upon the filing of the R & R in the Court's electronic-filing system on July 11, 2022. [*See* Doc. 52; Doc. 53]. By rule, service was complete upon such filing. *See* Fed. R. Civ. P. 5(b)(2)(E). Thus, the parties' objections, if any, were due on Monday, July 25, 2022, under the 14-day rule of 28 U.S.C. § 636(b)(1).

Apparently recognizing the above time constraints, Plaintiff's counsel filed a motion for an extension of time to file an objection to the R & R. [*See* Doc. 56]. The Court granted the motion and extended the time for filing objections to July 26, 2022. [*See* Doc. 57].

Plaintiff did not file an objection to the R & R until July 28, 2022, which was seventeen days after the R & R was served upon Plaintiff's counsel via the Court's electronic-filing system and two days after the Court's extended deadline for filing. [Doc. 58]. However, Plaintiff's counsel contends that the objection is timely filed because an extra three days should be added to the 14-day response period to account

for service, as provided under Fed. R. Civ. P. 6(d). [*Id*. at 2]. The Court finds this contention to be without merit.[1]

Rule 6(d) provides a 3-day extension only for certain types of service — service made under Rule 5(b)(2)(C) (mail), (D) (court clerk, if the person to be served has no known address), or (F) (by any other means that the party to be served consents to in writing). *See* Fed R. Civ. P. 6(d). Rule 6(d) does not provide for a 3-day extension where service is made under Rule 5(b)(2)(E) (e-filing). The omission of subsection (E) makes perfect sense, because Rule 5(b)(2)(E) specifically provides that service of a paper on a registered user is complete upon the filing of the paper in the Court's electronic-filing system. As Rule 6(d) does not apply to the manner of service of the R & R in this case, the Court finds that Plaintiff's objection was untimely.

As there was no timely objection filed in this case, the Court has reviewed the R&R under the clear error standard, and it finds no clear error in the Magistrate Judge's factual findings and legal conclusions.

### B. Merits of Plaintiff's Objection

As noted above, Plaintiff did not file a timely objection to the R & R. Nevertheless, the Court will also address the merits of her objection.

[1] It should be noted that Plaintiff's counsel was aware that the Court did not share his view as to whether Plaintiff was entitled to an extra three days to file her objections, but nonetheless still did not file timely any objections even though he had an opportunity to do so.

Plaintiff originally filed this declaratory judgment and quiet title action in state court, and the case was removed by Defendants based on diversity of citizenship. [*See* Doc. 1, Doc. 1-1]. In addressing Plaintiff's motions to remand [Docs. 17 and 24], the Magistrate Judge concluded that diversity jurisdiction exists in this case and recommends that the motions to remand be denied. [Doc. 52 at 4–18]. Plaintiff has not raised an objection to this portion of the R & R. Upon review, this Court finds no clear error in this regard. Accordingly, the Court adopts the Magistrate Judge's findings and conclusions regarding the existence of diversity jurisdiction and DENIES Plaintiff's motions to remand.

In addressing Defendants' motion to dismiss for failure to state a claim [Doc. 5], the Magistrate Judge concluded that Plaintiff's claims in this case are barred by *res judicata* because Plaintiff had previously brought several lawsuits against Defendants and/or their predecessors in interest to stop the non-judicial foreclosure sale of the property at issue and that all of Plaintiff's lawsuits had failed. [*Id*. at 21-27]. The Magistrate Judge further concluded that the claims in the instant case and the prior lawsuits arise out of the same nucleus of operative facts or are based upon the same factual predicate — in each case, Plaintiff challenges the Defendants' interests in her property and asserts that those interests no longer exist. [*Id*. at 21-29]. Plaintiff has not raised an objection to the Magistrate Judge's factual findings or his legal conclusion that the elements required for the application of res judicata

have been satisfied. [Doc. 58 at 4-5]. Upon review, this Court finds no clear error in this regard.

In her sole objection to the R & R, Plaintiff contends that the Magistrate Judge failed to consider, in the context of the Plaintiff's claims, the effect of her November 14, 2019, bankruptcy court discharge. [Doc. 58 at 5-6]. Upon *de novo* review of this issue, however, the Court notes that Plaintiff did not include any allegations regarding the bankruptcy discharge in support of her claims in the Complaint. [*See* Doc. 1-1, *generally*]. Nevertheless, the record reflects that Defendants obtained a relief from the bankruptcy stay which specifically allowed Defendants to institute and complete foreclosure proceedings and assert their rights and remedies as to the property at issue in this case. [*See* Doc. 38-1]. Furthermore, the Court notes that a bankruptcy Chapter 7 discharge does not preclude the *in rem* relief of foreclosure of the property. *See, e.g.,* Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991) (Chapter 7 discharge relieves *in personam* obligations, but a lender's *in rem* right to enforce the security instrument through foreclosure remains in effect); In re Mele, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013) ("a Chapter 7 discharge does not avoid or otherwise affect a lien against property of a debtor"). In sum, the Court finds that Plaintiff has failed to show how the Chapter 7 bankruptcy discharge would have any effect on the outcome of this case. Therefore, the Court finds that dismissal is appropriate on the grounds of *res judicata*.

## III. CONCLUSION

For the foregoing reasons, the Court receives the R & R [Doc. 52] with approval and adopts its findings and legal conclusions as the Opinion of this Court. Accordingly, IT IS HEREBY ORDERED that Plaintiff's Amended Motion to Remand [Doc. 24] is **DENIED**, that Plaintiff's initial Motion to Remand [Doc. 17] is **DENIED AS MOOT**, and that Defendants' Motion to Dismiss [Doc. 5] is **GRANTED**. In light of the dismissal, it is further ORDERED that Plaintiff's Emergency Motion for Restraining Order [Doc. 30] and Supplement Emergency Motion for Restraining Order [Doc. 33] are **DENIED**.

**IT IS SO ORDERED**, this 15th day of August, 2022.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE