IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY LOAN SERVICING f/k/a BAYVIEW LOAN SERVICING, and SHELLPOINT MORTGAGE SERVICING<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:21-cv-03750-WMR |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate, Motion to Stay, and Motion for Recusal [Doc. 81]. After review, Plaintiff's Motions are denied.

## I. Background

In August 2022, this Court adopted the Magistrate Judge's Final Report and Recommendation [Doc. 52], which denied Plaintiff's Motions to Remand to State Court [Docs. 17, 24], denied Plaintiff's Motion for Protective Order [Doc. 30], denied Plaintiff's Motion for a Temporary Restraining Order, and granted Defendants' Motion to Dismiss [Doc. 5] (the "Order"). [Doc 60]. The Clerk of Court entered judgment in favor of Defendants against Plaintiff on that same date. [Doc. 61]. The case was then terminated on the docket.

Plaintiff, proceeding pro se, filed a Motion to Set Aside [Doc. 71], which asked this Court to reconsider its Order [Doc. 60] dismissing Plaintiff's case, along with a Motion to Strike Defendants' Response to Plaintiff's Motion to Set Aside [Doc. 73]. This Court denied both of Plaintiff's Motions on February 6, 2023. [Doc. 76]. Plaintiff subsequently filed a Motion for Reconsideration and Motion to Clarify. [Doc. 77]. This Court denied the motions on May 9, 2023. [Doc. 80].

Plaintiff once against requests this Court to reconsider the Order dismissing Plaintiff's case. [Doc. 81]. In doing so, she also argues that the undersigned should recuse from the case.

## II. Discussion

### A. Motion to Recuse

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," where "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." 28 U.S.C. §§ 455(a), (b)(1). "To warrant recusal . . . the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

It does not appear that a reasonable person would question the impartiality of the undersigned in this case. Plaintiff has not provided an extra-judicial source for the alleged bias. *Cf. Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th

Cir. 1983) ("The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources and must be focused against a party to the proceeding." (internal citations omitted)). Instead, Plaintiff's allegations of bias stem entirely from the Court's adverse rulings in her case, which do not form a basis for recusal.[1] *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Hamm*, 708 F.2d at 651 ("Neither a trial judges' comments on lack of evidence, rulings adverse to a party, nor friction between the court and [a party] constitute pervasive bias."); *Smith v. Atlanta Postal Credit Union*, 350 F. App'x 347, 349 (11th Cir. 2009) ("Rulings against one party in favor of another, without more, do not require a judge to disqualify himself.").

Alternatively, Plaintiff states that the undersigned has a personal benefit in this case and that there were improper ex parte communications. But, Plaintiff has provided no evidence to support these claims (which is not surprising, as there is no such evidence; just a baseless allegation). *See Untied States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not

[1] For example, Plaintiff complains that the undersigned "affirms there is in fact a Quiet Title claim by Plaintiff, yet ruled in opposition of his own knowledge and affirmation;" filed orders "in opposition of the law and in opposition of the constitution;" erred by allowing Defendants "to violate permanent injunctions of its peer bankruptcy court" and "a voluntary consent judgment from the DOJ;" "erred where no hearing was held on Plaintiff's Motion to Set Aside;" erred by denying Plaintiff's motions for reconsideration and motions for clarification; and erred by dismissing Plaintiff's case despite the fact that the Defendants never filed an answer. [Doc. 81 at 2, 6–8]. Importantly, Plaintiff does not point to any law or fact substantiating these claims.

recuse himself on unsupported, irrational, or highly tenuous speculation."). Accordingly, there is nothing further for this Court to review, and Plaintiff's Motion to Recuse is **DENIED**.

**B. Motion to Vacate and Motion to Stay**

Plaintiff does not set forth the legal basis for her motions. The Court presumes that she is either asking for a reconsideration pursuant to Local Rule 7.2(E) or to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b). Neither provides a basis for relief here.

A motion for reconsideration should only be filed when "absolutely necessary" and "cannot be used to relitigate old matters." N.D. Ga. Local Rule 7.2(E); *Wilchombe*, 555 F.3d at 857 (quotation mark omitted). "Reconsideration is only 'absolutely necessary' where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). The decision to grant a motion for reconsideration is committed to this Court's "sound discretion." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

Under Federal Rule of Civil Procedure 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Ultimately, the decision whether to grant or deny the motion is within the "sound discretion of the district court, and [the Eleventh Circuit] will set aside the denial of relief from such motion only for abuse of that discretion." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009). Thus, to obtain relief under Rule 60(b), the movant "must demonstrate a justification so compelling that the court was required to vacate its order." *Soloraoll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).

Plaintiff first claims that the Court should "grant a stay given procedures were not followed." [Doc. 81 at 6]. The only possible arguments found within Plaintiff's motion to support this statement include that the undersigned did not grant Plaintiff a hearing on her motions and that her action was dismissed despite the fact that the Defendant never filed an answer. But Plaintiff did not request a hearing on her motions, and the Court's local rule dictates that "[m]otions will be decided by the Court without oral hearing, unless a hearing is ordered by the Court." N.D. Ga. L.R.

7.1(E). Moreover, Defendants were not required to file an answer prior to the Court considering its Motion to Dismiss.

Plaintiff's remaining statements include that the case should be referred to the Chief Judge for review, remanded to Superior Court for a jury trial, referred to the Attorney General for fraud issues, and referred the case to an appropriate agency to review for "senior abuse and other violations . . . ." [Doc. 81 at 9]. But, Plaintiff provides no legal or factual support for these arguments. Instead, Plaintiff's motion appears to be another meritless attempt to revive a terminated case through frivolous claims this Court has repeatedly rejected. Accordingly, Plaintiff's Motion to Vacate and Motion to Stay [Doc. 81] are **DENIED**.

**IT IS SO ORDERED**, this 31stth day of October, 2023.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE